Ira M. Press (*pro hac vice*)
Andrew M. McNeela
Sarah G. Lopez (*pro hac vice*)
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540
*Plaintiffs' Lead Counsel*

Stanley P. Kops (SPK 6328)
LAW OFFICE OF STANLEY P. KOPS
102 Bala Avenue
Bala Cynwyd, Pennsylvania 19004
Telephone: (610) 949-9999
Facsimile: (610) 949-9773
*Plaintiffs' Liaison Counsel*

*[Additional Counsel Listed on Signature Page]*

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| | CIVIL ACTION |
| IN RE HERLEY INDUSTRIES INC. SECURITIES LITIGATION | NO. 06-2596 (JRS) |
| | CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE CONSOLIDATED COMPLAINT**

## I. INTRODUCTION

Plaintiffs seek leave to file an Amended Consolidated Complaint For Violations of Federal Securities Laws. ("Proposed Amended Complaint") (attached as Exhibit 1 to this Motion). This amendment was directed by the Court in its September 30, 2009 Memorandum and Order granting Galleon Management's and Norfolk's motion for class certification. Docket Entry #149, p. 12, 27; *see also Id.* p.17. The proposed amendment does two things.[1] First, it sets forth the facts that give rise to Galleon Management L.P.'s standing to bring this claim. Second it clarifies that Galleon Management L.P. ("Galleon Management") and Norfolk Retirement System ("Norfolk") have been appointed Class Representatives by the Court. In light of the fact that amendment is freely granted , the proposed amendments were directed by the Court, and Defendants suffer no prejudice in light of the amendment, leave to file the Proposed Amended Complaint should be granted.

## II. BACKGROUND

Court-appointed Lead Plaintiff and Class Representative Galleon Management, acting as investment manager, made numerous trades in Herley Industries Inc. ("Herley") securities on behalf of the Galleon Captains Fund, L.P.; the Galleon Captains Offshore Fund, Ltd.; Galleon Explorers Partners, L.P.; Galleon Explorers Offshore, Ltd.; and Galleon Admirals Offshore Fund, Ltd. (collectively the "Galleon Funds") during the Class Period, as detailed in the certification previously filed with this Court. Based on the powers granted to Galleon Management by the relevant investment management agreements and limited partnership agreements, Galleon Management is

---

[1] The only proposed changes to the Consolidated Class Action Complaint are set forth in Paragraphs 23 and 24 of the Proposed Amended Consolidated Class Action Complaint

the attorney-in-fact for the Galleon Funds with unrestricted decision making authority to act in connection with the Galleon Funds' investments. The trades in Herley stock that give rise to recoverable claims for securities fraud were made by Galleon Management on behalf of the Galleon Captains Fund, L.P. and Galleon Captains Offshore Fund, Ltd. (collectively the "Captains Funds"). In addition to the powers under the agreements as described in ¶23(b), above, the Managing Member of the General Partner of the Galleon Captains Fund, L.P., who is also a Director of Galleon Captains Offshore Fund Ltd. expressly authorized Galleon Management's participation in this lawsuit on behalf of the Captains Funds.

In order to alleviate any doubt that Galleon Management had standing to bring this lawsuit, the Captains Funds formally assigned their claims in this action to Galleon Management on February 27, 2009.

Throughout discovery proceeding, Defendants had the opportunity to probe Galleon Management's standing to bring this claim. Galleon has produced documents reflecting Galleon Management's relationship as investment manager for the Galleon Funds. Further, Defendants deposed six Galleon Management employees. These deponents included (a) the Chief Compliance Officer of Galleon Management L.P. who is also Galleon Management's Chief Financial Officer; (b)the Managing Partner of Galleon Management L.P. who is also the Managing Member of the General Partner of the Galleon Captains Fund, L.P., and a Director of Galleon Captains Offshore Fund Ltd.; (c) a member of Galleon Management's general counsel's office; (d) the head of Galleon Management's technology department; and (e) the two investment professionals involved in making the trades in Herley stock for the Captains Funds. Based on the fruits of such discovery, Defendants challenged Galleon Management's standing to bring this claim in their opposition to Galleon

2

Management's and Norfolk's motion for class certification (Docket Entry#s 124, 125) and a second Motion to Dismiss (Docket Entry #s 121, 122). After duly considering defendants' arguments, the Court granted Plaintiffs motion to appoint Galleon Management as one of the Class Representative (Docket Entry #s 148, 149) and denied Defendants Motion to Dismiss (Docket Entry #s 148, 149). The court directed that Plaintiffs move for leave to amend the Consolidated Class Action Complaint in order to conform to its opinion in its September 30, 2009 Memorandum and Order granting Galleon Management's and Norfolk's motion for class certification. Docket Entry #149, p. 12, 27; *see also Id.* p.17.

