# Exhibit "A"

In the Matter of

Herley Industries Security Litigation

Eastern District of Pennsylvania

Civil Action No. 06-2596 (JRS)

Report of:

Patrick A. McGeehin

FTI Consulting, Inc.

July 1, 2009

F T I

In the Matter of
Herley Industries Security Litigation
Eastern District of Pennsylvania
Civil Action No. 06-2596 (JRS)

## TABLE OF CONTENTS

<u>DESCRIPTION</u>

I.      Expert's Background and Qualifications

II.     Scope of Work Performed

III.    Federal Acquisition Regulations (FAR) Requirements

IV.     Actions Taken by Herley Industries, Inc.

V.      Expert Opinions and Discussions

VI.     Other Cases in which Expert Testimony Has Been Provided

VII.    List of Publications

<u>ATTACHMENTS</u>

I.      Resume of Patrick A. McGeehin, CPA

II.     List of Publications by Patrick A. McGeehin, CPA

III.    Data and Other Information Considered in Forming Opinions

F T I

In the Matter of
Herley Industries Security Litigation
Eastern District of Pennsylvania
Civil Action No. 06-2596 (JRS)


## I.  <u>EXPERT'S BACKGROUND AND QUALIFICATIONS</u>

I am a certified public accountant and a Senior Managing Director at FTI Consulting, Inc.  I have in excess of 30 years of experience in the practice of public accounting and consulting, and have concentrated a very large portion of my practice in the area of Federal Government contracts, including assistance with the financial aspects of disputes arising out of government contracts.  Enclosed, as Attachment I, is a current copy of my personal resume, which provides more detailed information with respect to my background and qualifications.


I have provided expert testimony, either in deposition or live hearing situations, on approximately one hundred different occasions, including those which were related to government contract disputes involving cost accounting and pricing issues under the Federal Acquisition Regulations (FAR) and  the Cost Accounting Standards (CAS).  I have also been involved with disputes relating to cost allocation and pricing violations where false claim allegations have been raised.  I have testified before various Federal and State Boards of Contract Appeals, including the ASBCA, in Arbitration and Mediation situations, in Federal District Courts, State courts, International Arbitration, and before the U.S. Court of Federal Claims.  A complete listing of my publications is included in Attachment II to this report.

**In the Matter of**
**Herley Industries Security Litigation**
**Eastern District of Pennsylvania**
**Civil Action No. 06-2596 (JRS)**

## II.   SCOPE OF WORK PERFORMED

I have been asked to opine on certain actions and conduct taken by Herley Industries, Inc. in connection with the negotiation, award and audit of two Navy contracts for the production of Power Heads, and to evaluate those actions to determine if the actions constituted violations of the Federal Acquisition Regulations (FAR).  Power Heads are components of the radar system used on the Navy's E2-C "Hawkeye" aircraft.  They act as fuses between the radar power source and the radar to protect the radar from power surges.

As a basis for coming to the conclusions described below, I have relied on my knowledge of provisions contained in the FAR and the Truth in Negotiations Act (TINA), my experience with required procedures for conducting contract negotiations with the Government, and on information contained in the documents listed on Attachment III to this report.  FTI is being compensated for my time at the rate of $400 per hour.  Other employees of FTI who are assisting me are being billed by FTI at rates ranging from $375 to $300 per hour.

## III.   FEDERAL ACQUISITION REGULATIONS (FAR) REQUIREMENTS

The process for awarding Federal Government contracts is outlined in the Federal Acquisition Regulations.  Part 6 of the FAR entitled "Competition Requirements" requires Federal Government Contracting Officers to promote a policy of "full and open competition" for the acquisition of goods and services purchased by the Federal Government.  As required by the FAR, Government procurement officials must, to the maximum extent possible, implement

2

**In the Matter of**
**Herley Industries Security Litigation**
**Eastern District of Pennsylvania**
**Civil Action No. 06-2596 (JRS)**

competitive procedures which will allow the normal marketplace forces of supply and demand to ensure the Government gets a fair and reasonable price for the goods and services it needs. The FAR anticipates that for some items which the Government needs, no competitive market exists and therefore "full and open competition" does not exist. In some cases, goods and services have to be obtained on a "sole source" basis where only one contractor is able or willing to contract with the government. In those cases, the Government cannot rely on the competitive market place to provide a fair and reasonable price. For example, the Government cannot "shop around" for a nuclear power plant or an aircraft carrier. In cases in which competitive pressures cannot provide assurance that a fair and reasonable price will be obtained, the Government requires that an alternative acquisition process be followed. This process is outlined in FAR Part 15 entitled "Contracting by Negotiation".

When participating in a "negotiated" rather than a "competitive" acquisition, contractors are normally required to submit to the Government "cost or pricing data". "Cost or pricing data" is defined at FAR 2.101 as follows:

> "Cost or pricing data means all facts, that, as of the date of price agreement.....prudent buyers and sellers would reasonably expect to affect price negotiations significantly. Cost or pricing data are more than historical accounting data; they are all the facts that can be reasonably expected to contribute to the soundness of estimates of future costs and to the validity of determinations of costs already incurred".

**In the Matter of**
**Herley Industries Security Litigation**
**Eastern District of Pennsylvania**
**Civil Action No. 06-2596 (JRS)**

Submission of cost or pricing data requires disclosure of estimated amounts for each cost element and of proposed profit or fee and of "all the facts" bearing on the accuracy of those estimated amounts. It also includes "information on management decisions that could have a bearing on costs" (FAR 2.101). The requirement to provide "cost or pricing data" requires contractors to disclose items such as vendor price quotes, production methodologies and yields, inventory valuations and overhead cost allocation methodologies. "Cost or pricing data" is intended to place the Government and the contractor on an equal footing when negotiating contract price in those cases where the goods or services being procured are not actively traded in the marketplace and the Government has no other basis to ascertain that it is able to obtain a reasonable price.

When "cost or pricing data" are required, contractors often must also submit a "Certificate of Current Cost or Pricing Data" (FAR 15.406-2) certifying that the data provided are "current, accurate and complete" as of the date on which price agreement is reached. If it is later determined that the "cost or pricing data" submitted was not "current, accurate and complete", the government may assert that data upon which price was negotiated was "defective" and that the contractor engaged in "defective pricing". If "defective pricing" occurs, the negotiated contract price may be adjusted downward and the contractor may be subject to fines and penalties. If considered sufficiently egregious, a contractor's failure to disclose required data or to disclose false or misleading data may be considered reckless disregard and result in the Government bringing allegations of false claims. The actual certification language contained in the certificate is shown below.

