# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE HERLEY INDUSTRIES INC.<br>SECURITIES LITIGATION | No. 06-CV-2596 (JRS) |

### DECLARATION OF PATRICK A. McGEEHIN

Patrick A. McGeehin, declares under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am a certified public accountant and a Senior Managing Director at FTI Consulting Inc. I was retained by the lead plaintiff in the above-captioned action as an expert in the field of government contracting, including the requirements of the Truth In Negotiations Act and the Federal Acquisition Regulations ("FARs").

2. I make this declaration to briefly clarify the scope of my engagement in this matter, as well as the content of my proposed testimony if called as a witness at trial.

3. I was retained in this matter to: (i) address certain conduct undertaken by Herley Industries in connection with two contracts with the Navy for the manufacture of a product known as a power head in light of prevailing industry custom and practice/standards, and (ii) whether such conduct, if it deviated from prevailing industry custom and practice, constituted noncompliance with the FARs.

4. Thus, a predicate to my opinions in part III of my report (identifying generic examples of information that should be provided to the government) and part IV of my report (identifying specific instances of information in Herley's possession which should have been provided to the Government), is an examination of the scope of then prevailing industry custom

and practice regarding the submission of data to the government.

5. Only in those instances where I concluded, based on my experience, that the category of information at issue was of the type normally provided to the government under then prevailing industry custom and practice, did I then go further to discuss whether the failure to submit such data comported with the FARs.

6. As I testified at my deposition in this matter, this is consistent with my standard practice in opining on issues implicating compliance with the FARs. (*See* Declaration of Ira M. Press, Ex. C at 36:18-23, 40:2-7).

7. As such, I did not intend to, nor was I asked to render, a pure legal conclusion solely as to whether Herley's conduct constituted violations of FARs, divorced from an analysis of industry custom and practice. (*See id.* at 33:11-16, 33:23-34:4, 101:12-19; 177:23-178:2).

8. If called to testify at trial, I have been asked to opine as to: (i) prevailing industry custom and practice as to the types of information typically provided by a government contractor during the course of contract negotiations; (ii) whether specific instances of Herley's conduct comport with such industry custom and practice, irrespective of the legal requirements of TINA and the FARs; (iii) whether Herley's failure to provide certain data to the government comports with the FARs; and (iv) whether Herley, as an experienced government contractor, would have been aware of the categories of information customarily provided to, and expected by, the government during the course of negotiations on a government contract.

Dated: November __, 2009
Bethesda, Maryland

_____
Patrick A. McGeehin

2