UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE HERLEY INDUSTRIES INC. SECURITIES LITIGATION | CIVIL ACTION<br><br>No. 06-2596 (JRS)<br><br>CLASS ACTION |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION**
***IN LIMINE* TO PRECLUDE DEFENDANTS FROM ASSERTING RELIANCE**
**ON THE ADVICE OF COUNSEL AS A DEFENSE IN THIS ACTION**

Ira M. Press (*pro hac vice*)
Andrew M. McNeela
Sarah G. Lopez (*pro hac vice*)
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540
*Plaintiffs' Lead Counsel*

Stanley P. Kops (SPK 6328)
LAW OFFICE OF STANLEY P. KOPS
102 Bala Avenue
Bala Cynwyd, Pennsylvania 19004
Telephone: (610) 949-9999
Facsimile: (610) 949-9773
*Plaintiffs' Liaison Counsel*

*[Additional Counsel Listed on Signature Page]*

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT .................................................................................... 1

II. FACTUAL BACKGROUND .................................................................................... 2

    A.    Defendants' Answer and Rule 26(a) Disclosure ........................................... 2

    B.    Defendants' Responses to Plaintiffs' Document Demands. ................................. 3

    C.    Defendants' Assertion of Privilege at Deposition ................................... 5

    D.    The Report and Testimony of Defendants' Proposed Expert Witness Albert S. Dandridge, III ................................................................................... 6

III. ARGUMENT ............................................................................................................ 7

    A.    Legal Framework ........................................................................................... 7

    B.    Defendants' Should Be Precluded From Asserting The Defense of Reliance on the Advice of Counsel ................................................................ 8

        1.    Defendants' Failure to Assert the Advice of Counsel Defense in its Answer Precludes its Reliance on that Defense in this Action .................. 8

        2.    Defendants' Withholding of Counsel's Advice During Discovery Precludes them From Raising that Defense ................................. 9

        3.    The Circumstances Surrounding Defendants' Revelation that They Intend to Rely on the Advice of Counsel Defense Are Indicative of Bad Faith ........................................................................................... 12

        4.    Plaintiffs Have Been Prejudiced By Defendants' Failure to Disclose Their Counsel's Advice ............................................................. 13

CONCLUSION .............................................................................................................. 15

# TABLE OF AUTHORITIES

*Cases*

*Ashby v. Farmers Ins. Co. of Or.*,
  No. 01 Civ. 1446, 2006 WL 6036462 (D. Or. Feb. 28, 2006) ........................................... 8

*Bank Leumi Le-Israel B.M. v. Lee*,
  928 F.2d 232-235 (7th Cir. 1991) ..................................................................................... 8

*Berckeley Inv. Group, Ltd., v. Colkitt*,
  455 F.3d 195 (3d Cir. 2006)........................................................................ 7, 10, 12

*Chainey v. Street*,
  No. 03 Civ. 6248, 2005 WL 696883 (E.D. Pa. Mar. 22, 2005) ........................................ 9

*Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*,
  259 F.3d 1186 (9th Cir. 2001) ...................................................................................... 11

*Cordis Corp. v. Boston Scientific Corp.*,
  431 F. Supp. 2d 442 (D. Del. 2006).................................................................................. 8

*Crouse Cartage Co. v. Nat'l Warehouse Inv. Co.*,
  No. 02 Civ. 071, 2003 WL 23142182 (S.D. Ind. Jan 13, 2003) ....................................... 7

*Dai-Ichi Kangyo Bank, Ltd. v. Fukutomi*,
  74 F.3d 1245 (table), 1996 WL 19194 (9th Cir. 1996)...................................................... 9

*DVI Fin. Servs., Inc. v. Kagan*,
  No. 00 Civ.1666, 2001 WL 706365 (E.D. Pa. June 21, 2001) ......................................... 8

*Ebenhoech v. Koppers Indus., Inc.*,
  239 F. Supp. 2d 455 (D.N.J. 2002) .................................................................................. 7

*Edward Lowe Indus., Inc. v. Oil-Dri Corp. of America*,
  No. 94 Civ. 7568,1995 WL 609231 (N.D. Ill. Oct. 13, 1995)................................... 11, 13

*Forbes v. 21st Century Ins. Co.*,
  258 F.R.D. 335 (D. Ariz. 2009) ....................................................................................... 7

*Gallatin v. Westchester Fire Ins. Co.*,
  No. 02 Civ. 2116, 2006 WL 2289789 (W.D. Pa. Jan. 13, 2006) ........................... 8, 10, 11

