IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE HERLEY INDUSTRIES, INC.<br>SECURITIES LITIGATION | CIVIL ACTION<br>NO. 06-2596 (JRS) |

DEFENDANTS' REPLY IN FURTHER SUPPORT
OF MOTION TO EXCLUDE THE OPINION OF
PLAINTIFFS' EXPERT PATRICK A. MCGEEHIN

BLANK ROME LLP
James T. Smith
Evan H. Lechtman
Nakul Krishnakumar
One Logan Square
Philadelphia, PA 19103
Tel: (215) 569-5500
Fax: (215) 832-5500

*Attorneys for Defendants Herley Industries, Inc., Lee Blatt, Myron Levy, Anello C. Garefino, Thomas V. Gilboy, John M. Kelley*

i

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................1

I.   PLAINTIFFS MAKE A REVISIONIST ATTEMPT TO RE-WRITE
     MCGEEHIN'S REPORT. ..................................................................................................1

     A.   McGeehin Improperly Opined as to Herley's Legal Duties
          under the FAR and TINA, Not the "Customs and Practices" of
          Governmental Contracting. .....................................................................................1

II.  PLAINTIFFS INCORRECTLY ARGUE THAT MCGEEHIN IS TESTIFYING
     AS TO AN "ANCILLARY" LEGAL MATTER. ..............................................................3

III. PLAINTIFFS CANNOT REVISE MCGEEHIN'S IMPROPER REPORT AND
     TESTIMONY WITH AN UNTIMELY AFFIDAVIT. .....................................................5

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Amakua Dev. LLC v. Warner,*
  2007 WL 2028186 (N.D. Ill. July 10, 2007) ........................................................................... 4

*Andrews v. Metro N. Commuter R.R. Co.,*
  882 F.2d 705 (2d Cir. 1989) ................................................................................................... 6

*Berckeley Inv. Group, Ltd. v. Colkitt,*
  455 F.3d 195 (3d Cir. 2006) ................................................................................................... 3

*Casper v. SMG,*
  389 F. Supp. 2d 618 (D.N.J. 2005) ........................................................................................ 5

*Darensburg v. Metro. Trans. Comm'n,*
  2008 WL 4277656 (N.D. Cal. Sept. 15, 2008) ...................................................................... 4

*Fiataruolo v. United States,*
  8 F.3d 930 (2d Cir. 1993) .................................................................................................. 4, 6

*Good Shepherd Manor Found. V. City of Momence,*
  323 F.3d 557 (7th Cir. 2003) ................................................................................................. 3

*Haager v. Chicago Rail Link, LLC,*
  2005 U.S. Dist. LEXIS 24149 (N.D. Ill. Oct. 17, 2005) ........................................................ 3

*Hangarter v. Provident Life & Accident Ins. Co.,*
  373 F.3d 998 (9th Cir. 2004) ................................................................................................. 4

*In re Hanford Nuclear Reservation Litig.,*
  1998 U.S. Dist. LEXIS 15028 (E.D. Wash. Aug. 21, 1998) ................................................. 5

*Marx & Co., Inc. v. The Diner's Club, Inc.,*
  550 F.3d 505 (2d Cir. 1977) .................................................................................................. 4

*Specht v. Jensen,*
  853 F.2d 805 (10th Cir. 1988) ........................................................................................... 4, 5

*United States v. Leo,*
  941 F.2d 181 (3d Cir. 1991) .................................................................................................. 3

*United States v. Oles,*
  944 F.2d 1519 (10th Cir. 1993) ......................................................................................... 4, 5

Defendants Herley Industries, Inc. ("Herley"), Lee Blatt ("Blatt"), Myron Levy ("Levy"), Anello C. Garefino ("Garefino"), Thomas V. Gilboy ("Gilboy"), and John M. Kelley ("Kelley") (collectively "Defendants"), by and through their undersigned counsel, respectfully submit this Reply In Further Support of Defendants' Motion to Exclude the Opinion of Plaintiffs' proffered expert Patrick A. McGeehin, and specifically to respond to the legal and factual errors contained in Plaintiffs' Opposition Brief. For the reasons set forth below, Defendants' motion should be granted.

