UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE HERLEY INDUSTRIES INC. SECURITIES LITIGATION | CIVIL ACTION<br><br>No. 06-2596 (JRS)<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION *IN LIMINE* FOR A DETERMINATION THAT PLAINTIFFS CAN TREAT
<u>ALL CURRENT AND FORMER HERLEY EMPLOYEES AS ADVERSE WITNESSES</u>**

Stanley P. Kops (SPK 6328)
LAW OFFICE OF STANLEY P. KOPS
102 Bala Avenue
Bala Cynwyd, PA  19004
Telephone:  (610) 949-9999
Facsimile:  (610) 949-9773

*Plaintiffs' Liaison Counsel*

Ira M. Press (*admitted pro hac vice*)
Sarah G. Lopez
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY  10022
Telephone:  (212) 371-6600
Facsimile:  (212) 751-2540

Christopher J. Keller (*admitted pro hac vice*)
Jonathan Gardner (*admitted pro hac vice*)
LABATON SUCHAROW LLP
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:   (212) 818-0477

*Co-Lead Counsel for Lead Plaintiff
  and the Class*

**TABLE OF CONTENTS**

    Page

TABLE OF AUTHORITIES ................................................................................................. ii

I.     PRELIMINARY STATEMENT AND FACTUAL BACKGROUND ............................... 1

II.    ARGUMENT ..................................................................................................................... 2

       A.    All Current and Former Herley Employees Should Be Considered Adverse
            Witnesses to Plaintiff ............................................................................................... 2

III.   CONCLUSION .................................................................................................................. 4

# TABLE OF AUTHORITIES

## CASES

*Ebenhoech v. Koppers Industrial, Inc.*,
 239 F. Supp. 2d 455 (D.N.J. 2002) ......................................................................................2

*Garden v. Gen. Elec. Co.*,
 Civ. No. 91-1204 (CSF), 1992 WL 184345 (D.N.J. July 6, 1992) ........................................3

*Haney v. Mizell Mem'l Hospital*,
 744 F.2d 1467 (11th Cir. 1984) ...........................................................................................3

*Luce v. United States*,
 469 U.S. 38 (1984) ...............................................................................................................2

*National Labor Relations Board v. Southwestern Colo. Contractors Association*,
 379 F.2d 360 (10th Cir. 1967) ...............................................................................................3

*Perkins v. Volkswagen of America, Inc.*,
 596 F.2d 681 (5th Cir. 1979) ................................................................................................3

*Stahl v. Sun Microsystems, Inc.*,
 775 F. Supp. 1397 (D. Colo. 1991) .......................................................................................3

*Trachtenberg v. Centenary College*,
 Civ. A. No. 86-3013, 1986 WL 15032 (E.D. Pa. Dec. 30, 1986) ...........................................3

*Vanemmerik v. Ground Round, Inc.*,
 No. Civ. A. 97-5923, 1998 WL 474106 (E.D. Pa. July 16, 1998) ....................................2, 3

## RULES

Fed. R. Evid. 103 .........................................................................................................................1, 2

Fed. R. Evid. 611 ...................................................................................................................1, 2, 3, 4

Pursuant to Rule 103 of the Federal Rules of Evidence, Lead Plaintiff and Class Representative, Norfolk County Retirement System, respectfully moves for an order *in limine*: (i) declaring all current and former employees of Herley Industries, Inc. ("Herley") called by Plaintiff to testify at trial adverse witnesses pursuant to Rule 611(c) of the Federal Rules of Evidence; and (ii) permitting Plaintiff to interrogate such witnesses through leading questions on both direct and cross examination.

I.  **PRELIMINARY STATEMENT AND FACTUAL BACKGROUND**

The large majority of the witnesses Plaintiff will call to testify at trial are current or former employees of Herley. Furthermore, virtually all of the fact witnesses Plaintiff deposed in this action were represented by Herley's attorneys.[1] These witnesses are therefore under the control of or closely affiliated with Defendants in this action. As such, it cannot be said, as is usually the case, that these witnesses if called by Plaintiff in its case-in-chief are friendly to the Plaintiff. To the contrary. All such witnesses who are current or former employees of Herley have or had relationships with the Defendants which would prevent them from being forthcoming or cooperative with Plaintiff's interrogation. Accordingly, Plaintiff requests an order (i) declaring all current or former Herley employees called by Plaintiff at trial adverse witnesses, and (ii) allowing Plaintiff to interrogate these witnesses by leading questions.

---

[1] The only exceptions being Mr. Allan Coon and Mr. Mitchell Tuckman, who are both former officers of Herley. After his employment had ended, Mr. Coon worked as a consultant for Herley in connection with a litigation against another former Herley employee. Both Mr. Coon and Mr. Tuckman declined to voluntarily discuss the case with Plaintiff and appeared for deposition only because they had been subpoenaed. Mr. Tuckman refused to testify regarding any of the matters underlying this action, including his interactions with Lee Blatt, based on the Fifth Amendment's privilege against self-incrimination. Thereafter, Plaintiff unsuccessfully moved for an order from the United States District Court for the Southern District of New York compelling Mr. Tuckman to testify notwithstanding his assertion of the privilege against self-incrimination. For these reasons and the reasons discussed above, they too should be deemed adverse witnesses.

