IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE HERLEY INDUSTRIES, INC. SECURITIES LITIGATION | : : : : | Civil Action No. 06-CV-2596 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION *IN LIMINE* NO. 1:  TO PRECLUDE PLAINTIFF FROM
INTRODUCING EVIDENCE OR ARGUMENT OF HERLEY'S GUILTY
PLEA, OR THE FACTUAL PREDICATE THEREUNDER, AS THE SOLE
<u>BASIS TO ESTABLISH SCIENTER AS TO HERLEY</u>**

James T. Smith, Esquire
Evan H. Lechtman, Esquire
Nakul Krishnakumar, Esquire
BLANK ROME LLP
One Logan Square
Philadelphia, PA  19103
Tel:  (215) 569-5643
Fax:  (215) 832-5643
*Attorneys for Defendants*

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL BACKGROUND .......................................................................................................2

      A.    The Indictment. ...................................................................................................2

      B.    Herley's Guilty Plea. ............................................................................................2

      C.    The Class Action Complaint and Defendants' Motions To Dismiss. ........................3

LEGAL ARGUMENT ..................................................................................................................4

    I.    UNDER SECTION 10(b) OF THE 1934 ACT, PLAINTIFF MUST PROVE SCIENTER. ....................................................................................................................4

    II.    PLAINTIFF SHOULD BE PROHIBITED FROM USING HERLEY'S GUILTY PLEA TO OBSTRUCTING A GOVERNMENT AUDIT IN ORDER TO ESTABLISH HERLEY'S SCIENTER. ....................................................................4

    III.    PLAINTIFF SHOULD BE PROHIBITING FROM INTRODUCING EVIDENCE OR ARGUMENT REGARDING THE SCIENTER OF THE DISMISSED DEFENDANTS IN ORDER TO ESTABLISH HERLEY'S SCIENTER. ....................8

CONCLUSION .............................................................................................................................8

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ernst & Ernst v. Hochfelder*,
　425 U.S. 185, 47 L. Ed. 2d 668, 96 S. Ct. 1375 (1976) ............................................................. 4

*In re Apple Computer, Inc. Sec. Litig.*,
　243 F.Supp.2d 1012 (N.D. Cal. 2002) .................................................................................. 6, 7

*In re Monster Worldwide, Inc.*,
　549 F.Supp.2d 578 (S.D.N.Y. 2008) ........................................................................................ 5

*Kushner v. Beverly Enterprises, Inc.*,
　317 F.3d 820 (8th Cir. 2003) .................................................................................................... 5

*Nordstrom, Inc. v. Chubb & Son, Inc.*,
　54 F.3d 1424 (9th Cir. 1996) ................................................................................................ 6, 7

*Pennmount Sec. v. Wallace*,
　2008 U.S. Dist. LEXIS 25832 (E.D.Pa. March 27, 2008) ........................................................ 4

*SEC v. Infinity Group Co.*,
　212 F.3d 180 (3d Cir. 2000) ..................................................................................................... 4

*Southland Securities Corp. v. Inspire Ins. Solutions, Inc.*,
　365 F.3d 353 (5th Cir. 2004) .................................................................................................... 6

*Suez Equity Investors, L.P. v. Toronto-Dominion Bank*,
　250 F.3d 87 (2d Cir. 2001) ....................................................................................................... 4

**STATUTES**

18 U.S.C. §1516 ............................................................................................................................. 5

18 U.S.C. §1516 ........................................................................................................................ 2, 3

102406.00619/21865598v.3

Defendants Herley Industries, Inc. ("Herley"), Lee Blatt ("Blatt"), Myron Levy ("Levy"), Anello C. Garefino ("Garefino"), Thomas V. Gilboy ("Gilboy"), and John M. Kelley ("Kelley"), by and through their undersigned counsel, submit this Memorandum of Law In Support of Motion *In Limine* To Preclude Plaintiffs From Introducing Evidence Or Argument Of Herley's Guilty Plea Or The Factual Predicate Thereunder As The Sole Basis To Establish Scienter As To Herley, or from attempting to impute the scienter of certain previously dismissed Defendants to Herley.

## PRELIMINARY STATEMENT

In order to prove securities fraud under Section 10(b) of the Securities and Exchange Act of 1934 (the "1934 Act") as to Herley, Plaintiff must demonstrate that Herley had scienter -- the requisite mental state to commit that offense. Plaintiffs ability to offer certain evidence in an attempt to prove scienter as to Herley should be limited, as set forth below.

