IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____     :
                                    :
IN RE HERLEY INDUSTRIES, INC.       :        Civil Action No. 06-CV-2596
SECURITIES LITIGATION .             :
_____     :

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION IN LIMINE NO. 3: TO EXCLUDE PLAINTIFF FROM INTRODUCING
EVIDENCE OR ARGUMENT REGARDING THE CALCM PROJECT**

April 7, 2010

James T. Smith, Esquire
Evan H. Lechtman, Esquire
Nakul Krishnakumar, Esquire
BLANK ROME LLP
One Logan Square
Philadelphia, PA  19103
Tel:    (215) 569-5643
Fax:    (215) 832-5643
*Attorneys for Defendants*

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ...................................................................................................1

FACTUAL BACKGROUND ......................................................................................................2

ARGUMENT ...............................................................................................................................3

    I.     The CALCM Project Is Irrelevant, and Should Be Excluded Under Federal Rules of Evidence 401 and 402. ...........................................................................3

    II.    Any Marginal Probative Value of Such Evidence or Argument is Substantially Outweighed by the Danger that such Introduction will Unfairly Prejudice Defendants, Confuse the Issues, Mislead the Jury and Waste Precious Judicial Resources. ..................................................................................................4

    III.   Any Argument That Evidence, Argument or Questioning About the CALCM Project Is Admissible Under Rule 404(b) is Unavailing. ........................................5

CONCLUSION.............................................................................................................................7

102406.00619/21865519v.2

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Government of Virgin Island v. Petersen*,
  553 F.2d 324 (3d Cir. 1977)................................................................3

*Greco v. Amtrak*,
  2005 U.S. Dist. LEXIS 10658 (E.D. Pa. 2005) ...................................3, 4

*Gumbs v. Int'l Harvester, Inc.*,
  718 F.2d 88 (3d Cir. 1983)................................................................3

*Huddleston v. United States*,
  485 U.S. 681 (1988)......................................................................5, 6

*U.S. v. Cross*,
  308 F.3d 308 (3d Cir. 2002)................................................................6

*U.S. v. Morley*,
  199 F.3d 129 (3d Cir. 1999)................................................................6

*United States v. Mathis*,
  264 F.3d 321 (3d Cir. 2001)................................................................4

## OTHER AUTHORITIES

FED. R. EVID. 403 .................................................................1, 4, 5

FED. R. EVID. 401 .........................................................................3

FED. R. EVID. 401 AND 402................................................................1

FED. R.EVID. 402 ....................................................................1, 3, 5, 6

FED. R. EVID. 404(B) ....................................................................5, 6

FED. R. EVID. 404(B): (1)................................................................5

Defendants Herley Industries, Inc. ("Herley"), Lee Blatt ("Blatt"), Myron Levy ("Levy"), Anello C. Garefino ("Garefino"), Thomas V. Gilboy ("Gilboy"), and John M. Kelley ("Kelley"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in Support of Motion in Limine No. 3: To Exclude Plaintiff From Introducing Evidence or Argument Regarding the CALCM ("Conventional Air Launched Cruise Missiles") Project. For the reasons set forth below, all such evidence, argument or questioning should be precluded under Federal Rules of Evidence 402 and/or 403.

## PRELIMINARY STATEMENT

Defendants move to exclude evidence, argument, or questioning regarding a 2007-2008 grand jury investigation into Herley Industries, Inc.'s ("Herley") Conventional Air Launched Cruise Missile Project (the "CALCM Project") and related issues. That investigation focused on CALCM and certain business processes employed by Herley with regard to its manufacture of military hardware. That governmental investigation was settled in 2008 as part of the global settlement with the Department of Justice.

As set forth below, the CALCM Project is wholly irrelevant to any issues before this Court. The conduct at issue, and the investigation itself, occurred <u>after</u> the close of the Class Period, on June 14, 2006. Neither the Plaintiff's claims, nor the Defendants' Answer and Affirmative Defenses, raise any issues regarding the CALCM Project, the investigation into that project, or the settlement of that investigation. At no time has the Plaintiff sought to amend its pleadings to seek any relief relating to the CALCM Project. For these reasons, all such evidence, argument or questioning should be excluded as irrelevant under Federal Rules of Evidence 401 and 402.

Further, even if the CALCM Project has some marginal relevance to the issues raised by this case, the probative value is substantially outweighed by the prejudicial effect, and would

1

serve only to confuse the jury.  For this additional reason, all such evidence, argument or questioning should be excluded under Federal Rule of Evidence 403.

