IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                   :
IN RE HERLEY INDUSTRIES, INC.      :   Civil Action No. 06-CV-2596
SECURITIES LITIGATION              :
                                   :
_____:


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION *IN LIMINE* NO. 4:  TO PRECLUDE PLAINTIFF
FROM  INTRODUCING EVIDENCE OR ARGUMENT
<u>REGARDING AGGREGATE DAMAGES</u>**


James T. Smith, Esquire
Evan H. Lechtman, Esquire
Nakul Krishnakumar, Esquire
BLANK ROME LLP
One Logan Square
Philadelphia, PA  19103
Tel:  (215) 569-5643
Fax:  (215) 832-5643
*Attorneys for Defendants*

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL BACKGROUND ........................................................................................................1

      A.    Hakala's Per Share Damage Opinion.................................................................................1

      B.    Hakala's Aggregate Damage Opinion. ..............................................................................1

LEGAL ARGUMENT ...................................................................................................................2

I.    THE PSLRA PROHIBITS EVIDENCE OF AGGREGATE DAMAGES THUS RENDERING SUCH EVIDENCE IRRELEVANT. ...........................................................2

      A.    The Relevance Standard.....................................................................................................2

      B.    The PSLRA Prohibits Evidence Of Aggregate Damages. .........................................3

      C.    In Lieu Of Aggregate Damages, The Court Should Utilize A Claims System..........5

CONCLUSION................................................................................................................................6

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bell v. Fore Systems, Inc.*,
  2002 U.S. Dist. LEXIS 27871 (W.D.Pa. Aug. 2, 2002) ....................................................... 3 - 5

*Gibson v. Wilmington*,
  355 F.3d 215 (3d Cir. 2004)......................................................................................................3

*In re Broadcom Corp. Sec. Litig.*,
  2005 WL 1403756 (C.D.Cal. June 3, 2005) ..........................................................................5, 6

*Kaufman v. Motorola, Inc.*,
  2000 WL 1506892 (N.D.Ill. Sept. 21, 2000) ..........................................................................5, 6

*Lanni v. State of New Jersey*,
  177 F.R.D. 295 (D.N.J. 1998)....................................................................................................3

*Old Chief v. United States*,
  519 U.S. 172 (1997)...................................................................................................................3

*U.S. v. Ron Pair Enterprises, Inc.*,
  489 U.S. 235 (1989)...................................................................................................................3

*United States v. Gregg*,
  226 F.3d 252 (3d Cir. 2000).......................................................................................................3

**STATUTES**

15 U.S.C. §78u-4(e)...........................................................................................................................3

**OTHER AUTHORITIES**

Fed. R. Evid. 401 ..............................................................................................................................3

Fed. R. Evid. 402 ..............................................................................................................................3

Defendants Herley Industries, Inc. ("Herley"), Lee Blatt ("Blatt"), Myron Levy ("Levy"), Anello C. Garefino ("Garefino"), Thomas V. Gilboy ("Gilboy"), and John M. Kelley ("Kelley"), by and through their undersigned counsel, submit this Memorandum of Law In Support of Motion *In Limine* No. 4: To Preclude Plaintiff From Introducing Evidence Or Argument Regarding Aggregate Damages.

## PRELIMINARY STATEMENT

Defendants respectfully request that this Court exclude all evidence or argument concerning aggregate damages, including an order precluding Plaintiff's damages expert, Scott D. Hakala ("Hakala"), from testifying as to the opinions in his expert report concerning the estimated aggregate damages purportedly suffered by the class. Pursuant to the Private Securities Litigation Reform Act (the "PSLRA"), an individualized damage determination is required, thus rendering evidence of aggregate damages irrelevant and improper.

## FACTUAL BACKGROUND

Hakala has issued a report whereby he offers an opinion concerning: (1) the amount of damages attributable to each share of Herley's stock during the class period (the per share damages); and (2) the aggregate damages sustained by the class. It is this second opinion which is prohibited by the PSLRA and thus must be excluded.

### A. **Hakala's Per Share Damage Opinion**.

In his report, Hakala offers an opinion regarding the amount of damages allegedly attributable to each share of Herley stock. Hakala estimates that Herley's stock price was consistently inflated by $5.98, throughout the class period.

