IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____           :
IN RE HERLEY INDUSTRIES, INC.               :        Civil Action No. 06-CV-2596
SECURITIES LITIGATION .                     :
_____           :

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN
LIMINE NO.  5:  TO EXCLUDE EVIDENCE, ARGUMENT, OR STATEMENTS
RELATED TO THE EXISTENCE OF THE SHAREHOLDER DERIVATIVE
SUIT AGAINST HERLEY AND ITS BOARD OF DIRECTORS**

April 7, 2010                          James T. Smith, Esquire
                                       Evan H. Lechtman, Esquire
                                       Nakul Krishnakumar, Esquire
                                       BLANK ROME LLP
                                       One Logan Square
                                       Philadelphia, PA  19103
                                       Tel:    (215) 569-5643
                                       Fax:    (215) 832-5643
                                       *Attorneys for Defendants*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................................................1

FACTUAL BACKGROUND.......................................................................................................2

ARGUMENT ..............................................................................................................................3

I.   EVIDENCE RELATED TO THE EXISTENCE OF THE DERIVATIVE LITIGATION IS
     IRRELEVANT TO ANY OF THE ISSUES IN THIS CASE. ...................................................3

II.  FEDERAL RULE OF EVIDENCE 403 PRECLUDES ADMISSION OF EVIDENCE
     RELATED TO THE EXISTENCE OF THE DERIVATIVE LITIGATION. ........................4

CONCLUSION...........................................................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abrams v. Lightolier,*
    50 F.3d 1204 (3d Cir. 1995)..................................................................................3, 5

*Arlio v. Lively,*
    474 F.3d 46 (2d Cir. 2007)......................................................................................5

*Bhaya v. Westinghouse Elec. Corp.,*
    922 F.2d 184 (3d Cir. 1990).....................................................................................5

*Blanch v. Raymark Industries,*
    972 F.2d 507 (3d Cir. 1992)...................................................................................4, 5

*Forrest v. Beloit Corp.,*
    424 F.3d 344 (3d Cir. 2005).....................................................................................3

*Gibson v. Wilmington,*
    355 F.3d 215 (3d Cir. 2004).....................................................................................3

*In re Herley Industries, Inc. Securities Litig.,*
    Civil Action No. 06-2596 (JRS) ...............................................................................2

*In re Herley Industries Inc., Securities Litig.,*
    No. 06-cv-2596 (JRS) ...............................................................................................2

*Lanni v. State of New Jersey,*
    177 F.R.D. 295 (D.N.J. 1998)................................................................................3, 5

*Old Chief v. United States,*
    519 U.S. 172 (1997)..................................................................................................3

*United States v. Casoni,*
    950 F.2d 893 (3d Cir. 1991)......................................................................................5

*United States v. Herman,*
    589 F.2d 1191 (3d Cir. 1978)....................................................................................4

OTHER AUTHORITIES

FED. R. EVID. 401 ...............................................................................................1, 3, 4

i

FED. R. EVID. 402 .................................................................................................................3

FED. R. EVID. 403 ...........................................................................................................3, 4, 5, 6

Defendants Herley Industries, Inc. ("Herley"), Lee Blatt ("Blatt"), Myron Levy ("Levy"), Anello C. Garefino ("Garefino"), Thomas V. Gilboy ("Gilboy"), and John M. Kelley ("Kelley"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in Support of Motion in Limine No. 5: To Exclude Evidence, Argument, or Statements Related to the existence of the Shareholder Derivative Suit Against Herley and it Board of Directors (the "Board). For the reasons set forth below, the instant motion should be granted.

## PRELIMINARY STATEMENT

Evidence, statements, or argument related to the existence of the shareholder derivative litigation (the "Derivative Litigation") currently pending against the Board must be excluded as irrelevant and unduly prejudicial pursuant to Federal Rules of Evidence 402 and 403. The Derivative Litigation is unrelated to this case, and its existence does not impact the resolution of the federal securities issues upon which this case is predicated. While the underlying facts of the this case have some overlap with the facts alleged by Plaintiffs in the Derivative Litigation, the ultimate question of liability in those cases turn on completely distinct legal and factual questions. Indeed, unlike this case, which involves allegedly fraudulent statements that Herley made to the investing public between 2001-2006, and the harm purportedly suffered by holders of Herley's publicly traded stock as a result, the Derivative Litigation centers around allegations of breaches of fiduciary duty by members of Herley's Board, and the purported harm suffered by Herley. This case is focused on the question of whether the Defendants violated certain provisions of the Securities and Exchange Act of 1934 (the "1934 Act"), while the Derivative Litigation involves purely issues of Delaware law.

