IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

|  | : |  |
| --- | --- | --- |
| IN RE HERLEY INDUSTRIES, INC. | : | Civil Action No. 06-CV-2596 |
| SECURITIES LITIGATION | : |  |
|  | : |  |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION *IN LIMINE* NO.  6: TO PROHIBIT PLAINTIFF
FROM INTRODUCING EVIDENCE REGARDING THE
<u>INDIVIDUAL DEFENDANTS' PERSONAL WEALTH</u>**

James T. Smith, Esquire
Evan H. Lechtman, Esquire
Nakul Krishnakumar, Esquire
BLANK ROME LLP
One Logan Square
Philadelphia, PA  19103
Tel:  (215) 569-5643
Fax:  (215) 832-5643
*Attorneys for Defendants*

# TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT .........................................................................................................................1

    I.      THE COURT SHOULD BAR ANY REFERENCE TO THE PERSONAL
          WEALTH OF THE DEFENDANTS BECAUSE IT IS IRRELEVANT TO
          THE ISSUES IN THIS CASE. ...............................................................................1

    II.     EVIDENCE PERTAINING TO THE DEFENDANTS' PERSONAL
          WEALTH SHOULD BE EXCLUDED UNDER FEDERAL RULE OF
          EVIDENCE 403..................................................................................................3

CONCLUSION......................................................................................................................5

## TABLE OF AUTHORITIES

Page(s)

CASES

*Bhaya v. Westinghouse Elec. Corp.*,
    922 F.2d 184 (3d Cir. 1990)........................................................................4

*Blanch v. Raymark Industrial*,
    972 F.2d 507 (3d Cir. 1992)........................................................................3

*Carter v. Hewitt*,
    617 F.2d 961 (3d Cir. 1980)........................................................................3

*Forrest v. Beloit Corp.*,
    424 F.3d 344 (3d Cir. 2005)................................................................... 2 - 3

*Gibson v. Wilmington*,
    355 F.3d 215 (3d Cir. 2004)........................................................................2

*Lanni v. State of New Jersey*,
    177 F.R.D. 295 (D.N.J. 1998)................................................................1, 3

*Old Chief v. United States*,
    519 U.S. 172 (1997)....................................................................................2

*Peters v. The Northern Trust Co.*,
    2001 U.S. Dist. LEXIS 13958 (N.D.Il. Aug. 29, 2001)...............................4

*United States v. Casoni*,
    950 F.2d 893 (3d Cir. 1991)........................................................................4

*United States v. Cooper*,
    286 F.Supp.2d 1283 (D. Kan. 2003) ..........................................................4

*United States v. Socony-Bacuum Oil Co., Inc.*,
    310 U.S. 150 (1940)....................................................................................4

OTHER AUTHORITIES

Fed. R. Evid. 401 ............................................................................... 1 - 2

Fed. R. Evid. 402 ............................................................................... 1 - 2

Fed. R. Evid. 403 ............................................................................... 1 - 4

Defendants Herley Industries, Inc. ("Herley"), Lee Blatt ("Blatt"), Myron Levy ("Levy"), Anello C. Garefino ("Garefino"), Thomas V. Gilboy ("Gilboy"), and John M. Kelley ("Kelley"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in Support of Motion *in Limine* No. 6: To Preclude Plaintiff From Introducing Evidence or Referring to Their Personal Wealth, including but not limited to, evidence concerning Defendants' salary, stock options, or net worth.

## PRELIMINARY STATEMENT

This case involves allegations that Defendants Herley and Blatt engaged in a fraudulent scheme to defraud the United States government in connection with three contracts between 2000 and 2002. Plaintiff contends that in light of that alleged improper conduct, certain statements in Herley's SEC filings between October 2001 and June 2006 were false or misleading. These allegations are wholly unrelated to the personal wealth of any of the Individual Defendants. Accordingly, any evidence of the Individual Defendants' personal wealth is irrelevant and thus inadmissible under Rules 401 and 402. Moreover, any probative value that this collateral evidence may have, is far outweighed by the prejudicial effect that its admission will have on the Defendants, and thus it is independently inadmissible under Rule 403. Accordingly, Plaintiff should be prohibited from offering evidence of or referring to the Individual Defendants personal wealth at trial.

## ARGUMENT

**I.     THE COURT SHOULD BAR ANY REFERENCE TO THE PERSONAL WEALTH OF THE DEFENDANTS BECAUSE IT IS IRRELEVANT TO THE ISSUES IN THIS CASE.**

The personal wealth of the Individual Defendants has no bearing on any issue or defense in this case and thus it must be deemed inadmissible. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Evidence that is not relevant is not admissible. Fed. R. Evid. 402. The decision of whether the proffered evidence is probative and thereby relevant lies within the sound discretion of the court. *Lanni v. State of New Jersey*, 177 F.R.D. 295, 301 (D.N.J. 1998)(citing *Abrams v. Lightolier*, 50 F.3d 1204, 1213 (3d Cir. 1995)).

Relevant evidence is limited to facts that are "of consequence to the determination of the action." *Old Chief v. United States*, 519 U.S. 172, 178-79 (1997).  If the proposed evidence does not address an issue in the case, it should be excluded by the Court. *Gibson v. Wilmington*, 355 F.3d 215, 232-33 (3d Cir. 2004).

