UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE HERLEY INDUSTRIES INC. SECURITIES LITIGATION | CIVIL ACTION<br><br>No. 06-2596 (JRS)<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS
FROM INTRODUCING ANY EVIDENCE REGARDING GALLEON'S OR RAJ
<u>RAJARATNAM'S 2002 SEC VIOLATIONS OR 2009 CRIMINAL CHARGES</u>**

Stanley P. Kops (SPK 6328)
LAW OFFICE OF STANLEY P. KOPS
102 Bala Avenue
Bala Cynwyd, PA  19004
Telephone:  (610) 949-9999
Facsimile:   (610) 949-9773

*Plaintiffs' Liaison Counsel*

Ira M. Press (*pro hac vice*)
Andrew M. McNeela (*pro hac vice*)
Sarah G. Lopez (*pro hac vice*)
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY  10022
Telephone:  (212) 371-6600
Facsimile:   (212) 751-2540

Christopher J. Keller (*pro hac vice*)
Jonathan Gardner (*pro hac vice*)
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone:  (212) 907-0700
Facsimile:    (212) 818-0477

*Co-Lead Counsel for Lead Plaintiff
  and the Class*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

I.     PRELIMINARY STATEMENT ............................................................................................ 1

II.    FACTUAL BACKGROUND ................................................................................................. 1

III.   ARGUMENT ........................................................................................................................... 2

       A.    Evidence of the 2002 SEC Claims Against Galleon and Rajaratnam's 2009 Criminal Charges Are Not Relevant to the Instant Action. ................................... 2

       B.    Even If Evidence of Rajaratnam's 2009 Criminal Charges Were Relevant, It Should Be Precluded as Being Highly Prejudicial to the Class. ......................... 4

IV.   CONCLUSION ....................................................................................................................... 5

# TABLE OF AUTHORITIES

## CASES

*In re Cont'l Airlines, Inc.*,
    279 F.3d 226 (3d Cir. 2002) ........................................................................................... 3

*In re Currency Conversion Fee Antitrust Litig.*,
    No. MDL No. 1409, M 21-95, 2004 WL 2453927 (S.D.N.Y. Nov. 3, 2004) ........................ 5

*Ebenhoech v. Koppers Industrial, Inc.*,
    239 F. Supp. 2d 455 (D.N.J. 2002) ................................................................................. 2

*Feesers, Inc. v. Michael Foods, Inc.*,
    591 F.3d 191 (3d Cir. 2010) ........................................................................................... 3

*In re Herley Industrial Inc. Sec. Litigation*,
    No. 06-02596, 2009 WL 3169888 (E.D. Pa. Sept. 30, 2009) .................................... 2, 3

*Luce v. United States*,
    469 U.S. 38 (1984) .......................................................................................................... 2

*McCall v. Drive Finance Services*,
    236 F.R.D. 246 (E.D. Pa. 2006) .................................................................................... 3

*Neuberger v. Shapiro*,
    No. 97-7947, 1998 WL 826980 (E.D. Pa. Nov. 25, 1998) ........................................... 3

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985) ........................................................................................................ 5

*Redmond v. Moody's Investor Serv.*,
    No. 92 Civ. 9161(WK), 1995 WL 276150 (S.D.N.Y. May 10, 1995) ......................... 4

## STATUTES AND RULES

Fed. R. Civ. P. 26(b)(1) .......................................................................................................... 5

Fed. R. Evid. 103 ............................................................................................................... 1, 2

Fed. R. Evid. 401 .................................................................................................................. 4

Fed. R. Evid. 402 ............................................................................................................... 1, 4

Fed. R. Evid. 403 ............................................................................................................... 1, 4

Fed. R. Evid. 608 ...........................................................................................................................4

15 U.S.C. § 78j(b) .........................................................................................................................1

15 U.S.C. § 78t.............................................................................................................................1

**I.      PRELIMINARY STATEMENT**

Pursuant to Rules 103(c), 402 and 403 of the Federal Rules of Evidence, Lead Plaintiff and Class Representative, Norfolk County Retirement System ("Lead Plaintiff" or "Norfolk"), respectfully moves for an order *in limine* precluding Defendants from introducing any evidence or seeking to elicit any testimony regarding (i) Galleon Management LP's ("Galleon") violations of SEC regulations regarding short sales in or about 2002, and (ii) the criminal charges filed against Galleon's founder and managing partner Raj Rajaratnam's ("Rajaratnam") in October 2009 by the United States Attorney's Office for the Southern District of New York. Additionally, Defendants should be precluded from calling any individual from Galleon as a witness at trial.

