IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE HERLEY INDUSTRIES, INC. SECURITIES LITIGATION | : : : : | Civil Action No. 06-CV-2596 |

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO BIFURCATE THE TRIAL OF LIABILITY AND DAMAGES

James T. Smith, Esquire
Evan H. Lechtman, Esquire
Nakul Krishnakumar, Esquire
BLANK ROME LLP
One Logan Square
Philadelphia, PA  19103
Tel:  (215) 569-5643
Fax:  (215) 832-5643
*Attorneys for Defendants*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

FACTUAL BACKGROUND ..........................................................................................................1

    A.    Liability. ...................................................................................................................1

    B.    Damages. ..................................................................................................................2

LEGAL ARGUMENT .....................................................................................................................3

I.    THE COURT SHOULD EXERCISE ITS BROAD DISCRETION UNDER RULE 42(B) AND ORDER A SEPARATE TRIAL OF LIABILITY AND DAMAGES. ..................................................................................................................3

    A.    Defendants Will Be Prejudiced If The Plaintiff's Extraordinary Damages Claim Is Simultaneously Tried With Issues Of Liability. ....................................................5

    B.    Bifurcation Will Prevent Jury Confusion Regarding The Complex Issues Of Liability And Damages. ..........................................................................................6

    C.    Bifurcation Will Promote Judicial Efficiency and Economy....................................7

CONCLUSION ................................................................................................................................8

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Arthur Young & Co. v. United States District Court*,
    549 F.2d 686 (9th Cir. 1977) ............................................................................................6

*B. Braun Medical Inc., v. Abbott Laboratories*,
    1994 U.S. Dist. LEXIS 12104 (E.D.Pa. Aug. 29, 1994) ...................................................6

*Barr Lab., Inc. v. Abbott Lab.*,
    978 F.2d 98 (3d Cir. 1992) ................................................................................................3

*Buscemi v. Pepsico, Inc.*,
    736 F.Supp. 1267 (S.D.N.Y. 1990) ...................................................................................5

*Idzojtic v. Pa. R. Co.*,
    456 F.2d 1228 (3d Cir. 1972) ............................................................................................3

*In re G-I Holdings, Inc.*,
    218 F.R.D. 428 (D.N.J. 2003) ...........................................................................................3

*In re Paoli Railroad Yard PCB Litig.*,
    113 F.3d 444 (3d Cir. 1997) ..............................................................................................7

*Lis v. Robert Packer Hosp.*,
    579 F.2d 819 (3d Cir. 1978) ..............................................................................................3

*Medpointe Healthcare, Inc. v. Hi-Tech Pharmacal Co., Inc.*,
    2007 WL 188285 (D.N.J. Jan. 22, 2007) ..........................................................................3

*Miller v. Asensio & Co.*,
    364 F.3d 223 (4th Cir. 2004) ............................................................................................4

*Miller v. N.J. Transit Auth. Rail Operations*,
    160 F.R.D. 37 (D.N.J. 1995) .........................................................................................4, 5

*Princeton Biochemicals v. Beckman Instruments, Inc.*,
    180 F.R.D. 254 (D.N.J. 1997) .......................................................................................6, 7

*Rodin Properties-Shore Mall v. Cushman & Wakefield of Pa., Inc.*,
    49 F. Supp. 2d 709 (D.N.J. 1999) .....................................................................................4

*Smith v. Alyeska Pipeline Serv. Co.*,
    538 F.Supp. 977 (D.Del. 1982) .....................................................................................6, 8

*Verna v. U.S. Suzuki Motor Corp.*,
    1988 U.S. Dist. LEXIS 13925 (E.D.Pa. Dec. 9, 1988) ............................................................. 5

*Witherbee v. Honeywell, Inc.*,
    151 F.R.D. 27 (N.D.N.Y. 1993) ................................................................................................ 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. ................................................................................................................... 1, 3-5, 8

102406.00619/21866815v.4

Defendants Herley Industries, Inc. ("Herley"), Lee Blatt ("Blatt"), Myron Levy ("Levy"), Anello C. Garefino ("Garefino"), Thomas V. Gilboy ("Gilboy"), and John M. Kelley ("Kelley")(collectively "Defendants"), by and through their undersigned counsel, submit this Memorandum of Law In Support Motion To Bifurcate The Trial of Liability and Damages.

