UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE HERLEY INDUSTRIES INC. SECURITIES LITIGATION | CIVIL ACTION<br><br>No. 06-2596 (JRS)<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS
FROM CONTESTING THAT BLATT'S GUILTY PLEA WAS RELATED
<u>TO THE SUPERSEDING INDICTMENT'S VCO ALLEGATIONS</u>**

Stanley P. Kops (SPK 6328)
LAW OFFICE OF STANLEY P. KOPS
102 Bala Avenue
Bala Cynwyd, PA 19004
Telephone: (610) 949-9999
Facsimile: (610) 949-9773

*Plaintiffs' Liaison Counsel*

Ira M. Press (*pro hac vice*)
Andrew M. McNeela (*pro hac vice*)
Sarah G. Lopez (*pro hac vice*)
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540

Christopher J. Keller (*pro hac vice*)
Jonathan Gardner (*pro hac vice*)
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Co-Lead Counsel for Lead Plaintiff
   and the Class*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

I.   PRELIMINARY STATEMENT ................................................................................. 1

II.  FACTUAL BACKGROUND ...................................................................................... 2

    A.   The Government's Indictment of Blatt and Herley ............................................ 2

    B.   Blatt's Guilty Plea ............................................................................................... 3

    C.   The Insurance Litigation ..................................................................................... 4

III. ARGUMENT ................................................................................................................ 5

    A.   The Doctrine of Collateral Estoppel or Issue Preclusion Precludes Defendants From Contesting That Blatt's Guilty Plea and the Superseding Information Are Related to the Superseding Indictment. .................. 5

IV.  CONCLUSION ............................................................................................................ 8

# TABLE OF AUTHORITIES

## CASES

*Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*,
   402 U.S. 313 (1971) ................................................................................................6

*Ebenhoech v. Koppers Indus., Inc.*,
   239 F. Supp. 2d 455 (D.N.J. 2002) ..........................................................................5

*Herley Indus., Inc. v. Fed. Ins. Cos.*,
   No. 08-5377, 2009 WL 2596072 (E.D. Pa. Aug. 21, 2009) ...............................4, 5, 7

*Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*,
   458 F.3d 244 (3d Cir. 2006) .................................................................................6, 8

*Luce v. United States*,
   469 U.S. 38 (1984) ..................................................................................................5

*Montana v. United States*,
   440 U.S. 147 (1979) ................................................................................................6

*Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*,
   571 F.3d 299 (3d Cir. 2009) ....................................................................................5

*In re Nat'l Med. Imaging, LLC*,
   Nos. 08-17351JKF, 08-17348JKF, 2009 WL 5083601
   (Bankr. E.D. Pa. Dec. 28, 2009) ..............................................................................5

*Parklane Hosiery Co. v. Shore*,
   439 U.S. 322 (1979) ................................................................................................6

*Peloro v. United States*,
   488 F.3d 163 (3d Cir. 2007) ....................................................................................6

*Walsh v. Quinn*,
   No. 09-3411, 2009 WL 5103544 (3d Cir. Dec. 29, 2009) ........................................6

## STATUTES AND RULES

26 U.S.C. § 7203 ................................................................................................................1, 3

Fed. R. Evid. 103(c) ...........................................................................................................1, 5

I.      **PRELIMINARY STATEMENT**

Pursuant to Rules 103(c) of the Federal Rules of Evidence, Lead Plaintiff and Class Representative Norfolk County Retirement System ("Norfolk"), respectfully moves for an order *in limine* precluding Defendants from contesting that: (i) the Superseding Information to which Herley Industries, Inc.'s ("Herley") former CEO and Chairman of the Board Lee Blatt's ("Blatt") pleaded guilty is directly related to the earlier filed Superseding Indictment; and (ii) the factual basis for Blatt's guilty plea was based on certain of the Superseding Indictment's Voltage Controlled Oscillator ("VCO") allegations, as found by this Court in its August 21, 2009 ruling in *Herley Industries, Inc. v. Federal Insurance Cos.,* No. 08-5377 (E.D. Pa.).

In pleading guilty to a Superseding Information charging him with a single count of failure to keep a tax record in violation of 26 U.S.C. § 7203, Blatt admitted that he failed to keep adequate records regarding an $18,000 payment to Syracuse University for research regarding VCO redesign. Based on Blatt's failure to keep adequate records, Herley falsely claimed that the $18,000 was incurred in connection with a 1999 VCO contract. Herley made this representation during the course of a Government audit in connection with a 2000 contract for the manufacture of 84 VCOs -- one of the contracts that was the subject of the Government's criminal investigation and the Superseding Indictment that was filed against Herley and Blatt – in an attempt to justify Herley's inflated bid price.

