UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE HERLEY INDUSTRIES INC.
SECURITIES LITIGATION

No. 06-CV-2596 (JRS)

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE NO. 5: TO EXCLUDE EVIDENCE,
ARGUMENT, OR STATEMENTS RELATED TO THE EXISTENCE OF THE
SHAREHOLDER DERIVATIVE SUIT AGAINST HERLEY AND
ITS BOARD OF DIRECTORS**

**KIRBY McINERNEY LLP**
Ira M. Press (*pro hac vice*)
Andrew M. McNeela (*pro hac vice*)
Sarah G. Lopez (*pro hac vice*)
825 Third Avenue, 16th Floor
New York, NY 10022
Tel: (212) 371-6600

**LABATON SUCHAROW LLP**
Christopher Keller (*pro hac vice*)
Jonathan Gardner (*pro hac vice*)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Co-Lead Counsel for Lead Plaintiff and the
Class*

*[Additional Counsel Listed on Signature
Page]*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT - DEFENDANTS' MOTION SHOULD BE DENIED TO THE EXTENT IT
      SEEKS TO PRECLUDE PLAINTIFFS FROM REFERENCING THE DERIVATIVE
      ACTION IN ORDER INTRODUCE PARTY ADMISSIONS OR OTHER ADMISSIBLE
      EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    Legal Standard Regarding Admissibility . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.    Relevant Trial Testimony From Herley Affiliated Witnesses in the Derivative
          Action Are Party Admissions and Plaintiffs Are Free to Reference the Derivative
          Action as a Predicate to Introducing Such Testimony . . . . . . . . . . . . . . . . . . . . . . 3

    C.    Statements Made By Herley's Counsel During the Course of the Derivative
          Action are Party Admissions and Plaintiffs Are Free to Reference the Derivative
          Action as a Predicate to Introducing Such Testimony . . . . . . . . . . . . . . . . . . . . . . 5

    D.    Any Purported Prejudice Arising From Reference to the Derivative Action in
          Laying the Foundation for Admissible Evidence Is an Insufficient Basis for
          Excluding Such Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    E.    The Court Should Deny Defendants' Motion to the Extent it Seeks to Preclude
          Plaintiffs From Relying on Deposition Testimony Taken by Derivative Counsel
          . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

*Cases*

*AMC Tech., LLC v. SAP AG,*
No. 05 Civ. 4708, 2005 WL 3008894 (E.D. Pa. Nov. 3, 2005) . . . . . . . . . . . . . . . . . . . . . 5

*Gibson v. Mayor of Wilmington,*
355 F.3d 215 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Mangual v. Prudential Lines, Inc.,*
53 F.R.D. 301 (E.D. Pa. 1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*See Structural Polymer Group, Ltd. v. Zoltek Corp.,*
543 F.3d 987 (8th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*U.S. v. Cross,*
308 F.3d 308 (3d Cir.2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*U.S. v. Elkins,*
885 F.2d 775 (11th Cir.1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*U.S. v. Tinoco,*
304 F.3d 1088 (11th Cir.2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*U.S. v. Universal Rehabilitation Serv. (PA), Inc.,*
205 F.3d 657 (3d Cir.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*U.S. v. Weicksel,*
No. 02-Crim.-495-02, 2006 WL 401844 (E.D.Pa., Feb. 17, 2006) . . . . . . . . . . . . . . . . 6

*United States v. McKeon,*
738 F.2d 26 (2d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Nacrelli,*
468 F. Supp. 241 (E.D. Pa. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Ograd,*
132 F. Supp. 2d 107 (E.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

***Federal Rules***

Fed. R. 401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Evid. 402 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Evid. 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed. R. Evid. 613(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Fed. R. Evid. 801(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Evid. 801(d)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-5

Fed. R. Evid. 801(d)(2)(D) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## PRELIMINARY STATEMENT

Lead Plaintiff in the above-captioned securities fraud class action respectfully submits this memorandum of law in opposition to Defendants' Motion In Limine No. 5: To Exclude Evidence, Argument, or Statements Related to the Existence of the Shareholder Derivative Suit ("Derivative Action") Against Herley Industries, Inc. ("Herley") and its Board of Directors.

