UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE HERLEY INDUSTRIES INC. SECURITIES LITIGATION | CIVIL ACTION<br><br>No. 06-2596 (JRS)<br><br><u>CLASS ACTION</u> |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION *IN LIMINE* NO. 4: TO PRECLUDE PLAINTIFF FROM INTRODUCING
<u>EVIDENCE OR ARGUMENT REGARDING AGGREGATE DAMAGES</u>**

Stanley P. Kops (SPK 6328)
LAW OFFICE OF STANLEY P. KOPS
102 Bala Avenue
Bala Cynwyd, PA  19004
Telephone:  (610) 949-9999
Facsimile:   (610) 949-9773

*Plaintiffs' Liaison Counsel*

Ira M. Press (*pro hac vice*)
Andrew M. McNeela (*pro hac vice*)
Sarah G. Lopez (*pro hac vice*)
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY  10022
Telephone:  (212) 371-6600
Facsimile:   (212) 751-2540

Christopher J. Keller (*pro hac vice*)
Jonathan Gardner (*pro hac vice*)
LABATON SUCHAROW LLP
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:    (212) 818-0477

*Co-Lead Counsel for Lead Plaintiff
  and the Class*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

I.     PRELIMINARY STATEMENT ................................................................................. 1

II.    FACTUAL BACKGROUND ...................................................................................... 1

III.   ARGUMENT ............................................................................................................... 2

        A.    Defendants Are Precluded From Challenging Hakala's Expert Report .................. 2

        B.    The PSLRA Does Not Prohibit Evidence of Aggregate Damages .......................... 4

             1.    Courts Have Routinely Held that Evidence of Aggregate Damages Is Admissible ................................................................................................ 4

             2.    Defendants Have Not Shown That The PSLRA Prohibits Aggregate Damages ................................................................................... 6

        C.    Introduction of Aggregate Damages and Use of a Claims System Are Not Mutually Exclusive ................................................................................................ 8

IV.   CONCLUSION ........................................................................................................... 9

## TABLE OF AUTHORITIES

### CASES

*In re ASK Sec. Litig.*,
  No. C-85-2027(A)-WAI, 1992 WL 278386 (N.D. Cal. Aug. 18, 1992) ............................ 5, 7, 8

*Bell v. Fore Sys., Inc.*,
  No. Civ.A. 97-1265, 2002 WL 32097540 (W.D. Pa. Aug. 2, 2002) ................................ 6

*In re Blech Sec. Litig.*,
  No. 94 Civ. 7696(RWS), 2003 WL 1610775 (S.D.N.Y. Mar. 26, 2003) ........................ 4

*In re Broadcom Corp. Sec. Litig.*,
  Nos. SACV01275GJTMLGX, SACV02301GLTANX,
  2005 WL 1403756 (C.D. Cal. Jun. 3, 2005) ................................................................ 7

*Hernandez v. Gen. Motors Corp.*,
  Civil No. C-00-332, 2001 WL 36103819 (S. D. Tex. July 3, 2001) .............................. 3

*Kaufman v. Motorola, Inc.*,
  No. 95 C 1069, 2000 WL 1506892 (N.D. Ill. Sept. 21, 2000) ....................................... 8

*In re Melridge, Inc. Sec. Litig.*,
  837 F. Supp. 1076 (D. Or. 1993) ............................................................................... 4, 5, 7, 8

*In re Oracle Sec. Litig.*,
  829 F. Supp. 1176 (N.D. Cal. 1993) ........................................................................... 3

*In re Oxford Health Plans, Inc., Sec. Litig.*,
  244 F. Supp. 2d 247 (S.D.N.Y. 2003) ......................................................................... 4, 5, 7, 8

*RMed Int'l, Inc. v. Sloan's Supermarkets, Inc.*,
  No. 94 CIV. 5587 PKL RLE, 2000 WL 420548 (S.D.N.Y. Apr. 18, 2000) .................. 3

*Robbins v. Deloitte & Touche, LLP*,
  No. 90-896-CIV-J-10, 1995 WL 17205104 (M.D. Fl. June 28, 1995),
  *rev'd on other grounds by* 116 F.3d 1141 (11th Cir. 1997) ....................................... 5, 7, 8

*Tridle v. Union Pac. R.R. Co.*,
  No. 8:08CV470, 2009 WL 4827480 (D. Neb. Dec. 10, 2009) ..................................... 3

