UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE HERLEY INDUSTRIES INC. SECURITIES LITIGATION | CIVIL ACTION<br><br>No. 06-2596 (JRS)<br><br><u>CLASS ACTION</u> |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 6: TO PROHIBIT PLAINTIFF FROM INTRODUCING <u>EVIDENCE REGARDING THE INDIVIDUAL DEFENDANTS' PERSONAL WEALTH</u>**

Stanley P. Kops (SPK 6328)
LAW OFFICE OF STANLEY P. KOPS
102 Bala Avenue
Bala Cynwyd, PA  19004
Telephone:  (610) 949-9999
Facsimile:  (610) 949-9773

*Plaintiffs' Liaison Counsel*

Ira M. Press (*pro hac vice*)
Andrew M. McNeela (*pro hac vice*)
Sarah G. Lopez (*pro hac vice*)
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY  10022
Telephone:  (212) 371-6600
Facsimile:   (212) 751-2540

Christopher J. Keller (*pro hac vice*)
Jonathan Gardner (*pro hac vice*)
LABATON SUCHAROW LLP
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:   (212) 818-0477

*Co-Lead Counsel for Lead Plaintiff
   and the Class*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

I.   Preliminary Statement.................................................................................................. 1

II.  Argument ..................................................................................................................... 1

    A.   Evidence Related to Blatt's Pay Out Is Admissible and Relevant.......................... 2

    B.   Evidence Relating to Defendants' Scienter Is Relevant and Admissible ............... 3

        1.   Individual Defendants' Insider Sales ............................................................ 4

        2.   Executive Compensation .............................................................................. 6

III. Conclusion ................................................................................................................... 7

# TABLE OF AUTHORITIES

## CASES

*In re Amaranth Natural Gas Commodities Litig.*,
   587 F. Supp.2d 513 (S.D.N.Y. Oct. 6, 2008)..................................................................4

*Barrie v. Intervoice-Brite, Inc.*,
   397 F.3d 249 (5th Cir. 2005).........................................................................................4

*Bower v. Weisman,*
   674 F. Supp. 113 (S.D.N.Y. 1987).................................................................................2

*Burritt v. NutraCea*,
   No. 09-406, 2010 WL 668806 (D. Ariz. Feb. 25, 2010) ................................................6

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997).........................................................................................4

*City of Hialeah Employees' Ret. Sys. v. Toll Bros., Inc.*,
   No. 07-1513, 2008 WL 4058690 (E.D. Pa. Aug. 29, 2008) ..........................................4

*ECEM European Chem. Mktg. B.V. v. Purolite Co*,
   No. 05-3078, 2010 WL 419444 (E.D. Pa. Jan. 29, 2010)..............................................2

*Gibson v. Mayor & Council of City of Wilmington*,
   355 F.3d 215 (3d Cir. 2004)...........................................................................................2

*Hathcock v. Wood*,
   815 So.2d 502 (Ala. 2001) .............................................................................................2

*In re IPO Sec. Litig.*,
   544 F. Supp. 2d 277 (S.D.N.Y. 2008)............................................................................4

*Indiana Elec. Workers' Pension Trust Fund IBEW v. Shaw Group, Inc.*,
   537 F.3d 527 (5th Cir. 2008) .........................................................................................6

*Johnson v. Harrison*,
   404 So.2d 337 (Ala. 1981).............................................................................................2

*Mill Bridge V, Inc. v. Benton*,
   No. 08-2806, 2009 WL 4639641 (E.D. Pa. Dec. 03, 2009)...........................................4

*SEC v. Geon Indus., Inc.*,
   531 F.2d 39 (2d Cir. 1976).............................................................................................2

*In re Suprema Specialties, Inc. Sec. Litig.*,
    438 F.3d 256 (3d Cir. 2006) ...................................................................................................4

*Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*,
    No. 02-3293, 2004 WL 2367740 (N.D. Ill. Oct. 2004) ...........................................................3

*Tellabs, Inc. v. Makar Issues & Rights, Ltd.*,
    551 U.S. 308 (2007).........................................................................................................3, 4, 7

*Zucco Partners, LLC v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009) ...................................................................................................6

**STATUTES AND RULES**

15 U.S.C. § 78u-4(b)(2) ..................................................................................................................3

15 U.S.C. § 78j(b) ...........................................................................................................................1

15 U.S.C. § 78t(a) ...........................................................................................................................1

Fed. R. Evid. 401 ............................................................................................................................1

