**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE HERLEY INDUSTRIES, INC. <br> SECURITIES LITIGATION | CIVIL ACTION <br> NO. 06-2596 (JRS) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*
FOR A DETERMINATION THAT PLAINTIFFS CAN TREAT ALL
<u>CURRENT AND FORMER HERLEY EMPLOYEES AS ADVERSE WITNESSES</u>**

 

**BLANK ROME LLP**
James T. Smith
Evan H. Lechtman
Nakul Krishnakumar
One Logan Square
Philadelphia, PA 19103
Tel: (215) 569-5500
Fax: (215) 832-5500
*Attorneys for Defendants*

# **TABLE OF CONTENTS**

                                                              Page

PRELIMINARY STATEMENT ............................................................................................... 1

LEGAL ARGUMENT .............................................................................................................. 2

    I.     THE USE OF LEADING QUESTIONS ON DIRECT IS GENERALLY
           DISFAVORED ....................................................................................................... 2

          A.    Not All of the Witnesses Are Properly "Identified With an
                 Adverse Party" ............................................................................................. 2

    II.    WHETHER PLAINTIFF IS ENTITLED TO ASK LEADING QUESTIONS
           ON DIRECT SHOULD BE DECIDED ON A CASE-BY-CASE BASIS ..................... 5

CONCLUSION ......................................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Ebenhoech v. Kopers Indus., Inc.,
   239 F. Supp. 2d 455 (D.N.J. 2002) ............................................................................................5

Garden v. Gen. Elec. Co.,
   1992 U.S. Dist. LEXIS 11695 (D.N.J. 1992) ..........................................................................3, 4

Gates v. City of Memphis,
   2000 U.S. App. LEXIS 6713 (6th Cir. Apr. 6, 2000) ...............................................................2, 5

Haney v. Mizell Mem'l Hosp.,
   744 F.2d 1467 (E.D. Pa. 1986) ....................................................................................................4

Herley Indus., Inc. v. RH Laboratories, Inc., *et al.*,
   02-11140 (D. Mass.) ....................................................................................................................2

In re Japanese Elec. Prods. Antitrust Litig.,
   723 F.2d 238 (3d Cir. 1983) .........................................................................................................5

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
   475 U.S. 574 (1986) .....................................................................................................................5

Perkins v. Volkswagen of Am., Inc.,
   596 F.2d 681 (5th Cir. 1979) ........................................................................................................4

Robinson Laboratories, Inc. and Ben Robinson v. Herley Indus., Inc.,
   Civ. A. No. 01-4404 (E.D.N.Y.) ..................................................................................................2

Robinson v. R.J. Reynolds Tobacco Co.,
   86 Fed. App'x. 73 (6th Cir. 2004) ................................................................................................2

Stahl v. Sun Microsystems, Inc.,
   775 F. Supp. 1397 (D. Col. 1991) ................................................................................................3

Trachtenberg v. Centenary Coll.,
   1986 U.S. Dist. LEXIS 15892 (E.D. Pa. Dec. 31, 1986) .............................................................4

Vanemmerik v. Ground Round,
   1998 U.S. Dist. LEXIS 11765 (E.D. Pa. July 16, 1998) ..........................................................3, 4

Washington v. State of Illinois,
   2006 U.S. Dist. LEXIS 72615 (C.D. Ill. Oct. 5, 2006) ............................................................2, 5

**OTHER AUTHORITIES**

28 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 6168 (1993) .................................3

FED. R. EVID. 611 ................................................................................................................... passim

Defendants Herley Industries, Inc. ("Herley"), Lee Blatt ("Blatt"), Myron Levy ("Levy"), Anello C. Garefino ("Garefino"), Thomas V. Gilboy ("Gilboy"), and John M. Kelley ("Kelley") (collectively "Defendants"), by and through their undersigned counsel, respectfully submit this Opposition to Plaintiff's Motion *In Limine* For a Determination That Plaintiffs Can Treat All Current and Former Herley Employees as Adverse Witnesses.  For the reasons stated below, Plaintiff's motion should be denied.

## PRELIMINARY STATEMENT

Plaintiff's motion constitutes a transparent attempt to seek an unjustified advantage at trial. Indeed, Plaintiff casts too wide a net in seeking: (1) to have *all* current (and former) Herley employees deemed "adverse witnesses" under Rule 611, regardless of individual circumstances; and (2) to allow Plaintiff to "interrogate" such witnesses through leading questions on direct and cross.

First, Plaintiff ignores the fact that such a method of examination is generally disfavored by district courts—surreptitiously citing only the final clause of Rule 611(c).  Had the entire rule been presented to this Court, however, it would be clear that the use of leading questions on direct must first be "necessary"—which it is not.  Plaintiff completely neglects its burden on this point.  Nor can Plaintiff prove that it would somehow be "prejudiced" if this superfluous motion was not granted.

