**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE HERLEY INDUSTRIES, INC.<br><br>SECURITIES LITIGATION | CIVIL ACTION<br><br>NO. 06-2596 (JRS) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION**
***IN LIMINE*** **TO PRECLUDE DEFENDANTS FROM RELYING**
**ON OR REFERRING AT TRIAL TO THE INVESTIGATION OF**
**OUTSIDE COUNSEL INTO THE CRIMINAL CONDUCT OF HERELY**

**BLANK ROME LLP**
James T. Smith
Evan H. Lechtman
Nakul Krishnakumar
One Logan Square
Philadelphia, PA 19103
Tel: (215) 569-5500
Fax: (215) 832-5500
*Attorneys for Defendants*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................................1

LEGAL ARGUMENT .....................................................................................................................2

    I.    PLAINTIFF COVERTLY ATTEMPTS TO EXCLUDE EVIDENCE RELATED TO DEFENDANTS' MENTAL STATE AND "GOOD FAITH" RELIANCE. ................................................................................................................2

    II.    DEFENDANTS ARE NOT RELYING ON ADVICE-OF-COUNSEL AS AN AFFIRMATIVE DEFENSE. ..................................................................................3

    III.    DEFENDANTS' ASSERTION OF THE ATTORNEY-CLIENT PRIVILEGE DURING DISCOVERY IS IRRELEVANT AS TO WHETHER EVIDENCE OF "GOOD FAITH" RELIANCE SHOULD BE ALLOWED AT TRIAL. .........................6

    IV.    SHOULD THE COURT PERMIT DEFENDANTS TO RELY ON THE INVESTIGATION AT TRIAL, DISQUALIFICATION OF THEIR COUNSEL OF CHOICE WOULD NEVERTHELESS BE IMPROPER. ............................8

CONCLUSION..................................................................................................................................9

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

Aamco Transmissions, Inc. v. Baker,
  2008 U.S. Dist. LEXIS 102472 (E.D. Pa. Dec. 18, 2008) ................................................... 8, 9

Berckeley Inv. Group, Ltd. v. Colkitt,
  455 F.3d 195 (3d Cir. 2006) ..................................................................................................... 5

Columbia Pictures Indus. Inc. v. Krypton Broad. of Birmingham, Inc.,
  259 F.3d 1186 (9th Cir. 2001) .................................................................................................. 4

Commonwealth Ins. Co. v. Graphix Hot Line, Inc.,
  808 F. Supp. 1200 (E.D. Pa. 1992) .......................................................................................... 8

Foley v. Int'l Brotherhood of Elec. Workers Local Union,
  1998 U.S. Dist. LEXIS 16742 (E.D. Pa. Oct. 16, 1998) ....................................................... 8, 9

Guglielmo v. Kopald,
  2008 U.S. Dist. LEXIS 9423 (S.D.N.Y. Feb. 7, 2008) ............................................................. 9

Howard v. SEC,
  376 F.3d 1136 (D.C. Cir. 2004) ............................................................................................ 4, 8

In re Info. Res., Inc. Sec. Litig.,
  1994 WL 662531 (N.D. Ill. Nov. 21, 1994) ............................................................................. 4

Inmuno Vital, Inc. v. Telemundo Group, Inc.,
  203 F.R.D. 561 (S.D. Fla. 2001) .............................................................................................. 4

Joy Global, Inc. v. Wisconsin Dep't of Workforce Dev.,
  2008 U.S. Dist. LEXIS (D. Del. June 16, 2008) ...................................................................... 7

Libby Glass, Inc. v. Oneida Ltd.,
  197 F.R.D. 342 (N.D. Ohio 1999) ............................................................................................ 7

Livingstone v. N. Belle Vernon Borough,
  91 F.3d 515 (3d Cir. 1996) ....................................................................................................... 4

Lorenz v. CSX Corp.,
  1 F.3d 1406 (3d Cir. 1993) ....................................................................................................... 3

Markowski v. SEC,
  34 F.3d 99 (2d Cir. 1994) ......................................................................................................... 4

Pittsburgh Terminal Corp. v. Baltimore & O. R. Co.,
    680 F.2d 933 (3d Cir. 1982) ..................................................................................................3

