**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE HERLEY INDUSTRIES, INC.<br>SECURITIES LITIGATION | CIVIL ACTION<br>NO. 06-2596 (JRS) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM**
<u>**INTRODUCING EVIDENCE OF NON-PROSECUTION**</u>

**BLANK ROME LLP**
James T. Smith
Evan H. Lechtman
Nakul Krishnakumar
One Logan Square
Philadelphia, PA 19103
Tel: (215) 569-5500
Fax: (215) 832-5500
*Attorneys for Defendants*

## **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................1

LEGAL ARGUMENT.................................................................................................................1

CONCLUSION............................................................................................................................4


# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Am. Home Ins. Co. v. Sunshine Supermarket, Inc.,
  753 F.2d 321 (3d Cir. 1985) ............................................................................................2

Bousley v. U.S.,
  523 U.S. 614 (1998) ........................................................................................................2

Coleman v. Home Depot, Inc.,
  306 F.3d 1333 (3d Cir. 2002) ..........................................................................................2

Johnson v. Elk Lake School District,
  283 F.3d 138 (3d Cir. 2002) ............................................................................................2

Monteiro v. City of Elizabeth,
  436 F.3d 397 (3d Cir. 2006) ............................................................................................3

Tait v. Armor Elevator Co.,
  958 F.2d 563 (3d Cir. 1992) ............................................................................................2

U.S. v. Delgado,
  903 F.2d 1495 (11th Cir. 1990) .......................................................................................2

United States v. Gricco,
  277 F.3d 339 (3d Cir. 2002) ............................................................................................2

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Am. Home Ins. Co. v. Sunshine Supermarket, Inc.,
  753 F.2d 321 (3d Cir. 1985) ............................................................................................2

Bousley v. U.S.,
  523 U.S. 614 (1998) ........................................................................................................2

Coleman v. Home Depot, Inc.,
  306 F.3d 1333 (3d Cir. 2002) ..........................................................................................2

Johnson v. Elk Lake School District,
  283 F.3d 138 (3d Cir. 2002) ............................................................................................2

Monteiro v. City of Elizabeth,
  436 F.3d 397 (3d Cir. 2006) ............................................................................................3

Tait v. Armor Elevator Co.,
  958 F.2d 563 (3d Cir. 1992) ............................................................................................2

U.S. v. Delgado,
  903 F.2d 1495 (11th Cir. 1990) .......................................................................................2

United States v. Gricco,
  277 F.3d 339 (3d Cir. 2002) ............................................................................................2

Defendants Herley Industries, Inc. ("Herley"), Lee Blatt ("Blatt"), Myron Levy ("Levy"), Anello C. Garefino ("Garefino"), Thomas V. Gilboy ("Gilboy"), and John M. Kelley ("Kelley") (collectively "Defendants"), by and through their undersigned counsel, respectfully submit this Opposition to Plaintiff's Motion *In Limine* To Preclude Defendants From Introducing Evidence of Non-Prosecution. For the reasons stated below, Plaintiff's motion should be denied.

## PRELIMINARY STATEMENT

Plaintiff's motion asks this Court to enter an Order that would essentially rewrite the history of the criminal proceedings against Herley and Lee Blatt. In sum, Plaintiff seeks leave to introduce its own evidence and argument regarding the criminal charges alleged against Herley and Blatt, but to preclude Defendants from informing the jury of the actual outcome of the bulk of those charges—the dismissal of most of them in exchange for a limited guilty plea by Herley and Blatt. Plaintiff portrays this request as one motivated by concern for the jury, and possible confusion about the different standards of proof applicable in criminal versus civil trials, or a purported concern that defense counsel will be willfully heedless of his obligations not to engage in speculative argument about the motivations of the Department of Justice prosecutors who decided to strike a plea deal rather than proceed to trial.

Neither concern, however, justifies the proposed distortion of the factual record to be presented to the jury. Although the government's decision to assert or drop certain charges cannot be used ***by either side*** as evidence, in any way, as to the accuracy or inaccuracy of those unproven allegations, the simple fact that a plea agreement was reached remains relevant and admissible in this case.

## LEGAL ARGUMENT

Plaintiff's Motion, in large part, relies upon flawed argument—a concern that defense counsel will ignore recognized limitations upon the nature of argument and engage in unfettered and baseless

speculation about the motives of the criminal prosecutors who decided to drop certain charges against Herley and Blatt and enter into a plea agreement. Simply put, this argument is a straw man. Regardless of the nature of statements made by counsel *to the court* during oral argument on the parties' cross-motions for summary judgment, Defendants' counsel is well aware of the principle that a decision not to prosecute cannot be used to argue *to the jury* that the alleged conduct did not occur.[1] Thus the cases cited by Plaintiff in support of that prohibition—one that Defendants do not contest, and do not intend to violate—are simply inapplicable.[2]

Further, Plaintiff's blanket assertion that the actual result of the criminal prosecution must automatically be excluded *for all purposes* is incorrect. Indeed, the resolution of criminal charges in favor of a civil litigant may be admitted if it is introduced for purposes other than arguing that the favorable outcome in the criminal suit is somehow binding in the civil suit. For example, in

---

[1] Similarly, the fact that the Department of Justice chose to bring charges that were later dropped cannot be used by Plaintiff to establish that the alleged conduct did occur. This point is elaborated upon in Defendants' Opposition to the Plaintiff's "Motion *in Limine* to Preclude Defendants from Contesting That Herley Industries, Inc. Violated the Federal Acquisition Regulations Based on Its Guilty Plea." In sum, Plaintiff cannot meet its burden of proving the alleged misconduct by evidence or argument of the unproven and unadmitted charges leveled in a criminal indictment.

