**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE HERLEY INDUSTRIES, INC. SECURITIES LITIGATION | CIVIL ACTION<br>NO. 06-2596 (JRS) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
*IN LIMINE* TO PRECLUDE DEFENDANTS FROM CONTESTING
THAT BLATT'S GUILTY PLEA WAS RELATED TO THE
<u>SUPERSEDING INDICTMENT'S VCO ALLEGATIONS</u>**

**BLANK ROME LLP**
James T. Smith
Evan H. Lechtman
Nakul Krishnakumar
One Logan Square
Philadelphia, PA 19103
Tel: (215) 569-5500
Fax: (215) 832-5500
*Attorneys for Defendants*

i

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................... 1

LEGAL ARGUMENT .................................................................................................................... 1

CONCLUSION ............................................................................................................................... 4

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Bradley v. Pittsburgh Bd. of Educ.,
   913 F.2d 1064 (3d Cir. 1990) ..................................................................................................3

Davis v. Gen. Accident Ins. Co. of Am.,
   2000 WL 1780235 (E.D. Pa. 2000) ..........................................................................................3

Drumm v. Schell,
   2008 WL 2412953 (M.D. Pa. 2008) .........................................................................................3

Herley Indus., Inc. v. Federal Insurance Companies, Inc.,
   2009 WL 2596072 (E.D. Pa. Aug. 21, 2009) ...........................................................................2

Howard Johnson Int'l. v. Cupola Enter., LLC,
   117 Fed. App'x. 820 (3d Cir. 2004) .........................................................................................3

Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.,
   458 F.3d 244 (3d Cir. 2006) .....................................................................................................2

Defendants Herley Industries, Inc. ("Herley"), Lee Blatt ("Blatt"), Myron Levy ("Levy"), Anello C. Garefino ("Garefino"), Thomas V. Gilboy ("Gilboy"), and John M. Kelley ("Kelley") (collectively "Defendants"), by and through their undersigned counsel, respectfully submit this Opposition to Plaintiff's Motion *In Limine* To Preclude Defendants From Contesting That Blatt's Guilty Plea Was Related to the Superseding Indictment's VCO Allegations.  For the reasons stated below, Plaintiff's motion should be denied.

## PRELIMINARY STATEMENT

Plaintiff contends that because this court found Blatt's guilty plea on a misdemeanor tax charge was "related to" criminal allegations involving fraud such that an insurer did not have to bear the costs of Blatt's defense in the criminal proceeding, then the plea must necessarily be "related to" the same allegations *for purposes of federal securities laws*.  The court should reject that contention out of hand, for it represents nothing other than a clandestine attempt by Plaintiff to obtain summary judgment on a key issue for which it bears the burden of proof—*scienter*.  In short, although Plaintiff coyly fails to articulate the issue expressly, the motion seeks a ruling by the court that a Herley employee with knowledge of the underlying fraudulent conduct to which **Herley** pled guilty (relating to the **Power Head** contracts) possessed *scienter* as to allegations of fraud that were never proven nor admitted.  That effort should be rejected, and the motion should be denied.

## LEGAL ARGUMENT

Plaintiff's motion makes a superficially appealing argument that ultimately falls apart when the facts are examined more closely.  In previous litigation between the Defendants and their insurer, this Court was called upon to interpret the meaning and impact of an exclusion in an insurance policy.  More specifically, the court had to determine whether Blatt's guilty plea to a misdemeanor under an "information" was "based upon, arising from, or in consequence of" (as required by the language of the exclusion) "a criminal proceeding commenced by the return of the indictment."

Herley Indus., Inc. v. Federal Insurance Companies, Inc., Civ. A. No. 08-5377, 2009 WL 2596072, at *8-9 (E.D. Pa. Aug. 21, 2009) (the "Insurance Litigation"). In that opinion, this court did nothing more than conclude that although Blatt pled guilty plea to a misdemeanor tax charge under the *Superseding Information*, Herley's claim against its insurer was "based upon, arising from, or in consequence of" the *Superseding Indictment* because both were part of the *same proceeding* and thus both were subject to the exclusion provision under the language of the insurance policy. The Plaintiff's mischaracterization of this court's prior ruling notwithstanding, the result in the Insurance Litigation did not flow from a finding that "Blatt's guilty plea and the Superseding Information are related, and in fact based upon, the Superseding Indictment's *VCO allegations*." (See Pl.'s Mot. at 6; emphasis added.)