### III. ARGUMENT

Federal Rule of Civil Procedure 15 permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served [or] by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a).  Moreover, "Rule 15(a) requires that leave to amend the pleadings be granted freely 'when justice so requires.' Fed. R. Civ. Pro. 15(a)." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir.2004).

As this is Plaintiffs' first request to amend the Consolidated Class Action Complaint. Plaintiffs' request easily meets the standards for which such leave should be freely given. The Supreme Court has established that:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason– such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Third Circuit has also "held that motions to amend pleadings should be liberally granted." *Long*, 393 F.3d at 400. Moreover, "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless 'denial [can] be grounded in bad faith or dilatory motive, *truly undue or unexplained delay,* repeated failure to cure deficiency by amendments previously allowed or futility of amendment.' " *Long*, 393 F.3d at 400 quoting *Lundy v. Adamar of New Jersey, Inc.,* 34 F.3d 1173, 1196 (3d Cir.1994); *Bechtel v. Robinson,* 886 F.2d 644, 652-53 (3d Cir.1989) (emphasis in original); *see Adams v. Gould Inc.,* 739 F.2d 858, 867-68 (3d Cir.1984) ("[U]nder the liberal pleading philosophy of the federal rules as incorporated in Rule 15(a), an amendment should be allowed whenever there has not been undue delay, bad faith on the part of the [movant], or prejudice to the [nonmovant] as a result of the delay.")

Further, Courts readily allow a plaintiffs to conform their pleadings to the proof after the proof has been developed and offered. *Schepis v. Raylon Corp.,* 2007 WL 431884, 4 (E.D.Pa.) (E.D.Pa., Feb. 5, 2007); *FunnelcaP, Inc. v. Orion Industries, Inc.,* 421 F.Supp. 700, 713 (3d Cir. 1976). The situation at bar is even less controversial than conforming the pleadings to proof after proof has been developed and offer. It involves merely, conforming the pleadings to reflect developments occurring after the filing of the original pleading. Moreover, the amendment is at the explicit direction of the Court. Docket Entry #149, p. 12, 27; *see also Id.* p.17.

As the Court has just recently directed that Plaintiffs amend their complaint in light of its determination regarding Galleon's standing, any claim that of undue delay or bad faith in Plaintiffs' failure to seek leave to amend at an earlier date is without merit. Moreover, as Defendants have

already based a challenge to Galleon Management's standing on ample discovery relating to that issue, prejudice by this amendment is a non-issue. As such , leave to file the Proposed Amended Complaint should be granted.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion and enter the Proposed Order granting them leave to amend their Consolidated Class Action Complaint.


DATED: October 30, 2009                    Respectfully submitted,


                                           _____/s_____

                                           By: IRA M. PRESS (pro hac vice)
                                           ANDREW M. McNEELA
                                           SARAH G. LOPEZ (pro hac vice)
                                           KIRBY McINERNEY LLP
                                           825 Third Avenue, 16th Floor
                                           New York, NY  10022
                                           Telephone:  (212) 371-6600
                                           Facsimile: (212) 751-2540

                                           *Plaintiffs' Lead Counsel and Counsel for
                                           Lead Plaintiff/Class Representative Galleon
                                           Management, L.P.*

                                           Stanley P. Kops (SPK 6328)
                                           LAW OFFICE OF STANLEY P. KOPS
                                           102 Bala Avenue
                                           Bala Cynwyd, PA19004
                                           (610) 949-9999

                                           *Plaintiffs' Liaison Counsel*

5

LABATON SUCHAROW LLP
Jonathan Gardner (*pro hac vice*)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
*Plaintiffs' Counsel*
*Counsel for Class Representative Norfolk County Retirement System*

F:\Files\C1\C1\FILES\herley\memo of law in support of motion to Amend Consolidated Complaint.wpd

6