**In the Matter of**
**Herley Industries Security Litigation**
**Eastern District of Pennsylvania**
**Civil Action No. 06-2596 (JRS)**

"This is to certify that, to the best of my knowledge and belief, the cost

or pricing data (as Defined in Section 15.401 of the Federal Acquisition

Regulation (FAR) and required under FAR Subsection 15.403-4)

submitted, either actually or by specific identification in writing, to the

contracting officer or to the contracting officer's representative in support

of [THIS PROPOSAL] are accurate, complete, and current as of [THE

DATE OF AGREEMENT UPON PRICE]. This certification includes

the cost or pricing data supporting any advance agreements and forward

pricing rate agreements between the offeror and the Government that are

part of the proposal."

Signature: _____  [1]

        As can be seen from the regulations outlined above, the requirement for submission of

"cost or pricing" data places stringent requirements upon contractors.    When required,

contractors must provide the Government all relevant facts which would have a bearing on

price negotiations and must make sure that the disclosure of these facts are current, accurate

and complete.    Examples of facts which would normally have a bearing on price negotiations

---

[1] In addition to the certification contractors are required by FAR Part 15 to provide estimated costs on an SF 1411. The SF 1411 contains a statement that requires contractors to represent that amounts listed on the SF 1411 "reflect our estimated costs as of this date".

FTI

**In the Matter of**
**Herley Industries Security Litigation**
**Eastern District of Pennsylvania**
**Civil Action No. 06-2596 (JRS)**

and which, if not disclosed during price negotiations would, if material, result in a violation of FAR Part 15 regulations, include:

- the existence of amounts included in bid prices which are intended to address contingencies for undisclosed events;

- the use of non cost based estimating techniques (such as first defining a desired price and then estimating, or 'backing into', the cost components of that price (e.g. labor, material, overhead) as a fixed percentages of that price;

- the existence of historical price data indicating that prior actual costs and prices varied significantly from prices currently being bid;

- use of "worst case" assumptions to estimate labor hour requirements where the number of hours used to estimate labor costs anticipates that every possible manufacturing problem that can possible go wrong will go wrong;

- the existence of actual labor hour and cost history for prior performance relating to the product being manufactured.

Further, as mentioned above, contractors must provide assurance to the Government that the data provided can be relied on as a basis for negotiating a reasonable price by providing a signed Certificate of Current Cost or Pricing Data. While these requirements may appear to be onerous, it should be remembered that they are only required to protect the public interest, when the procurement must be made in a non competitive or sole source environment. If the Government could not require the submission of reliable cost or pricing in those situations, the

**In the Matter of**
**Herley Industries Security Litigation**
**Eastern District of Pennsylvania**
**Civil Action No. 06-2596 (JRS)**

contractor would be in a position to dictate prices, and the Government would be unable ascertain if the price it was required to pay had any reasonable cost basis.

## IV.    ACTIONS TAKEN BY HERLEY INDUSTRIES, INC.

As outlined above, prior to the award of a non competitive contract, contractors must provide to the Government "cost or pricing data" that is "current, accurate and complete" so that the Government has the ability to negotiate a fair and reasonable price. Cost or pricing data is defined by the FAR as "all facts that prudent buyers and sellers would reasonably expect to affect price negotiations significantly".    Contractors that provide data which is found to be "defective", in that it is not "current accurate and complete", are in violation of FAR Part 15 and are subject to corrective actions. My review of the documents provided by counsel related to this case indicates that the "cost or pricing data" provided by Herley and on which the Government relied upon to negotiate the prices for two Navy contracts for the production of Power Heads was "defective" in that it was not "current, accurate and complete". Specific examples of such "defective pricing" are listed below:

1.    In response to the Navy's December 2000 solicitation for Power Heads, Herley established a target price in the range of $19,000 to $20,000 based on, among other things, an undisclosed contingency cost. Specifically, Herley arrived at its target price range by doubling the cost of the element component of the Power Head from $4,500 to $9,000. I have been informed that Herley did not disclose this contingency during negotiation of the Power Head contracts or during pre

**In the Matter of**
**Herley Industries Security Litigation**
**Eastern District of Pennsylvania**
**Civil Action No. 06-2596 (JRS)**

award audit. As stated above, the cost of the element was a significant part of the cost of the Power Head. Doubling the cost estimate of the element had a material impact on the total cost of the Power Head. As such, subsequent negotiated Power Head contract prices agreed to by the Government incorporated this material defect.

2.  In formulating its bid on the first Power Head contract with the Navy, Herley did not rely on historical data regarding the per-unit Power Head price charged in prior bids or the labor hours or material costs associated with the manufacture of Power Heads. Instead, Herley started with the target price range of $19,000-$20,000, and backed into the amounts for labor, material and overhead costs. Those costs which were not based on historical data assumed that the target price of approximately $20,000 would consist of one third material cost, one third labor costs and one third overhead and profit. After the numbers for material labor and indirect costs were determined, Herley arrived at a per unit price of $19,897. Herley bid exactly $19,897 per unit in response to the Navy's December 2000 solicitation. I have been informed that Herley did not disclose the above described pricing technique at the time Herley was required to submit cost or pricing data( i.e. at the time the procurement was increased to 42 units).

3.  Historical sales data indicated that Herley had sold Power Heads to various customers from 1989 to 2001. The sales prices of those Power Heads ranged

**In the Matter of**
**Herley Industries Security Litigation**
**Eastern District of Pennsylvania**
**Civil Action No. 06-2596 (JRS)**

from $3,795 per unit for seven units sold to Fleet & Industrial in 1996 to $7,500 for one unit sold to Seocal in 1998. The cost estimates for Power Heads Herley provided to the Navy in 2001, including an 11% profit, were $20,241 per unit for 42 units and $18,775 per unit for 139 units. I have been informed that, during price negotiations with the Navy, Herley did not disclose historic sales data.

4. During a pre award audit of a Power Head cost estimate, the Government requested support for the number of labor hours estimated for the manufacture of the Power Head element. Herley responded by providing a detailed "labor estimate" outlining 134 separate steps required to produce a Power Head element with estimated labor hours for each step. The time Herley assigned to each step of the process was based on a worst case scenario in which everything that could go wrong would go wrong and included 30% to 40% markups for "contingencies". I have been informed that Herley did not disclose that its labor costs were based on a worst case basis and that they included up to a 40% markup for contingencies.

5. At the time Herley prepared its cost estimate for the 139 unit Power Head contract in October 2001, it had accumulated six months of actual cost data with respect to the labor hours for the manufacture of elements. I have been informed that Herley did not use this historic data as a basis for its cost estimate,

9

**In the Matter of**
**Herley Industries Security Litigation**
**Eastern District of Pennsylvania**
**Civil Action No. 06-2596 (JRS)**

and did not disclose to the Government the fact that it had six months of actual

element manufacturing cost data.

6.      In connection with a pre award audit, Herley failed to provide complete data

regarding element yield rates to the government.  Although Herley stated that

the increase in the per unit element price was due to recent degradation of the

manufacturing process, resulting it decreased yields, Herley knowingly failed to

present data indicating a substantially higher yield rate than they had reported to

the government.