*Glenmede Trust Co. v. Thompson*,
  56 F.3d 476 (3d Cir. 1995)................................................................................................ 8

*In re Allustiarte*,
  786 F.2d 910 (9th Cir. 1986) ........................................................................................... 9

*In re Grand Jury Proceedings,*
　　219 F.3d 175 (2d Cir. 2000)..................................................................... 11

*In re Info. Res., Inc. Sec. Litig.*
　　No. 89 Civ. 3772, 1994 WL 662531 (N.D. Ill. Nov. 21, 1994)......................... 12

*Ingraham v. United States,*
　　808 F.2d 1075 (5th Cir. 1987) ......................................................................... 8

*Inmuno Vital, Inc. v. Telemundo Group, Inc.,*
　　203 F.R.D. 561 (S.D. Fla. 2001) ............................................................... 11, 13

*Luce v. United States,*
　　469 U.S. 38 (1984)............................................................................................ 7

*Markowski v. S.E.C.,*
　　34 F.3d 99 (2d Cir. 1994) ......................................................................... 11, 14

*Monsanto Co. v. Bayer Bioscience N.V.,*
　　No. 00 Civ. 1915, 2005 WL 5989796 (E.D. Mo. Oct. 28, 2005) ....................... 7

*Moskowitz v. Lopp,*
　　128 F.R.D. 624 (E.D. Pa. 1989).................................................................... 12

*Rhone-Poulenc Rorer v. Home Indem. Co.,*
　　32 F.3d 851 (3d Cir. 1994)............................................................................... 8

*SEC v. Kenton Capital, Ltd.,*
　　69 F. Supp. 2d 1 (D.D.C. 1998) ................................................................ 12, 14

*SEC v McNamee,*
　　481 F.3d 451 (7th Cir. 2007) ......................................................................... 11

*SEC v. Savoy Indus., Inc.,*
　　665 F.2d 1310 (D.C. Cir. 1981) ..................................................................... 14

*Sender v. Mann,*
　　225 F.R.D. 645 (D. Colo. 2004) ............................................................. 7, 9, 14

*Tancredi v. Dive Makai Charters,*
　　823 F. Supp. 778 (D. Haw. 1993) ................................................................... 9

*Ty Inc. v. Softbelly's Inc.,*
　　No. 00 Civ. 5230, 2006 WL 5111124 (N.D. Ill. Apr. 7, 2006) ....................... 13

*United States v. Bilzerian,*
　　926 F.2d 1285 (2d Cir. 1991)......................................................................... 11

*United States v. Newell*,
    315 F.3d 510 (5th Cir. 2002) ............................................................................................ 8

*Windom v. FM Indus., Inc.*,
    No. 00 Civ. 580, 2003 WL 21939033 (D. Neb. Aug. 12, 2003).......................................... 7

## Federal Rules

Fed. R. Civ. P. 8(c) ............................................................................................................. 9

Fed. R. Civ. P. 26(a)(1).............................................................................................. 3, 7, 11

Fed. R. Civ. P. 37(c)(1)............................................................................................... 1, 7, 8

Fed. R. Evid. 103(c).......................................................................................................... 1, 7

## I.  PRELIMINARY STATEMENT

Pursuant to Rule 103 of the Federal Rules of Evidence and Rule 37(c)(1) of the Federal Rules of Civil Procedure, plaintiffs in the above-captioned matter respectfully move for an order *in limine* precluding defendants from asserting the affirmative defense of reliance on the advice of counsel at any stage in this litigation, including trial.

In support of their motion for summary judgment (and in opposing plaintiffs' motion for summary judgment), defendants assert that they relied on the advice of Herley's securities counsel -- David Lieberman, Esq. ("Lieberman") of Beckman, Lieberman and Barandes, LLP -- in not disclosing (i) Herley's underlying criminal conduct, or (ii) the federal government's criminal investigation, in Herley's class period SEC filings.[1]  *See* Defendants' Brief in Support of Their Motion for Summary Judgment ("Def. S.J. Br.") at 39, 50-53; Defendants' Brief in Opposition of Plaintiffs Motion for Summary Judgment ("Def. Opp. Br.") at 41-43.