## PRELIMINARY STATEMENT

Plaintiffs are forced to concede that McGeehin's report contains impermissible legal opinions regarding Herley's alleged violation of the Truth in Negotiations Act and Federal Acquisition Regulations. Left with no other option, Plaintiffs argue that such opinions were not "intended" to be legal conclusions, or are permissible because they deal with "ancillary" legal issues. Neither position is tenable. Plaintiffs essentially try to re-write the report via their brief and a self-serving affidavit by McGeehin himself. Despite such efforts, however, Plaintiffs cannot alter the improper opinions in the report. As such, they must be excluded.

## ARGUMENT

I. **PLAINTIFFS MAKE A REVISIONIST ATTEMPT TO RE-WRITE MCGEEHIN'S REPORT.**

   A. **McGeehin Improperly Opined as to Herley's Legal Duties under the FAR and TINA, Not the "Customs and Practices" of Governmental Contracting.**

Despite counsel's expansive discussion regarding the "purport[ed]" scope of McGeehin's report being limited solely to industry "custom and practice," the *actual* scope of the report remains unchanged—it is still improper. (*See* Plaintiffs' Memorandum of law in

Opposition to Defendants' Motion to Exclude at 7 (hereinafter "Pl.'s Opp'n Br.")). Indeed, the phrase "custom and practice" does not appear anywhere in the report. (*See* Expert Report of Patrick A. McGeehin (the "Report"), p.1-12, attached as Exhibit A, to Defendants' Memorandum of Law In Support of Motion to Exclude (hereinafter "Memo")). This glaring omission serves to highlight Plaintiffs' obvious attempts to re-write the report through their legal papers.

Further, whether or not an expert may "refer to the law" without their testimony becoming inadmissible is irrelevant. (Pl.'s Opp'n Br. at 8). Here, McGeehin did not simply "refer to the law"; he *applied* it to the facts of this case. To make matters worse, McGeehin *altered* the law before he did so—unilaterally removing important language from the definition of "cost or pricing data" under section 2.101 before making his ultimate conclusion that Herley violated the FAR. (Memo, p.3). Likewise, no amount of legal positioning can change the fact that the *actual* purpose of McGeehin's report was "to determine if [Herley's] actions *constituted violations* of the Federal Acquisition Regulations." (Report, p.2) (emphasis added). This is a clear-cut example of an impermissible legal conclusion lifted from the text of the report itself.[1] (*See also id.* at p.12) (concluding that Herely's alleged conduct "*resulted in violations* of the provisions of FAR part 15 and the Truth

---

[1] In fact, the only time McGeehin even *alludes* to the governmental contracting industry is to state that Part 15 of the FAR and TINA are "basic, commonly known and essential requirements with which Government Contractors must comply." (Report, p.12). Such a blanket statement is tantamount to an expert testifying that the Rules of Civil Procedure are commonly know to litigators; it says nothing of whether Herley "comported with industry custom and practice as it relates to government contracting," as Plaintiffs claim. Likewise, the term "customs and practices," or some variation thereof, appears only three times in McGeehin's deposition—and even these references are, at best, passing mentions. Indeed, one such mention deals with an entirely different matter involving Lockheed Martin, not Herley. (*See* Dep. Trans., P. McGeehin at 40:2-7 (discussing "customary practices" used to determine a potential FAR violation *in a prior case*); 177:19-178:9 (discussing his "judgment under industry practice"); 197:7-24 (discussing "estimating practice"), attached as Exhibit B, to Defendants' Memo). McGeehin's testimony can hardly serve to "explain" away his decision to include the abovementioned legal opinions in the instant report, however. (Pl.'s Opp'n Br. at 7).

in Negotiations Act" and *"did not comply* with these laws and regulations."); *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 218 (3d Cir. 2006); *United States v. Leo*, 941 F.2d 181, 196-97 (3d Cir. 1991); *Haager v. Chicago Rail Link, LLC*, 2005 U.S. Dist. LEXIS 24149, at *13 (N.D. Ill. Oct. 17, 2005).