1

## II. ARGUMENT

District courts have the authority to issue rulings on motions *in limine* pursuant to their inherent authority to manage the course of trials. *See generally* Fed. R. Evid. 103(c). *Luce v. United States*, 469 U.S. 38, 41 (1984). Rulings on motions *in limine* are committed to the discretion of the trial court. *Ebenhoech v. Koppers Indus., Inc.*, 239 F. Supp. 2d 455, 461 (D.N.J. 2002).

### A. All Current and Former Herley Employees Should Be Considered Adverse Witnesses to Plaintiff

Federal Rule of Evidence 611(a) grants the Court substantial authority over the method of presenting witnesses at trial.

> The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) to avoid needless consumption of time and (3) protect witnesses from harassment or undue embarrassment.

Fed. R. Evid. 611(a). This Rule assures that "[t]he ultimate responsibility for the effective working of the adversary system rests with the judge." Fed. R. Evid. 611(a) (Advisory Committee Notes).

Federal Rule of Evidence 611(c) dictates when a party may be permitted to ask leading questions of a trial witness. The Rule states in relevant part: "[w]hen a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions." Fed. R. Evid. 611(c).[2] As interpreted by the courts the phrase "'identified with an adverse party' has come to mean, in general, an employee, agent, friend, or relative of an

---

[2] Prior to the adoption of Rule 611(c), the use of leading questions on direct examination required a showing of either actual hostility or that the witness being examined was an adverse party or an officer, director or managing agent of such an adverse party. *See Vanemmerik v. Ground Round, Inc.*, No. Civ. A. 97-5923, 1998 WL 474106, at *1 (E.D. Pa. July 16, 1998). The Advisory Committee of the Federal Rules of Evidence found that this was too narrow a limitation on adverse parties and thus the phrase "witness identified with an adverse party" was added and "designed to enlarge the category of persons thus callable." Fed. R. Evid. 611(c) (Advisory Committee Notes).

2

adverse party." *Vanemmerik,* 1998 WL 474106, at *1.  Employees of an adverse party thus fall squarely within the ambit of Rule 611(c) and the Court may permit leading questions on direct examination.

Case law has also made clear that former employees of an adverse witness are also within the meaning of Rule 611(c).  *Trachtenberg v. Centenary Coll.*, Civ. A. No. 86-3013, 1986 WL 15032, at *2 (E.D. Pa. Dec. 30, 1986) (former employee witnesses "were employed by Centenary at all times relevant to this action.…As such they can easily be identified with Centenary" and may be questioned as adverse witnesses under Rule 611(c)); *Garden v. Gen. Elec. Co.*, Civ. No. 91-1204 (CSF), 1992 WL 184345, at *2 (D.N.J. July 6, 1992) (finding that if former employee of defendant is called by plaintiff he will "be treated as a party 'identified with an adverse party' as contemplated within Rule 611(c) of the Federal Rules of Evidence, and thus, leading questions will be permitted"); *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1477-78 (11th Cir. 1984) (a former employee who was employed by defendant at time of alleged misconduct was a witness "identified with an adverse party"); *Perkins v. Volkswagen of Am., Inc.*, 596 F.2d 681, 682 (5th Cir. 1979) (former employee should have been considered witness "identified with an adverse party" under Rule 611(c)); *Stahl v. Sun Microsystems, Inc.*, 775 F. Supp. 1397, 1398 (D. Colo. 1991) (witness is identified with defendant due to her previous employment by him); *Nat'l Labor Relations Bd. v. Southwestern Colo. Contractors Ass'n*, 379 F.2d 360, 365 (10th Cir. 1967) (same).

The law is clear.  All current and former Herley employees called at trial in this matter should be considered adverse to Plaintiffs under Rule 611(c) by virtue of their current or former status as Herley employees and Plaintiff should be permitted to ask leading questions on direct or cross examination.  Indeed, all such witnesses are either current Herley employees or were

3

Herley employees at the time of the alleged misconduct. Virtually all of the former employees deposed by Plaintiff were represented by Herley's attorneys, and the two former Herley officers who retained their own counsel would not voluntarily speak to Plaintiff and would not appear for deposition unless subpoenaed, *see supra* n.1. If leading questions are not permitted on direct examination of these witnesses, Plaintiff would be unduly prejudiced by the witness' relationship with Herley. The Court should rectify this imbalance by declaring all current and former Herley employees adverse to Plaintiffs as contemplated by Rule 611(c) and allow those witnesses to be interrogated by Plaintiffs through leading questions on both direct and cross-examination.

### III.   CONCLUSION

For the forgoing reasons the Court should declare all current and former Herley employees called by Plaintiff to testify at trial as adverse witnesses, and to allow Plaintiff to interrogate such witnesses through leading questions on both direct and cross examination.

Dated: April 7, 2010

Respectfully submitted,

By:   /s/ Jonathan Gardner
Christopher Keller (*pro hac vice*)
Jonathan Gardner (*pro hac vice*)
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

Ira M. Press (*pro hac vice*)
Andrew M. McNeela
Sarah G. Lopez (*pro hac vice*)
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540

*Co-Lead Counsel for Lead Plaintiff
  and the Class*

5

        Stanley P. Kops (SPK 6328)
        LAW OFFICE OF STANLEY P. KOPS
        102 Bala Avenue
        Bala Cynwyd, Pennsylvania 19004
        Telephone: (610) 949-9999
        Facsimile: (610) 949-9773

        *Plaintiffs' Liaison Counsel*