First, Plaintiff should be prohibited from attempting to establish Herley's scienter by offering evidence of Herley's guilty plea to obstructing a federal audit. The elements of that offense are separate and distinct from the elements necessary to establish securities fraud in this case, and thus, the fact that Herley admitted it had the mental state to obstruct a government audit in connection with that guilty plea does not mean that it had the mental state to commit securities fraud.

Second, Plaintiff should be prohibited from offering evidence or argument concerning the factual predicate supporting Herley's guilty plea in an effort to impute scienter to Herley. It is uncontested that the factual basis for Herley's guilty plea relates to the conduct of the former president of a Herley division -- an individual who is not a defendant in this case. Following authority which requires that a corporate officer must have the requisite mental state <u>and</u> also have participated in the allegedly false statement, in order to impute that officer's scienter to the

102406.00619/21865598v.3

corporation. Plaintiff should be prohibited from offering evidence or argument that this conduct, in and of itself, establishes scienter as to Herley.

Third, Plaintiff should be prohibited from offering evidence of the scienter of Defendants Levy, Garefino, Gilboy, and Kelley (collectively the "Dismissed Defendants") in order to impute scienter to Herley. This Court has previously held that the Plaintiff was unable to plead scienter as to each of the Dismissed Defendants. Accordingly, Plaintiff should be precluded from offering evidence as to the alleged scienter of these individuals in order to attempt to impute scienter to Herley.

## FACTUAL BACKGROUND

### A.  The Indictment.

On June 6, 2006, Herley and Blatt were indicted in the United States District Court for the Eastern District of Pennsylvania (the "Indictment"). (A copy of the Indictment is attached as Exhibit 1). In the Indictment, the Government alleged the existence of a scheme by Herley and Blatt to defraud the United States relating to one contract for the production of Voltage Control Oscillators (the "VCO Contract"), and two contracts for the production of Power Heads (the "Power Head Contracts"). (*Id.*). In total, the Indictment charged Herley and Blatt with 29 counts of wire fraud, 2 counts of obstructing a federal audit, 1 count of major fraud against the United States, and 3 counts of false statements to the government, and aiding and abetting. (*Id.*).[1]

### B.  Herley's Guilty Plea.

On May 5, 2008, the Honorable Lawrence F. Stengel accepted a plea agreement in which Herley pled guilty to two counts of obstruction of a federal audit in violation of 18 U.S.C. §1516,

---

[1] On January 30, 2007, the Government returned a Superseding Indictment. The Superseding Indictment did not change the fraud allegations in the original indictment.

2

involving pre-award audits relating to the Power Head contracts. Under the terms of the plea agreement, the government moved to dismiss all of the remaining counts in the Indictment against Herley, including all charges relating to the VCO Contract and all remaining allegations concerning the Power Head Contracts.

During the plea colloquy before Judge Stengel, counsel for Herley described the precise conduct to which Herley was pleading guilty. It consisted solely of the failing to turn over certain test data associated with the yield for a particular run of Power Head elements (Run 4) by then President of Herley's Farmingdale Division, Mitchell Tuckman ("Tuckman"). (See Transcript of Plea Hearing dated May 5, 2008, attached as Exhibit 2, 21:21-32:20). As part of the plea colloquy, Herley acknowledged that the government was entitled to the Run 4 test data, and that it was intentionally withheld by an employee in Herley's Farmingdale Plant. (*Id.*). The factual predicate underlying Herley's plea agreement did not involve any conduct by Blatt or any of the Individual Defendants.[2]

### C. **The Class Action Complaint and Defendants' Motions To Dismiss.**

The first securities class action was filed against Herley and the Individual Defendants in June 2006. A Verified Consolidated Complaint (the "Complaint") was filed in February 2007. Defendants moved to dismiss Plaintiff's claims on a number of grounds. Pursuant to an order dated July 17, 2002, the Court dismissed all claims under Section 10(b) against Defendants Levy, Garefino, Gilboy, and Kelley, holding that the Plaintiff had failed to plead scienter with the requisite particularity as to each of those Defendants.