## FACTUAL BACKGROUND

This civil action arises, in substantial part, from a criminal indictment against Herley regarding government contracts for two products—a Voltage Control Oscillator (or "VCO") and Power Heads.  That criminal matter was ultimately resolved by agreement with the Department of Justice.  During the pendency of the criminal matter relating to the VCO and Power Head products (the "VCO/Power Head Proceeding"), a separate grand jury investigation was commenced into an <u>unrelated</u> program—i.e., the CALCM Project—under which Herley contracted to deliver Flight Termination Receivers.  The investigation into the CALCM Project was ultimately resolved at the same time as the VCO/Power Head Proceeding without the filing of any charges or the entering of a plea agreement.

The first securities class action was filed against the Defendants in June 2006.   The Verified Consolidated Complaint (the "Complaint") was filed in February 2007.  The crux of the Complaint is that during the Class Period (October 1, 2001 through June 14, 2006), Herley purportedly issued false and misleading statements which caused its stock price to become artificially inflated.  Plaintiff contends that those alleged false and misleading statements were the result of purported misconduct concerning the VCO Contract and the Power Head Contracts.  Defendants filed their Answer and Affirmative Defenses in June 2008.   The CALCM investigation, and the underlying conduct involved, occurred <u>after</u> the close of the Class Period on June 14, 2006, and <u>after</u> the instant case was filed.  Importantly, neither the Complaint nor the Answer and Affirmative Defenses raises, in any way, the CALCM Project.

2

## **ARGUMENT**

I.    **THE CALCM PROJECT IS IRRELEVANT, AND SHOULD BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE 401 AND 402.**

It is axiomatic that relevant evidence is admissible at trial while irrelevant evidence is not.  FED. R. EVID. 402.  The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  FED. R. EVID. 401.  Under the Rule, the trial court has the discretion to preclude even logically probative evidence if it is in fact not <u>legally</u> relevant to the issues in the case.  *See, e.g., Government of Virgin Island v. Petersen*, 553 F.2d 324, 329 (3d Cir. 1977).

Since the circumstances of the CALCM Project and the aborted governmental investigation into that program are irrelevant to the matters at issue in this litigation, this type of evidence is inadmissible at trial.  Simply put, nothing about the CALCM Project has any bearing whatsoever on any "fact that is of consequence to the determination of [this] action."  FED. R. EVID. 401; (*see* Plaintiff's Consolidated Complaint and Defendants' Answer and Affirmative Defenses (establishing the claims and issues to be tried)). Regardless of the potential merit of an investigation upon which the Department of Justice decided to file no charges and seek no plea, evidence relating to the CALCM Project cannot make the allegations contained in Plaintiff's Consolidated Complaint any "more probable or less probable."  *See Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88 (3d Cir. 1983) (ruling that U.S. Dept. of Transportation's investigation of similar failed truck parts was not relevant to the accident at issue); *Greco v. Amtrak*, 2005 U.S. Dist. LEXIS 10658, at *69 n.43 (E.D. Pa. 2005) (noting that evidence related to issues other than an officer's prior use of force was not relevant when the injuries complained of were caused by

use of force).  This is especially so, given that the case is about the impact of certain statements on Herley's share price between October 2001 and June 2006.

Accordingly, evidence of these issues is, by definition, irrelevant and inadmissible; Plaintiff should be precluded from presenting or eliciting this type of evidence at trial.

## II.    ANY MARGINAL PROBATIVE VALUE OF SUCH EVIDENCE OR ARGUMENT IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER THAT SUCH INTRODUCTION WILL UNFAIRLY PREJUDICE DEFENDANTS, CONFUSE THE ISSUES, MISLEAD THE JURY AND WASTE PRECIOUS JUDICIAL RESOURCES.

Rule 403 of the Federal Rules of Evidence provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FED. R. EVID. 403.  The Third Circuit has held that, under this Rule, the trial court has wide discretion to exclude evidence that poses an undue risk of prejudice or confusion of the issues or evidence that is repetitive or only marginally relevant.  *See, e.g., United States v. Mathis*, 264 F.3d 321, 326-27 (3d Cir. 2001).

Any probative value from evidence or argument about the CALCM Project and the investigation into that project is substantially outweighed by the prejudice caused by the implication that Defendants, as Herley's officers and directors, were involved in (or should have known about) some unidentified misconduct or alleged pattern of misbehavior on government contracts—misconduct that never led to an indictment or a plea, and that was not alleged as a basis for any claims or defenses in this matter.  The risk of unfair prejudice to Defendants is clear.  *See Greco*, 2005 U.S. Dist. LEXIS 10658, at*69 n.43.