### B. **Hakala's Aggregate Damage Opinion**.

After estimating the amount of inflation purportedly contained in Herley's stock price during the class period, Hakala next attempts to estimate the aggregate damages in this case. In

essence, he offers an estimate as to the total number of damaged shares during the class period -- shares that were purchased during the class period and retained to its end.[1]  Hakala then takes that estimated number of shares and multiplies it by the his estimated per share damages to arrive at an estimated aggregate damages figure.  Hakala admits that his aggregate damage number is merely an "estimate" which is <u>not</u> predicated on each plaintiffs' actual purchases and sales of Herley stock during the class period.  Rather, Hakala utilizes a complicated multi-trader model in an effort to guess as to the total number of Herley shares that were purportedly damaged during the class period.  That model is based on a number of assumptions, and is designed as a means to estimate the number of damaged shares.

Although Hakala provides little explanation concerning the underpinnings or application of his aggregate damages model, he nonetheless speculates that there were $13,493,222 damaged shares of Herley stock during the class period.  Using this estimating methodology, Hakala concludes that institutional shareholders suffered damages of $57.7 million, while the damages for non-institutional shareholders was approximately $23.0 million.  Hakala thus estimates that aggregate damages are $80.7 million.[2]

## LEGAL ARGUMENT

**I.   THE PSLRA PROHIBITS EVIDENCE OF AGGREGATE DAMAGES THUS RENDERING SUCH EVIDENCE IRRELEVANT.**

### A.   The Relevance Standard.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable

---

[1] As opposed to shares that were bought and sold during the class period ("in-out shares").

[2] In response to Hakala's expert report, Defendants' damages expert, Dr. Patrick Conroy ("Conroy") also issued a report that contains alternative figures regarding per share damages and aggregate damages.  Conroy's aggregate damages figures were included as a direct response to Hakala's opinions on this issue.  In the event that the Court concludes that aggregate damage opinions violate the plain language of the PSLRA, Defendants' would not seek to offer into evidence any evidence concerning Conroy's aggregate damage numbers.

than it would be without the evidence." Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402. The decision of whether the proffered evidence is probative and thereby relevant lies within the sound discretion of the court. *Lanni v. State of New Jersey*, 177 F.R.D. 295, 301 (D.N.J. 1998)(citing *Abrams v. Lightolier*, 50 F.3d 1204, 1213 (3d Cir. 1995)). Relevant evidence is limited to facts that are "of consequence to the determination of the action." *Old Chief v. United States*, 519 U.S. 172, 178-79 (1997). If the proposed evidence does not address an issue in the case, it should be excluded by the Court. *Gibson v. Wilmington*, 355 F.3d 215, 232-33 (3d Cir. 2004). Here, Plaintiff is seeking to offer evidence of the purported aggregate damages suffered by the class. Because this evidence is statutorily prohibited by the plain language of the PSLRA, it must be considered irrelevant.

### B. The PSLRA Prohibits Evidence Of Aggregate Damages.

The PSLRA contains a limitation on damages provision which mandates that damages be assessed on an individual, rather than aggregate basis. 15 U.S.C. §78u-4(e). The use of a hypothetical estimation of aggregate damages runs contrary to the plain language of this provision, and thus Plaintiff should be prohibited from offering such evidence at trial. *See Bell v. Fore Systems, Inc.*, 2002 U.S. Dist. LEXIS 27871, *9-10 (W.D.Pa. Aug. 2, 2002)(rejecting opinion of aggregate damages offered by Plaintiffs' expert Scott Hakala -- <u>the same damages expert offered by Plaintiff in this case</u> -- due to statutory bar imposed by the PSLRA). Like in *Bell*, Hakala's report and testimony concerning aggregate damages in this case should precluded.

The plain language of the PSLRA's "Limitation of Damages" provision mandates that the computation of damages will be in terms of damages available to individual plaintiffs, rather than aggregated to class members. 15 U.S.C. §78u-4(e).[3] That provision imposes a ceiling on

---

[3] *See United States v. Gregg*, 226 F.3d 252 (3d Cir. 2000)("If Congress's intent as to this issue is plain, referral to other canons of statutory construction is unnecessary."); *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241

3

damages for violations of the Securities and Exchange Act of 1934 (the "1934 Act") in which the plaintiff seeks to establish damages by reference to the market price of a security. *Id*. This ceiling is defined as the difference between the purchase or sales price "<u>the plaintiff</u>" received and the average trading price of the disputed securities for the ninety-day period following the corrective disclosure. That provision states:

> Except as provided in paragraph (2), in any private action arising under this chapter in which <u>the plaintiff</u> seeks to establish damages by reference to the market price of a security, the award of damages <u>to the plaintiff</u> shall not exceed the difference between the purchase or sale price paid or received, as appropriate, <u>by the plaintiff</u> for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market. *Id*.