Allowing Plaintiff to introduce evidence or argument related to the Derivative Litigation would serve to distract the jury's attention from the issues relevant to this case, while at the same

1

time causing prejudice to the Defendants.  Indeed, Plaintiff should not be entitled to portray Herley or its officers as having violated the securities laws or committed any wrongdoing because of the existence of the Derivative case.  The fact that the Derivative Litigation exists does not mean that the Defendants have any liability in the instant case.  To allow Plaintiff to introduce evidence regarding the existence of the Derivative Litigation would cast the Defendants as "bad actors" something the Federal Rules of Evidence were specifically designed to prevent.  Accordingly, evidence related to the Derivative Litigation must be excluded as irrelevant and unduly prejudicial.

## FACTUAL BACKGROUND

This case and the Derivative Litigation involve distinct legal claims, theories of liability, and parties.  Plaintiffs in the Derivative Litigation asserted state law claims for breach of fiduciary duty and unjust enrichment against the members of Herley's Board.  The graveman of the Derivative Complaint is that the members of the Board violated their fiduciary duties by: (1) purportedly stonewalling the Department of the Navy; (2) failing to divulge certain privileged information to Herley's auditors following Herley's indictment; and (3) paying Lee Blatt amounts due to him under his employment agreement.  Importantly, the Derivative Complaint does not contain any allegations concerning Herley's SEC disclosures – the central issue in this case.  In addition, many of the Defendants in the instant action are distinct from those in this case.  For example, Defendants Garefino, Gilboy, and Kelley are not defendants in the Derivative Litigation.  Likewise, Herley Board members Thonet, Walker, Moore, Bogucz, and Campbell, all defendants in the Derivative Litigation, are not named in the Class Action Complaint.  While Herley is a defendant in this case, it is a nominal defendant in the Derivative Litigation as the claims in that case are purportedly being pursued on its behalf, for the benefit of the company.

2

## <u>ARGUMENT</u>

**I.    EVIDENCE RELATED TO THE EXISTENCE OF THE DERIVATIVE
LITIGATION IS IRRELEVANT TO ANY OF THE ISSUES IN THIS CASE.**

The existence of the Derivative Litigation will not aid the jury in this case, and thus it

should be excluded.   Rule 401 of the Federal Rules of Evidence defines relevant evidence as

follows:

> "Relevant evidence" means evidence having any tendency to make
> the existence of any fact that is of consequence to the
> determination of the action more probable or less probable than it
> would be without the evidence.

FED. R. EVID. 401.  The Federal Rules of Evidence preclude the entering of evidence that is not

relevant.  *See* FED. R. EVID. 402.  The decision of whether the proffered evidence is probative

and thereby relevant lies within the sound discretion of the court.  *Lanni v. State of New Jersey*,

177 F.R.D. 295, 301 (D.N.J. 1998) (citing *Abrams v. Lightolier*, 50 F.3d 1204, 1213 (3d Cir.

1995)).  Relevant evidence is limited to facts that are "of consequence to the determination of the

action."  *Old Chief v. United States*, 519 U.S. 172, 178-79 (1997).  If the proposed evidence does

not address an issue in the case, it should be excluded by the Court.  *Gibson v. Wilmington*, 355

F.3d 215, 232-33 (3d Cir. 2004).

The allegations and arguments put forth in the Derivative Litigation have absolutely no

relevance to the instant case.  As articulated above, many of the defendants in the Derivative

Litigation are distinct from those involved in this case.  Moreover, the allegations in that case

deal with matters that are legally and factually distinct from the federal securities law issues that

are at the center of Plaintiff's cause of action in the instant litigation, as this case focuses on

certain statements made by Herley and its officers,[1] not on whether decisions made by Herley's

---

[1] Plaintiff asserts claims against the Defendants for violations of Sections 10(b) and 20(a) of the 1934 Act.