Here, Plaintiff asserts claims against the Defendants for violations of Sections 10(b) and 20(a) of the Securities and Exchange Act of 1934.  These claims center around whether certain of Herley's SEC filings were false and misleading during the Class Period.  Evidence regarding the Individual Defendants' personal wealth is of no consequence to the determination these claims.  Indeed, whether any of the Individual Defendants are millionaires does not relate to the facts to be proved by Plaintiff, nor will it aid the jury's understanding of the case.  Likewise, none of the Individual Defendants' affirmative defenses are impacted by their personal wealth. Because evidence of the Individual Defendants' personal wealth does not further any of the claims or defenses in this actions, such evidence is irrelevant under Rule 401 and properly excluded pursuant to Rule 402.  See 30 Am. Jur. Trials 711, Trial Court Restrictions on Evidence of Defendant's Wealth (noting an individual's financial condition is an area "jealously guarded by traditional privacy considerations").  Accordingly, Plaintiff should be prohibited from offering evidence or referring to the personal wealth of any of the Individual Defendants.

2

## II. EVIDENCE PERTAINING TO THE INDIVIDUAL DEFENDANTS' PERSONAL WEALTH SHOULD BE EXCLUDED UNDER FEDERAL RULE OF EVIDENCE 403.

Setting aside the irrelevancy of the Individual Defendants' personal wealth, this evidence is also inadmissible under Rule 403. The prejudicial effect and resulting confusion in admitting evidence of the Individual Defendants' personal wealth clearly outweighs any marginal value that evidence could have, thus warranting its exclusion.

Rule 403 authorizes exclusion of otherwise relevant evidence when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentations of cumulative evidence." Fed. R. Evid. 403. In determining the probative value of evidence under Rule 403, courts "must consider not only the extent to which it tends to demonstrate the proposition which it has been admitted to prove, but also the extent to which that proposition was directly at issue in the case." *Blanch v. Raymark Industrial*, 972 F.2d 507, 516 (3d Cir. 1992)(citing *United States v. Herman*, 589 F.2d 1191, 1198 (3d Cir. 1978)). Courts must balance the probative value of the evidence against the harm likely to result from its admission. Fed. R. Evid. 403, Advisory Committee Notes; *see also Lanni v. State of New Jersey*, 177 F.R.D. 295, 301 (D.N.J. 1998)(citing *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1213 (3d Cir. 1995)). Rule 403 "recognizes that a cost/benefit analysis must be employed to determine whether or not to admit evidence; relevance alone does not ensure admissibility. *Forrest*, 424 F.3d at 355 (quoting *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002)). Evidence should be excluded where "its probative value is only slight in comparison to the confusion of the issues and the misleading of the jury that may result by directing jury's attention to purely collateral issues." *Lanni*, 177 F.R.D. at 302.

3

Evidence is unfairly prejudicial if it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established proposition in the case." *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980).   Rule 403 also permits the trial court to exclude evidence that poses a substantial danger of misleading the jury.   *United States v. Casoni*, 950 F.2d 893, 919 (3d Cir. 1991)(holding Rule 403 authorizes a district court in its broad discretion to exclude collateral matters that are likely to confuse issues); *Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 188-89 (3d Cir. 1990)(excluding evidence under Rule 403 because it "injected a confusing factor into the case).

Setting aside the irrelevant nature of evidence concerning the personal wealth of the Individual Defendants, this evidence should be excluded because the jury may misuse it, as it has the potential to appeal to class prejudice.   "Appeals to class prejudice are highly improper and cannot be condoned and trial courts should ever be alert to prevent them."   *United States v. Socony-Bacuum Oil Co., Inc.,* 310 U.S. 150, 239 (1940); *United States v. Cooper*, 286 F.Supp.2d 1283, 1291 (D. Kan. 2003)(holding the problem with permitting evidence of an affluent lifestyle to show motive is that it ignores the real possibility that the extreme or extravagant wealth or spending was made possible by legitimate means and, if so, the introduction of such evidence would appeal solely to class prejudice).   Any attempts by Plaintiff to classify the Individual Defendants in terms of their personal wealth or to offer evidence regarding this issue could unfairly prejudice them in the eyes of the jury.   *Peters v. The Northern Trust Co.,* 2001 U.S. Dist. LEXIS 13958, *2-3 (N.D.Il. Aug. 29, 2001)(noting that assigning labels such as millionaire or wealthy could cause unfair prejudice).   This should not be allowed.

4

## CONCLUSION

For the reasons set forth above the instant motion should be granted.


Date: April 7, 2010                    Respectfully Submitted,


                                       /s/ James T. Smith
                                       James T. Smith, Esquire
                                       Evan H. Lechtman, Esquire
                                       Nakul Krishnakumar, Esquire
                                       Blank Rome LLP
                                       One Logan Square
                                       Philadelphia, PA  19103
                                       Tel:  (215) 569-5643
                                       Fax:  (215) 832-5643
                                       *Attorneys for Defendants*

102406.00619/21865515v.1