**II.     FACTUAL BACKGROUND**

This securities fraud class action brought under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§78j(b), 78t(a) ("Exchange Act"), commenced on June 15, 2006. This Court appointed Galleon as lead plaintiff in this action on November 15, 2006 and certified a class on September 20, 2009 appointing both Galleon and Norfolk as class representatives. Shortly following the Court's class certification decision, Galleon's founder and managing partner, Rajaratnam, was criminally charged with, *inter alia*, securities fraud by the U.S. Attorney for the Southern District of New York. Rajaratnam and Galleon deny the charges, which do not relate to any transactions involving Herley's securities. *See* Indictment, *United States v. Rajaratnam, et al.*, No. 09 Cr. 1184 (S.D.N.Y. Dec. 15, 2009) (attached as Ex. 1 to the Declaration of Jonathan Gardner, hereinafter the "Gardner Decl."). Within one week of Rajaratnam's indictment, Galleon began to liquidate its hedge funds as in the best interest of its investors. Galleon has also acknowledged that the development of these highly publicized

events and its intent to fully defend the allegations against its principal would serve as a distraction to its fiduciary duties to the class.

Given Galleon's situation, it, together with class representative Norfolk, proposed that Galleon withdraw as lead plaintiff and class representative and substitute Norfolk as lead plaintiff in addition to its position as class representative.  By Order dated January 15, 2010, the Court granted Galleon's request to withdraw as lead plaintiff and class representative and appointed Norfolk as the lead plaintiff and sole class representative.  *See* Docket Entry No. 206.  As such, Galleon is now just an absent class member.

Additionally, throughout this litigation, Defendants have argued that Galleon is an unsuitable lead plaintiff because it violated SEC regulations by engaging in certain short sales in 2002 (none of these transactions formed the basis for Galleon's action against Herley).  This Court rejected that argument both at the lead plaintiff and class certification stages of this action.  *In re Herley Indus. Inc. Sec. Litig.*, No. 06-02596, 2009 WL 3169888, at *12 (E.D. Pa. Sept. 30, 2009).

### III.    ARGUMENT

District courts have the authority to issue rulings on motions *in limine* pursuant to their inherent authority to manage the course of trials.  *See generally* Fed. R. Evid. 103(c); *Luce v. United States*, 469 U.S. 38, 41 (1984).  Rulings on motions *in limine* are committed to the discretion of the trial court.  *Ebenhoech v. Koppers Indus., Inc.*, 239 F. Supp. 2d 455, 461 (D.N.J. 2002).

      **A.     Evidence of the 2002 SEC Claims Against Galleon and Rajaratnam's 2009 Criminal Charges Are Not Relevant to the Instant Action.**

Evidence of unrelated SEC charges against a withdrawn lead plaintiff and class representative, who is now only an absent class member, as well as evidence of criminal charges

against its founder and principal, are wholly irrelevant to the claims and defenses of any party in this action, and the admission of such evidence is irrelevant and inappropriate.

Since Galleon has withdrawn as lead plaintiff and class representative, its adequacy for those roles is no longer in question and any evidence as to its adequacy is totally irrelevant. *See McCall v. Drive Fin. Servs.*, 236 F.R.D. 246, 250-51 (E.D. Pa. 2006); *Neuberger v. Shapiro*, No. 97-7947, 1998 WL 826980, at *3 (E.D. Pa. Nov. 25, 1998). Likewise, as a non-party and absent class member, any evidence regarding Galleon's credibility or whether any unique defenses exist as to Galleon is no longer relevant.[1] Indeed, calling any individual from Galleon to testify is no different than picking absent class members at random and seeking to discredit them. Defendants should be precluded from attempting to do so here.

The same arguments apply with especial force to Rajaratnam, who was never a party to this action, who was not responsible for and had no involvement in Galleon's purchase of Herley's securities, and whose only association with the instant action is that he was the managing partner of Galleon – a entity that is nearly defunct and now a mere absent class member. Moreover, the unproven criminal conduct underlying the Government's charges against Rajaratnam has nothing to do with trades in Herley securities.

---

[1] Defendants argued at the class certification stage of this action, that Galleon was an unsuitable lead plaintiff due to its short sales in 2002 and the resulting SEC violation. The Court rejected their argument, noting "[t]his Court has already rejected Defendants' contention [that] Galleon is an unsuitable lead plaintiff due to its short sales during 2002. Short sales do not give rise to a valid defense and are not inconsistent with a fraud-on-the market theory." *Herley*, 2009 WL 3169888, at *12. Furthermore, the Court noted that "those sales are not part of its claim in the present action, so Defendants cannot use this information to rebut the presumption of reliance." *Id.* at *12. Given that this Court has already ruled on this issue, Defendants are precluded from introducing evidence regarding Galleon's 2002 short sales. *Feesers, Inc. v. Michael Foods, Inc.*, 591 F.3d 191, 207 (3d Cir. 2010) ("The 'law of the case…doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)); *In re Cont'l Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002) (law of the case doctrine "limits relitigation of an issue once it has been decided").