## PRELIMINARY STATEMENT

Defendants respectfully request that this Court exercise its broad discretion and bifurcate the trial of this case into separate liability and damages phases. See Fed. R. Civ. P. 42(b). The requested relief is necessary in order to: (a) avoid unfair prejudice to the Defendants in the liability phase due to Plaintiff's extraordinarily large damages claim; (b) prevent jury confusion as to the equally complex issues of liability and damages in this case; and (c) promote judicial efficiency and economy in the conduct of the trial in this case.

## FACTUAL BACKGROUND

This case involves allegations that Defendants Herley and Blatt engaged in a fraudulent scheme to defraud the United States government in connection with three contracts between 2000 and 2002. Plaintiff contends that as a result of that alleged improper conduct, certain statements in Herley's SEC filings between October 2001 and June 2006 were false or misleading. Plaintiff further alleges that these misleading statements caused the price of Herley's publicly traded stock be artificially inflated during that timer period.

### A.     Liability.

The evidence regarding liability will be complicated and voluminous. Indeed, because this case is predicated on alleged violations of government contracting laws, the jury will be required to deal with these complicated issues. Evidence will likely be presented regarding Herley's production of Voltage Control Oscillators ("VCO") and Power Heads, two products manufactured by Herley for use by the government in military aircraft. The jury will be

presented with evidence regarding the historical production of these products, as well as the process involved in Herley's negotiation and execution of two contracts for Power Heads and one contract for VCOs between 2000 and 2002, evidence that is highly complicated.

In addition to evidence regarding government contracting, the liability phase of this case will also involve complicated issues concerning the federal securities laws, and in particular Defendants obligations under those laws. Evidence will likely be presented regarding virtually all of Herley's SEC filings between October 1, 2001 and June 14, 2006. The jury will be provided with evidence regarding Herley's process in preparing each of those documents, and its decisions regarding certain disclosures contained therein.

Evidence concerning liability will involve many fact witness and will likely include hundreds of exhibits, totaling thousands of pages. The contents of these exhibits will be complicated, including government contracting documents as well as Herley's SEC filings. In addition, both sides have identified multiple experts to provide testimony regarding government contracting issues and securities disclosure obligations -- topics exclusive to the issue of liability.

B.      **Damages**.

The evidence to be presented regarding damages is separate and distinct from the anticipated proofs regarding liability. That evidence will largely be made up of expert testimony and lengthy reports offered by witnesses for Plaintiff and Defendants. This testimony involves complicated statistical analysis and mathematical computations designed to determine the alleged artificial inflation associated with Herley's stock price during the class period, and the purported class wide damages to Herley's shareholders.

The report of Plaintiff's damages expert, Scott Hakala ("Hakala"), totals thirty-eight pages of narrative, with an additional one hundred eight-two pages of exhibits, consisting almost entirely of statistical models and analysis. Hakala's analysis includes a detailed event study

which incorporates complicated statistical analysis. Hakala concludes that Herley's stock was artificially inflated by more than $5.00 per share, with class wide damages totaling <u>$80.6 million</u>. Defendants intend to offer the report and testimony of their expert, Patrick Conroy ("Conroy"), in order to address the issue of damages. Conroy's report totals one hundred forty-seven pages and, like the Hakala report, also involves complicated statistical modeling and mathematical analysis.

## LEGAL ARGUMENT

**I.     THE COURT SHOULD EXERCISE ITS BROAD DISCRETION UNDER RULE 42(B) AND ORDER A SEPARATE TRIAL OF LIABILITY AND DAMAGES.**

Rule 42(b) of the Federal Rules of Civil Procedure permits the Court to bifurcate the trial of one or more separate issues "[f]or convenience, to avoid prejudice, or to expedite and economize . . ." Fed. R. Civ. P. 42(b). If any one of these criteria is met, a Court may order a separate trial of one or more issues. *In re G-I Holdings, Inc.*, 218 F.R.D. 428, 430 (D.N.J. 2003). Under Rule 42(b) "the district court is given broad discretion in reaching its decision whether to separate the issues of liability and damages." *Idzojtic v. Pa. R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972); *see also Medpointe Healthcare, Inc. v. Hi-Tech Pharmacal Co., Inc.*, 2007 WL 188285 *5 (D.N.J. Jan. 22, 2007)("Under Rule 42(b), 'a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management.'" In *Idzojtic*, the United States Court of Appeals for the Third Circuit upheld the district court's decision to bifurcate a trial, finding that "the jury was capable of determining the liability issue apart from the question of damages." 456 F.2d at 1230; s*ee also Lis v. Robert Packer Hosp.*, 579 F.2d 819, 823 (3d Cir. 1978) (holding that bifurcation of trial of liability and damages is matter to be decided on case-by-case basis); *Barr Lab., Inc. v. Abbott Lab.*, 978 F.2d 98, 115 (3d Cir. 1992)

102406.00619/21866815v.4

(upholding the district court's decision to bifurcate a trial to enhance juror comprehension of complex issues).