In a subsequent litigation with its insurance carrier regarding, *inter alia* coverage of litigation expenses in connection with the instant action, Herley and Blatt argued that the guilty plea and the Superseding Information did not relate to the underlying and earlier issued Superseding Indictment.[1] In granting summary judgment to the insurance company, this Court

---

[1] In exchange for Blatt pleading guilty to the Superseding Information, the Government agreed to voluntarily dismiss all the counts in the Superseding Indictment as to Blatt.

ruled that the Superseding Information and plea agreement are directly related to the Superseding Indictment's VCO allegations. Accordingly, under well established principles of collateral estoppel, Defendants are precluded in this litigation from contesting that the Superseding Information, to which Blatt pleaded guilty, is directly related to the Superseding Indictment's VCO allegations.

## II.   FACTUAL BACKGROUND

### A.   The Government's Indictment of Blatt and Herley

On June 6, 2006, the United States Attorney's Office for the Eastern District of Pennsylvania issued an Indictment against Herley and Blatt, charging them with the following felony counts: (i) 29 counts of wire fraud; (ii) two counts of obstruction of a federal audit; (iii) one count of major fraud against the government; and (iv) three counts of providing false statements to the government. *See United States v. Blatt, et al.*, No. 06 Cr. 268 (E.D. Pa. June 6, 2006), at Docket Entry No. 1. The Indictment charged that from about April 2000 through December 2002 Blatt and Herley were involved in a scheme to fraudulently inflate Herley's costs for VCO and power head contracts with the United States. As a result of this scheme, Blatt and Herely obtained money and property in the amount of $3,932,550. *See id.* On January 30, 2007, the government issued a Superseding Indictment, which alleged the same criminal misconduct but added and consolidated certain wire transfers relating to the wire fraud counts. *See* Declaration of Jonathan Gardner ("Gardner Decl.") at Ex. 1.

Among other allegations, paragraph 42 of the Superseding Indictment alleges that:

> On or about May 30, 2000, in an attempt to justify the price for the 84 VCOs which defendant LEE BLATT had set and arbitrarily inflated, defendant HERLEY INDUSTRIES' Herley-Vega division falsely and fraudulently represented that it has spent $18,000 on the 1999 contract for VCOs work done by Syracuse University on that contract. Syracuse University had done no work on the 1999 VCO contract with the government.

*Id.* at 12.

    **B.**    **Blatt's Guilty Plea**

On May 5, 2008, Blatt entered into a plea agreement in which he pled guilty to a single-count Superseding Information that the government agreed to file. As part of the plea, the government agreed to dismiss all counts of the Superseding Indictment against Blatt. During the plea colloquy, Blatt admitted the following facts were true:

> [O]n or about March 23rd of 2000, the defendant, Lee Blatt, who was the chief executive officer of defendant Herley Industries at the time willfully failed to keep records that were required to be kept pursuant to Title 26 of the U.S. Code. More specifically, . . . Mr. Blatt's evidence would show fail[ure] to make and keep records with respect to an 18,000 dollar payment made by Herley Industries to Syracuse University. The payment was for work done in the year 2000 on a redesign of a part of an item that's known as a voltage controlled oscillator, or VCO for short. And that work was done for Herley Industries. Because Mr. Blatt did not keep records that would show how the work done by Syracuse should have been allocated, including for what year it should have been allocated, Mr. Blatt violated the recordkeeping requirements of Section 7203 as would be charged in the superseding information.
>
> Mr. Blatt's failure to keep adequate records regarding this 18,000 [dollar] research expense is demonstrated by the fact that Herley Industries later submitted the expense to the defense contract audit agency, also known as the DCAA, as attributable to a 1999 VCO contract when it was not. None of the work that was done by Syracuse University engineering students and faculty was done for that 1999 VCO contract. That 18,000 dollar payment was made to Syracuse for work done no earlier than 2000.

Tr. Guilty Plea/Sentencing Hr'g, May 5, 2008, at 12:20-13:20 (attached as Gardner Decl. Ex. 2). The Superseding Information to which Blatt pled guilty charged him with one count of failure to keep a tax record he was required to keep for Herley, in violation of 26 U.S.C. §7203. Blatt was sentenced to one year's probation, a $25,000 fine, 500 hours of community service, a $25 special assessment, and the cost of prosecution, $1,715.02. Judgment in Criminal Case, *United States v.*

*Blatt, et al.,* No. 06 Cr. 268 (E.D. Pa. May 20, 2008), at 3 (attached as Gardner Decl. Ex. 3). The Court granted the government's motion to dismiss the charges in the Superseding Indictment.