In their motion, Defendants argue that evidence or statements regarding the mere existence of the Derivative Action would be improper because it would be offered for no purpose other than to tar the Defendants as "bad actors."  Defendants' hyperbole aside, Plaintiffs have no intention of gratuitously referencing the Derivative Action, its allegations or outcome, during the trial of this matter.  However, as discussed below, there likely will be instances during the trial of this matter in which it would be wholly proper for Plaintiffs to reference the Derivative action, and Defendants' motion should be denied to the extent it seeks to preclude such references.

Specifically, statements made by the derivative defendants' attorneys - who are also representing parties in this litigation - during the course of the Derivative litigation (including statements made to date during oral argument on the parties' motions) are party admissions, and if relevant, are admissible.  Similarly, statements made by Herley's directors, officers and employees during the trial of the Derivative Action are also party admissions and, if relevant, are admissible. In order to introduce such evidence at trial in the Securities Action, Plaintiffs would have to identify the source of the statements, which would necessarily require reference to the Derivative Action.

Additionally, because, as Defendants admit, there is "overlap with the facts" between the Derivative and the Securities Actions, plaintiffs' counsel in both actions, as a courtesy to Defendants,

jointly conducted their depositions of all fact witnesses.[1]   As a further courtesy to Defendants,

counsel for the securities plaintiffs did not needlessly repeat questions posed by counsel for the

derivative plaintiffs, and *vice-versa*, but instead relied on each others questioning.   While Plaintiffs'

introduction of or use at cross-examination material of deposition testimony taken by counsel for the

derivative plaintiffs will likely not require reference to the Derivative Action itself, Plaintiffs raise

the issue to ensure that any Order issued in connection with the instant *in limine* motion will not bar

the introduction or use of such deposition testimony at trial.

## ARGUMENT

## DEFENDANTS' MOTION SHOULD BE DENIED TO THE EXTENT IT SEEKS TO PRECLUDE PLAINTIFFS FROM REFERENCING THE DERIVATIVE ACTION IN ORDER INTRODUCE PARTY ADMISSIONS OR OTHER ADMISSIBLE EVIDENCE

### A.     Legal Standard Regarding Admissibility

Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any

tendency to make the existence of any fact that is of consequence to the determination of the action

more or less probable that it would be without the evidence."   Fed. R. 401.   Rule 402 provides that

"[a]ll relevant evidence is admissible" unless it falls into an exception and "[e]vidence which is not

relevant is not admissible."   Fed. R. Evid. 402.   Courts have routinely held that "[t]he definition of

relevant evidence is very broad," and "Rule 401 does not raise a high standard."   *Gibson v. Mayor*

*of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004) (internal marks omitted).

---

[1] As the Court is well aware, the claims in both cases are based in large part on the misconduct that gave rise to the June 2006 indictment of Herley and Blatt and the suspension of Herley,

2

**B.      Relevant Trial Testimony From Herley Affiliated Witnesses in the Derivative Action Are Party Admissions and Plaintiffs Are Free to Reference the Derivative Action as a Predicate to Introducing Such Testimony**

Defendants do not and cannot dispute that several of Herley's directors, officers and employees are common witnesses to both the Derivative and Securities Actions.  Nor do Defendants dispute that there is factual overlap between the two actions.  *See* Defendants' Brief in Support of Motion *In Limine* No.5 ("Def. *In Limine* Br.") at 1 ("the underlying facts of this case have some overlap with the facts alleged by Plaintiffs in the Derivative action).  For example, Herley's interactions with the United States Attorney's Office and the Navy in light of Herley's indictment and suspension are central to both cases.

In light of this overlap of witnesses and factual circumstances, it is high likely that witnesses affiliated with Herley will give testimony in the Derivative Action regarding matters relevant to the Securities Action.  Such evidence would be admissible in the Securities Action under either Fed. R. Evid. 801(d)(2) (party admissions) or Fed. R. Evid. 801(d)(1) and 613(b) (prior inconsistent statements of witnesses).  In introducing such testimony in the Securities Action, Plaintiffs will necessarily be required to identify the source of the witnesses' prior testimony, which will require reference to both the existence of the Derivative Action and the witnesses involvement therein.