*Vienne v. Am. Honda Motor Co.*,
  No. Civ.A. 99-3716, 2001 WL 83260 (E.D. La. Jan. 26, 2001) ................................... 3

*Webster v. Fulton County, Ga.*,
  GA, 85 F. Supp. 2d 1375 (N.D. Ga. 2000) ................................................................. 3

*In re Worldcom, Inc. Sec. Litig.*,
   No. 02 Civ. 3288 DLC, 2005 WL 375314 (S.D.N.Y. Feb. 17, 2005) ........................................4

## STATUTES

15 U.S.C. §78u-4(e) ...............................................................................................................4

Pub. L. 104-67, 109 Stat. 73 ..................................................................................................1

## OTHER AUTHORITIES

Tiffany Allen, *Anticipating Claims Filing Rates in Class Action Settlements*,
   Class Action Perspectives, Vol. III, Issue 2, Nov. 2008 .............................................................3

I.      **PRELIMINARY STATEMENT**

Lead Plaintiff in the above-captioned securities fraud class action respectfully submits this memorandum of law in opposition to Defendants' Motion *In Limine* No. 4: to Preclude Plaintiff From Introducing Evidence or Argument Regarding Aggregate Damages. As set forth below, Defendants[1] have not and cannot demonstrate that evidence of aggregate damages is improper or irrelevant. Defendants rely on only one case, which has not been followed by other courts and is not binding on this court, to unconvincingly argue that the Private Securities Litigation Reform Act ("PSLRA"), Pub. L. 104-67, 109 Stat. 737, prohibits evidence of aggregate damages. On the contrary, the vast majority of courts have ruled that the evidence of aggregate damages is admissible, useful and consistent with the PSLRA. Even the cases cited by Defendants recognize this fact. Defendants also argue that expert evidence of aggregate damages is merely an estimate and therefore inaccurate. However, Defendants had ample time and opportunity to object to Plaintiff's expert report on aggregate damages during the Court ordered time period for filing *Daubert* motions, but they failed to do so and the time for it has passed. They should not now be permitted to disguise such an argument in this motion in limine. Ultimately, Defendants' motion must fail because the PSLRA simply does not prohibit evidence of aggregate damages.

II.     **FACTUAL BACKGROUND**

Plaintiff's expert Scott D. Hakala ("Hakala") issued an expert report in this action in which he offers an opinion about the amount of damages attributable to each share of Herley's stock during the class period and the aggregate damages suffered by the entire class during the class period. Hakala opines that each share of Herley stock was inflated by $5.98 during the

class period and that the class as a whole suffered $80.7 million.  *See* Expert Report of Scott D. Hakala ("Hakala Report") at ¶82 (attached hereto as Exhibit 1 to the Declaration of Jonathan Gardner, hereinafter the "Gardner Decl.").  Defendants also submitted an expert report on damages.  Defendants' expert, Patrick Conroy ("Conroy"), opined that the class suffered aggregate damages of $63.2 million, just a $17.5 million difference from Hakala's calculation. *See* Expert Report of Patrick Conroy ("Conroy Report"), at ¶47 (attached hereto as Exhibit 2 to the Gardner Decl.).

Hakala's expert report was provided to Defendants on July 1, 2009.  Per the Court's Order dated September 17, 2009 (Docket Entry No. 146) Defendants had until October 30, 2009 to move with respect to Hakala's report.  Indeed, Plaintiff filed two motions challenging Defendants' experts and the Defendants filed a motion to exclude the testimony of another of Plaintiff's experts.  However, the Court's deadline for such motions has passed and Defendants did not challenge Hakala's expert report on damages.

## III.     ARGUMENT

### A.     Defendants Are Precluded From Challenging Hakala's Expert Report

Defendants insinuate in their motion that Hakala's report is speculative, inaccurate and unreliable.  Defendants did not, however, file a *Daubert* challenging the reliability of Hakala's expert report or seeking to exclude Hakala's testimony when they had an opportunity to do so. Hakala's report was served on Defendants on July 1, 2009.  Defendants had until October 30, 2009, a full four months, to file a motion challenging his report.  *See* Docket Entry No. 146.  The fact that they did not file such a motion precludes them from filing one now.  Further, Conroy's

---

*(…continued)*

[1] Defendants are Herley Industries, Inc. ("Herley"), Lee Blatt, Myron Levy, Anello C. Garafino, Thomas V. Gilboy, and John M. Kelly (collectively "Defendants").

expert report, filed in rebuttal to Hakala's report, did not attack Hakala's methodology or model for determining aggregate damages.  Conroy conducted his own event study and applied his own model, but still came up with an aggregate damages figure which was only $17.5 million less than Hakala's.  *See* Conroy Report, Ex. 2 at ¶¶ 46-47.