Fed. R. Evid. 402 ............................................................................................................................2

I.      **Preliminary Statement**

Lead Plaintiff in the above-captioned securities fraud class action respectfully submits this memorandum of law in opposition to Defendants' Motion *In Limine* No 6: to Prohibit Plaintiff From Introducing Evidence Regarding the Individual Defendants' Personal Wealth. The Individual Defendants[1] seek to preclude evidence of their salary, stock options and net worth.  However, as established by Third Circuit law, this type of evidence is probative of both materiality and scienter--elements of Plaintiff's claim under §10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") 15 U.S.C. §§ 78j(b) and 78t(a).  Specifically, the amount paid to Defendant Blatt to secure his termination from the Company, a requirement of the Navy to lift the suspension on Herley, is material, relevant and admissible.  Also, the Individual Defendants' stock trades, which total over $4.7 million, and Defendants Blatt and Levy's executive compensation during the class period are probative of motive.

In addition, to the extent Defendants' expert, Patrick Conroy, is permitted to introduce an alternate theory of damages based on calculating fines, penalties and expenses incurred by Herley[2], the $10 million amount paid to Defendant Blatt to secure his termination from the Company is relevant and admissible as well.

II.     **Argument**

Rule 401 of the Federal Rule of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Rule 402 provides that "[a]ll relevant evidence is admissible" unless it falls into an exception and

---

[1] Individual Defendants are: Lee Blatt ("Blatt"), Myron Levy ("Levy"), Anello C. Garafino ("Garefino"), Thomas V. Gilboy ("Gilboy"), and John M. Kelly ("Kelly") (the "Individual Defendants") and along with Herley Industries Inc. ("Herley" or the "Company") are collectively "Defendants".

[2] Plaintiffs believe that Conroy's damage analysis is improper and have moved to strike portions of the report. *See* Docket No. 165.

"[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Courts have routinely held that "[t]he definition of relevant evidence is very broad," and "Rule 401 does not raise a high standard." *Gibson v. Mayor & Council of City of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004) (quotation omitted); *ECEM European Chem. Mktg. B.V. v. Purolite Co*, No. 05-3078, 2010 WL 419444, at *6 (E.D. Pa. Jan. 29, 2010).

While evidence of a defendant's wealth is ordinarily inadmissible, such evidence may be admitted if it relates to a substantive issue at trial. *See Bower v. Weisman*, 674 F. Supp. 113, 118 (S.D.N.Y. 1987). Indeed, courts have found that evidence concerning a defendant's financial state "may be relevant and admissible when it goes to a material issue in the case." *See Hathcock v. Wood*, 815 So.2d 502, 508 (Ala. 2001); *Johnson v. Harrison*, 404 So.2d 337, 339 (Ala. 1981).

A. **Evidence Related to Blatt's Pay Out Is Admissible and Relevant**

As a condition of the Government's continued relationship with Herley, and in order for the Government lift Herley's suspension, Herley had to fire Blatt. When the Company terminated Blatt, they furnished him with a golden parachute in the amount of $10 million. As discussed more fully in Plaintiffs' Opposition to Defendants' Motion to Exclude Evidence of Subsequent Remedial Changes to Herley's Internal Controls and Procedures, the actions taken by Herley in order to have the Government suspension lifted, constitute evidence of the materiality of Herely's misstatements and omissions to its shareholders. Specifically, the materiality of the misrepresentations to investors is evidenced by the fact that the conduct Herley concealed from investors had disastrous consequences for the Company and resulted in, among other things, the Company taking a $10 million dollar hit to pay off Blatt, and Blatt being fired. This is evidence the jury should be allowed to consider in making its materiality determination. *See SEC v. Geon Indus., Inc*., 531 F.2d 39, 47-48 (2d Cir. 1976) ("not only the probability of an

2

event but also the magnitude of its potential impact on a company's fortunes" are relevant to the issue of materiality).

Moreover, insofar as Defendants invoke the October 2006 Administrative Agreement lifting the Government's suspension of Herley as evidence that the suspension announced in June 2006 was not material or was harmless to investors due to its purportedly brief duration, Plaintiffs must be permitted to rebut that claim by pointing out that lifting the suspension was costly to Herley, including, *inter alia*, the requirement that Herley completely disassociate from Blatt, which resulted in the $10 million pay out.