Putting aside such inherent deficiencies, the motion should also be denied as Plaintiff does not attempt to distinguish between the multitude of diverse witnesses in this case—opting instead to lump them all together, and requiring that this Court make an informed decision before witnesses are even allowed to take the stand (which is contrary to how other courts have addressed this issue).  As just one example, while Herley acknowledges that *current employees* may be considered "adverse," this in no way provides support for Plaintiff's blanket assertion that *all former employees*—regardless of current affiliations—are automatically entitled to the same treatment.  In fact, the

opposite is true. Plaintiff's arguments are factually incorrect, misleading and devoid of any relevant legal analysis with respect to each witness. Accordingly, the motion should be denied.

## LEGAL ARGUMENT

**I.    THE USE OF LEADING QUESTIONS ON DIRECT IS GENERALLY DISFAVORED.**

The use of leading questions is ***not*** the preferred method for examining witnesses on direct. FED. R. EVID. 611(c) ("Leading questions should not be used on the direct examination of a witness ***except as may be necessary*** to develop the witness' testimony.") (emphasis added). Indeed, Rule 611(c) is "expressly permissive," in that courts have discretion to deny the use of such questions on direct. Washington v. State of Illinois, 2006 U.S. Dist. LEXIS 72615, at *5 (C.D. Ill. Oct. 5, 2006). This is true even where a witness is "identified with an adverse party." Robinson v. R.J. Reynolds Tobacco Co., 86 Fed. App'x. 73, 76 (6th Cir. 2004) (stating Rule 611(c) "does not give the calling party an absolute right to ask leading questions even when the witness is identified with an adverse party") (citing Gates v. City of Memphis, 2000 U.S. App. LEXIS 6713, at *5 (6th Cir. Apr. 6, 2000) ("courts have discretion to preclude the use of leading questions to avoid abuses of the rule")).

**A.    Not All of the Witnesses Are Properly "Identified With an Adverse Party."**

As a preliminary matter, Plaintiffs have not—and cannot—prove that all of the potential witnesses in this case are "adverse," such that leading questions should be permitted. This specifically includes: Allan Coon ("Coon") and Mitchell Tuckman ("Tuckman"), (see Pl.'s Mot. at 1 n.1), as well as any other ***former*** Herley employee, such as Ben Robinson ("Robinson"). All three witnesses terminated their employment with Herley under less than amicable circumstances, and one—Ben Robinson—was involved in two separate litigations (involving allegations of fraud, theft of trade secrets and the like) with Herley after his employment ended.[1]

---

[1] See Robinson Laboratories, Inc. and Ben Robinson v. Herley Indus., Inc., Civ. A. No. 01-4404 (E.D.N.Y.), and Herley Indus., Inc. v. RH Laboratories, Inc., et al., 02-11140 (D. Mass.).

2

As Plaintiff correctly observes, the phrase "'identified with an adverse party' has come to mean, in general, an employee, agent, friend, or relative of an adverse party." (See Pl.'s Mot. at 2-3); see also Vanemmerik v. Ground Round, 1998 U.S. Dist. LEXIS 11765, at *4 (E.D. Pa. July 16, 1998)). Notably, even under this broad interpretation, none of the aforementioned witnesses fall within one of those categories. Moreover, this Court has previously advised caution "before extending this list much further.'" Id. (citing 28 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 6168, *6 (1993)).

Along those lines, Plaintiff also makes the bold assertion that any fact witness deposed by Plaintiff that were "represented by Herley's attorney" are *ipso facto* "under the control of or closely affiliated with Defendants in this action." (See Pl.'s Mot. at 1.) Putting aside the fact that Plaintiff has offered absolutely no support for this sweeping proposition—and that "closely affiliated" is not a legally-defined term—this Court should heed its prior warning and decline to needlessly expand the concept of "identified with an adverse party" to such an amorphous situation in which a witness was, at one time, represented by the same counsel as the party itself.

Nor do the cases cited by Plaintiffs save it. For example, in Stahl v. Sun Microsystems, Inc., 775 F. Supp. 1397, 1398 (D. Col. 1991), the court explained that the reason it permitted leading questions as to a former employee and district administrative secretary was that

> Although Ms. Cox is no longer employed by Sun, she is clearly identified with Defendant, ***both*** through her previous employment ***and her ongoing relationship with Mr. Waters***, a key witness who attended the trial on behalf of Sun.

Id. Here, neither Tuckman nor Coon maintains such an "ongoing relationship" with Herley; and, in fact, Coon even offered testimony that went *against* Herley in the Grand Jury Proceeding that led to the aforementioned criminal action. Likewise, the court in Garden v. Gen. Elec. Co., 1992 U.S. Dist. LEXIS 11695, at *1, *5 (D.N.J. 1992), was asked to decide whether to admit tape recordings

3

between the plaintiff and his former supervisor (a former GE employee)—*not* whether the supervisor should be "identified with an adverse party." Thus, the import of the court's statement, in *dicta*, to permit leading questions is severely limited.[2]  Id. at *5.