Regional Employers' Assurance Leagues Voluntary Employees' Beneficiary
    Ass'n Trust v. Castellano,
    2009 U.S. Dist. LEXIS 56102 (E.D. Pa. July 1, 2009)..............................................................8

Rhone-Poulenc Rorer Inc. v. Home Indemnity Co.,
    32 F.3d 851 (3d Cir. 1994) ..................................................................................................7, 8

SEC v. Kenton Capital, Ltd.,
    69 F. Supp. 2d 1 (D.D.C. 1998)..................................................................................................4

SEC v. McNamee,
    481 F.3d 451 (7th Cir. 2007) .....................................................................................................5

SEC v. Mut. Benefits Corp.,
    2004 U.S. Dist. LEXIS 23008 (S.D. Fla. Nov. 10, 2004) .....................................................4, 8

SEC v. Snyder,
    2008 WL 4218781 (5th Cir. Sept. 16, 2008) .........................................................................3, 8

Ty Inc. v. Softbelly's Inc.,
    2006 WL 5111124 (N.D. Ill. Apr. 7, 2006) ...............................................................................5

Unites States v. Peterson,
    101 F.3d 375 (5th Cir. 1996) .....................................................................................................3

Upjohn Co. v. U.S.,
    449 U.S. 383 (1981).............................................................................................................6, 8

**OTHER AUTHORITIES**

BLACK'S LAW DICTIONARY 60 (6th ed. 1990).................................................................................3

PENNSYLVANIA RULE OF PROF'L CONDUCT 3.7 ........................................................................8, 9

Defendants Herley Industries, Inc. ("Herley"), Lee Blatt ("Blatt"), Myron Levy ("Levy"), Anello C. Garefino ("Garefino"), Thomas V. Gilboy ("Gilboy"), and John M. Kelley ("Kelley") (collectively "Defendants"), by and through their undersigned counsel, respectfully submit this Opposition to Plaintiff's Motion *In Limine* To Preclude Defendants From Relying On or Referring At Trial to the Investigation of Outside Counsel Into the Criminal Conduct of Herley. For the reasons stated below, Plaintiff's motion should be denied.

## PRELIMINARY STATEMENT

The instant motion constitutes nothing more than Plaintiff's covert attempt to prevent Defendants from offering **any** evidence concerning a pre-indictment internal investigation conducted by Herley's counsel while, at the same time, giving the false impression of precluding very little. Plaintiff initially alleges that "Defendants, at a minimum" should be barred from relying on a pre-indictment investigation conducted by Herley's counsel to explain: (1) why Defendants did not believe Herley or Blatt had engaged in any criminal misconduct; or (2) why Defendants did not disclose the government investigation and the aforementioned misconduct in its corporate filings. However, these stated examples are merely a smokescreen. In reality, Plaintiff admits that it seeks to prevent Defendants from relying "***in any way***" on the fact that they sought legal counsel "***for any reason***"—a much broader prohibition. As such, Plaintiff is attempting to improperly to exclude the "fact" that Defendants sought legal advice as a further check on what they already believed to be proper business decisions—thereby supporting a lack of scienter under section 10(b), and as an affirmative "good faith" defense under section 20(a) of the federal securities laws.

Plaintiff also distorts Defendants' legitimate efforts to negate scienter under 10(b), or to establish "good faith" under 20(a), by characterizing their position as something it is not: a blanket "advice-of-counsel" defense. Importantly, Defendants are not "*in effect* asserting a reliance on the advice of counsel defense," as Plaintiff boldly claims. On the contrary, Defendants have asserted

1

*only* the affirmative defense of "good faith" under 20(a) which considers (as just one factor) whether a party sought and obtained legal counsel as a statutory defense. This distinction is vital. Moreover, Defendants will negate scienter at trial by offering evidence that they sought legal advice before taking the aforementioned corporate actions.

Likewise, in accusing Defendants of using the "attorney-client privilege as both a 'shield' and a 'sword,'" Plaintiff has confused Defendants' assertion of the attorney-client privilege during discovery (based on confidential legal advice) with reliance on that same advice as an "affirmative defense." The two are not the same—and should not be treated as such. That Plaintiff's improper attempt to pierce the privilege during discovery was met with resistance is no reason to preclude Defendants from using the "fact" that they sought legal advice to explain, in part, why certain corporate actions were taken and to demonstrate their then-existing mental state—especially where the specific content of the advice is not a relevant consideration. Indeed, the securities laws permit the admission of exactly this type of evidence at trial. Accordingly, the motion should be denied.