[2] See, e.g., Am. Home Ins. Co. v. Sunshine Supermarket, Inc., 753 F.2d 321 (3d Cir. 1985) (finding that trial court erred when it allowed defendant to introduce evidence that fire officials chose not to bring charges for arson to support argument that defendant had not intentionally burned insured premises); Johnson v. Elk Lake School District, 283 F.3d 138 (3d Cir. 2002) (finding that trial court's curative instruction was sufficient to cure any prejudice to plaintiff by defense counsel's argument to jury during opening statement that guidance counselor accused of sexual abuse had not been arrested); U.S. v. Delgado, 903 F.2d 1495 (11th Cir. 1990) (criminal defendants charged with conspiracy could not introduce evidence of dismissal of conspiracy charges against other individual was equivalent to admission by government that conspiracy did not occur); United States v. Gricco, 277 F.3d 339 (3d Cir. 2002) (defendants who were acquitted on state charges were not permitted to introduce evidence of acquittal in trial on federal charges).

Other cases cited by Plaintiff simply have nothing to do with the issue presented by this motion. See, e.g., Bousley v. U.S., 523 U.S. 614 (1998) (holding that upon remand following grant of habeas petition to allow criminal defendant to withdraw guilty plea, defendant would be required to prove "actual innocence" as to charges raised in plea agreement, not of all charges the government could have brought but chose to abandon); Tait v. Armor Elevator Co., 958 F.2d 563 (3d Cir. 1992) (finding trial court properly excluded logs of malfunctions in other elevators where there was no evidence to support claim that they were connected in some way to malfunction in elevator in which plaintiff was injured); Coleman v. Home Depot, Inc., 306 F.3d 1333 (3d Cir. 2002) (finding that EEOC Letter of Determination was not admissible in employment discrimination suit).

Monteiro v. City of Elizabeth, 436 F.3d 397 (3d Cir. 2006), the Third Circuit held that the trial court properly admitted evidence of a litigant's acquittal on criminal charges, subject to an appropriate limiting instruction, where that fact was relevant to a determination of damages. Id. at 406. The evidence of the withdrawal of substantial portions of the criminal charges against Herley and Blatt is relevant to this case for similar reasons: The impact on Herley's stock price from the announcement of the criminal investigation, the suspension by the Navy, the announcement of the initial indictment, and the announcement of the ultimate resolution of the case—which included the government's abandonment of the bulk of the charges against Blatt and Herley—is key to a determination of loss causation, as extensively briefed by the parties in connection with Plaintiff's "Motion to Strike Portions of Defendants' Expert, Patrick Conroy" (D.I. 165 & 172). (See Def.'s Mem. of Law in Opp'n to Pl.'s Mot. to Strike at 3-5, 8-11 and Conroy Expert Report at 1-23; attached as Exhibit "A.") In sum, *both* sides' expert witnesses examined the impact of all of these events—including the dropping of certain charges, and guilty pleas to others—to analyze Plaintiff's claimed damages. Accordingly, the simple *fact* of the withdrawal of some charges is relevant to key issues in this suit— thus distinguishing this case from those cited by Plaintiff in support of its motion.

Further, the Court cannot and should not ignore the practical effect of any ruling that prevents Defendants from informing the jury that certain charges in the indictment were dropped. The charges asserted in the indictment—whether the original indictment or the superseding indictment—are placed at direct issue in this suit by *Plaintiff's own Complaint*: Plaintiff's claim for tens of millions of dollar in damages turns, in large part, upon the investigation leading to the assertion of the criminal charges. Presumably, Plaintiff intends to introduce evidence of the indictment, and to make argument to the jury based upon the allegations stated in and charges asserted by the indictments. Preventing Defendants from even informing the jury about the true, full course of the criminal proceedings

would create a distorted picture of the historical facts underlying this case.  Unlike the cases cited by Plaintiff—from which the information about non-prosecution or acquittal could be excised from the trial without affecting the accuracy of the factual record presented to the jury—here, an order granting Plaintiff's Motion would create a significantly misleading and inaccurate record.  Plaintiff cannot be permitted to mislead the jury in this way, by presenting evidence of charges that were never proven and never admitted in order to ask for an inference that "where there's smoke, there's fire" without Defendants being permitted to tell the jury what the actual outcome of the abandoned charges was.  If Plaintiff wants to exclude one half of the story, then the Court must preclude the *entire* story—and bar admission of any evidence or argument about any charges or allegations in the indictments that were not admitted in the guilty pleas.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion *In Limine* To Preclude Defendants From Introducing Evidence of Non-Prosecution should be denied.

**BLANK ROME LLP**

Date: April 21, 2010

*/s/ James T. Smith*
JAMES T. SMITH
EVAN H. LECHTMAN
NAKUL KRISHNAKUMAR
One Logan Square
Philadelphia, PA 19103
Tel: (215) 569-5500
Fax: (215) 832-5500
*Attorneys for Defendants*