This distinction is key, because the issue that Plaintiff seeks to conclusively establish here, through a motion *in limine*, was not "identical" to the issue determined in the Insurance Litigation, nor was the issue raised *here* "necessary" to the outcome in that separate case.[1] A determination that a *single* proceeding occurred within the meaning of an insurance policy exclusion—starting with the original indictment, proceeding first to the Superseding Indictment and then to the Superseding Information and then ultimately resulting in Blatt's guilty plea—is not "identical to" the question of whether the conduct to which Blatt pleaded guilty is, for purposes of the securities laws, "related to" or "based upon" the Superseding Indictments allegations of fraud in connection with the VCO contracts. In sum, the insurance litigation did *not* involve the identical issue raised by Plaintiffs in this motion—indeed the meaning of the language of the policy exclusion is utterly irrelevant to this proceeding.

---

[1] Plaintiff itself acknowledges that for collateral estoppel to apply, the issue decided in the previous litigation must be "identical" to—not simply similar to, or related to—the issue raised here, and that the "identical" issue was "necessary" to the previous suit. (See Pl.'s Mot. at 6; quoting Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244 (3d Cir. 2006)).

Further, the issue raised by this motion could not have been "necessary" to the trial court's previous determination: The court could have reached the same result in the Insurance Litigation *regardless* of the charge to which Blatt pleaded guilty—the key was that the guilty plea followed upon a long process instituted by a criminal indictment in a single proceeding. By arguing to the contrary, Plaintiff attempts to paint a misleading picture for the court and for the jury, and lays the groundwork for arguing improperly that the court has already determined, in the Insurance Litigation, that Blatt's plea to one misdemeanor tax charge somehow indicates an acknowledgment of guilt to other felony fraud charges that the criminal prosecutors elected not to pursue.[2] Moreover, Plaintiff attempts to preclude the Defendants from arguing to the contrary—forcing them to remain silent in the face of a contention that the unproven and unadmitted fraud allegations in the Superseding Indictment about the VCO contract were somehow established by this court.

In sum, whether Plaintiff believes it can prove Blatt, as an individual involved in the disclosures to the market, possessed the necessary *scienter* to establish a claim for securities fraud, it cannot use this court's prior interpretation of an insurance policy exclusion to avoid meeting that burden.

\*   \*   \*

---

[2] In this, Plaintiff again attempts to gain by a motion *in limine* what it lost on summary judgment: a determination that Blatt possessed the necessary *scienter* for purposes of Plaintiff's securities law claims. A motion *in limine*, however, is not the proper vehicle for seeking back-door reconsideration of an argument that was rejected by the court on a summary judgment motion. See Davis v. Gen. Accident Ins. Co. of Am., 2000 WL 1780235, at \*4 (E.D. Pa. 2000) (citing Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990)); see also Drumm v. Schell, 2008 WL 2412953, at \*2 (M.D. Pa. 2008) (denying motion *in limine* as "a summary judgment motion in disguise"); Howard Johnson Int'l. v. Cupola Enter., LLC, 117 Fed. App'x. 820, 822 (3d Cir. 2004).

3

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion *In Limine* To Preclude Defendants From Contesting That Blatt's Guilty Plea Was Related to the Superseding Indictment's VCO Allegations should be denied.

**BLANK ROME LLP**

Date: April 21, 2010

*/s/ James T. Smith*
JAMES T. SMITH
EVAN H. LECHTMAN
NAKUL KRISHNAKUMAR
One Logan Square
Philadelphia, PA 19103
Tel: (215) 569-5500
Fax: (215) 832-5500
*Attorneys for Defendants*