7.      In connection with a pre award audit, Herley misrepresented its actual labor

hours for the manufacture of elements.  Specifically, in a February 21, 2002

letter to the Navy, Herley represented that its current experience for the amount

of technician time required to manufacture an element was 31.8 hours. Herley's

actual data indicated that it only took 20.2 hours of technician time to

manufacture an element.  I have been informed that this information was not

shared with the Government.

8.      In negotiating the price of the Power Heads, Herley directed that the

manufacture of the subassemblies/housing be moved from Herley Farmingdale,

where the part had been historically manufactured, to Herley Lancaster, which

had not previously manufactured the subassembly.  Herley Lancaster quoted a

**In the Matter of**
**Herley Industries Security Litigation**
**Eastern District of Pennsylvania**
**Civil Action No. 06-2596 (JRS)**

price of $9,300 per subassembly in connection with the contract for 42 power heads. That price consisted of material costs estimated to be between $2,000 and $3,000, even though Herley's historical data indicated a material cost of $645 per subassembly. Immediately after both Power Head contracts were awarded, Herley directed that the manufacture of the subassemblies occur at Herley Farmingdale and not be moved to Lancaster. Herley data indicates that the actual material costs associated with the manufacture of the subassemblies in Farmingdale was $360.

9.      In response to auditor inquiries as to why the historical subassembly material costs of $645 were not applicable to the current contracts, Herley stated, among other things, that the historical price related to materials purchased for repairs that would not be used for the manufacture of the subassemblies under the Navy contracts. Such materials, however, were in fact utilized in manufacturing the subassemblies.

10.     In support of a price quote for Power Heads, Herley represented to the Navy that it had been authorized to spend $100,000 on new manufacturing tooling and processes needed to improve the manufacture of Power Head elements. I have been informed that, at the time Herley made this representation, Herley was aware that no authorization to acquire new equipment had been made, and that no new equipment was needed to produce Power Head elements.

11

In the Matter of
**Herley Industries Security Litigation**
**Eastern District of Pennsylvania**
**Civil Action No. 06-2596 (JRS)**

## V.  EXPERT OPINIONS AND DISCUSSIONS

In my opinion, the actions which Herley took, as listed in Part IV of this report, resulted in violation of the provisions of FAR Part 15 and the Truth in Negotiations Act.  The actions listed in Part IV resulted in Herley withholding from Government negotiators, "facts that prudent buyers and sellers would reasonably expect to affect price negotiations significantly". The failure of Herley to disclose this information resulted in the Government being deprived of information needed to negotiate fair and reasonable prices.  As such, the negotiated prices for both of the Power Head contracts discussed in this report were based on "defective pricing", in that the data made available by Herley on which Government negotiators relied was "inaccurate and incomplete".

I understand that Herley. has been in the US Government contracting business for over forty years and during that time has negotiated numerous cost proposals.  The FAR Part 15 and TINA requirements applicable to negotiated procurements, which are discussed in this report, are basic, commonly known and essential requirements with which Government Contractors must comply.  As an experienced Government Contractor, Herley Industries must have, or should have, been aware of its obligation to comply with these laws and regulations and that its conduct as described above did not comply with these laws and regulations.

In the Matter of
**Herley Industries Security Litigation**
**Eastern District of Pennsylvania**
**Civil Action No. 06-2596 (JRS)**

## VI.     OTHER CASES IN WHICH EXPERT TESTIMONY HAS BEEN PROVIDED

See current resume attached (Attachment I).


## VII.    LIST OF PUBLICATIONS

See listing of published articles attached for Mr. McGeehin (Attachment II).


_____          7 – 01 – 2009
Patrick A. McGeehin                       _____
                                          Date

13

**<u>Attachment I</u>**

Resume of
Patrick A. McGeehin, CPA

F T I



# Patrick A. McGeehin

## Senior Managing Director - Forensic and Litigation Consulting

patrick.mcgeehin@fticonsulting.com

6903 Rockledge Dr
Suite 1200
Bethesda, MD 20817
Tel: (301) 214-4150
ext. 4160
Fax: (301) 214-4110
Cell: (561) 302-4678

Suite 1500 – West
Tower
777 South Flagler Dr.
West Palm Beach
FL 33401
Tel: (561)-515.1900
Ext. 1921
Fax: 410-951.4895

**Certifications**
Certified Public
Accountant, Maryland,
District of Columbia,
Massachusetts

**Education**
B.S. Accounting
University of Scranton,
summa cum laude
M.B.A., Procurement
and Contracting,
George Washington
University

Patrick McGeehin is a senior managing director in the FTI Forensic and Litigation Consulting segment. Prior to joining FTI in February 2008, Mr. McGeehin was a co-founder and a shareholder of Rubino & McGeehin. He consults on government contract and litigation support matters, providing FAR and CAS consulting to Government Contractors and the Government, as well as contract claims assistance and litigation support services relating to the calculation of and approach to damages. His primary emphasis is in the construction and government contracts industries, although he has experience consulting and testifying in other business sectors.

Mr. McGeehin's Government Contract experience includes engagements in a variety of industries and contract types, including aerospace, other manufacturing, health care, services and construction. Mr. McGeehin has represented some of the largest defense contractors in the US, and has also represented the US Government on cost allocation and allowability matters.

His experience in the Government Contract sector includes virtually all types of matters and issues, some of which lead to disputes, including Requests for Equitable Adjustments (REA), false claims, *qui tam* filings, lost profits, terminations, and formal claim appeals before Federal Boards of Contract Appeals and the US Court of Federal Claims. Mr. McGeehin has provided expert testimony, both in deposition and trial proceedings, in the area of contract disputes and cost accounting matters. This testimony has been provided in both court and board forums, including numerous appearances before the Maryland State Board of Contract Appeals, and appearances before the ASBCA, the NASA BCA, Circuit Court, United States District Court, the US Court of Federal Claims, and the International Court of Arbitration in Geneva, Switzerland. His articles have been published in the American Bar Association's Public Contract Law Journal, the Government Contract Costs, Pricing & Accounting Report, the CPA statement, and in the Construction Business Review.

Prior to establishing R&M in February 1980, Mr. McGeehin was employed by Coopers & Lybrand in its Government Contract Services Group in Washington, DC. This group had national responsibility for servicing the needs of the firm's government contract clients. As a Government Contract Specialist, he was involved in providing services in all aspects of government contracting similar to those which he continued to provide at R&M and now offers with FTI. These services included design and implementation of cost accounting allocation systems, representation before all government procurement and audit agencies, claim-related audits and reviews, and preparation and review of Disclosure Statements to be submitted to the Cost Accounting Standards Board. Before joining Coopers & Lybrand's staff in DC, Mr. McGeehin served on the audit staff of the company's Philadelphia office.