Defendants' conduct in this litigation, however, precludes their assertion of this defense. Specifically: (i) defendants' Answer does not raise reliance on counsel as an affirmative defense, *see* Docket Entry No. 88; (ii) defendants' Rule 26(a) initial disclosures identify neither Lieberman as a person likely to possess discoverable information, nor any of the documents that provide the basis for their advice of counsel defense, *see* Press Decl. Ex. 5; (iii) defendants asserted the attorney-client privilege in response to plaintiffs' document requests that encompassed, *inter alia*, documents conveying Lieberman's advice (or the advice of any other attorney regarding the substance of Herley's SEC filings), *see* Press Decl. Ex. 6, and recorded documents authored by Lieberman on their privilege logs, *see id.* Exs. 7 & 8; and (iv) defendants

---

[1]  At deposition, Lieberman was consistently identified as the attorney who advised Herley as to its disclosure obligations.  *See* December 17, 2009 Declaration of Ira M. Press ("Press Decl.") Ex. 1 at 368; Ex. 2 at 89-90; Ex. 3 at 67:16-20; Ex. 4 at 57-58.

asserted the attorney-client privilege in connection with deposition questions that sought to probe the very advice of counsel upon which defendants now claim to rely.

Accordingly, not only have defendants failed to satisfy their disclosure obligation to timely alert plaintiffs of their intent to rely on the advice of counsel defense, they impermissibly attempt to wield the attorney-client privilege as both a sword and a shield.

Because the prejudice to plaintiffs is manifest and inexcusable, plaintiffs respectfully move for an order precluding defendants from asserting, or presenting any evidence, that they relied on the advice of counsel at any stage of this litigation. In the alternative, the Court should (i) reopen discovery with respect to defendants' reliance on the advice of counsel defense; (ii) order defendants to produce all documents containing, conveying, relating to, or underlying the advice of counsel upon which they purport to rely; (iii) permit plaintiffs to subpoena Lieberman for his records and his testimony at deposition; and (iv) permit plaintiffs to reopen the depositions of the individual defendants with respect to their purported good faith reliance on the advice of counsel.

## II.  FACTUAL BACKGROUND

### A.        Defendants' Answer and Rule 26(a) Disclosure

On June 20, 2008, defendants filed their Answer to Plaintiffs' Consolidated Amended Complaint. *See* R. Doc. No. 88. Despite asserting 42 affirmative defenses, defendants failed to specifically assert the defense of reliance on the advice of counsel. *See id.*[2]

On or about July 1, 2008, defendants served their initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. *See* Press Decl. Ex. 5. Among other information called for by Rule 26(a)(1), a party must provide: (i) the identity of each individual

---

[2] Although the last affirmative defense in defendants' Answer is identified as the "Forty-First Defense," defendants include two "Nineteenth" defenses, bringing the total to 42. *See* Docket Entry No. 88.

"likely to have discoverable information . . . that the disclosing party may use to support its claims or *defenses*," and (ii) a copy or a description by category of all documents that the disclosing party "may use to support its claims or *defenses*." Fed. R. Civ. P. 26(a)(1)(i) & (ii) (emphasis added). Defendants, however, did not identify Lieberman as a person possessing discoverable information. *See* Press Decl. Ex. 5. Moreover, none of the 14 categories of documents defendants identified included documents conveying or relating to the legal advice upon which they now purport to rely. *See id.*

**B.      Defendants' Responses to Plaintiffs' Document Demands**

During fact discovery, defendants did not produce any documents regarding the advice Lieberman (or any other attorney) rendered regarding the substance of Herley's SEC filings, despite the fact that such documents were called for by several of plaintiffs' document requests. *See* Press Dec. Ex. 6.

Specifically, among other categories of documents, plaintiffs demanded:

- All materials distributed at or in preparation for any Herley Board of Directors meeting, Board of Director's committee meeting, or Executive Committee meetings, including but not limited to agendas and packets. *Id.* at Request No. 9;

- All drafts, communications or other documents used to prepare filings with the SEC . . . including annotated versions of the filings, work papers, notes, drafts and partial financials. *Id.* at Request No. 41;

- All documents or correspondence evidencing that any or all of the Individual Defendants, other than Blatt, did not know that the representations identified in the Complaint as giving rise to Section 10b-5 liability in this action were false or misleading. *Id.* at Request No. 43;

- All document or communications concerning the role of the [I]ndividual Defendants in drafting, reviewing, or approving the public communications referenced in . . . the Complaint. *Id.* at Request No. 44; and

- All documents or correspondence evidencing the Individual Defendants' purported ignorance of the falsity or misleading nature of the representations identified in the

Complaint as giving rise to Section 10b-5 liability was in good faith.  *Id.* at Request No. 45.