## II. PLAINTIFFS INCORRECTLY ARGUE THAT MCGEEHIN IS TESTIFYING AS TO AN "ANCILLARY" LEGAL MATTER.

Like their attempt to distinguish between what McGeehin meant to (and actually did) state in his report, Plaintiffs' argument that McGeehin should be allowed to testify as to "whether defendants' conduct ran afoul of government contracting regulations" because it is an "ancillary legal matter" is nothing more than a post hoc attempt to save this improper report. (Pl.'s. Opp'n Br. at 10). Indeed, Plaintiffs cite an array of cases, primarily from other jurisdictions, to claim that an "exception" to the general prohibition of experts opining as to a "specific instance of non-compliance" is appropriate here. (*Id.* at p.9-13). They are wrong.

For one, the alleged violations of the Truth in Negotiations Act ("TINA") and the FAR were the impetus for the attendant securities violations in this case. Accordingly, these alleged violations are not "ancillary" legal matters—they are *legal prerequisites* for Herley's purported violation of section 10(b) and 20(a) of the Securities Exchange Act of 1934. Thus, contrary to Plaintiffs' claims, whether Herley disclosed certain required information is, in fact, "a conclusion that will determine the outcome of the case." (*See* Pl.'s Opp'n Br. at 12) (citing *Good Shepherd Manor Found. V. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003)). Plaintiffs conveniently dismiss this fact.

Putting that aside, in those cases where experts were permitted to testify as to "ancillary" legal issues, the testimony was otherwise permissible in that it only addressed

3

whether the defendant "deviated from industry standards"—not *violated the law*, which is a legal conclusion. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (underlying testimony was that defendants "departed from insurance industry norms") (*Darensburg v. Metro. Trans. Comm'n*, 2008 WL 4277656, at *2 (N.D. Cal. Sept. 15, 2008) (same); *Fiataruolo v. United States*, 8 F.3d 930, 942 (2d Cir. 1993) (testimony admissible where it was not a "simple bald assertion of the law"); *Amakua Dev. LLC v. Warner*, 2007 WL 2028186, at *36-39 (N.D. Ill. July 10, 2007) (recognizing that while "factual conclusions based on legitimate foundations" as to what kind of activities make someone a "broker" were admissible, expert may not testify as to whether "receipt of secret profits by a real estate broker *violate[d]* section 1017(g) of the California Business Code") (emphasis added).

In *Marx & Co., Inc. v. The Diner's Club, Inc.*, 550 F.3d 505, 512 (2d Cir. 1977), one of the few cases cited by Plaintiffs that addresses the securities laws (as opposed to insurance law), the court stated that "the expert, for example, may tell the jury whether he thinks the method of trading was normal, *but not, in our view, whether it amounted to illegal manipulation under section 9 of the Securities Exchange Act of 1934.*" Emphasis added. Not surprisingly, Plaintiffs' brief omits the emphasized language. (*See* Pl. Opp'n Br. at 12). Likewise, Plaintiffs would have this Court believe that "it is well-settled that 'a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible.'" (*Id.* at 8) (citing *United States v. Oles*, 944 F.2d 1519, 1523 (10th Cir. 1993); *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988), *cert. denied*, 448 U.S. 1008 (1989)). What Plaintiffs fail to mention is

> However, when the purpose of the testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed. *In no instance can a witness be permitted to define the law of the case.*

4

*See Oles*, 944 F.2d at 1523 (citing *Specht*, 853 F.2d at 808) (emphasis added).