---

[2] In pleading guilty to only two of the more than thirty counts leveled against it, Herley did not admit to any additional wrongdoing with respect to the Power Head contracts other than that associated with the disclosure of the Run 4 test data. Nor did Herley admit to any misconduct relating to the VCO Contract. (*Id.*, 48:14-17). Indeed, all allegations contained in the Superseding Indictment relating to the VCO Contract were dropped by the Government. (*Id.*, 29:7-32:15).

3

**LEGAL ARGUMENT**

**I.    UNDER SECTION 10(b) OF THE 1934 ACT, PLAINTIFF MUST PROVE SCIENTER.**

In order to prove a claim against Herley under Section 10(b) of the 1934 Act, at trial plaintiffs must prove that Herley acted with scienter. Scienter is defined as the "mental state embracing intent to deceive, manipulate, or defraud." *Ernst & Ernst v. Hochfelder,* 425 U.S. 185 (1976). To prove scienter, a Plaintiff must show: conscious or reckless behavior on the part of the Defendant. *Pennmount Sec. v. Wallace*, 2008 U.S. Dist. LEXIS 25832, *21-22 (E.D.Pa. March 27, 2008); *Institutional Investors Group v. Avaya, Inc.*, 564 F.3d 242, 276 (3d Cir. 2009). Recklessness has been defined as highly unreasonable conduct, involving more than merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care, which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." *SEC v. Infinity Group Co.*, 212 F.3d 180, 192 (3d Cir. 2000)(quoting *McLean v. Alexander*, 599 F.2d 1190, 1197 (3d Cir. 1979)).

It is well established that a corporation can only act through its officers, directors, and employees. *Suez Equity Investors, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 101 (2d Cir. 2001). Accordingly, scienter as to a corporate entity may only be established through proof that one of the corporation's employees had the necessary state of mind to violate the securities laws. *Id*.

**II.    PLAINTIFF SHOULD BE PROHIBITED FROM USING HERLEY'S GUILTY PLEA TO OBSTRUCTING A GOVERNMENT AUDIT IN ORDER TO ESTABLISH HERLEY'S SCIENTER.**

Plaintiff should be prohibited from using Herley's guilty plea to establish scienter as to Herley. Specifically, evidence of the fact that Herley pled guilty to two counts of obstructing a

4

government audit should be excluded for purposes of demonstrating that Herley had the requisite mental state to commit securities fraud. Plaintiff should be prohibited from offering evidence or argument that, because Herley admitted it had the intent to obstruct a government audit related to the failure to turn over certain Power Head element testing data, it had the requisite mental state to commit securities fraud. The two are not the same.

Herley's guilty plea for obstructing a government audit does not establish scienter as to Herley for securities fraud in this case. In pleading guilty to obstructing a government audit, Herley admitted that it intended to commit only that conduct which served as the predicate for that criminal violation. Accordingly, Herley's guilty plea does not impact its scienter with respect to Plaintiff's securities fraud claims in this case. There is no authority to support the notion that because Herley admitted that it (via Tuckman) intended to obstruct a government audit, it also intended to commit securities fraud by allegedly making false and misleading statements. Indeed, the elements of obstructing a government audit pursuant to 18 U.S.C. §1516 are separate and distinct from those necessary for Plaintiff to establish securities fraud in this case. See *Kushner v. Beverly Enterprises, Inc.*, 317 F.3d 820, 829 (8th Cir. 2003)(holding that the guilty plea of the defendant's subsidiary was limited to wrongful conduct by a handful of employees and did not indicate a company-wide scheme about which the defendants should have known, and thus, guilty plea cannot be used to demonstrate knowledge by hindsight as to defendants for purposes of establishing scienter); *In re Monster Worldwide, Inc.*, 549 F.Supp.2d 578, 583 (S.D.N.Y. 2008)(holding that individual defendant's guilty plea for backdating not conclusive of scienter in securities fraud class action because guilty plea did not contain admission regarding involvement with scienter in the specific statements at issue).

5

Moreover, introduction of evidence or argument concerning Herley's guilty plea to obstructing a government audit for purposes of establishing scienter in this case will likely confuse the jury. The concept of a parties mental state is complex, especially when a jury is asked to compare the mental state associated with the crime of obstructing a government audit, versus the necessary mental state regarding civil violations of the federal securities laws. To ask to jury to undertake these complicated evaluations would likely lead to confusion and prejudice Herley.

Accordingly, Plaintiff should be prohibited from offering evidence or argument concerning Herley's guilty plea to obstructing a federal audit for purposes of establishing Herley's scienter in this case.