Further, if Plaintiff is permitted to introduce such evidence or argument, or to pose questions about the CALCM Project and the investigation into that project, Defendants would be

4

required to respond with detailed evidence to provide a full explanation to the jury of what was involved in that Project and why the Department of Justice decided not to proceed with any charges. These are not straight-forward issues—as the Court surely realizes, any program relating to air launched cruise missiles involves advanced science and technical issues. Even a basic explanation of the Project, the reasons for the investigation and the ultimate resolution of that investment will confuse the jury and needlessly waste the court's time with a collateral matter wholly unrelated to any issue raised by the pleadings.

For these reasons, all evidence, argument and questioning regarding the CALCM Project should be excluded under Federal Rule of Evidence 403.

## III. ANY ARGUMENT THAT EVIDENCE, ARGUMENT OR QUESTIONING ABOUT THE CALCM PROJECT IS ADMISSIBLE UNDER RULE 404(B) IS UNAVAILING.

Plaintiff may attempt to argue that evidence about the CALCM Project is admissible "other acts" evidence under Federal Rule of Evidence 404(b). In *Huddleston v. United States*, 485 U.S. 681 (1988), the Supreme Court established four requirements for the admission of such evidence under Rule 404(b): (1) the evidence must be brought for a proper purpose under Rule 404(b);[1] (2) the evidence must be relevant under Rule 402; (3) the danger of unfair prejudice caused by the evidence cannot substantially outweigh its probative value under Rule 403; and (4) if the evidence is admitted, the Court must charge the jury with a proper limiting instruction. 485 U.S. at 691. The Third Circuit has further explained that in order for evidence to be

---

[1] The Rule provides that generally

> Evidence of other crimes, wrongs or acts is ***not*** admissible to prove the character of a person in order to show action in conformity therewith, but can be admitted only to establish proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

*Huddleston*, 485 U.S. at 682 (citing FED. R. EVID. 404(b)) (emphasis added) (quotations omitted).

5

admissible under FRE 404(b) "there must be an articulable chain of inferences, 'no link of which may be the inference that the defendant has the propensity to commit the crime charged.'" *See U.S. v. Cross,* 308 F.3d 308, 321 (3d Cir. 2002) (internal citations omitted).

Without overly belaboring the point, no evidence, argument or questioning about the CALCM Project can meet these requirements. As set forth above, Plaintiff cannot show relevance under Rule 402. Given the complete lack of commonality between the bases for Plaintiff's claims and the issues presented by the CALCM Project, Plaintiff cannot credibly argue that any information about the CALCM Project can be used to prove any Defendant's "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" relating to any of Plaintiff's claims or the Defendants' affirmative defenses.

Finally, as set forth above, the marginal relevance of any such information is far outweighed by the undue prejudice. Indeed, the only conceivable reason to introduce evidence, argument or questions related to the Government's investigation of the CALCM program would be to infer that the Individual Defendants have allegedly committed—or Herley allegedly committed, under their stewardship—other bad acts, and that therefore Defendants are the type of actors with a propensity to engage in illegal conduct. That is precisely the type of evidence that FRE 404(b) is intended to prevent. *See U.S. v. Morley*, 199 F.3d 129, 134 (3d Cir. 1999) (holding that admission of prior acts introduced to imply that defendant was guilty "merely because he had previously engaged in 'similar' impropriety . . . is the very evil that Rule 404(b) seeks to prevent"). Thus, evidence of the Government's investigation regarding CALCM cannot satisfy the *Huddleston* test.

For all of these reasons, information about the CALCM Project is inadmissible, and all evidence, argument or questioning relating to the CALCM Project should be excluded at trial.

102406.00619/21865519v.2

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion in Limine No. 3: To Exclude Plaintiff From Introducing Evidence or Argument Regarding the CALCM Project, should be granted.

April 7, 2010                                   Respectfully Submitted,

                                                /s/ James T. Smith
                                                James T. Smith, Esquire
                                                Evan H. Lechtman, Esquire
                                                Nakul Krishnakumar, Esquire
                                                BLANK ROME LLP
                                                One Logan Square
                                                Philadelphia, PA  19103
                                                Tel:    (215) 569-5643
                                                Fax:    (215) 832-5643
                                                *Attorneys for Defendants*

102406.00619/21865519v.2