(emphasis added).

The *Bell* Court held that use of the term "plaintiff," as used in this provision, clearly "means <u>each person who would be part of the class, rather than the class itself</u>." 2002 U.S. Dist. LEXIS 27871 at *7-10. (emphasis added). The Court further concluded that: "If Congress had intended subsection (e) to limit aggregated class damages, it could have easily said so. Instead, subsection (e) applies the Limitation on Damages to <u>each 'plaintiff,' rather than the class</u>." *Id*. Importantly, as used in this section, Plaintiff is singular, not plural. *Id*.

The Limitation of Damages provision also established a formula for determining damages that <u>cannot</u> be applied class-wide, further evidencing the irrelevancy of Plaintiff's aggregate damages evidence. The *Bell* Court held that "[t]o properly apply the statutory mandate that a plaintiff's damages 'shall not exceed' the formula, the fact finder must determine: (1) the purchase price actually paid by that plaintiff for the stock; (2) the sale price received by that plaintiff; and (3) the mean trading price of the security for the ninety-day period after the

---

(1989)("If the language of the states expresses Congress's intent with sufficient precision, the inquiry ends there and the state is enforced according to its terms.").

4

correcting information is disseminated to the market ("Lookback Period"). 2002 U.S. Dist. LEXIS 27871 at *9-10. "If the plaintiff sells or repurchases the security prior to the expiration of the Lookback Period, subsection (e)(2) requires the calculation of a plaintiff-specific 'mean trading price' based 'on the date on which the plaintiff sells or repurchases the security.'" *Id*. Said another way, application of the PSLRA's damages ceiling requires the fact finder to determine facts specific to the trading activity of particular plaintiffs. The *Bell* Court concluded that a substitution of these determinations with an estimate of damages, as proffered by Hakala, runs contrary to the plain language of the PSLRA.

The same result should occur here. Because the PSLRA's limitation on damages provision speaks in terms of damages as to each plaintiff and not to the class, and as a result of the inability to apply the PSLRA's damages ceiling on a class-wide basis, the Court should conclude that evidence concerning aggregate damages runs afoul of the plain language of the PSLRA, and is thus irrelevant. Accordingly, Plaintiff should be prohibited from offering any evidence or argument concerning aggregate damages.

### C.    In Lieu Of Aggregate Damages, The Court Should Utilize A Claims System.

In instances where aggregate damage models have been rejected in securities class actions, courts have employed, as an alternative, a claims system through which individual class members file a proof of claim for damages based on their individual trading history. *Bell*, 2002 U.S. Dist. LEXIS 27871, at *15; *Kaufman v. Motorola, Inc.*, 2000 WL 1506892, *2 (N.D.Ill. Sept. 21, 2000); *In re Broadcom Corp. Sec. Litig.*, 2005 WL 1403756, *3 (C.D.Cal. June 3, 2005). Indeed, after rejecting the use of aggregate damages, the *Bell* Court noted that a claims process proceeding in a separate phase of the case would suffice. 2002 U.S. Dist. LEXIS 27871, at *15. In addition, the *Kaufman* Court concluded that, absent proof of aggregate damages, "an adequate remedy may be fashioned by having the jury determine a per share damage loss and

5

requiring the filing of claims by each shareholder who claims that he, she or it has been damaged." 2000 WL 1506892 at *2. This sentiment was echoed by the *Broadcom* Court, which held that the PSLRA "requires a claims administration process." 2005 WL 1403756, at *3. According to the Court, the jury can determine per share damages, and "the Court can easily use the claims administration process to supply the remaining information to calculate an accurate, reliable total damage figure and payout." *Id*.

The Court should apply the same approach here. It should permit the jury to determine per share damages, and then utilize a proof of claims process to determine the actual damages sustained by each plaintiff, as opposed to relying on guesstimates concerning aggregate damages. This process would ensure that damages comport with the requirements of the PSLRA.

## **CONCLUSION**

For the reasons set forth above the instant motion should be granted.

Date: April 7, 2010                                       Respectfully Submitted,

/s/ James T. Smith
James T. Smith, Esquire
Evan H. Lechtman, Esquire
Nakul Krishnakumar, Esquire
Blank Rome LLP
One Logan Square
Philadelphia, PA  19103
Tel:  (215) 569-5643
Fax:  (215) 832-5643
*Attorneys for Defendants*