3

Board comported with their fiduciary obligations.  Moreover, this case seeks damages against Herley, while the Derivative Litigation was purportedly filed on Herley's behalf.

Finally, nothing about the existence of the Derivative Litigation has any bearing whatsoever on any "fact that is of consequence to the determination of [this] action."  Fed. R. Evid. 401.  Indeed, the fact that members of Herley's Board have been sued for alleged violations of their fiduciary duties is in no way related to whether Herley's SEC filings between 2001 and 2006 were false and misleading – this central issue in this case.  Simply put, the existence of the Derivative Litigation is irrelevant to the instant proceeding pursuant to Federal Rules of Evidence 401 and 402, and thus it should be excluded.

## II.   FEDERAL RULE OF EVIDENCE 403 PRECLUDES ADMISSION OF EVIDENCE RELATED TO THE EXISTENCE OF THE DERIVATIVE LITIGATION.

Even if relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by the considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  *See* FED. R. EVID. 403.

Rule 403 of the Federal Rules of Evidence states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FED. R. EVID. 403.

In determining the probative value of evidence under Rule 403, courts "must consider not only the extent to which it tends to demonstrate the proposition which it has been admitted to prove, but also the extent to which that proposition was directly at issue in the case."  *Blanch v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992) (citing *United States v. Herman*, 589 F.2d

4

1191, 1198 (3d Cir. 1978)).  Courts must balance the probative value of the evidence against the harm likely to result from its admission.  Fed. R. Evid. 403, Advisory Committee Notes; *see also Lanni v. State of New Jersey*, 177 F.R.D. 295, 301 (D.N.J. 1998)(citing *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995)).  Evidence should be excluded where "its probative value is only slight in comparison to the confusion of the issues and the misleading of the jury that may result by directing the jury's attention to purely collateral issues."  *Lanni*, 177 F.R.D. at 302.  Courts routinely exclude evidence related to prior or current litigation involving a particular party where that litigation has no relevance to the instant action.  *See Blancha v. Raymark Indus.*, 972 F. 2d 507, 516 (3d Cir. 1992) (stating that "certain types of evidence are routinely excluded under the rule.  Evidence relating to previous litigation involving the parties, evidence which has an aura of scientific infallibility but is likely to be used for purposes other than that for which it was introduced .... are all likely subjects of exclusion."); *see also Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007) (noting that "courts are reluctant to cloud the issues in the case at trial by admitting evidence relating to previous litigation involving one or both of the same parties.").

There is substantial risk that evidence concerning the existence of the Derivative Litigation will be used in order to improperly paint Herley or the Defendants in a bad light.  In essence, evidence of the existence of the Derivative Litigation may serve to portray the Defendants in this case as "bad actors" despite the fact that the legal claims in that case are different, as are many of the defendants.  Moreover, discussion of the Derivative Litigation would certainly distract the jury by focusing their attention on matters that have nothing to do with this litigation.  This is precisely the type of evidence that Federal Rule of Evidence 403 was designed to exclude.  *United States v. Casoni*, 950 F.2d 893, 919 (3d Cir. 1991) (holding Rule

403 authorizes a district court in its broad discretion to exclude collateral matters that are likely to confuse issues); *Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 188-89 (3d Cir. 1990)(excluding evidence under Rule 403 because it "injected a confusing factor into the case"). Given the highly prejudicial nature, this evidence should be precluded under Rule 403.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendants' Motion in Limine No. 5: To Exclude Evidence, Argument, or Statements Related to the Existence of the Derivative Litigation should be granted.

April 7, 2010                                         Respectfully Submitted**,**

/s/ James T. Smith
James T. Smith, Esquire
Evan H. Lechtman, Esquire
Nakul Krishnakumar, Esquire
BLANK ROME LLP
One Logan Square
Philadelphia, PA  19103
Tel:     (215) 569-5643
Fax:     (215) 832-5643
*Attorneys for Defendants*

6