Accordingly, any such evidence is irrelevant and therefore inadmissible. *See* Fed. R. Evid. 401, 402.

### B. Even If Evidence of Rajaratnam's 2009 Criminal Charges Were Relevant, It Should Be Precluded as Being Highly Prejudicial to the Class.

Even if this evidence were somehow relevant – which it is not – it is precluded under Federal Rule of Evidence 403. Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. The advisory comments to the rule explain that "'[u]nfair prejudice' within its context means an undue tendency to suggest decision on an improper basis." Certainly evidence regarding Rajaratnam's criminal charges is an improper basis for any decision in this action and any introduction of such evidence could and would suggest otherwise. If any evidence or testimony were admitted regarding Rajaratnam's criminal charges, the chance that the rest of the class would be unfairly prejudiced and the jury would be confused by these unrelated issues substantially outweighs any minimal probative worth the evidence may have.

Galleon is no longer a named plaintiff in this action and, after its withdrawal as lead plaintiff and class representative, is merely an absent class member in the certified class. It would be highly exceptional and extremely prejudicial to allow such individualized and collateral evidence of an absent class member.[2] Decisions on the availability of discovery from absent class members are particularly instructive. Courts have routinely held that defendants are precluded from even taking discovery of absent class members regarding individual issues. *See Redmond v. Moody's Investor Serv.*, No. 92 Civ. 9161(WK), 1995 WL 276150, at *1 (S.D.N.Y.

---

[2] Indeed, because Lead Plaintiff will not be calling Rajartnam as a witness in this action, any evidence of prior misconduct, assuming it relates to truthfulness, would not be admissible under Fed. R. Evid. 608(b) (providing that a party may *only* inquire into specific instances of conduct relating to truthfulness "on cross examination").

4

May 10, 1995) ("discovery of absent class members regarding individual issues, as opposed to common questions, is inappropriate."). As the court stated in *In re Currency Conversion Fee Antitrust Litig.*, No. MDL No. 1409, M 21-95, 2004 WL 2453927, at *1 (S.D.N.Y. Nov. 3, 2004), in denying defendants' attempts to depose withdrawing class representatives about "the circumstances surrounding their withdrawals":

> The burden on the defendant to justify discovery of absent Class members by means of deposition is particularly heavy. Indeed, discovery of absent class members regarding individual issues, as opposed to common questions, is inappropriate. Here, defendants seek depositions for individual issues, and therefore have not overcome their heavy burden to justify such a request.

*Id.* at *2 (citations and internal marks omitted); *accord Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 n.2 (1985) (as to the possibility of discovery of absent class members, the court stated: "We are convinced that such burdens are rarely imposed").

Certainly, if discovery of individual issues from absent class members is inappropriate so to is introducing or eliciting evidence at trial on individual and collateral issues particular to one absent class member. *See* Fed. R. Civ. P. 26(b)(1) (discovery is permitted regarding any non-privileged "matter that is relevant"). Here, Rajaratnam's criminal charges are individual to him and bear no relevance to the claims or defenses of any party. Allowing such evidence would only serve to prejudice the class and confuse the jury and the danger of such prejudice and confusion clearly outweighs the minimal, if any, probative value of the evidence.

## IV. CONCLUSION

For the forgoing reasons Defendants should be precluded from introducing evidence or seeking to elicit any testimony regarding Rajaratam's 2009 criminal charges or Galleon's violations of SEC regulations regarding its 2002 short sales, or from calling anyone from Galleon as a witness.

| | |
|---|---|
| Dated: April 7, 2010 | Respectfully submitted,<br><br>By:  /s/ Jonathan Gardner<br>Jonathan Gardner (*pro hac vice*)<br>Christopher Keller (*pro hac vice*)<br>LABATON SUCHAROW LLP<br>140 Broadway<br>New York, New York 10005<br>Telephone: (212) 907-0700<br>Facsimile: (212) 818-0477<br><br>Ira M. Press (*pro hac vice*)<br>Andrew M. McNeela (*pro hac vice*)<br>Sarah G. Lopez (*pro hac vice*)<br>KIRBY McINERNEY LLP<br>825 Third Avenue, 16th Floor<br>New York, New York 10022<br>Telephone: (212) 371-6600<br>Facsimile: (212) 751-2540<br><br>*Co-Lead Counsel for Lead Plaintiff and the Class*<br><br>Stanley P. Kops (SPK 6328)<br>LAW OFFICE OF STANLEY P. KOPS<br>102 Bala Avenue<br>Bala Cynwyd, Pennsylvania 19004<br>Telephone: (610) 949-9999<br>Facsimile: (610) 949-9773<br><br>*Plaintiffs' Liaison Counsel* |