Bifurcation of issues for trial should "be encouraged where experience has demonstrated its worth." *See* Fed. R. Civ. P. 42(b) Advisory Committee Note to 1966 amend. Although the burden is on the party seeking bifurcation to show that it is appropriate, courts consider several factors significant in ruling on a motion to bifurcate based on liability and damages. *Miller v. N.J. Transit Auth. Rail Operations*, 160 F.R.D. 37 (D.N.J. 1995). These factors include: (a) the overlap between the testimony and evidence involved in the liability and damage phases; (b) the complexity of issues for trial and possibility of jury confusion; (c) whether bifurcation would promote settlement; and (d) whether a single trial will cause unnecessary delay. *Rodin Properties-Shore Mall v. Cushman & Wakefield of Pa., Inc.*, 49 F. Supp. 2d 709, 721 (D.N.J. 1999). None of these factors is determinative, so courts must balance all of the equities to determine whether bifurcation is appropriate. *Id.* However, "[i]n determining whether or not to bifurcate, the court must select the procedure conducive to expedition and economy." *Miller*, 160 F.R.D. at 40 (emphasis added). Courts frequently bifurcate the liability and damages phases of 10b-5 trials. *Miller v. Asensio & Co.*, 364 F.3d 223, 230 (4th Cir. 2004)(citing *Gross v. Weingarten*, 217 F.3d 208, 215 (4th Cir. 2000)).

The trial of this case should be bifurcated into a liability phase, and, if necessary, a damages phase. Bifurcation is necessary in order to: (1) avoid unfair prejudice to Defendants in the liability phase due to the Plaintiff's extraordinary damages claim; (2) prevent jury confusion as to the equally complex, yet distinct issues of liability and damages in this case; and (3) promote judicial efficiency and economy in the conduct of this trial. Although no one of these

4

criteria needs to be present for the Court to separate issues of liability and damages at trial, bifurcation will accomplish all three in this case.

### A. Defendants Will Be Prejudiced If The Plaintiff's Extraordinary Damages Claim Is Simultaneously Tried With Issues Of Liability.

A paramount consideration in ruling on a motion to bifurcate is a fair and impartial trial to all litigants. *Miller v. N.J. Transit Auth. Rail Operations*, 160 F.R.D. 37, 41 (D.N.J. 1995). Rule 42 allows the Court to bifurcate issues so as to avoid the risk that evidence pertaining to one issue will improperly influence the jury's decision on another issue. *Id.* A unitary trial may result in sympathetic jurors more concerned with compensating Plaintiffs for their alleged injuries than whether or not the defendant is at fault. *Id.*; *Buscemi v. Pepsico, Inc.*, 736 F.Supp. 1267, 1272 (S.D.N.Y. 1990); *Witherbee v. Honeywell, Inc.*, 151 F.R.D. 27, 29 (N.D.N.Y. 1993); *Verna v. U.S. Suzuki Motor Corp.*, 1988 U.S. Dist. LEXIS 13925, *2 (E.D.Pa. Dec. 9, 1988).

The liability and damages phases of this case should be bifurcated because the extraordinary damages that Plaintiffs seek are irrelevant to the issue of liability, and as such there will be little or no overlap of evidence between phases. The damages sought are nonetheless so large that they would be prejudicial to Defendants on the issue of liability. As discussed above, Plaintiffs seek damages in excess of <u>eighty million dollars</u>. Just as this Court found in *Miller*, where the damages claimed were also in the multiple millions of dollars, while the jury should and will become aware of the alleged cause of Plaintiffs' damages in a separate liability phase, there is no need to divert their attention with the actual figures involved. It is simply irrelevant to the question of liability. The magnitude of the damages sought in this case is so extraordinary that without a bifurcated trial, there is a very real danger that even the most conscientious juror will be moved to award Plaintiffs some amount of money, <u>regardless of fault</u>, resulting in actual prejudice to the Defendants.