      **C.**    **The Insurance Litigation**

On November 3, 2008, Herley initiated an action against its insurance carrier, Federal Insurance Companies, Inc. ("Federal") seeking coverage for the costs of defending Blatt's criminal actions as well as the securities and derivative litigations. *See Herley Indus., Inc. v. Fed. Ins. Cos.,* No. 08-5377 (E.D. Pa. filed Nov. 3, 2008). Federal contended that the fraud/willful violation and illegal profits exclusions of the policy barred coverage for those claims. On August 21, 2009, Your Honor issued a ruling granting summary judgment for Federal, finding that Blatt and Herley's claims were barred under the policy because they were "'based upon, arising from, or in consequence' of deliberately fraudulent misconduct." *Herley Indus., Inc. v. Fed. Ins. Cos.*, No. 08-5377, 2009 WL 2596072, at *10 (E.D. Pa. Aug. 21, 2009) (J. Sanchez). As part of the ruling, Your Honor held that the Superseding Information was directly related to the underlying Superseding Indictment. *Id.* at *9.

As part of its contention that the policy should cover the costs of defending Blatt's criminal charges, Blatt and Herley argued that the charges in the Superseding Indictment "bear no relation to the misdemeanor offense charge in the Superseding Information to which Blatt pled guilty." *Id.* at *8. You Honor rejected that argument holding that:

> *[T]he Superseding Indictment and the Superseding Information are unquestionably related.* In the Superseding Indictment, the Government charged that, from about April 2000 through December 2002, Blatt and Herley were involved in a scheme to fraudulently inflate Herley's costs in contracts for VCOs and power heads with the United States Government and Lockheed Martin. The Superseding Indictment also stated Blatt obstructed a Department of Defense audit by "falsely and fraudulently represent[ing] that [Herley] had spent $18,000 on the 1999 contract for VCOs for work done by Syracuse University" even though Syracuse "had done no work on the 1999 VCO contract." The plea

4

>   agreement provided greater detail regarding Blatt's willful failure to keep a record. During his plea colloquy, Blatt admitted this factual basis to the plea agreement was true, and he pleaded guilty to the Superseding Information.  The claim for coverage of Blatt's defense in the criminal action arose from his willful violation of a statute, 26 U.S.C. § 7203. Without Blatt having engaged in such misconduct, the criminal action would never have been brought against Blatt. Blatt's willful violation of the statute was also established by a final adjudication, Blatt's guilty plea.

*Id.* at *9 (emphasis added and internal citations omitted).  Given Your Honor's ruling in the insurance coverage action, Defendants are precluded from arguing in this litigation that the Superseding Information to which Blatt pleaded guilty, is not related to the Superseding Indictment, including the allegations regarding the VCOs.

### III.     ARGUMENT

District courts have the authority to issue rulings on motions *in limine* pursuant to their inherent authority to manage the course of trials.  *See generally* Fed. R. Evid. 103(c).  *Luce v. United States*, 469 U.S. 38, 41 (1984).  Rulings on motions *in limine* are committed to the discretion of the trial court.  *Ebenhoech v. Koppers Indus., Inc.*, 239 F. Supp. 2d 455, 461 (D.N.J. 2002).

#### A.     The Doctrine of Collateral Estoppel or Issue Preclusion Precludes Defendants From Contesting That Blatt's Guilty Plea and the Superseding Information Are Related to the Superseding Indictment.

Collateral estoppel, or issue preclusion, prevents parties from re-litigating an issue that has already been actually litigated.  *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 310 (3d Cir. 2009) ("Collateral estoppel operates to bar 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination.'") (quoting *New Hampshire v. Maine* 532 U.S. 742, 748-49 (2001));  *In re Nat'l Med. Imaging, LLC*, Nos. 08-17351JKF, 08-17348JKF, 2009 WL 5083601, at *5 (Bankr. E.D. Pa. Dec. 28, 2009) ("Collateral

5

estoppel prevents subsequent litigation of an issue of fact or law that has been determined and resolved in a prior court proceeding.").

Collateral estoppel has four essential elements: that "'(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action.'" *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (quoting *Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 209 (3d Cir. 2001)). Collateral estoppel can be applied even if the parties in the two actions are not identical. Indeed, "a litigant may also be estopped from advancing a position that he or she has presented and lost in a prior proceeding against a different adversary." *Peloro v. United States*, 488 F.3d 163, 174-75 (3d Cir. 2007); *see also Walsh v. Quinn*, No. 09-3411, 2009 WL 5103544, at *1 (3d Cir. Dec. 29, 2009); *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324 (1971); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 328 (1979).

Collateral estoppel protects against "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979); *Nationwide*, 571 F.3d at 310.