Indeed, when laying the foundation for admitting prior testimony as a party admission under Fed. R. Evid. 801(d)(2), the entire context in which the statement is made constitutes relevant information that appropriately should be provided to the jury.  Federal Rule of Evidence 801(d) (2) states:

> Admission by party-opponent.  The statement is offered against a party and is (A) the part's own statement, in individual capacity or (B) a statement of which the party has manifested an adoption or

3

> belief in its truth, or (C) a statement by a person authorized by the
> party to make a statement concerning the subject, or (D) a statement
> by the party's agent or servant concerning a matter within the scope
> of the agency or employment, made during the existence of the
> relationship, (E) a statement by a coconspirator of a party during the
> course and in the furtherance of the conspiracy. The contents of the
> statement shall be considered but are not alone sufficient to establish
> the declarant's authority under subdivision (C), the agency or
> employment relationship and scope thereof under subdivision (D), or
> the existence of the conspiracy and the participation therein of the
> declarant and the party against who the statement is offered under
> subdivision (E).

To the extent Plaintiffs seek to admit the testimony of Herley affiliated witnesses as party admissions under 801(d)(2), Plaintiff will need to reference the context in which the witness made the statement in order to lay a proper foundation.

Similarly, to the extent Plaintiffs seek to introduce the testimony of witnesses common to both actions that do not qualify as party admissions, Federal Rule of Evidence 613(b) would likely require Plaintiffs to identify the source of the testimony in laying the requisite foundation. *See* Fed. R. Evid. 613(b); *see also United States v. Nacrelli*, 468 F. Supp. 241, 253-254 (E.D. Pa. 1979) (proper foundation requires that the witness must be asked the time and place the statement was made), *aff'd* 614 F.2d 771 (3d Cir. 1980).

As a consequence, Defendants' motion *in limine* should be denied to the extent it would prohibit Plaintiffs from referring to or submitting relevant evidence originating in the Derivative Action or preclude Plaintiffs from referencing such action as a predicate to the evidence's admissibility.

**C.**     **Statements Made By Herley's Counsel During the Course of the Derivative Action are Party Admissions and Plaintiffs Are Free to Reference the Derivative Action as a Predicate to Introducing Such Testimony**

Statements made by Herley's or the derivative defendants' counsel during the course of the Derivative action, including statements made to date during oral argument on the parties' motions, are party admissions and are admissible if relevant.  *See Structural Polymer Group, Ltd. v. Zoltek Corp.,* 543 F.3d 987, 996 (8th Cir. 2008) (noting that "[a] statement by a party's attorney can be admissible as an admission by a party opponent if it is relevant" and holding district court properly admitted statement made by defendants' attorney at a preliminary injunction hearing); *United States v. McKeon,* 738 F.2d 26, 27-34 (2d Cir. 1984) (defense lawyer's opening statement in prior trial admissible in subsequent trial); *United States v. Ograd*, 132 F. Supp. 2d 107, 122 n.9 (E.D.N.Y. 2001) ("An attorney's statements are admissible as party admissions under Federal Rule of Evidence 801(d)(2) if the attorney is shown to be the party's agent with regard to the making of the statement."); *AMC Tech., LLC v. SAP AG*, No. 05 Civ. 4708, 2005 WL 3008894, at *11 n.17 (E.D. Pa. Nov. 3, 2005) ("Admissions by attorneys are admissible against their clients, where the attorney acted within the scope of his authority.") (citing Fed. R. Evid. 801(d)(2)(D); *Mangual v. Prudential Lines, Inc.*, 53 F.R.D. 301, 302 (E.D. Pa. 1971) ("It is clear that the statements of an agent acting within the scope of their [sic] employment are admissible and bind the employer.  Moreover, admissions by attorneys are admissible against their clients, where the attorney acted within the scope of his authority.").

In order to introduce such statements as party admissions, Plaintiffs will have to demonstrate that Herley's attorney's were authorized to make the statement at issue, which will require reference to the fact that the statements at issue were made by counsel during the course of representing Herley

5

in the Derivative Action.   As a consequence, Defendants' motion *in limine* should in no way

preclude Plaintiffs from referencing such action as a predicate to such statement's admissibility.