Defendants should not now be permitted to challenge the reliability, validity or admissibility of Hakala's expert opinions since they failed to do so when they had the chance. *Hernandez v. Gen. Motors Corp.*, Civil No. C-00-332, 2001 WL 36103819, at * 1 (S.D. Tex. July 3, 2001) (challenge to expert denied because "[c]hallenges to expert testimony may be waived for failure to adhere to deadlines"); *Vienne v. Am. Honda Motor Co.*, No. Civ.A. 99-3716, 2001 WL 83260, at *2 (E.D. La. Jan. 26, 2001) (*Daubert* motion denied as untimely because it missed the court ordered deadline); *Tridle v. Union Pacific R.R. Co.*, No. 8:08CV470, 2009 WL 4827480, at *3 n.1 (D. Neb. Dec. 10, 2009) (denying motion challenging admissibility of expert testimony because the court ordered timeframe expired); *Webster v. Fulton County, Ga.*, 85 F. Supp. 2d 1375, 1377 (N.D. Ga. 2000) (same).  The proper method to now bring up any concerns regarding the accuracy of Hakala's opinion is by cross-examination at trial, which Defendants will have their opportunity to do.  *See RMed Int'l, Inc. v. Sloan's Supermarkets, Inc.*, No. 94 CIV. 5587 PKL RLE, 2000 WL 420548, at *2 (S.D.N.Y. Apr. 18, 2000) ("to the extent defendants' concerns about [the expert's aggregate damages] analysis are valid, they go to the weight and credibility of her testimony, not its admissibility.") (internal citations omitted); *see also In re Oracle Sec. Litig.*, 829 F. Supp. 1176, 1182 (N.D. Cal. 1993).[2]

---

[2] Defendants imply that utilization of a claims system in lieu of evidence of aggregate damages is a more accurate means of determining the full scope of damages since aggregate damages models are educated estimates based on an economic model as opposed to an actual comprehensive counting of every damaged share. (Def. Br. at 2, 6).  However, claims systems will also not provide a completely accurate picture of the true number of damaged shares.  Indeed, one cannot expect a 100 percent, nor anywhere close to it, response rate for filed claims.  Indeed, in
*(continued…)*

3

### B.     The PSLRA Does Not Prohibit Evidence of Aggregate Damages

#### 1.     Courts Have Routinely Held that Evidence of Aggregate Damages Is Admissible

Contrary to the Defendants' contention, the PSLRA does not prohibit proof of aggregate damages. Defendants point to the limitation on damages provision of the statute, 15 U.S.C. §78u-4(e), however, nowhere in the text of that provision is there a prohibition on aggregate damages. The Limitation on Damages provision of the PSLRA states:

> Except as provided in paragraph (2), in any private action arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market.

15 U.S.C. §78u-4(e).

This provision merely explains how damages should be determined for each individual class member once a judgment or settlement has been reached. In fact, it is well established by case law that evidence of aggregate damages is consistent with the PSLRA and is admissible. *See In re Worldcom, Inc. Sec. Litig.*, No. 02 Civ. 3288 DLC, 2005 WL 375314, at *7-8 (S.D.N.Y Feb. 17, 2005) ("[a]ggregate damages awards are a 'standard practice' in securities cases") (internal citations omitted); *In re Oxford Health Plans, Inc.*, *Sec. Litig.*, 244 F. Supp. 2d 247, 250 (S.D.N.Y. 2003) ("[b]efore and after the enactment of the PSLRA, absent class members in securities fraud cases have been awarded a common fund of damages computed by the trier of

---

*(…continued)*
a typical securities class action one can expect well below 50 percent of actual claims to be filed in the claims process. Tiffany Allen, *Anticipating Claims Filing Rates in Class Action Settlements*, Class Action Perspectives, Vol. III, Issue 2, Nov. 2008, at 2 ("a typical securities settlement may include between 20 and 35 percent of class members having filed claims") (attached hereto as Ex. 3 to the Gardner Decl.).