In addition, Defendants' experts alternative damages report sets forth a measure of damages that adds up the lost or shifted revenue due to the fraud and the costs to the Company. *See* Conroy Report ¶¶ 32-38[3]. Among the costs used to calculate damages by Conroy is the $10 million pay out given to Blatt when he left the Company. Therefore, to the extent the Defendants are allowed to present alternative theories of damages, the amount Herley paid to Blatt in order to fire him so Herley could repair its relationship with the Government is relevant. *See Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*, No. 02-3293, 2004 WL 2367740, at *8 (N.D. Ill. Oct. 2004) (to the extent that Defendant places its financial condition at issue, it may open the door to evidence on the issue).

B.  **Evidence Relating to Defendants' Scienter Is Relevant and Admissible**

Plaintiff is required to prove facts that establish scienter on behalf of the Defendants, 15 U.S.C. § 78u-4(b)(2), in order to establish liability pursuant to its Exchange Act claims. In *Tellabs*, the Supreme Court held that "personal financial gain may weigh heavily in favor of a scienter inference." *Tellabs, Inc. v. Makar Issues & Rights, Ltd.*, 551 U.S. 308, 325 (2007). This

---

[3] Relevant portions of the Expert Report of Patrick Conroy, dated August 14, 2009, are attached to the Declaration of Jonathan Gardner, as Exhibit 1.

3

is because a plaintiff may plead scienter, by among other things, alleging facts that point towards motive to commit fraud. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1422 (3d Cir. 1997). Plaintiff here alleges that Defendants had sufficient motive to commit the alleged fraud, as evidenced by: (1) multiple insider trade with profits totaling over $4.9 million, and (2) Defendants Blatt and Levy's "incentive compensation" was directly tied to Herley's inflated profits and resulted in enormous profits for these Defendants. *See Barrie v. Intervoice-Brite, Inc.*, 397 F.3d 249, 264 (5th Cir. 2005) (considering defendants bonus and stock sale profits collectively with other indicia of scienter). *See also In re Amaranth Natural Gas Commodities Litig.*, 587 F.Supp.2d 513, 529 (S.D.N.Y. Oct. 6, 2008) (explaining that sufficient motive allegations entail concrete benefits resulting from the fraud); *In re IPO Sec. Litig.*, 544 F. Supp. 2d 277, 286 (S.D.N.Y. 2008) (same). Plaintiff should be permitted to present this evidence at trial.

### 1. Individual Defendants' Insider Sales

Insider trading of the Individual Defendants may raise a "powerful and cogent inference of scienter." *City of Hialeah Employees' Ret. Sys. v. Toll Bros., Inc.*, No. 07-1513, 2008 WL 4058690, at *1 (E.D. Pa. Aug. 29, 2008). Multiple courts have determined that "stock-based acquisitions at the time of the alleged misrepresentations support a strong inference of scienter" and should be considered in making a determination as to whether defendants acted with scienter. *Mill Bridge V, Inc. v. Benton*, No. 08-2806, 2009 WL 4639641 (E.D. Pa. Dec. 03, 2009) (citing *In re ATI Techs. Inc. Sec. Litig.*, 216 F.Supp.2d 418, 440 (E.D. Pa. 2002)) (collecting cases); *See also In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 277 (3d Cir. 2006). Even if Defendants' insider trades, alone, are not sufficient to establish scienter, these trades should be considered by the jury in the "total mix" of facts that Tellabs dictates should be considered. *See Tellabs*, 551 U.S. at 314.

The Individual Defendants received more than $4.79 million from their aggregate sales of more than 270,000 Herley shares during the Class Period, as detailed in the table below:

|  | Date | Share | Price | Proceeds |
|---|---|---|---|---|
| **Blatt** | 10/11/2001 | 20,000 | $17.32 | $346,000 |
|  | 12/28/2001 | 2,000 | $16.21 | $32,420 |
|  | 3/1/2002 | 3,000 | $18.96 | $56,880 |
|  | 11/26/2003 | 3,000 | $19.31 | $57,930 |
|  | 4/16/2004 | 9,810 | $20.20 | $198,162 |
|  | 4/19/2004 | 10,190 | $20.22 | $206,042 |
| *Total* |  | **48,000** |  | **$897,834** |
|  |  |  |  |  |
| **Levy** | 10/16/2001 | 12,5000 | $17.00 | $212,500 |
|  | 10/19/2001 | 50,000 | $16.90 | $845,000 |
|  | 10/22/2001 | 12,500 | $16.90 | $211,250 |
|  | 10/24/2001 | 25,000 | $16.46 | $411,00 |
|  | 10/31/2001 | 25,000 | $16.46 | $411,500 |
| *Total* |  | **125,000** |  | **$2,091,750** |
|  |  |  |  |  |
| **Garefino** | 10/22001 | 20,000 | $17.00 | $340,000 |
|  | 10/16/2001 | 17,000 | $17.00 | $289,000 |
|  | 10/21/2003 | 19,239 | $18.23 | $350,727 |
|  | 6/14/2005 | 9,000 | $18.05 | $162,450 |
|  | 6/14/2005 | 9,000 | $18.05 | $162,450 |
|  | 6/14/2005 | 7,200 | $18.05 | $129,960 |
|  | 6/14/2005 | 2,250 | $18.05 | $40,612 |
|  | 6/14/2005 | 2,250 | $18.05 | $40,612 |
|  | 1/10/2006 | 3,000 | $17.50 | $52,500 |
| *Total* |  | **88,939** |  | **$1568,312** |
|  |  |  |  |  |
| **Kelley** | 3/14/2006 | 12,000 | $19.35 | $232,200 |
| *Total* |  | **12,000** |  | **$232,200** |
|  |  |  |  |  |
|  |  |  |  |  |
| **TOTAL** |  | **273,939** |  | **$4,790,096** |

*See* ¶¶ 139-141.[4]  Thus, Plaintiff should be allowed to rely on this evidence at trial as indicative of the Defendants' scienter because this issue is probative of Defendants' motive to commit fraud.

### 2. Executive Compensation

Personal financial gain based principally on a company's financial performance may support an inference of scienter. *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 1004 (9th Cir. 2009); *see also Burritt v. NutraCea*, No. 09-406, 2010 WL 668806, at *5 (D. Ariz. Feb. 25, 2010).  Specifically, incentive compensation packages may be considered in conjunction with other scienter allegations. *See Indiana Elec. Workers' Pension Trust Fund IBEW v. Shaw Group, Inc.*, 537 F.3d 527 (5th Cir. 2008).

Defendants' motive to commit securities fraud is further supported by the unique "incentive compensation" furnished by Herley which gave them direct incentive to inflate Herley's reported earnings.  Pursuant to Blatt's employment agreement, his annual "incentive compensation" – over and above his cost-of-living-adjusted base salary and any option and stock grants – was set at an amount equaling 4% of Herley's annual pre-tax income. ¶ 138.  Pursuant to Levy's employment agreement, his annual "incentive compensation" – over and above his cost-of-living-adjusted base salary and any option and stock grants – was set at an amount equaling 3% of Herley's annual pre-tax income. *Id.* Thus, any increases in Herley's earnings would flow directly to the pockets of Blatt and Levy in the form of "incentive compensation".  The incentive compensation so received by Blatt and Levy, as set forth in the table below, was quite substantial:

---

[4] References to "¶__" are references to the Plaintiffs Second Amended Consolidated Complaint, Docket No. 216.

**Incentive Compensation**

|      | Blatt         | Levy         |
|------|---------------|--------------|
| 2005 | $   650,131   | $   487,598  |
| 2004 | $ 1,207,680   | $   987,010  |
| 2003 | $   898,000   | $   673,000  |
| 2002 | $   546,000   | $   410,000  |

*See id.* These facts are probative of motive and should be added to the "total mix" of facts that *Tellabs* dictates should be considered to determine if Defendants acted with scienter. 127 S. Ct. at 2504. Thus, Plaintiff should be allowed to rely on this evidence at trial as indicative of the Defendant's scienter because this issue is probative of Defendants motive to commit fraud.

### III.  Conclusion

For the forgoing reasons Defendants' motion to prohibit Plaintiff from introducing evidence regarding the Individual Defendant's personal wealth should be denied.

Dated: April 21, 2010                                  Respectfully submitted,

By: /s/ Jonathan Gardner
Jonathan Gardner (*pro hac vice*)
Christopher Keller (*pro hac vice*)
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

Ira M. Press (*pro hac vice*)
Andrew M. McNeela (*pro hac vice*)
Sarah G. Lopez (*pro hac vice*)
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540

*Co-Lead Counsel for Lead Plaintiff
  and the Class*

Stanley P. Kops (SPK 6328)
LAW OFFICE OF STANLEY P. KOPS
102 Bala Avenue
Bala Cynwyd, Pennsylvania 19004
Telephone: (610) 949-9999
Facsimile: (610) 949-9773

*Plaintiffs' Liaison Counsel*