Moreover, Plaintiff's complaint that both Coon and Tuckman "would not voluntarily speak to Plaintiff and would not appear for deposition unless subpoenaed" is meritless, and has nothing to do with their purported status as "hostile" witnesses (which would permit leading questions). Indeed, Plaintiff attempted to—and did—depose each individual.  That neither witness "volunteer[ed]" to discuss the case with Plaintiff, or refused to testify based on the 5th Amendment protection against self-incrimination is of no moment; the fact remains that neither witness can properly be considered to be "identified with an adverse party" or "hostile." See, e.g., Vanemmerik, 1998 U.S. Dist. LEXIS 11765, at *8 (cited by Plaintiffs, and stating that mere "unwillingness" to attend a deposition was insufficient to demonstrate "hostility" where deposition actually occurred and denying request to use to leading questions on direct where deponent was "quite cooperative").[3]

Lastly, Plaintiff's single, conclusory reference to the "prejudice" it would suffer by not being permitted to ask leading questions on direct based on the "witness' relationship with Herley" is both insufficient and entirely unpersuasive. (See Pl.'s Mot. at 4.) The motion should be denied.

---

[2] In half of the cases Plaintiff cited as support for the proposition that "former employees of an adverse witness are also within the meaning of Rule 611(c)," (see Pl.'s Mot. at 3), there was no definitive evidence that the witness was, in fact, a "former" employee. See Haney v. Mizell Mem'l Hosp., 744 F.2d 1467, 1477-78 (E.D. Pa. 1986) (stating only that a nurse was "an employee of one of the defendants present when the alleged malpractice may have occurred."); Trachtenberg v. Centenary Coll., 1986 U.S. Dist. LEXIS 15892, at *5-6 (E.D. Pa. Dec. 31, 1986) (stating only that "[t]he above witnesses were employed by Centenary at all times relevant to this action."). In one case, the witness was a current employee. Perkins v. Volkswagen of Am., Inc., 596 F.2d 681, 682 (5th Cir. 1979) (stating "Mr. Achcenich . . . is a Volkswagen employee.").

[3] In yet another attempt to further confuse this issue, Plaintiff makes the related claim that, as a result of their prior affiliation, such witnesses would not be "friendly," "forthcoming or cooperative." (Id.) This is not the law. There is no requirement that every witness that could possibly be un-"friendly" must be considered "adverse" and subjected to leading questions on direct prior to taking the stand. If it were, leading questions would be allowed every time a party had a speculative fear that a witness may not be "friendly." As a result, the scope of Rule 611—and its express reluctance for permitting leading questions on direct examination—would be swallowed by the limited exception for "adverse" parties contained in section 611(c).

## II. WHETHER PLAINTIFF IS ENTITLED TO ASK LEADING QUESTIONS ON DIRECT SHOULD BE DECIDED ON A CASE-BY-CASE BASIS.

Courts faced with this exact issue have found that the better approach to blindly permitting leading questions on direct is to deny such motions until such a time as the witness actually takes the stand. See, e.g., Gates, 2000 U.S. App. LEXIS 6713, at *7 (holding district court "properly favored the use of direct examination until such time as it became evident that a particular witness was in fact adverse"); see also Ebenhoech v. Kopers Indus., Inc., 239 F. Supp. 2d 455, 461 (D.N.J. 2002) (*in limine* rulings should not be made prematurely if the context of the trial would provide clarity) (citing In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 260 (3d Cir. 1983), rev'd on other grounds sub nom, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)).

In Washington, Plaintiff's counsel sought to treat a former employee who worked as a Program Administrator for the Defendant from 1988 until his retirement in 2002 as a "hostile" witness. 2006 U.S. Dist. LEXIS 72615, at *4. Importantly, rather than rule *in limine* that leading questions should be permitted, the court opted instead to observe the witness' testimony, including his "motions, facial expression, and voice inflections" before making any determinations. Id. In ultimately denying the motion, the court stated that Plaintiff had "failed to meet her burden of showing that [the witness] was identified with Defendant or hostile." Id.

The same result is warranted here. This Court is more than capable of determining whether to permit leading questions during direct examination on a case-by-case basis with respect to each witness as they take the stand.[4] Despite Plaintiff's untenable claims, a prophylactic ruling is not the only (or even the best) way to resolve this issue.

---

[4] Because the parties have yet to exchange witness lists, Defendants are not even aware as to which witnesses Plaintiff intends to call at trial. This is just another example of why the instant motion is premature.

5

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion *In Limine* For a Determination That Plaintiffs Can Treat All Current and Former Herley Employees as Adverse Witnesses should be denied.

**BLANK ROME LLP**

Date: April 21, 2010

*/s/ James T. Smith*
JAMES T. SMITH
EVAN H. LECHTMAN
NAKUL KRISHNAKUMAR
One Logan Square
Philadelphia, PA 19103
Tel: (215) 569-5500
Fax: (215) 832-5500

*Attorneys for Defendants*