## **LEGAL ARGUMENT**

I. **PLAINTIFF COVERTLY ATTEMPTS TO EXCLUDE EVIDENCE RELATED TO DEFENDANTS' MENTAL STATE AND "GOOD FAITH" RELIANCE.**

Plaintiff tries (and ultimately fails) to hide the fact that what it *really* seeks to preclude with this motion is *any* mention of the pre-indictment investigation by Herley's counsel "in any way" and for "any reason." (See Pl.'s Mot. at 1, 8.) This would necessarily include Defendants' legitimate use of the investigation to both negate scienter and establish "good faith" under the federal securities laws. This should not be allowed. Moreover, despite Plaintiff's purported intention to "not seek to preclude testimony or evidence regarding the *fact* of the Blank Rome investigation," (id. at 1 n.1; emphasis added), the remainder of the motion reveals that Plaintiff does, indeed, seek to exclude a large amount of evidence between the mere "fact" of the investigation and the two cited examples of

alleged prohibitory uses, which—although Plaintiff fails to articulate the issue expressly—***represents*** Defendants concerted efforts to seek legal counsel as part of their decision-making process.

The Court should also not ignore the practical effect of any ruling that would strip Defendants of their intended use of the pre-indictment investigation "for any reason." Indeed, granting Plaintiff's request would essentially deprive Defendants of important, relevant evidence at trial—evidence without which Defendants would be unduly prejudiced and severely limited in their efforts to support their stated position in the case. Accordingly, if Defendants were simply left with the "fact" that the Blank Rome investigation occurred it would serve to sterilize the import of this evidence at trial and impede Defendants' ability to establish "good faith" or negate scienter. Even taking Plaintiff's veiled arguments at face value, such a harsh result is entirely unwarranted here.

## II.   DEFENDANTS ARE NOT RELYING ON ADVICE-OF-COUNSEL AS AN AFFIRMATIVE DEFENSE.

Plaintiff has once again misconstrued Defendants' asserted position in this litigation. Indeed, Plaintiff's claim that Defendants have "in effect" asserted the affirmative defense of reliance on advice-of-counsel is unsupported by the pleadings or the factual record, and should be rejected.

As a preliminary matter, an "affirmative defense" is defined as: "a response to a plaintiff's claim which attacks the plaintiff's legal right to bring an action, as opposed to attacking the truth of claim." See BLACK'S LAW DICTIONARY 60 (6th ed. 1990) (emphasis added). Accordingly, reliance on counsel in the context of a securities fraud case is ***not*** an affirmative defense, as it goes to the truth of the Plaintiff's claim. Rather, reliance may serve to negate scienter in that it "***is simply a means of demonstrating good faith and represents possible evidence of an absence of any intent to defraud***." See, e.g., SEC v. Snyder, 2008 WL 4218781, at *14 (5th Cir. Sept. 16, 2008) (quoting Unites States v. Peterson, 101 F.3d 375, 381 (5th Cir. 1996)) (emphasis added); Pittsburgh Terminal Corp. v. Baltimore & O. R. Co., 680 F.2d 933, 943 (3d Cir. 1982), overruled on other grounds sub nom,

Lorenz v. CSX Corp., 1 F.3d 1406, 1418 (3d Cir. 1993) ("Advice of counsel may bear upon scienter in some cases: where, for example, directors rely upon counsel to conduct a factual investigation of the truth of information to be released; or where counsel mistakenly but in good faith represent that some information is either immaterial or clear."); see also SEC v. Mut. Benefits Corp., 2004 U.S. Dist. LEXIS 23008, at *71 (S.D. Fla. Nov. 10, 2004) (holding good faith reliance on the advice of counsel may negate or mitigate against a finding of scienter). Likewise, "[r]eliance on the advice of counsel need not be a formal defense; it is simply evidence of good faith, a relevant consideration in evaluating a defendant's scienter." Howard v. SEC, 376 F.3d 1136, 1147 (D.C. Cir. 2004).