Mr. McGeehin conducts seminars to select client groups on various accounting topics, and has also been a guest speaker on cost accounting issues involving government contractors and construction owners and contractors at conferences held throughout the country, including presentations on behalf of Federal Publications Inc., the National Contract Management Association (NCMA), the Construction Management Association of America (CMAA), the Construction Owners Association of America (COAA), the annual Construction Super-conference, and state associations of lawyers and certified public accountants. He previously served on the Advisory Board of the Government Contract Costs, Pricing & Accounting Report, a monthly publication focusing on government contract cost accounting issues. Mr. McGeehin is a CPA, and he graduated summa cum laude from the University of Scranton and received a Masters in Business Administration degree from George Washington University.

Patrick A. McGeehin

## LISTING OF EXPERT TESTIMONY

| Plaintiff | Defendant | Forum | Type of Project |
|---|---|---|---|
| *Kolar, Inc.* | U.S. Department of Defense | Armed Services Board of Contract Appeals (ASBCA) (1) | E/J/K |
| *W.M. Jordan., Inc.* | Commonwealth of Virginia | Circuit Court of the City of Richmond (May 1987) (1) | F/H |
| *Engineering, Inc* | National Aeronautics & Space Administration | NASA Board of Contract Appeals (November 1987) (1) | E |
| Bechtel National, Inc. and US/Cobb (a joint venture) | *U.S. Army Corps of Engineers* | Administrative Mini-Trial (March 1988) (1) | A/E |
| J.M. Morrissey, Inc. | *Commonwealth of Pennsylvania* | Commonwealth of Pennsylvania Board of Claims (February 1989) (1) | B/F |
| 3556 Shore Drive Association | *Turner Construction Company* | City of Norfolk (Virginia) Circuit Court (March 1989) (1) | A/K |
| Sherman Concrete | *Hardaway Constructors* | U.S. District Court for the Northern District of Alabama (December 1989) (1) | B/F |
| *TDC Management Corp.* | U. S. Department of Transportation | U.S. DOT Board of Contract Appeals (February 1990) (1) | E/K |
| Williams Enterprises and DANO Resource Recovery, Inc. | *Government of the District of Columbia* | District of Columbia Contract Appeals Board (1991) (1) | F/J/K |
| Richard D. Schafer | *Eastern Mechanical Contractors, Inc* | Circuit Court for Baltimore County  (April 1991) (1) | D/J |
| T. L. James Associates | *South Carolina Department of Highways & Public Transportation* and *Figg & Muller Engineers, Inc.* | Court of Common Pleas, State of South Carolina, County of Richland  (Sept.1991) (2) | C/F |
| *United States Department of Justice – Environment and Natural Resources Division* | Royal N. Hardage | U.S. District Court for the Western District of Oklahoma (1991) (1) | G |

*Italics* indicates client in the particular case.
(1)  indicates live testimony/presentation.
(2)  indicates deposition testimony.
(3)  indicates written, pre-trial testimony.
(4)  Indicates written, pre-trial testimony in a bid protest matter.
(5)  Legend identifying type of project follows (page 11).





Patrick A. McGeehin

| Plaintiff | Defendant | Forum | Type of Project (5) |
|---|---|---|---|
| *Gary Steiner, et al.* | Hercules Inc., et al | U.S. District Court for the District of Delaware  (October 1991) (2) | E/M/O |
| *United States Department of Justice – Civil Fraud Section* | Litton Systems, Inc. | U.S. District Court for the Central District of California (June 1992) (2) | E/L |
| Eaton-Kenway, Inc. | *Fireman's Fund Insurance Co., Associated Indemnity Corp. and National Surety Corp.* | U.S. District Court for the District of Utah (July 1992) (2) | J |
| Fruin-Colnon Corp. Hensel-Phelps Construction Co. Granite Construction Co. Hardaway Constructors, Inc. The Driggs Corp. W.M. Schlosser Co. Lane Construction Co. Dick Corp . / Sofis, Inc. J. Roland Dashiell & Sons, Inc. MPG Construction George I. Clingerman Dick Corporation | *State of Maryland - Departments of Transportation and General Services* | Maryland State Board of Contract Appeals (MSBCA) (various dates) | F/B/J |
| *Hassell Construction Co.* | U.S. Army Corps of Engineers | Administrative Mini-Trial (September 1992) (1) | E/J |
| Joseph P. Shisko, Inc. | *South Carolina Public Service Authority (Santee-Cooper)* | Court of Common Pleas State of South Carolina County of Berkeley (November 1992) (2) | F/J |
| U.S. Department of Justice | *Tempest Products, Inc./ George Brazel* | U.S. District Court for the Eastern District of Virginia (December 1992) (1) | E/L |
| Roy F. Weston (counterclaim defendant) | *Halliburton NUS* (counterclaim plaintiff) | U.S. District Court for the Eastern District of Pennsylvania (May 1993) (1) | E/G/K |

*Italics* indicates client in the particular case.
(1)  Indicates live testimony/presentation.
(2)  Indicates deposition testimony.
(3)  Indicates written, pre-trial testimony.
(4)  Indicates written, pre-trial testimony in a bid protest matter.
(5)  Legend identifying type of project follows (page 11).

 F T I

Patrick A. McGeehin

| Plaintiff | Defendant | Forum | Type of Project (5) |
|-----------|-----------|-------|---------------------|
| Henry Gallenstein, Jr. | *Rippe and Kingston Co., and George W. Kingston* | Court of Common Pleas Hamilton County, Ohio (August 1993) (2) | E/M |
| *U.S.A., ex. rel., Janssen* | Northrop Corporation | U.S. District Court for the Central District of California (September 1993) (2) | E/L |
| *Hannon Armstrong & Co.* | Sabreliner Corporation | U.S. District Court of the Eastern District of Virginia Alexandria Division (November 1993) (1) | E/K/P |
| *Versar, Inc.* | U.S. Department of Energy | U.S. General Accounting Office (December 1993) (4) | E/N |
| HCB Contractors, Inc | Rouse, et al. | U.S. District Court of the Eastern District of Pennsylvania (Binding Arbitration) (March 1994) (1, 2) | A |
| Morse/Diesel Inc. | *Trinity Industries, Inc., Mosher Steel Co. and AETNA Insurance Co.* | U.S. District Court Southern District of New York (May 1994) (1) Appeal (November 1996) (1) | A |
| *Ceco Corporation* | George A. Fuller Co. | American Arbitration Association (August 1994) (1) | A |
| *J.A.K. Construction* | Department of the Army | Mediation (August 1994) (1) | A/E |
| *Kora & Williams Corporation* and *Insurance Company of North America* | Government of the District of Columbia | Government of the District of Columbia Contract Appeals Board (November – December 1994) (1) | A/F/K |
| Can-Dive Services Ltd. and Laurentian Pacific Ins. Co. | *Pacific Coast Energy Corp., Westcoast Energy, Morrison-Knudsen Co., Inc., Northern Construction Co. Ltd., and Intec Engineering Inc.* | Supreme Court of British Columbia (December 1994) (1) | J |

*Italics* indicates client in the particular case.
(1)    Indicates live testimony/presentation.
(2)    Indicates deposition testimony.
(3)    Indicates written, pre-trial testimony.
(4)    Indicates written, pre-trial testimony in a bid protest matter.
(5)    Legend identifying type of project follows (page 11).