In their May 27, 2008 responses and objections, defendants asserted a blanket "general objection" to the production of any documents protected by the attorney-client privilege or attorney work-product doctrine.  *See id.*  In their specific responses to the requests identified above, defendants either objected on privilege grounds and/or agreed to produce only non-privileged documents.  *See id.*

Defendants also produced two privilege logs identifying numerous withheld documents in connection with plaintiffs' document demands.  *See* Press Dec. Exs. 7 & 8.  Based on the descriptions listed in defendants' privilege log, several of these documents appear to contain, address, or incorporate Lieberman's advice.  For example, the privilege logs indicate that the following documents, among numerous others, were withheld:

- The December 3, 2004 draft and final versions of the minutes of a Herley Board of Directors Meeting concerning, *inter alia*, "legal advice involving criminal investigation," which were authored by Lieberman, *see* Press Decl. Ex. 7 at 2; Ex. 8 at 5;

- The December 3, 2004 draft minutes of a telephonic meeting of Herley's Audit Committee, which were authored by David Lieberman, *see* Press Decl. Ex. 8 at 6;

- An October 20, 2005 fax from Lieberman enclosing a draft SEC filing, *see* Press Decl. Ex. 7 at 1; and

- The May 1, 2006 draft minutes of a Herley Board of Directors Meeting, authored by Lieberman, *see* Press Decl. Ex. 8 at 6; and

- A June 5, 2006 email authored by Lieberman regarding BDO Seidman LLP's responses to Herley's Form 8-K filing, *see* Press Decl. Ex. 8 at 16. [3]

---

[3] The privilege logs also identifies numerous documents authored by Melinda O'Donnell, a paralegal at Lieberman's firm, that relate to Herley's corporate filings. *See, e.g.*, Press Decl. Ex. 7 at 1 (logging 3/7/02 and 3/8/02 draft SEC filings).

Ultimately, Herley did not produce any documents regarding the advice it purportedly received from Lieberman, or any other attorney, concerning Herley's class period disclosure obligations with respect to its criminal misconduct or the government's investigation.

**C.      Defendants' Assertion of Privilege at Deposition**

During plaintiffs' depositions of several of Herley's current and former directors, defendants asserted the attorney-client privilege with respect to the advice Herley received from Lieberman.  *See, e.g.,* Press Decl. Ex. 3 at 67-68, 78:18-79:14, Ex. 4 at 58-61; Ex. 9 at 27:12-31:3, 59:24-62:15, 159-60; *see also* Ex. 10 at 50:22-51:3.

For example, during the course of plaintiffs' deposition of Thomas Gilboy, Herley's former Chief Financial Officer, defendants precluded any inquiry into the substance of Lieberman's advice:

> Q:      And who is the outside counsel you would send the 10-K to?
>
> A:      This would be David Lieberman who is the outside counsel who handled the SEC and related matters at this time.
>
> Q:      And did Mr. Lieberman give you advice to give – I'm sorry, Herley advice concerning whether the U.S. Attorney investigation needed to be disclosed?
>
> MR. SMITH [Herley's counsel]:   Excuse me for one second.   You can answer that question yes or no.

Press Decl. Ex. 3 at 67:16-68:4; *see also* Press Decl. Ex. 10 at 50:22-51:3 (testimony of John Thonet – "Q: Why did Herley not disclose the government's investigation prior to its 2005 10-K SEC filing?  A: Well, disclosures are very sensitive and *all of our disclosures are made on advice of counsel and I think that's really all I should say about that*.") (emphasis added).

**D.      The Report and Testimony of Defendants' Proposed Expert Witness Albert S. Dandridge, III**

On August 14, 2009, after the close of fact discovery, defendants for the first time indicated that they intended to assert the defense of reliance on the advice of counsel when they served the report of proposed expert witness Albert S. Dandridge III ("Dandridge"). *See* Press Decl. Ex. 11.[4]  According to his report, Dandridge was engaged by Herley to opine on the reasonableness of counsel's alleged advice that Herley was not obligated to disclose the Government's investigation of Herley or the subject matter of the investigation, prior to the filing of an indictment. *See id.* at 2, 10.  Remarkably, although the Report identifies 14 documents that Dandridge reviewed in rendering his opinions, those materials do not include any documents that allegedly conveyed the alleged legal advice to Herley, including any opinion memoranda. *See id.* at 1-2 (items A through N).