Thus, the rationale that made the expert testimony admissible in those cases is missing here. As a result, because McGeehin's report "defines" and "applies" the law—instead of merely "referring" to it—improperly tracks the language of the FAR itself and instructs the jury how to decide a critical legal issue in this case, the report is inadmissible.[2]

### III. PLAINTIFFS CANNOT REVISE MCGEEHIN'S IMPROPER REPORT AND TESTIMONY WITH AN UNTIMELY AFFIDAVIT.

As previously stated, McGeehin's "intention" to not state a legal conclusion after the fact is irrelevant—it cannot change the words on the page. (Pl.'s Opp'n Br. at 3 n.3). Just as Plaintiffs should not now be permitted to revise McGeehin's report and testimony through their brief, such testimony also cannot be altered via McGeehin's self-serving affidavit. *See In re Hanford Nuclear Reservation Litig.*, 1998 U.S. Dist. LEXIS 15028, at *542 (E.D. Wash. Aug. 21, 1998), *rev'd on other grounds*, 292 F.3d 1124 (9th Cir. 2002) (stating that "[a]n affidavit is not the appropriate means for 'revising or extending any expert report'" where "revising and extending" amounts to "changing the prior reports, rather than clarifying them.").

Notably, McGeehin *admits* that his analysis "went further" than just considering industry custom to discuss "whether the failure to submit such data comported[3] with the FARs." (*See* Decl. of Patrick A. McGeehin, ¶ 5, attached as Exhibit E to Pl.'s Opp'n Br.). Moreover, Plaintiffs have given this Court no reason to believe that the fact-finder would be

---

[2] *See Casper v. SMG*, 389 F. Supp. 2d 618, 622 (D.N.J. 2005) (excluding an expert opinion that, while not necessarily the "ultimate legal issue" in the case, nevertheless "ha[d] a direct bearing on the legal determination that this Court may be asked to make in a later stage of this litigation").

[3] Plaintiffs' transparent attempt to swap the report's terminology for that in their brief (or affidavit) to avoid sounding like McGeehin is testifying as to legal duties (i.e. "noncompliance" or "comports" instead of "violated," and "would have" instead of "should have") is unavailing. (*Compare* Pl.s' Opp'n Br. at 3, 7, 9, 14 *and* Ex. E ¶ 8 of Pl. Opp'n Br. *with* Ex. A p.2, 12 of Defendants' Memo).

spared McGeehin's legal opinions at trial. Specifically, McGeehin states that he will nevertheless testify as to whether: "(iii) Herley's failure to provide certain data to the government *comports* with the FARs; and (iv) whether Herley . . . *would have* been aware of categories of info customarily provided to and expected by the government." (*Id.* at ¶ 8) (emphasis added). No amount of hollow promises can make such testimony permissible.

In sum, McGeehin was asked to, and did, provide testimony as to Herley's legal duties under the FAR, and any possible violations thereof. (*See* Ex. A, p. 2, 12). Despite a strained effort by Plaintiffs to the repair the report by claiming its "true" intention was to discuss "custom and practice," they cannot change its improper scope.[4] The affidavit (which comes well after the deadline for expert reports), like the report itself, should be excluded.

\* \* \*

---

[4] As for Plaintiffs alleged panacea in the form of a "jury instruction" regarding the weight to be assigned to McGeehin's report, as *Fiataruolo*, another case cited by Plaintiffs, makes clear a charge to the jury "cannot always cure the trial court's error in allowing inadmissible testimony." 8 F.3d at 942 (citing *Andrews v. Metro N. Commuter R.R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989)); (Pl.s' Opp'n Br. at 13-14). Such is the case here, where McGeehin's testimony constitutes impermissible legal opinion regarding alleged FAR violations.

6

102406.00619/21832190v.2

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Exclude the Opinion of Plaintiffs' Expert Patrick A. McGeehin should be granted.

**BLANK ROME LLP**

*s/ James T. Smith*
JAMES T. SMITH
EVAN H. LECHTMAN
NAKUL KRISHNAKUMAR
One Logan Square
Philadelphia, PA  19103
Tel:  (215) 569-5500
Fax:  (215) 832-5500

Dated: November 23, 2009

*Attorneys for Defendants Herley Industries, Inc., Lee Blatt, Myron Levy, Anello C. Garefino, Thomas V. Gilboy, John M. Kelley*