### III. PLAINTIFF SHOULD BY PROHIBITED FROM USING THE FACTUAL PREDICATE SUPPORTING HERLEY'S GUILTY PLEA AS THE SOLE BASIS TO IMPUTE SCIENTER TO HERLEY.

The majority of federal courts who have addressed the issue of corporate scienter have held that in order to impute scienter to a corporate entity, the individual upon whose scienter is being imputed to the corporation must have actually made the allegedly false or misleading statement as issue. *Southland Securities Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 366 (5th Cir. 2004); *In re Apple Computer, Inc. Sec. Litig.*, 243 F.Supp.2d 1012, 1023 (N.D. Cal. 2002); *Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424, 1435 (9th Cir. 1996). In *Apple Computer*, the Court held "it is not enough to establish fraud on the part of a corporation that one corporate officer makes a false statement that another knows to be false." 243 F.Supp.2d at 1023. A defendant corporation is deemed to have the requisite scienter for fraud <u>only if the individual corporate officer making the statement</u> has the requisite level of scienter, i.e. knows that the statement is false, or is at least deliberately reckless as to its falsity, at the time he or she

6

makes the statement." *Id*.  A corporation cannot be said to possess scienter based solely on the collective scienter of its employees.  *Nordstrom*, 54 F.3d at 1435.  A corporation does not have the requisite level of scienter under Section 10(b) unless a plaintiff can prove that the officer or director who actually made the false statements (the primary violator) possessed the intent to deceive the investing public.  *Id*.  Merely showing that one officer made a false statement (not knowing it was false), while another officer knew that the statement was false, is insufficient to impute scienter to the corporation.  *Id*.  While the Third Circuit has not directly addressed the issue of corporate scienter, in *In re Bio-Technology General Corp.*, 2006 Dist. LEXIS 81268, *40 (D.N.J. Oct. 26, 2006), the Court noted that the collective scienter doctrine runs contrary to the great weight of authority.

      The Court should apply the majority view set forth above, to the instant case.  As a result, Plaintiff should be prohibited from offering evidence of the factual predicate for Herley's guilty plea (Tuckman's failure to turn over the Run 4 information to the government) as the sole basis to establish scienter as to Herley.  Indeed, under the majority view, scienter as to the corporation may only be established by showing that a corporate officer: (1) had scienter; and (2) participated in making the allegedly false or misleading statement at issue.  Here, it is undisputed that the factual predicate underlying Herley's guilty plea involves the isolated conduct of Tuckman.  Tuckman is not named as a defendant in this case, nor did he participate in the making of any of Herley's statements which are at issue in this case.  Accordingly, the factual predicate underlying Herley's guilty plea cannot be used, by itself, to impute scienter as to Herley.  Plaintiff should be prohibited from offering evidence or argument that Tuckman's conduct regarding Run 4, in and of itself, establishes scienter as to Herley in this case.

7

### III.  PLAINTIFF SHOULD BE PROHIBITING FROM INTRODUCING EVIDENCE OR ARGUMENT REGARDING THE SCIENTER OF THE DISMISSED DEFENDANTS IN ORDER TO ESTABLISH HERLEY'S SCIENTER.

This Court has previously dismissed all claims under Section 10(b) against Defendants Levy, Garefino, Gilboy, and Kelley, finding that the Plaintiff had failed to plead scienter with the requisite particularity as to those Defendants.  (See Order dated July 17, 2007).  Plaintiff never moved to amend the complaint in order to attempt to properly plead scienter as to those Defendants.  Because this Court has already concluded that Plaintiff could not plead scienter as to those Defendants, Plaintiff must be prohibited from offering evidence or argument of the purported scienter of the Dismissed Defendants in order to impute scienter to Herley.

### CONCLUSION

For the reasons set forth above the instant motion should be granted.

Date: April 7, 2010                                    Respectfully Submitted,

                                                                /s/ James T. Smith
                                                                James T. Smith, Esquire
                                                                Evan H. Lechtman, Esquire
                                                                Nakul Krishnakumar, Esquire
                                                                Blank Rome LLP
                                                                One Logan Square
                                                                Philadelphia, PA  19103
                                                                Tel:  (215) 569-5643
                                                                Fax:  (215) 832-5643
                                                                *Attorneys for Defendants*