### B. Bifurcation Will Prevent Jury Confusion Regarding The Complex Issues Of Liability And Damages.

The liability and damages portions of the case are equally complex -- requiring nonduplicative testimony from fact and expert witnesses. Such a controversy is the classic case for bifurcation. See *Princeton Biochemicals v. Beckman Instruments, Inc.*, 180 F.R.D. 254, 257-58 (D.N.J. 1997); *Arthur Young & Co. v. United States District Court*, 549 F.2d 686, 697 (9th Cir. 1977)(separating damage issues from liability where damages are a discrete aspect of the case as a whole); *Smith v. Alyeska Pipeline Serv. Co.*, 538 F.Supp. 977, 982-83 (D.Del. 1982)(bifurcating liability and damages in patent suit where issues were complex and did not overlap); *B. Braun Medical Inc., v. Abbott Laboratories*, 1994 U.S. Dist. LEXIS 12104, *2 (E.D.Pa. Aug. 29, 1994). In *Princeton Biochemicals*, the court bifurcated a patent trial into liability and damages phases where both issues were complex, there was no significant overlap of issues, and bifurcation promoted efficiency. *Id*. Noting that the jury would be required to process volumes of complicated exhibits and hours of trial testimony of liability alone, the Court concluded that the case was "ripe for bifurcation." *Id*.

Here, the liability issues alone will require the jury to consider expert testimony in the intricate fields government contracting and securities disclosures, in addition to volumes of exhibits, documents, and lengthy trial testimony from numerous party and non-party fact witnesses called by both parties. Even the most basic assessment of the liability issues in this case will likely be confusing to a jury unfamiliar with these fields. The evidence related to liability alone will be massive, complex, and potentially overwhelming for any jury. Compounding the complexity of the initial liability inquiry by requiring the finder of fact to simultaneously comprehend complicated damage theories which include sophisticated models and statistical analysis risks overloading even the most sophisticated jury.

6

Plaintiff and Defendants have each identified an expert to provide testimony concerning the alleged damages in this case. This testimony will focus amount of purported inflation associated with the price of Herley's publicly traded stock between October 1, 2001 and June 14, 2006. The damages experts will also provide testimony concerning the overall damages sustained by the class. This testimony will involve complicated statistical models and unique financial theories; concepts generally foreign to the average juror. The jury should thus be spared the likely confusion that will result if it is inundated with mountains of additional evidence and expert testimony concerning alleged damages while simultaneously attempting to process an even greater volume of equally complex evidence and expert testimony on the complex issue of liability. Bifurcation will aid the jury, this Court, and both parties by presenting the evidence in a manner that is easier for the jurors to understand, thereby limiting the number of complicated dispositive issues the jury must address at any one particular time.

    **C.**    **Bifurcation Will Promote Judicial Efficiency and Economy.**

Bifurcation is proper so as to avoid the parties from investing valuable time and effort to litigate potentially unnecessary issues regarding damages. *Princeton Biochemicals*, 180 F.R.D. at 259. Indeed, a preliminary finding on the question of liability may well make unnecessary the damages inquiry, and thus result in a substantial savings of time, and a reduction of expenses to the parties. *Id* at 256. Courts will bifurcate issues of liability and damages where the length of the trial is potentially reduced, and the comprehension of the legal issues and evidence is increased. See *In re Paoli Railroad Yard PCB Litig.*, 113 F.3d 444, 452-453 (3d Cir. 1997).

Bifurcating this case would further the convenience of the parties, witnesses, the Court, and the jury. This approach would avoid duplication of effort, since the issues of liability and damages are distinct and separate. Bifurcation would thus make it easier for the jurors to grasp the issues, and would facilitate a more productive and efficient trial. Judicial economy will also

7

be furthered by bifurcation. In the event the jury returns a verdict in favor of Defendants Herley and Blatt on the issue of liability under Section 10(b) of the Securities and Exchange Act of 1934, considerable time and expense associated with the potentially unnecessary trial of Plaintiff's alleged damages -- in and of itself a complex matter -- can be avoided altogether. In addition, if the Court grants this motion, it could defer ruling on Plaintiff's outstanding pretrial motion related to Defendants' damages expert until after the liability phase, and, even then, only if a jury has found in Plaintiff's favor on the question of liability. Moreover, a Plaintiff's verdict in the liability phase of bifurcated trial might create an additional opportunity for settlement, thus minimizing further expense of the parties.

## CONCLUSION

For the reasons set forth above, the instant motion should be granted. Pursuant to Rule 42(b), the Court should bifurcate the trial of liability and damages.

Date: April 7, 2010                                   Respectfully Submitted,

/s/ James T. Smith
James T. Smith, Esquire
Evan H. Lechtman, Esquire
Nakul Krishnakumar, Esquire
Blank Rome LLP
One Logan Square
Philadelphia, PA  19103
Tel:  (215) 569-5643
Fax:  (215) 832-5643
*Attorneys for Defendants*