It is unquestionable that in this case Defendants are collaterally estopped from contesting that Blatt's guilty plea and the Superseding Information are related, and in fact based-upon, the Superseding Indictment's VCO allegations, pursuant to the Court's August 2009 decision in the insurance coverage litigation. All of the elements are satisfied here.

First, the identical issue was adjudicated in the insurance litigation. Blatt and Herley argued that the Superseding Indictment bore no relation to the charges in the Superseding

6

Information to which Blatt pleaded guilty, and therefore Federal was responsible for insurance coverage. *Herley*, 2009 WL 2596072, at *8. The Court, in granting summary judgment to Federal, rejected Blatt's and Herley's arguments, and held not only that the Superseding Information and Indictment were "unquestionably related," but also held that certain of the Superseding Indictment's allegations provided the factual basis for Blatt's plea agreement. *See id.* at 9 (discussing allegations in Superseding Indictment regarding $18,000 VCO payment and noting: "The plea agreement provided greater detail regarding Blatt's willful failure to keep a record. During his plea colloquy, Blatt admitted this factual basis to the plea agreement was true, and he pleaded guilty to the Superseding Information."); *compare* Gardner Decl. Ex. 1, Superseding Indictment at 12, ¶ 42, *with* Gardner Decl. Ex. 2, Tr. Guilty Plea/Sentencing Hr'g, at 12-13.

Second, the issue was actually litigated. Defendants had the opportunity to and did fully brief and argue this issue in its motions related to summary judgment and the Court made a final determination on the issue. *See* Mem. of Law In Supp. of Pl.'s Mot. for Summ. J., at 15-20, *Herley Indus., Inc. v. Fed. Ins. Cos.* No. 08-5377 (E.D. Pa.) (Docket Entry No. 19); Mem. of Law in Opp'n to Defs.' Mot. for Summ. J., at 2-4, *id.* (Docket Entry No. 21); Reply Mem. of Law in Supp. of Herley Indus. Inc.'s Mot. for Summ. J., at 4, 10-11, *id.* (Docket Entry No. 23); *Herley*, 2009 WL 2596072, at *9.

Third, the determination in the insurance coverage action was necessary to the decision. The decision in the insurance coverage action hinged upon a determination of whether Blatt's guilty plea and the Superseding Information related to the Superseding Indictment. The issue was essential in concluding whether or not Herely was entitled to coverage under the Federal insurance policy. In fact, Defendants spent several pages arguing this issue in its briefs on

7

summary judgment.  *See* Mem. of Law In Supp. of Pl.'s Mot. for Summ. J., at 15-20, *Herley Indus., Inc. v. Fed. Ins. Cos.* No. 08-5377 (E.D. Pa.) (Docket Entry No. 19); Mem. of Law in Opp'n to Def.'s Mot. for Summ. J., at 2-4, *id.* (Docket Entry No. 21); Reply Mem. of Law in Supp. of Herley Indus. Inc.'s Mot. for Summ. J., at 4, 10-11, *id.* (Docket Entry No. 23); *see also Jean Alexander Cosmetics*, 458 F.3d at 250 ("Because litigants are likely to view an issue that is necessary to the resolution of a case as important and litigate it vigorously, it is fair to give such a determination preclusive effect.").

Fourth and finally, Blatt and Herley -- the parties being precluded from relitigating the issue -- were fully represented in the prior action.  There is no disputing that this fourth and final element is satisfied.  The Defendants in this action are the exact same parties as in the insurance coverage litigation.

Thus, all four elements are satisfied and the Defendants should be precluded from contesting that Blatt's guilty plea and the Superseding Information "directly relate" to the Superseding Indictment, and that the factual basis for Blatt's guilty plea was based on certain of the Superseding Indictment's VCO allegations.

**IV.   CONCLUSION**

For the forgoing reasons Defendants should be precluded from contesting that the Superseding Information to which Blatt pleaded guilty "directly relates" to the Superseding Indictment, and that the factual basis for Blatt's guilty plea was based on certain of the Superseding Indictment's VCO allegations.

Dated: April 7, 2010                                   Respectfully submitted,

By:     /s/ Jonathan Gardner
Jonathan Gardner (*pro hac vice*)
Christopher Keller (*pro hac vice*)
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

Ira M. Press (*pro hac vice*)
Andrew M. McNeela (*pro hac vice*)
Sarah G. Lopez (*pro hac vice*)
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540

*Co-Lead Counsel for Lead Plaintiff
  and the Class*

Stanley P. Kops (SPK 6328)
LAW OFFICE OF STANLEY P. KOPS
102 Bala Avenue
Bala Cynwyd, Pennsylvania 19004
Telephone: (610) 949-9999
Facsimile: (610) 949-9773

*Plaintiffs' Liaison Counsel*