**D.      Any Purported Prejudice Arising From Reference to the Derivative Action in Laying the Foundation for Admissible Evidence Is an Insufficient Basis for Excluding Such Evidence**

Federal Rule of Evidence 403 provides that "evidence may be excluded if its probative value

is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative

evidence." "'Rule 403 is an extraordinary remedy which the district court should invoke sparingly,'

and '[t]he balance ... should be struck in favor of admissibility.'" *U.S. v. Tinoco*, 304 F.3d 1088,

1120 (11th Cir.2002) (quoting *U.S. v. Elkins*, 885 F.2d 775, 784 (11th Cir.1989)).   In fact, Federal

Rule of Evidence 403 creates a presumption of admissibility. *U.S. v. Cross*,  308 F.3d 308, 323 (3d

Cir.2002) citing *U.S. v. Universal Rehabilitation Serv. (PA), Inc.,* 205 F.3d 657, 664 (3d Cir.2000).

"In reviewing issues under Rule 403, [the Court] look[s]at the evidence in a light most favorable to

its admission, maximizing its probative value and minimizing its undue prejudicial impact.'" *Tinoco*,

304 F.3d at 1120  (quoting *Elkins*, 885 F.2d at 784).   Moreover:

> Evidence cannot be excluded under Rule 403 merely because its unfairly prejudicial effect is greater than its probative value. Rather, evidence can be kept out only if its unfairly prejudicial effect "substantially outweigh[s]" its probative value. Fed.R.Evid. 403. As one example, when evidence is highly probative, even a large risk of unfair prejudice may be tolerable.

*Cross*,  308 F.3d at 323.   *See U.S. v. Weicksel,* No. 02-Crim.-495-02, 2006 WL 401844 at *2

(E.D.Pa., Feb. 17, 2006) ("Courts interpreting and applying Rule 403 have generally operated under

a presumption of admissibility that is overcome infrequently.").

6

Any claim by Defendants that the mere mention of the existence of the Derivative Action in the limited instances identified above would result in undue prejudice or confuse the jury fails to pass muster under Federal Rule of Evidence 403.  In any event, any potential confusion is easily remedied by a short explanatory instruction from the Court regarding the existence and nature of the Derivative Action.

**E.      The Court Should Deny Defendants' Motion to the Extent it Seeks to Preclude Plaintiffs From Relying on Deposition Testimony Taken by Derivative Counsel**

Finally, Defendants' *in limine* motion should be denied to the extent it seeks to preclude Plaintiffs from introducing deposition testimony elicited by counsel for Plaintiffs in the Derivative action.  As noted above, due to the commonality of a large number of witnesses and as an accommodation to Defendants, all depositions of fact witnesses were jointly noticed and conducted by plaintiffs' counsel in the Derivative and Securities Actions.  Indeed, all such deposition bear the caption for each case.  As an additional accommodation to Defendants, plaintiffs' counsel in each action did not repeat questions asked by the other, but rather relied on each others questioning where appropriate.  Although, the admission of deposition testimony elicited by counsel for plaintiffs in the Derivative action is not likely to require reference to the existence of the Derivative action, Defendants' motion should not be granted to the extent it would impede in any way the admission of such evidence or the use of these transcripts during the examination of these witnesses.

7

## CONCLUSION

For the foregoing reasons, Defendants' motion to exclude evidence, argument, or statements related to the existence of the Derivative Action against Herley and its Board of Directors should be denied.

Dated: April 21, 2009
New York, New York

Respectfully submitted

By:   /s/ Ira M. Press
 Ira M. Press (*pro hac vice*)
Andrew M. McNeela (*pro hac vice*)
Sarah G. Lopez (*pro hac vice*)
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY  10022
Telephone:   (212) 371-6600
Facsimile: (212) 751-2540


Christopher Keller (*pro hac vice*)
Jonathan Gardner (*pro hac vice*)
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Co-Lead Counsel for Lead Plaintiff and the Class*

Stanley P. Kops (SPK 6328)
LAW OFFICE OF STANLEY P. KOPS
102 Bala Avenue
Bala Cynwyd, PA19004
(610) 949-9999

*Plaintiffs' Liaison Counsel*