4

fact, based usually on expert testimony"); *In re Blech Sec. Litig.*, No. 94 Civ. 7696(RWS), 2003 WL 1610775, at *26 (S.D.N.Y. Mar. 26, 2003) ("[i]t is common practice to award an aggregate verdict for the class as a whole"); *In re Melridge, Inc. Sec. Litig.*, 837 F. Supp. 1076, 1079-80 (D. Or. 1993) (upholding jury verdict awarding aggregate damages); *In re ASK Sec. Litig.*, No. C-85-2027(A)-WAI, 1992 WL 278386, at *1 (N.D. Cal. Aug. 18, 1992) (denying defendant's motion to preclude aggregate damages); *Robbins v. Deloitte & Touche, LLP*, No. 90-896-CIV-J-10, 1995 WL 17205104, at *1 (M.D. Fla. June 28, 1995), *rev'd on other grounds by* 116 F.3d 1141 (11th Cir. 1997) (finding an aggregate damages amount in an order directing final judgment).

Not only are aggregate damages admissible, but courts have found them to be helpful to the litigation and administration of the case. *See, e.g. Oxford*, 244 F. Supp. 2d at 251 (some of the practical reasons for allowing aggregate damages include "the need for a final judgment for appellate review, which eventuates from the jury's verdict, as well as the fact that the common fund may be a source for funding the litigation expenses of the class representatives and the administration of the claims process"); *see also Melridge*, 837 F. Supp. at 1080 ("[t]he entry of judgment for a sum certain is supported by the verdict of the jury and will allow the setting of an adequate bond on appeal").

Furthermore, there is no risk that any class member will be overcompensated because there will still be a claims process employed to ensure that absent class members will not be compensated any more than they were injured. As required by the PSLRA, each class member's recovery will be ascertained by determining the difference between the purchase price and the true value of the security, equal to the price at which it would have sold absent the fraudulent misrepresentations or omission of material fact. This is a standard procedure: having the jury

5

determine aggregate damages and then, after the jury verdict, proceeding to a claims process to determine the individual damages awards. *See, e.g., ASK*, 1992 WL 278386, at *1; *Robbins*, 1998 WL 17205104, at *1; *Melridge*, 837 F. Supp. at 1080. Moreover, the concerns of overcompensation are misplaced because the issue is taken into account in Hakala's aggregate damages calculation. Specifically, Hakala notes that in determining his per share damages analysis, which he then multiplies by his calculated number of damaged shares to reach the amount of aggregate damages, he took into account the ninety-day lookback period required by the PSLRA. *See* Ex. 1 at ¶60. Because the claims process will be in place and no class member will recover more than he or she was damaged, introduction of evidence regarding aggregate damages is completely consistent with the PSLRA and its provisions on damages.[3]

### 2. Defendants Have Not Shown That The PSLRA Prohibits Aggregate Damages

Defendants' sole authority for their argument that the PSLRA prohibits evidence of aggregate damages is a case that is not binding on this Court, has not been followed by any other court and had no precedent to support its holding. *Bell v. Fore Sys., Inc.*, No. Civ.A. 97-1265, 2002 WL 32097540 (W.D. Pa. Aug. 2, 2002). In fact, the *Bell* court itself noted that its order precluding aggregate damages "involves interpretation of a statutory provision on which there is no prior case law." *Id.* at *6. The court continued while certifying its opinion for interlocutory appeal, "[o]ur interpretation of the statute is at odds with current litigation practices…[t]he Limitation on Damages in the PSLRA is susceptible to more than one practical application…[a]ccordingly, we find there is substantial ground for differences of opinion." *Id.*

---

[3] Defendants do not argue that they will be prejudiced by the introduction of evidence regarding aggregate damages. This is because they will not be prejudiced and cannot make a credible argument that that they will be. However, to the extent that the possibility of prejudice is a concern, Plaintiff has fully addressed and allayed that concern in its Memorandum of Law in Opposition to Defendant's Motion to Bifurcate the Trial (at §III.A.1).

6

The court in *Bell* found that because the PSLRA prohibits any person from recovering more than his or her actual damages and because the text of the statute limiting damages uses the word "plaintiff" in the singular, that the PSLRA prohibits use of aggregate damages. *Id.* at *3. However, not only does *Bell* fail to rely on any precedent in reaching its decision, its ruling has not been followed by other courts. In *Oxford*, the court discounted *Bell* stating that "we should hesitate to cast aside years of prior practice experience with class litigation, stampeded by a single district court decision." 244 F. Supp. 2d at 250. Even one of the cases Defendants cited for another proposition recognized that the PSLRA does not prohibit evidence of aggregate damages. *In re Broadcom Corp. Sec. Litig.*, Nos. SACV01275GJTMLGX, SACV02301GLTANX, 2005 WL 1403756, at *2 (C.D. Cal. Jun. 3, 2005) ("After review of the PSLRA, the Court concludes the statute neither requires nor prohibits proof of aggregate damages…[p]roof by the aggregate approach is the traditional method so it is usable in a PSLRA case") (internal citations omitted).