Despite Plaintiff's attempts to torture the record in this case, Defendants have never asserted advice-of-counsel as an affirmative defense. They have, however, explicitly pled "good faith" reliance. (See Def.'s Answer at 33, Fortieth Defense, attached as Exhibit "A.") As shown above, the securities laws permit Defendants to offer evidence of the fact that they sought the legal advice to negate scienter under 10(b) and to establish "good faith" under 20(a). Indeed, Plaintiff's unsupported allegations regarding the existence of a purported "advice-of-counsel" defense (which Defendants have not asserted), should not be allowed to alter Defendants' express position in this litigation.

Accordingly, because Defendants have not asserted the affirmative defense of advice-of-counsel, the cases cited by Plaintiff are inapposite. Unlike here, in each case cited, the defendant either expressly asserted,[1] implicitly asserted[2] or attempted to assert[3] this affirmative defense.

---

[1] Columbia Pictures Indus. Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1196 (9th Cir. 2001) (preventing defendant from relying on advice-of-counsel defense); Markowski v. SEC, 34 F.3d 99, 104-05 (2d Cir. 1994) (asserting reliance on advice-of-counsel as defense to various SEC and NASD rules and regulations regarding fair practices in the context of industry sanctions); SEC v. Kenton Capital, Ltd., 69 F. Supp. 2d 1, 10 (D.D.C. 1998) (asserting the "defense of reliance on counsel").

[2] Cf. Livingstone v. N. Belle Vernon Borough, 91 F.3d 515, 537 (3d Cir. 1996) (stating "advice of counsel is an explicit, and important element of the voluntariness analysis" in determining whether a release-dismissal agreement was "voluntary" and permitting waiver of the attorney-client privilege only where defense was "tantamount to a claim that her attorney did not give her accurate legal advice").

4

Moreover, one of Plaintiff's cited cases did not deal with the attorney-client privilege at all, but instead involved the exclusion of non-produced documents. Ty Inc. v. Softbelly's Inc., 2006 WL 5111124, at *11 (N.D. Ill. Apr. 7, 2006). Another case cited by Plaintiff actually supports *Defendants*' position. See SEC v. McNamee, 481 F.3d 451, 456 (7th Cir. 2007) (stating "reliance on advice of counsel may show that a person lacked culpable intent and thus may defeat criminal liability").

In fact, the only case that even comes close to addressing this issue is Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195 (3d Cir. 2006), which is distinguishable. For one, the court in Berckeley expressly acknowledged that the facts of that case did "not present the 'typical' fact pattern seen in securities violations brought under Section 10(b)" in that, unlike here,

> Colkitt's theory of liability is not based upon an alleged material misrepresentation relating to the value of NMSF stock, but rather a misrepresentation regarding Berckeley's intent to comply downstream with the registration requirements contained in the Securities Act.

Id. at 209. Further, in attempting to prove that it did not intend to resell NMSF shares back into the United States without registering them, Beckeley provided three affidavits: one from its investment advisor and two from its directors. Id. at 210-11. Importantly, not only did the affidavits state that the company "sought legal advice" in connection with the transaction, but they also revealed specifics about the substance of the advice and attempted to use those opinions to exculpate the company in deciding to inevitably sell the shares in the U.S. Id. As a result, the court stated, **in *dicta***, that the attorney-client privilege cannot be used as both a shield and a sword with respect to negating scienter. Id. at 222.

---

<sup>3</sup> Inmuno Vital, Inc. v. Telemundo Group, Inc., 203 F.R.D. 561, 564-65 (S.D. Fla. 2001) (denying motion to add advice of counsel as an affirmative defense); In re Info. Res., Inc. Sec. Litig., 1994 WL 662531, at *3 (N.D. Ill. Nov. 21, 1994) (denying motion to add advice of counsel defense as a jury instruction).

Here, however, Defendants are not claiming that they relied *solely* on advice of counsel in making their decisions, but rather, that it was incorporated it into what they believed was already acceptable conduct and was just one factor in reaching their decisions. Moreover, unlike Berckeley, Defendants have at no point revealed the *substance* of the legal advice they received. Accordingly, this language is insufficient to support Plaintiff's burden in this case.