Patrick A. McGeehin

| Plaintiff | Defendant | Forum | Type of Project (5) |
|---|---|---|---|
| Traylor Brothers, Inc. | *South Carolina Department of Highways and Public Transportation* | Court of Common Pleas (February 1995) (2) | C/F |
| *Diverco, Inc.* | Department of the Army | Armed Services Board of Contract Appeals (ASBCA) (April - May 1995) (1) | E |
| A.S. McGaughan Co., Inc. and *Parker Kirlin Joint Venture* (subcontractor) | Government of the District of Columbia | Government of the District of Columbia Contract Appeals Board (May 1995) (2) | F/J |
| Traylor Brothers, Inc. | *Commonwealth of Virginia Department of Transportation* | Circuit Court for the City of Richmond (May 1995) (2) | C/F |
| Washington Suburban Sanitary Commission | *Becon Services Corporation* | Mediation (August 1995) (1) | A/F |
| Islamic Republic of Iran, Ministry of Defence and Support for Armed Forces | *Bowen-McLaughlin-York Co. (Harsco Corporation)* | International Chamber of Commerce International Court of Arbitration (Jan. 1996) (1) | F/K/P |
| *Kaiser Aerospace and Electronics Corporation, Kaiser Space Products Division* | Hercules Allegany Ballistics Laboratory, a Division of Hercules Inc. | U.S. District Court for the Northern District of West Virginia (February 1996) (2) | E/K |
| Techdyn Systems Corp. | *Whittaker Corporation* | Circuit Court of Fairfax County, Virginia Case, No. CL 95-1105 (December 1996) (2) | E |
| *Ryan-Walsh, Inc* | The United States | United States Court of Federal Claims, No. 94-429C (January, February 1997) (1) | E |
| *Aerojet-General Corp* | United States Department of the Air Force | Armed Services Board of Contract Appeals (March 1997) (2) | E |
| The United States of America | McDonnell Douglas Corp. and *General Dynamics Corp.* | The United States Court of Federal Claims, no. 91-1204C (June 1997) (2) | E/K |

*Italics* indicates client in the particular case.
(1)  Indicates live testimony/presentation.
(2)  Indicates deposition testimony.
(3)  Indicates written, pre-trial testimony.
(4)  Indicates written, pre-trial testimony in a bid protest matter.
(5)  Legend identifying type of project follows (page 11).

Patrick A. McGeehin

| Plaintiff | Defendant | Forum | Type of Project (5) |
|---|---|---|---|
| *Stradedile/Aegis Joint Venture* | United States Department of the Navy | Armed Services Board of Contract Appeals, ASBCA No. 39318 (October 1997) (2) | E/J |
| Danis Industries Corporation | *Fernald Environmental Restoration Management Corporation ("FERMCO")* | U.S. District Court for the Southern District of Ohio (Cincinnati), Civil Action No. C-1-96-280 (November 1997) (2) | J |
| Balfour Beatty Construction, Inc. – Mass. Electric Construction Company, A Joint Venture | *National Railroad Passenger Corp. (Amtrak)* | Dispute Resolution Board, April 1998 (1) | J |
| *United States Department of Justice – Civil Fraud Section* | Rockwell International Corp., et al. | U.S. District Court, District of Colorado, Case No. 89-M-1154  (June 1998) (1) | L/G |
| *Fred Zobrist* | Center for Financial Engineering in Development, Inc. | Superior Court of the District of Columbia, Civil Division, CA 96-CA-007032 (August 1998) (1) | D |
| *COMSAT RSI, Inc.* (Claimant) | Associated Universities, Inc. (Respondent) | American Arbitration Association Construction Arbitration Tribunal, Virginia (November 1998) (2) | J |
| *Raytheon-Catalytic Inc.* | Phillips Puerto Rico Core, Inc. | Court of Common Pleas, Philadelphia County (February 1999) (3) | P |
| *Labat-Anderson, Inc.* (Claimant) | Wang Government Services, Inc. (Respondent) | American Arbitration Association, Virginia (March 1999) (1) | E/K/P |
| *United States, ex rel. Edwin Bond* | Jacobs Engineering Group, Inc. | U.S. District Court, Central District of California (October 1999) (2) | E/L |
| Northrop Grumman Corporation | *United States of America* | U.S. Court of Federal Claims, Fed. Ct. No. 97-276C (November 1999) (1) | E |

*Italics* indicates client in the particular case.
(1)   Indicates live testimony/presentation.
(2)   Indicates deposition testimony.
(3)   Indicates written, pre-trial testimony.
(4)   Indicates written, pre-trial testimony in a bid protest matter.
(5)   Legend identifying type of project follows (page 11).

  F  T  I



Patrick A. McGeehin

| Plaintiff | Defendant | Forum | Type of Project (5) |
|---|---|---|---|
| *Gulf Insurance Company* | GLF Construction Corporation | United States District Court Southern District of Florida, Miami Division (February 2000) (2) | E/J |
| Kearfott Guidance & Navigation | *Harris Corporation* | Superior Court of New Jersey Law Division: Passaic County (May 2000) (2) | E/K |
| *Guy F. Atkinson Construction Company, a Division of Guy F. Atkinson Company* | OMEGA (Ohio Municipal Electric Generation Agency) JV5 | U.S. District Court for the Southern District of West Virginia, CA 6:99-0986 (October 2000) (2) | F/I |
| Ronald M. Van Horn | *Mercury Airfreight International Limited* | United States District Court Eastern District of Virginia, Alexandria Division (December 2000) (2) | D |
| *Safeco Insurance Company* | U.S. Government | ASBCA (January 2001) (1) | E/J |
| *Lee Construction Corp.* | City of Charlotte (CMUD) | Arbitration (March 2001) (1) | F/J |
| Parsons Brinckerhoff Quade & Douglas Inc. | *Massachusetts Highway Dept., Central Artery/Tunnel Project* | ASBCA Mediation (May 2001) (1) | B/C/E/F |
| *Essex Electro Engineers, Inc.* | U.S. Government | ASBCA (July 2001) (2) | E |
| Perini/Kiewit/Cashman Joint Venture | *Massachusetts Highway Dept., Central Artery/Tunnel Project* | Binding Dispute Resolution Board (Time Quantum) (July 2001) (1) | B/E/F |
| *Wells Fargo Bank* | Kitty Hawk, Inc. | U.S. Bankruptcy Court for the Northern District of Texas, Fort Worth Division, No. 400-2141 BJH (September 2001) (2) | E/K |
| *Financial Markets International, Inc.* | Deloitte Touche Tohmatsu et al. | U.S. District Court, District of Columbia (November 2001) (2) | E/K/P |

*Italics* indicates client in the particular case.
(1)   Indicates live testimony/presentation.
(2)   Indicates deposition testimony.
(3)   Indicates written, pre-trial testimony.
(4)   Indicates written, pre-trial testimony in a bid protest matter.
(5)   Legend identifying type of project follows (page 11).