At deposition, Dandridge further confirmed that: he was unaware of the identity of, and did not communicate with, Lieberman or any other lawyer that purportedly advised Herley with respect to its disclosure obligations, *see* Press Decl. Ex. 12 at 60:11-17, he did not actually review any documents authored by Lieberman or his colleagues, *see id.* at 61-64, 117, and his understanding of the advice Herley received stemmed solely from the deposition transcripts he reviewed, primarily the deposition transcript of Mr. Myron Levy, *see id.*[5]  Dandridge was also unaware of what, if anything, Herley communicated to Lieberman regarding the Government's investigation or Herley's underlying criminal conduct. *See id.* at 73.

_____

[4] On October 30, 2009, plaintiffs filed a motion *in limine* to exclude Dandridge's report and testimony. *See* Docket Entry No. 159.

[5] In light of the fact that Dandridge's knowledge of the alleged advice of Herley's counsel derives primarily from his review of Levy's deposition testimony, it is notable that Levy did not provide any specifics as to the substance of such advice, other than to say that counsel advised Herley that information pertaining to the Government's investigation need not be disclosed. *See* Press Dec. Ex. 13 at 217-41.

## III. ARGUMENT

### A.    Legal Framework

District courts have the authority to issue rulings on motions *in limine* pursuant to their inherent authority to manage the course of trials.  *See generally* Fed. R. Evid. 103(c); *see also Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  Rulings on motions *in limine* are committed to the discretion of the trial court.  *See Ebenhoech v. Koppers Indus., Inc.*, 239 F. Supp. 2d 455, 461 (D.N.J. 2002)

Pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, a court may preclude a party from relying on a document or witness in connection with a motion, hearing, or trial, where the party did not identify the document or witness in its Rule 26(a)(1) initial disclosures.[6]  *See* Fed. R. Civ. P. 37(c)(1); *see also Forbes v. 21st Century Ins. Co.*, 258 F.R.D. 335, 338-39 (D. Ariz. 2009) (precluding introduction of undisclosed documents); *Monsanto Co. v. Bayer Bioscience N.V.*, 00 Civ. 1915, 2005 WL 5989796, at *16-17 (E.D. Mo. Oct. 28, 2005) (barring introduction of any evidence at trial regarding undisclosed defense, pursuant to Rule 37(c)(1)).

Additionally, a court is empowered to preclude a party from asserting reliance on advice of counsel as a defense, where the party has failed to disclose the very advice upon which it purports to rely.  *See, e.g., Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*, No. 02 Civ. 2116, 2006 WL 2289789, at *1 (W.D. Pa. Jan. 13, 2006) (defendant "is precluded from raising the

---

[6] "Rule 26(a)(1) disclosures are designed to accelerate the exchange of basic information and help 'focus the discovery that is needed, and facilitate preparation for trial.'"  *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004) (*quoting* Advisory Committee notes to 1993 Amendments to Fed. R. Civ. P. 26(a)).  "Initial disclosures should provide the parties 'with information essential to the proper litigation of all relevant facts, to eliminat[e] surprise, and to promot[e] settlement.'"  *Id.* (*quoting Windom v. FM Indus., Inc.*, No. 00 Civ. 580, 2003 WL 21939033 (D. Neb. Aug. 12, 2003)) (alterations in *Sender*).  "To that end, initial disclosures should be 'complete and detailed,' and should 'give the opposing party information as to the identification and location of persons with knowledge so that they can be contacted in connection with the litigation.'"  *Id.* (*quoting Crouse Cartage Co. v. National Warehouse Inv. Co.*, No. 02 Civ. 071, 2003 WL 23142182 (S.D. Ind. Jan 13, 2003)).

defense of 'advice of counsel' at trial," where it wielded attorney-client privilege as both sword and shield); *cf. Berckeley Inv. Group, Ltd., v. Colkitt*, 455 F.3d 195, 221 n.24 (3d Cir. 2006) (a party "cannot rely upon the legal advice it received for the purpose of negating scienter without permitting [the opposing party] the opportunity to probe . . . that advice").

**B.    Defendants Should Be Precluded From Asserting The Defense of Reliance on the Advice of Counsel**

### 1.    Defendants' Failure to Assert the Advice of Counsel Defense in its Answer Precludes its Reliance on that Defense in this Action

Reliance on the advice of counsel is an affirmative defense. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 486 (3d Cir. 1995) (referring to reliance on advice of counsel as an affirmative defense); *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co*., 32 F.3d 851, 863 (3d Cir. 1994) (same); *see also Ashby v. Farmers Ins. Co. of Or.*, No. 01 Civ. 1446, 2006 WL 6036462 (D. Or. Feb. 28, 2006); *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002) ("Reliance on advice of counsel is an affirmative defense, an assertion more positive and specific than a general denial of criminal intent.").