Specifically, the *Oxford Health Plans* court found that the use of a trading model traditionally used to determine total damages of absent class members was not inconsistent, as *Bell* concluded, with the limitation on damages in the PSLRA. *Oxford*, 244 F. Supp. 2d at 250. The *Oxford Health Plans* court took particular issue with the *Bell* court's interpretation of the word "plaintiff" in the text of the relevant provision of the PSLRA to mean "each person who would be part of the class." *Id.* at 251. The court explained, "[t]here is no basis to do this. A 'plaintiff' is a party to the lawsuit. Absent class members whose interests are represented by a Plaintiff are not parties to the lawsuit. Congress when it uses terms of art such as 'plaintiff' should be deemed to denote exactly that, and not non-party class members." *Id.* Furthermore, there is no risk that a class member will be overcompensated because "[u]nder prior law and

7

now, no class member will recover any more than the difference between the price paid and the security's true value." *Id.* at 252; *see also ASK*, 1992 WL 278386, at *1; *Robbins*, 1998 WL 17205104, at *1; *Melridge*, 837 F. Supp. at 1080.

### C. Introduction of Aggregate Damages and Use of a Claims System Are Not Mutually Exclusive

Defendants suggest that the Court should utilize a claims system in which individual class members submit a proof of claim to determine their recovery based upon their trading history in lieu of introducing evidence of aggregate damages. (Def. Br. at 5-6.) The two are not mutually exclusive.

Plaintiff does not oppose the use of the claims system. On the contrary, after a judgment is rendered a claims system will be necessary to determine and administer the claims of each class member. However, it does not follow that the use of a claims system is a replacement for a determination by the jury of aggregate damages nor does it follow that a jury verdict including an aggregate damages award would limit the need or use of a claims process. Indeed, as discussed above, many cases have used both aggregate damages awards and a claims process and explain that an award of aggregate damages can aid the claims administration process. *See, e.g. Oxford*, 244 F. Supp. at 251; *see also ASK*, 1992 WL 278386, at *1 (permitting an award of aggregate damages and utilizing a claims process); *Robbins*, 1998 WL 17205104, at *1 (same); *Melridge*, 837 F. Supp. at 1080 (same).[4]

---

[4] It is noteworthy that neither of the cases Defendants cited in support of their contention that a claims system should substitute for an award of aggregate damages involve situations where aggregate damages were excluded because introduction of them was found to be per se improper or inconsistent with the PSLRA. In both cases, aggregate damages were excluded on *Daubert* grounds and were based on the reliability of the expert testimony in that case. *See Kaufman v. Motorola, Inc.*, No. 95 C 1069, 2000 WL 1506892, at *2 (N.D. Ill. Sept. 21, 2000) ("the proportional trading model does not meet any of the *Daubert* standards"); *Broadcom*, 2005 WL 1403756, at *3 (trading model excluded due to its "*Daubert* shortcomings, and because it is of questionable reliability"). In fact, *Broadcom* notes specifically that the PSLRA does ***not*** prohibit aggregate damages and that its ruling was based on "the unique circumstances of this particular case." *Id.* at *1-2. Defendants made no such *Daubert* motion here.

8

## IV. **CONCLUSION**

For the forgoing reasons Defendants' motion to prohibit Plaintiff from introducing evidence or argument regarding aggregate damages should be denied.

Dated: April 21, 2010                                          Respectfully submitted,

By:     /s/ Jonathan Gardner
Jonathan Gardner (*pro hac vice*)
Christopher Keller (*pro hac vice*)
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

Ira M. Press (*pro hac vice*)
Andrew M. McNeela (*pro hac vice*)
Sarah G. Lopez (*pro hac vice*)
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540

*Co-Lead Counsel for Lead Plaintiff
 and the Class*

Stanley P. Kops (SPK 6328)
LAW OFFICE OF STANLEY P. KOPS
102 Bala Avenue
Bala Cynwyd, Pennsylvania 19004
Telephone: (610) 949-9999
Facsimile: (610) 949-9773

*Plaintiffs' Liaison Counsel*