### III.  DEFENDANTS' ASSERTION OF THE ATTORNEY-CLIENT PRIVILEGE DURING DISCOVERY IS IRRELEVANT AS TO WHETHER EVIDENCE OF "GOOD FAITH" RELIANCE SHOULD BE ALLOWED AT TRIAL.

Plaintiff spends a large portion of its motion reiterating the ways in which Defendants have "repeatedly asserted that evidence relating to counsel's investigation is protected from discovery by the attorney-client privilege." (See Pl.s' Mot. at 2.) This includes Defendants' privilege assertion over both documents prepared in anticipation of litigation, (id. at 3-4), and at fact depositions, (id. at 4-5), that are "related to the substance or outcome of the investigation." (Id. at 4.) Plaintiff also cites as an example the transcript of Defendant Edward K. Walker in which defense counsel instructed the witness not to answer questions about the scope of the investigation, (id. at 5), and mentions that Defendants have provided two privilege logs during this litigation. (Id. at 4.)

Indeed, all of this background is irrelevant to the instant dispute. Importantly, at no point during this case did Plaintiff challenge the propriety of Defendants' privilege assertion. Nor could it. It is well-settled that an internal investigation conducted by corporate counsel is protected from disclosure by both the attorney-client privilege and work-product doctrine. See, e.g., Upjohn Co. v. U.S., 449 U.S. 383, 386 (1981) (upholding assertion of privilege regarding scope of internal investigation conducted by general and outside counsel against government subpoena).

Nevertheless, Plaintiff's strained attempt to draw some parallel between Defendants' use of the privilege to protect certain information from disclosure during discovery on the one hand, and as a precursor to some nefarious plot to use the privilege "as both a sword and a shield" on the other,

6

should be dismissed out of hand. That Defendants have properly asserted the privilege is entirely irrelevant as to whether Defendants have "in effect" asserted the affirmative defense of reliance on advice-of-counsel, as Plaintiff claims. Even if this case did not involve the affirmative defense of "good faith" as supported, in part, by reliance on legal advice under 20(a), the attorney-client privilege would still apply at the discovery phase. It is therefore an irrelevant consideration.[4]

As shown above, Plaintiff's attempt to create an issue based on the fact that Defendants asserted privilege objections to certain document requests and deposition questions rings hollow. Such objections were proper; privilege logs regarding withheld documents were provided; and Plaintiff had no reason to complain about the privilege assertion when they occurred over three years ago. Plaintiff should certainly not be heard to complain now—and especially not under the guise of a motion *in limine*.

Moreover, in arguing that it was precluded from "inquiring into what specific advice was sought, what information was presented to Blank Rome, whether that information was complete, what advice was offered and what Herley did with that advice," Plaintiff overlooks the fact that the specific **content** of the advice is not relevant in proving "good faith" under section 20(a), or to

---

[4] Although the Court need not reach this issue to resolve the instant dispute, it is worth noting that Defendants have at no time "waived" the attorney-client privilege. As the Third Circuit has explained, there is no waiver of the attorney-client privilege where the disclosing party has "not interjected" the advice of counsel as an affirmative defense or as an essential element of a claim. See Joy Global, Inc. v. Wisconsin Dep't of Workforce Dev., 2008 U.S. Dist. LEXIS, at *20 (D. Del. June 16, 2008) (citing Rhone-Poulenc Rorer Inc. v. Home Indemnity Co., 32 F.3d 851, 864 (3d Cir. 1994) ("Advice is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant matter.")). Indeed, the mere disclosure, for instance, that a client "discussed with an attorney the 'legal ramifications' of a proposed course of conduct, or received a 'green light' from an attorney for a subsequently-pursued course of conduct, does not waive the privilege notwithstanding the implicit disclosure of the general nature of the attorney's advice." Id. at *17 (citing Libby Glass, Inc. v. Oneida Ltd., 197 F.R.D. 342, 346-47 (N.D. Ohio 1999) (holding that "merely identifying the topic of conversation" with an attorney "did not disclose the contents of the communications" and "did not constitute a waiver of the privilege")). Broad disclosure of the nature of a party's consultation with an attorney, or the fact that a party relied on the advice given by an attorney, does not put the advice of counsel "at issue," and thus, does not waive the attorney-client privilege. Id. at *18. Accordingly, no such waiver occurred here.