Patrick A. McGeehin

| Plaintiff | Defendant | Forum | Type of Project (5) |
|---|---|---|---|
| *Fidelity and Deposit Company of Maryland* | KFx Fuel Partners, L.P. | U.S. District Court for the Sixth District of Wyoming (County of Campbell) (November 2001) (2) | F |
| *Sylvie Clements* | AllWorld Language Consultants, Inc. | Montgomery County (Maryland) Circuit Court, No. 212737-V (March 2002) (1) (2) | D/E |
| Blake Construction Co., Inc./ *Poole and Kent, a Joint Venture* | Upper Occoquan Sewage Authority | Circuit Court of Fairfax County, Virginia (March 2002) (2) | J |
| *The United States of America ex.rel. Harold M. Tate* | *Honeywell, Inc.* | U.S. District Court for the District of New Mexico (April 2002) (2) | E, L |
| Burns and Roe Services Corp. | *Labadee Investments Ltd./ Royal Caribbean Cruises.* | U.S. District Court for the District of Florida (May 2002) (2) | J |
| Perini/Kiewit/Cashman Joint Venture | *Massachusetts Highway Dept., Central Artery/Tunnel Project* | Binding Dispute Resolution Board (underpinning issues) (May 2002) (1) | B/E/F |
| Maizel Construction, Inc. | *Starwood Urban Retail VII, LLC.* | American Arbitration Association, Construction Industry Arbitration (June 2002) (1) | A/P |
| The Clark Construction Group, Inc. and *Truland Systems Corp.* | Gannett Co., Inc. | Circuit Court for Fairfax County, Virginia (August 2002) (2) | A |
| *TIC The Industrial Company* | ABB Power Generation, Inc. and Alstom Power, Inc. | Mediation (November 2002) (1) | I |
| *Baker Concrete Construction Inc.* | Boston Properties / National Institutes of Health / GSA | Mediation (January 2003) (1) | A / E |

*Italics* indicates client in the particular case.
(1)   Indicates live testimony/presentation.
(2)   Indicates deposition testimony.
(3)   Indicates written, pre-trial testimony.
(4)   Indicates written, pre-trial testimony in a bid protest matter.
(5)   Legend identifying type of project follows (page 11).



Patrick A. McGeehin

| Plaintiff | Defendant | Forum | Type of Project (5) |
|---|---|---|---|
| *Foster Wheeler Enviresponse, Inc.* | New Jersey Department of Environmental Protection | Superior Court of New Jersey, Morris County (Feb. 2003) (2) | F/G |
| *United States Department of State* | Perini Corporation | ASBCA (September 2001) (2) (March 2003) (1) | A/E |
| *United States of America ex rel. Rex A. Robinson, and James H. Holzrichter* | Northrop Grumman Corporation | United States District Court for the Northern District of Illinois Eastern Division (April 2003) (2) | E/ L |
| *Marino Construction Co., Inc.* | Plunkett Raysich Architects (PRA) | (June 2003)  (2) | A/E |
| *United States of America* | Newport News Shipbuilding, Inc. | U.S. District Court, Eastern District of Virginia, Case No. 1:03 CV 142  (June 2003) (2) | E/L |
| *DTI Associates, Inc.* | Elmco, Inc.; Nina Huguenin, and Tim S. Quinley | Circuit Court for Arlington County, Virginia (July 2003)  (2) | E/P |
| *The Whiting Turner Contracting Company* | Universal City Development Partners | Circuit Court for the Ninth Judicial Circuit in Orange County, FL  (Apr. 2004) (2) | A |
| Southeast Wisconsin Professional Baseball Park District | *Mitsubishi Heavy Industries America, Inc.* et al | Circuit Court of Milwaukee County, Wisconsin (June 2004) (2) | A/F |
| *Massaro Company* | Institute for Scientific Research, Inc. | American Arbitration Association (Aug. 2004) (1) | A/K |
| *Blake Construction Co., Inc. et al* | Upper Occoquan Sewage Authority | Circuit Court of Fairfax County, VA (August 2004) (2) | F/J |
| *Blake Construction Co., Inc. et al* | Upper Occoquan Sewage Authority | Circuit Court of Fairfax County, VA (Jan. 2005) (1) | F/J |

*Italics* indicates client in the particular case.
(1)    Indicates live testimony/presentation.
(2)    Indicates deposition testimony.
(3)    Indicates written, pre-trial testimony.
(4)    Indicates written, pre-trial testimony in a bid protest matter.
(5)    Legend identifying type of project follows (page 11).



Patrick A. McGeehin

| Plaintiff | Defendant | Forum | Type of Project (5) |
|-----------|-----------|-------|---------------------|
| *AMEC Civil, LLC* | Mitsubishi International Corp. and Federal Insurance Company | Circuit Court of Mecklenburg County, VA (March 2005) (2) | B |
| Perini/Kiewit/Cashman Joint Venture | *Massachusetts Highway Dept., Central Artery/Tunnel Project* | Binding Dispute Resolution Board (Slurry Wall Issues) (April 2005) (1) | B/E/F |
| *Sigal Construction Corporation* | W.C. & A.N. Miller Companies and Ross Contracting, Inc. and F&B Concrete, Inc. | American Arbitration Association (May 2005) (1) | J |
| *Daewoo Engineering and Construction Co., Ltd.* | The United States | Court of Federal Claims (June 2005) (2) (1) | B/E/L |
| *John J. Kirlin, Inc.* | TAC Americas, Inc. and Control Solutions, Ltd., LLC | U. S. District Court for the District of Maryland  (Southern District) (August 2005) (2) | A |
| Catapult Technology Ltd. | *RS Information Systems, Inc.* | Montgomery County (Maryland) Circuit Court (August 2005) (2) | P/E |
| *AMEC Civil, LLC* | Mitsubishi International Corp. and Federal Insurance Company | Circuit Court of Mecklenburg County, VA (August 2005) (1) | B |
| Perini/Kiewit/Cashman Joint Venture | *Massachusetts Highway Dept., Central Artery/Tunnel Project* | Binding Dispute Resolution Board (Mainline claim) (September 2005) (1) | B/E/F |
| *Lockheed Martin Corp.* | U.S. Government | Armed Services Board of Contract Appeals (October 2005) (2) | E |
| *Insurance Company of North America* | Kora & Williams | U. S. Bankruptcy Court for the District of Maryland (January 2006)  (1) | A/F |
| Catapult Technology Ltd. | *RS Information Systems, Inc.* | Montgomery County (Maryland) Circuit Court (March 2006) (1) | P/E |

*Italics* indicates client in the particular case.
(1)   Indicates live testimony/presentation.
(2)   Indicates deposition testimony.
(3)   Indicates written, pre-trial testimony.
(4)   Indicates written, pre-trial testimony in a bid protest matter.
(5)   Legend identifying type of project follows (page 11).