Rule 8(c) of the Federal Rules of Civil Procedure requires that "affirmative defenses" be set forth in a party's first responsive pleadings or be deemed waived.  *See* Fed. R. Civ. P. 8(c); *see also DVI Fin. Servs., Inc. v. Kagan*, No. 00 Civ. 1666, 2001 WL 706365, at *2 (E.D. Pa. June 21, 2001) (court found that defendants waived affirmative defense by failing to properly raise it in their Answer and precluded defendants from raising it further in the action); *Cordis Corp. v. Boston Scientific Corp.*, 431 F. Supp. 2d 442, 449 n.4 (D. Del. 2006) (precluding defense given defendants' failure to timely raise the defense).  The purpose behind Federal Rule of Civil Procedure 8(c) is to give the plaintiff adequate notice prior to trial of the defenses that defendant intends to assert. *See Bank Leumi Le-Israel B.M. v. Lee*, 928 F.2d 232, 235 (7th Cir. 1991).  In

essence, "[a] defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense." *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987).

Here, defendants forfeited their right to raise the defense of reliance on the advice of counsel because they failed to timely raise it in their Answer. Defendants asserted 42 affirmative defenses, yet *none* of these defenses provided plaintiffs with notice that defendants would rely on an advice of counsel defense. *See* Docket Entry No. 88. In fact, defendants did not indicate that they intended to rely on the advice of counsel defense until after the close of fact discovery, when they served Dandridge's expert report. *See* Press Decl. Ex. 11. Defendants' attempt to assert this defense now is simply too little, too late. *See Chainey v. Street*, No. 03 Civ. 6248, 2005 WL 696883, at *2 (E.D. Pa. Mar. 22, 2005) (an affirmative defense must be raised by defendants in an Answer or else it is waived); *Dai-Ichi Kangyo Bank, Ltd. v. Fukutomi*, 74 F.3d 1245 (table), 1996 WL 19194, at *2 (9th Cir. 1996) (failure to raise affirmative defense in answer ordinarily waives any right to that defense); *Tancredi v. Dive Makai Charters*, 823 F. Supp. 778, 785 (D. Haw. 1993) (failure to plead an affirmative defense results in a waiver of that defense and its exclusion from the case) (citing *In re Allustiarte*, 786 F.2d 910, 914 (9th Cir. 1986)).

    **2.**     **Defendants' Withholding of Counsel's Advice During Discovery Precludes them From Raising that Defense**

Even if defendants' failure to raise reliance on the advice of counsel in its Answer was insufficient, in and of itself, to preclude that affirmative defense, defendants' (i) repeated failure during fact discovery to provide notice of that defense, and (ii) its repeated assertion of the attorney-client privilege to shield disclosure of counsel's advice, bars defendants' from raising that defense at summary judgment or trial.

First, in their Rule 26(a)(1) disclosures, defendants did not identify Lieberman as a witness with information relevant to their claims or defenses, nor did they identify any records conveying the advice upon which their defense is based. *See* Point II.A; *see also Sender*, 225 F.R.D. at 650 (Rule 26(a)(1) disclosures intended to "eliminate surprise" and "give the opposing party information as to the identification and location of persons with knowledge so that they can be contacted in connection with the litigation") (internal marks omitted). This failure is doubly inexcusable because Lieberman was not only the attorney who purportedly rendered the advice upon which they seek to rely, but he was also a director of Herley during the class period. *See* Press Decl. Ex. 14.

Second, defendants asserted the attorney-client privilege and/or attorney work-product doctrine in response to plaintiffs' documents requests that encompassed, *inter alia*, the advice Herley received from Lieberman, and logged as privileged documents that conveyed Lieberman's advice. *See* Point II.B, *supra*; *see also Gallatin Fuels, Inc.*, 2006 WL 2289789, at *1 (precluding advice of counsel defense where defendant "refused to produce any documents or information containing advice of counsel"). Ultimately, defendants did not produce *any* documents containing, concerning, or relating to the advice Lieberman purportedly rendered.

Third, defendants raised the attorney-client privilege, or otherwise limited witnesses' answers, in response to deposition questions aimed at discovering the substance of Lieberman's advice to Herley. *See* Point II.C, *supra*. In fact, defendants did not provide any indication that they intended to rely on the defense of advice of counsel until after the close of fact discovery, when Herley served Dandridge's expert report. *See* Point II.D, *supra*. However, as discussed Point III.B.3, *infra*, even that disclosure precluded plaintiffs' discovery of the underlying legal advice and is indicative of bad faith.