establishing Defendants' mental state under section 10(b). Rather, it is the fact that advice was sought (and received) that is relevant in negating scienter and establishing "good faith." See Snyder, 2008 WL 4218781, at *14; Howard, 376 F.3d at 1147; Mut. Benefits Corp., 2004 U.S. Dist. LEXIS 23008, at *71; see also Rhone-Poulenc, 32 F.3d at 864 (client's reference to advice of counsel in seeking to establish his state of mind did not waive privilege where substance of counsel's advice was not an explicit element of the relevant legal analysis). Plaintiff's complaints are, accordingly, meritless.

IV. **SHOULD THE COURT PERMIT DEFENDANTS TO RELY ON THE INVESTIGATION AT TRIAL, DISQUALIFICATION OF THEIR COUNSEL OF CHOICE WOULD NEVERTHELESS BE IMPROPER.**

As a final argument that is little more than a throw-away, lacking in any analysis or support, Plaintiff claims that "if Defendants are permitted to refer to Blank Rome's investigation then Blank Rome should be disqualified as counsel to Herley in this action [because] Jim Smith would undoubtedly be a necessary witness at trial to testify to the scope, substance and outcome of the Blank Rome's investigation." (See Pl.'s Mot. at 7 n.3.) This is patently incorrect. Without belaboring the point, the "extreme sanction" of disqualification under Rule 3.7 of the Pennsylvania Rules of Professional Conduct is entirely inappropriate here. See, e.g., Regional Employers' Assurance Leagues Voluntary Employees' Beneficiary Ass'n Trust v. Castellano, 2009 U.S. Dist. LEXIS 56102, at *5 (E.D. Pa. July 1, 2009); see also Commonwealth Ins. Co. v. Graphix Hot Line, Inc., 808 F. Supp. 1200, 1204 (E.D. Pa. 1992).

For one, any advice provided by Mr. Smith would be unquestionably protected as privileged under Upjohn. 449 U.S. at 386. Second, Mr. Smith is not—and cannot be—a "necessary" witness because there are a multitude of other witnesses (including the Defendants) who could similarly testify. Aamco Transmissions, Inc. v. Baker, 2008 U.S. Dist. LEXIS 102472, at *5 (E.D. Pa. Dec. 18, 2008); Foley v. Int'l Brotherhood of Elec. Workers Local Union, 1998 U.S. Dist. LEXIS 16742,

8

at *12 (E.D. Pa. Oct. 16, 1998). Further, such a late-stage disqualification, only months away from trial, would impose a "substantial hardship" on the Defendants, see P.A. R.P.C. 3.7 comment [4], would be purely tactical, and would follow years of unexcused delay in bringing such a motion. See id. ("It is relevant that one or both of the parties could reasonably foresee that the lawyer would probably be a witness."); see also Aamco, 2008 U.S. Dist. LEXIS 102472, at *5 (finding delay in raising disqualification "on the eve of trial" prejudiced plaintiff, and admonishing that "[o]nce counsel recognizes that opposing counsel is likely to be a necessary witness, a motion to disqualify should be filed, lest the right to move for disqualification may be waived if not timely made").

Finally, disqualification is especially inappropriate here because, as stated above, Defendants have not asserted advice-of-counsel as an affirmative defense. See Guglielmo v. Kopald, 2008 U.S. Dist. LEXIS 9423, at *2 (S.D.N.Y. Feb. 7, 2008) ("Defendants will not be using an advice-of-counsel defense, so there was no need for Defendants' counsel to testify at trial or for new counsel to be brought into the case.").

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion *In Limine* To Preclude Defendants From Relying On or Referring At Trial to the Investigation of Outside Counsel Into the Criminal Conduct of Herley should be denied.

**BLANK ROME LLP**

Date: April 21, 2010

*/s/ James T. Smith*
JAMES T. SMITH
EVAN H. LECHTMAN
NAKUL KRISHNAKUMAR
One Logan Square
Philadelphia, PA 19103
Tel: (215) 569-5500
Fax: (215) 832-5500
*Attorneys for Defendants*