FTI

Patrick A. McGeehin

| Plaintiff | Defendant | Forum | Type of Project (5) |
|---|---|---|---|
| Dick Corporation | *Maryland State Highway Administration* | Maryland State Board of Contract Appeals (June 2006) (2) (October 2006) (1) | B/F |
| *Hebrew Home of Greater Washington* | Perkins Eastman Architects, PC | American Arbitration Association (July 2006) (1) | A/P |
| *Scotia Prince Cruises Limited* | City of Portland, Maine | Case No. 50 180 T 00150 05 (September 2006) (2) | F/P |
| United States of America | *Science Applications International Corporation* | United States District Court for the District of Columbia Civil Action 04-CV-1543 (RWR) (September 2006) (2) | E |
| *Lockheed Martin* | United States Government | Armed Services Board of Contract Appeals (November 2006) (1) | E |
| *Scotia Prince Cruises Limited* | City of Portland, Maine | Case No. 50 180 T 00150 05 (March 2007) (2) (April 2007) (1) | F/P |
| *Blake Construction Co., Inc. et al* | Upper Occoquan Sewage Authority | Circuit Court of Fairfax County, VA (April 2007) (2) | F/J |
| Perini/Kiewit/Cashman | *Massachusetts Highway Dept., Central Artery/Tunnel Project* | Binding Dispute Resolution Board (Time Quantum II claim) (Sept. 2007) (1) | B/E/F |
| Perini/Kiewit/Cashman | *Massachusetts Highway Dept., Central Artery/Tunnel Project* | Binding Dispute Resolution Board (Time Quantum II claim) (June 2007) (1) | B/E/F |
| *HITT Contracting, Inc.* | Dulles Hotel Corporation | American Arbitration Asso. (September 2007) (2) | A |
| Perini/Kiewit/Cashman | *Massachusetts Highway Dept., Central Artery/Tunnel Project* | Binding Dispute Resolution Board (Time Quantum II claim) (September, October 2007) (1) | B/E/F |
| 2200 M Street, LLC | *Bovis Lend Lease, Inc. et al.* | Superior Court for the District of Columbia (October 2007) (2) | A |

*Italics* indicates client in the particular case.
(1)    Indicates live testimony/presentation.
(2)    Indicates deposition testimony.
(3)    Indicates written, pre-trial testimony.
(4)    Indicates written, pre-trial testimony in a bid protest matter.
(5)    Legend identifying type of project follows (page 11).


F T I

Patrick A. McGeehin

| Plaintiff | Defendant | Forum | Type of Project (5) |
|---|---|---|---|
| *Blake Construction Co., Inc. et al* | Upper Occoquan Sewage Authority | Circuit Court of Fairfax County, VA (January 2008) (2) | F/J |
| Perini/Kiewit/Cashman | *Massachusetts Highway Dept., Central Artery/Tunnel Project* | Binding Dispute Resolution Board (Main Line) (February 2008) (1) (March 2008) (1) (May 2008) (1) | B/E/F |
| *Blake Construction Co., Inc. et al* | Upper Occoquan Sewage Authority | Circuit Court of Fairfax County, VA (April 2008) (1, 2) | F/J |
| *Hardin Construction Co., LLC* | Robert Jeff George; David Wesley Turner, Wanda Carol Dunaway, and Centex Construction, LLC. | Superior Court of Fulton County, Georgia (October 2008) (2) | P |
| Juan Carlos Marroquin | *Exxon Mobil Corporation* | U.S. District Court for the Eastern District of Virginia (October 2008) (2) | D |
| National Railroad Passenger Corp. | *Veolia Transportation Services, Inc. and Veolia Transportation, Inc.* | United States District Court for the District of Columbia (January 2009) (2) | E |
| United States of America | *Midwest Transport, Inc.* | United States District Court for the Northern District of Texas, Dallas Division (February 2009) (2) | E/L |
| *U.S. Department of State* | Fluor Intercontinental, Inc. | United States Civilian Board of Contract Appeals, Washington, D.C. (March 2009) (2) | D/E |

**Legend for Type of Matter/Project for Which Testimony Was Given:**

A - Building/Hotel/Condominium/ Parking Garage Construction
B - Highway Construction
C - Bridge Construction
D - Employment Dispute
E - Federal Government Contract/Related
F - State, Local, or Foreign Government Contract
G - Environmental Clean Up Action/Related
H - Prison Construction

I - Power Plant Construction Project
J - Miscellaneous Construction Project or Contractor
K - Termination / Contract Breach
L - Civil or Criminal Fraud Related
M - Accounting Malpractice Issues
N - Bid Protest
O - Class Action
P - Lost Profits Issue

*Italics* indicates client in the particular case.
(1) Indicates live testimony/presentation.
(2) Indicates deposition testimony.
(3) Indicates written, pre-trial testimony.
(4) Indicates written, pre-trial testimony in a bid protest matter.
(5) Legend identifying type of project follows (page 11).



## **<u>Attachment II</u>**

List of Publications

by

Patrick A. McGeehin, CPA

FTI

 Patrick A. McGeehin

## PUBLISHED ARTICLES

| Title | Date of Publication |
|---|---|
| "A Farewell to Eichleay?" - *Public Contract Law Journal* (American Bar Association) | February 1984 |
| "Equipment Costs in Construction Contract Disputes" - *Public Contract Law Journal* (American Bar Association) | June 1988 |
| "The Rental Cost Principle" - *Government Contract Costs, Pricing & Accounting Report* (Federal Publications Inc.) | February 1989 |
| "Professional Standards Applicable to Litigation Support" – *The CPA Statement* (Maryland Association of Certified Public Accountants) | April 1991 |
| "Cost Reimbursement Contracting" (course materials, Federal Publications, Inc.) | Revised Sept. 1991 |
| "Accounting for U.S. Defence Contracts" (course materials, Hawksmere Ltd., London, England) | Revised Aug. 1991 |
| "Recovery for Cost of Money" - *Government Contract Costs, Pricing & Accounting Report* (Federal Publications, Inc.) | October 1992 |
| "Identifying and Allocating Equipment Costs to Construction Projects" – *Construction Business Review* | November/December 1992 |
| "Learning from *Eichleay*: Unabsorbed Overhead Claims in State and Local Jurisdictions" - *Public Contract Law Journal* (American Bar Association) | Winter 1996 |
| "DCAA's Search for Unallowable Interest Costs" - *Government Contract Audit Report* (The Lyman Group) | February 1997 |
| "Government Contract Audits" - (course materials, The George Washington University Law School, Government Contracts Program) | August 1997 |
| "ESOPs for Government Contractors: Beyond the Tax Benefits" (*Government Contract Audit Report*, The Lyman Group) | September 1999 |
| "Getting Value from the Accountant on Your Construction Project" (*Construction Law and Business*) | Summer 2000 |
| "Using Advance Agreements to Avoid Troublesome Cost and Pricing Issues" - (*Government Contract Audit Report*, The Lyman Group) | December 2000 |
| "The Weighting Factors – A New Tool For Resolving Impact Claims" (co-author Richard Martone, PMA Consultants) | May 2005 |