Thus, defendants have engaged in a prototypical case of using the attorney-client privilege as both a sword and a shield -- relying on counsel's advice as a defense but precluding discovery of that very advice.  As the Third Circuit has made clear, however, defendants cannot have it both ways.  *See Berckeley*, 455 F.3d at 221 n.24; *see also SEC v McNamee*, 481 F.3d 451, 456 (7th Cir. 2007) ("It isn't possible to make out an advice-of–counsel defense without producing the actual advice from an actual lawyer.") (citing *Markowski v. SEC*, 34 F.3d 99, 104-05 (2d Cir. 1994)); *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000) ("[F]airness considerations arise when the party attempts use the privilege both as a shield and a sword.") (internal marks omitted); *United States v. Bilzerian*, 926 F.2d 1285, 1291-92 (2d Cir. 1991) (party asserting reliance on the advice of counsel defense implicitly waives privilege).

Because defendants (i) failed to timely notify plaintiffs of their intent to rely on Lieberman's advice and (ii) prevented plaintiffs from discovering Lieberman's advice, the proper remedy under the circumstances is an order precluding defendants from raising or introducing any evidence regarding their purported reliance on the advice of counsel at summary judgment or trial.  *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (affirming district court's preclusion of advice of counsel defense where party raised attorney-client privilege as both shield and sword); *Gallatin Fuels, Inc.*, 2006 WL 2289789, at *1 (defendant "cannot argue or present any evidence [regarding] advice of counsel" based on its failure to disclose privileged communications); *Inmuno Vital, Inc. v. Telemundo Group, Inc.*, 203 F.R.D. 561, 564 (S.D. Fla. 2001) ("By blocking Plaintiff's attempt to obtain discovery on the legal advice rendered from outside counsel . . . Defendants unfairly attempted to use the privilege as a sword to bolster and protect its advice of counsel defense.  This result is manifestly unfair to Plaintiff, and this unfairness mandates the exclusion of any evidence about

11

the advice Defendants received from counsel . . . ."); *Edward Lowe Indus., Inc. v. Oil-Dri Corp. of America*, No. 94 Civ. 7568, 1995 WL 609231, at *5 (N.D. Ill. Oct. 13, 1995) ("[Defendant] has prevented [plaintiff] from engaging in fact discovery relating to the advice of counsel, but now attempts to assert an advice of counsel defense . . . .  By waiting until after fact discovery closed before it waived its attorney-client privilege, [defendant] is precluded from raising its advice of counsel defense."); *In re Info. Res., Inc. Sec. Litig.* No. 89 Civ. 3772, 1994 WL 662531, at *3 (N.D. Ill. Nov. 21, 1994) (holding, in securities class action, that "persuasive authority" barred individual defendants from relying on advice of counsel defense at trial where privilege was invoked on behalf of corporation) (citing *Moskowitz v. Lopp*, 128 F.R.D. 624, 637-38 (E.D. Pa. 1989)); *accord SEC v. Kenton Capital, Ltd.*, 69 F. Supp. 2d 1, 10 n.7 (D.D.C. 1998) (on summary judgment, refusing to evaluate defendants' reliance on the advice of counsel defense where defendants' refused to divulge substance of communications).

### 3. The Circumstances Surrounding Defendants' Revelation that They Intend to Rely on the Advice of Counsel Defense Are Indicative of Bad Faith

Here, an order precluding defendants' reliance on the advice of counsel defense is particularly appropriate in light of the fact that circumstances surrounding defendants' disclosure of their advice of counsel defense is indicative of bad faith.

As previously noted, defendants did not reveal that they intended to assert the defense of reliance on the advice of counsel until after the close of fact discovery, when they served Dandridge's expert report on or about August 14, 2009.  *See* Point II.D, *supra*.  In that report, Dandridge stated that he was retained to opine on the reasonableness of securities counsel's advice regarding whether Herley was obliged to disclose its criminal misconduct or the government's investigation during the class period.  *See id.*

12

In the normal course, the underlying legal advice would have been discoverable because the expert presumably would have reviewed such advice as a prerequisite to rendering his opinion on its reasonableness, and because the defendants, by asserting the defense, would have implicitly waived the attorney-client privilege. *See Berckeley Inv. Group*, *Ltd.*, 455 F.3d at 221 n.24. Remarkably, however, Dandridge did not review any documents prepared by Lieberman, did not speak to Lieberman, and did not even know who Lieberman was. *See* Point II.D, *supra*.[7]

As a consequence, defendants' failure to disclose Lieberman's advice during fact discovery, coupled with their novel decision to shield such advice *from their own expert*, deprived plaintiffs of the opportunity to probe the very basis for their advice of counsel defense, and raises a question as to whether these circumstances were, in fact, orchestrated. *Cf. Edward Lowe Indus., Inc.*, 1995 WL 609231, at *5 (defendants' waiver of attorney client privilege in furtherance of its advice of counsel defense after the close of fact discovery appeared to be a "tactical decision").