F T I

**Attachment III**

Data and Other Information Considered
In Forming Opinions

F T I

Attachment III

**In the Matter of
Herley Industries Security Litigation
Eastern District of Pennsylvania
Civil Action No. 06-2596 (JRS)**

**Data and Other Information Considered in Forming Opinions**

1. Indictment USA v. Lee Blatt (and) Herley Industries 1/30/07
2. Class Action Consolidated Complaint – Stockholders v. Herley Industries
3. Deposition of Lee Blatt – 5/27/09 and related exhibits
4. Depositions of Joseph Gallagher – 5/2/06 & 4/24/03 and related exhibits
5. Deposition of Allan Coon – 11/1/05 and related exhibits
6. Deposition of Patricia Salina – 4/18/06 and related exhibits
7. Deposition of George Rounsaville – 5/2/06 & 4/8/09 and related exhibits
8. DCIS Interview Memo of Joe Gallagher – 10/31/05
9. DCIS Interviews of Mitchell Tuckman – 4/30/04, 8/16/05, 2/15/06
10. DCIS Interview of Allan Coon – 4/10/04
11. DCIS Interview of George Rounsaville – 10/24/06
12. General Microwave Corporation Bid History Model # N421C-7C
13. SF 1411 dated 4/2/01 and Herley Cost Estimate for Contract N00383-01-R-B075 (42 Power Heads)
14. Herley Cost Estimate for 139 Power Heads
15. Herley Memo entitled "Sensor Assembly – Model N421C-7C – GE 7591550P5) dated 10/1/01 from Tricia Salina to Juan Qujije
16. Herley Report entitled "TL-1A-1 and N421C-7C Labor Estimate"
17. Herley Report entitled "Labor by Work Order by Work Center by Employee from 5/1/01 to 12/14/01"
18. Transcript of Guilty Plea/Sentencing Hearing Before the Honorable Lawrence F. Stengel US District Judge – 5/5/08
19. Herley Letter to Naval Inventory Control Point dated 2/21/02
20. Memo from Rozalie Schachter to Yaima Shepp dated 2/8/02 with hand written supporting computations
21. Herley Power Assembly Price Quotation dated 4/3/01
22. Power Head price history
23. Letter from Tricia Salina to Naval Inventory Control Point dated 1/15/02 subject "Sendor Assembly – Model N421C-7C (GE 759155P5)
24. Email from Rozalie Schachter to Lee Blatt dated 1/17/02
25. Email from Tracia Salina to Yaima Schepp dated 1/29/02
26. Letter from General Microwave to Lockheed Martin dated 3/30/01
27. Fax from Salina to Blatt enclosing Navy Solicitation for 21 Power Heads (HER 96412-15)
28. Grand Jury Transcript of George Rounsaville
29. 1/15/01 fax from Rounsaville to Patricia Salina (HWE 98262-64)
30. 2/7/01 letter to Navy enclosing bid in response to initial solicitation, including per unit price for $19,897 (HER 18942-44)



Attachment III

**In the Matter of**
**Herley Industries Security Litigation**
**Eastern District of Pennsylvania**
**Civil Action No. 06-2596 (JRS)**

**Data and Other Information Considered in Forming Opinions**

31. 3/12/01 fax from Salina copying Blatt enclosing SF 1411 and cost data on 42 Power Heads (HER 025632-33)
32. 4/2/01 fax from Salina copying Blatt enclosing SF 1411 and cost data on 42 Power Heads (HER 18945-47)
33. Fax from Salina to Navy enclosing SF 1411 and cost data on 42 Power Heads (HER 13315-18)
34. 9/11/01 fax from Schachter to Blatt enclosing historical bid data on the N421C-7C Model Power Head (HER 348-50)
35. May 2001 GM presentation to Navy and Lockheed Martin on Power Head manufacturing history (HER 499-517)
36. GM bid history spreadsheets (HER 362, 6080, 6098, 6100, 6157)
37. 6/25/01 email from Navy auditor to Salina (HER 09598)
38. 10/9/01 fax from Tuckman to Blatt enclosing 10/9/01 email from Navy auditor (HER 12787-88)
39. 12/10/01 FAX from Tuckman to Blatt enclosing 10/17/01 submission to Navy (HER 12755-66)
40. 3/11/02 email from Tuckman to Gallagher (HER 301-02)
41. 6/12/01 and 6/13/01 emails from Gallagher to Tuckman (HER 014178)
42. 10/16/01 email from Tuckman to Blatt (HER 12792)
43. 12/10/01 fax from Tuckman to Blatt including 10/17/01 submission to Navy including yield results (HER 12755-66)
44. 12/10/01 handwritten notes of labor hours per month from May to Dec 2001
45. 1/17/02 email from Navy auditor to Schachter regarding labor actuals on element builds (HER 96234)
46. 2/21/02 fax from Rounsaville to Navy (HER 98227-78)
47. Updated email from Schacter to Blatt regarding answers for auditor (HER 96233)
48. 3/11/02 email from Tuckman to Gallagher (HER 1894)
49. 1/15/02 letter from GM to Navy (HER 266-76)
50. Work Order Material Status Spreadsheet for Second PH contract (HER 1829-31)
51. ManMan printouts regarding material costs and labor hours expended in manufacturing Power Heads (HER 095845-48)
52. 5/11/04 close out unit costs (HER 98150)
53. 1/17/02 email from Schachter to Blatt (HER 98625)
54. 1/10/02 email from Navy to auditor to Salina (HER 305)
55. Power Head bill of material (HER 98659-64)
56. Herley Lancaster subassembly quotes (HER 172 and HER 98474))
57. 3/17/00 fax from Salina to Navy (HER 5964-72)
58. 10/16/01 fax from Tuckman to Blatt



**Attachment III**

**In the Matter of**
**Herley Industries Security Litigation**
**Eastern District of Pennsylvania**
**Civil Action No. 06-2596 (JRS)**

**Data and Other Information Considered in Forming Opinions**

59.  1/29/02 email from Salina to Navy auditors (HER 300)
60.  1/29/01 fax from Tuckman to Blatt (HER 98634-35)
61.  2/20 – 2/22/02 Tuckman notes (HER 98362, 98645, 98648, 98650)
62.  3/30/01 Letter to Lockheed Martin (99346-48)
63.  12/1/01 GM Internal Price list (HER 2003)
64.  GM Daily In House Orders Catalog Products (HER 2008)
65.  1/15/01 fax from Salina to Blatt (HER 98438-43)
66.  Certificate of Current Cost or Pricing Data (HER 98465)