4.    **Plaintiffs Have Been Prejudiced By Defendants' Failure to Disclose Their Counsel's Advice**

Finally, an order precluding defendants' from asserting an advice of counsel defense is appropriate in light of the manifest prejudice to plaintiffs. *See Inmuno Vital, Inc.*, 203 F.R.D. at 564 (defendants' reliance on the advice of counsel while "blocking Plaintiff's attempt to obtain discovery on the [underlying] legal advice" was "manifestly unfair"); *cf. Ty Inc. v. Softbelly's Inc.*, No. 00 Civ. 5230, 2006 WL 5111124, at *11 (N.D. Ill. Apr. 7, 2006) (failure to disclose

---

[7] Dandridge's understanding of Lieberman's advice was based solely on his review of the deposition transcripts of certain witnesses, primarily Myron Levy. *See* Press Dec. Ex. 12 at 61-64, 117. Any discussion of such advice was skeletal and circumscribed given that defendants had not yet indicated their intent to rely on the advice of counsel defense and plaintiffs therefore did not ask questions that normally would have been precluded by the attorney-client privilege in the absence of a waiver. *See* Press Dec. Ex. 13 at 217-41.

evidence would prejudice party "in its ability to prepare witnesses, to proffer contrary evidence, or to prepare for trial").

Had defendants adequately informed plaintiffs of their intention to rely on the advice of counsel defense, plaintiffs could have challenged defendants' assertion of privilege, *see* Points II.B & C, and could have issued a subpoena directing Lieberman to produce any documents conveying, relating to, or underlying his advice, and to appear for questioning at deposition. As a consequence, plaintiffs have been prejudiced in their ability to probe the strength of defendants' advice of counsel defense, such as by inquiring into whether Herley had made full disclosure to Lieberman in seeking his advice, or whether the individual defendants relied on such advice in good faith. *See Markowski*, 34 F.3d at 104-05 (in order to rely on the defense, defendants must show, *inter alia*, that they made complete disclosure to their attorney and that they relied on that advice in good faith); *Kenton Capital, Ltd.*, 69 F. Supp. 2d at 10 n.7 (same) (quoting *SEC v. Savoy Indus., Inc.*, 665 F.2d 1310, 1314 n.28 (D.C. Cir. 1981)).

In the event this court declines to preclude defendants' assertion of the advice of counsel defense, in order to avoid prejudice to the plaintiffs, it should: (i) reopen discovery with respect to defendants' reliance on the advice of counsel defense; (ii) order defendants to produce all documents containing, conveying, relating to, or underlying the advice of counsel upon which they purport to rely; (iii) permit plaintiffs to subpoena Lieberman for records and testimony at deposition; and (iv) permit plaintiffs to reopen the depositions of the individual defendants to probe whether their purported reliance on the advice of counsel was in good faith. *See, e.g., Sender*, 225 F.R.D. at 657-58 (ordering additional depositions based on defendants' failure to meet its disclosure obligations).

## CONCLUSION

For the forgoing reasons, defendants should be precluded from relying on the advice of counsel defense at any proceeding in this matter and should be precluded from eliciting any testimony on this issue.  In the alternative, the Court should reopen discovery on the grounds discussed above.

Dated: December 17, 2009

Respectfully submitted

_____/s/_____
By: Ira M. Press (*pro hac vice*)
Andrew M. McNeela
Sarah G. Lopez (*pro hac vice*)
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY  10022
Telephone:   (212) 371-6600
Facsimile: (212) 751-2540
*Plaintiffs' Lead Counsel and Counsel for
Lead Plaintiff Galleon Management, L.P.*

Stanley P. Kops (SPK 6328)
LAW OFFICE OF STANLEY P. KOPS
102 Bala Avenue
Bala Cynwyd, PA19004
(610) 949-9999
*Plaintiffs' Liaison Counsel*

Christopher Keller (*pro hac vice*)
Jonathan Gardner (*pro hac vice*)
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
*Counsel for Plaintiff Norfolk County
Retirement System and Additional
Plaintiffs' Counsel*