UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE HERLEY INDUSTRIES INC. SECURITIES LITIGATION | CIVIL ACTION<br><br>No. 06-2596 (JRS)<br><br><u>CLASS ACTION</u> |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
<u>**MOTION TO BIFURCATE THE TRIAL OF LIABILITY AND DAMAGES**</u>

Stanley P. Kops (SPK 6328)
LAW OFFICE OF STANLEY P. KOPS
102 Bala Avenue
Bala Cynwyd, PA  19004
Telephone:  (610) 949-9999
Facsimile:   (610) 949-9773

*Plaintiffs' Liaison Counsel*

Ira M. Press (*pro hac vice*)
Andrew M. McNeela (*pro hac vice*)
Sarah G. Lopez (*pro hac vice*)
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY  10022
Telephone:  (212) 371-6600
Facsimile:   (212) 751-2540

Christopher J. Keller (*pro hac vice*)
Jonathan Gardner (*pro hac vice*)
LABATON SUCHAROW LLP
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:    (212) 818-0477

*Co-Lead Counsel for Lead Plaintiff
  and the Class*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.    Preliminary Statement.......................................................................................................... 1

II.   Factual Background ............................................................................................................. 2

III.  Argument ............................................................................................................................. 3

      A.   Rule 42(b) Bifurcation Is Not Warranted In this Case .................................................. 3

           1.   Defendants Have Failed to Meet Their Burden of
                Establishing Any Undue Prejudice Resulting From a Single
                Trial.......................................................................................................................... 3

           2.   Plaintiffs Are the Ones Who Will Suffer Extreme Prejudice
                If the Trial Is Bifurcated ......................................................................................... 6

           3.   A Single Trial Will Promote Judicial Economy ..................................................... 10

IV.   Conclusion .......................................................................................................................... 12

# TABLE OF AUTHORITIES

## CASES

*In re ASK Sec. Litig.*,
   No. C-85-20207(A)-WAI, 1992 WL 278386 (N.D. Cal. Aug. 18, 1992) ..............................4, 9

*Arthur Young & Co. v. United States Dist. Ct.*,
   549 F.2d 686 (9th Cir. 1977) ...........................................................................................9

*B. Braun Med. Inc., v Abbot Labs.*,
   No. 93-3883, 1994 U.S. Dist. LEXIS 12104 (E.D. Pa. Aug. 29, 1994) ..................................10

*Barr Lab., Inc. v. Abbott Labs*,
   978 F.2d 98 (3d Cir. 1992)................................................................................................10

*In re Blech Sec. Litig.*,
   No. 94-7696, 2003 WL 1610775 (S.D.N.Y. Mar. 26, 2003)..................................3. 4, 5, 6, 11

*Burkhart-Deal v. Citifinancial, Inc.*,
   No. 07-1747, 2010 WL 457127 (W.D. Pa. Feb. 4, 2010).................................................9

*Carter v. City of Phila.*,
   No. 97-4499, 2000 WL 1368010 (E.D. Pa. Sept. 12, 2000) ......................................................10

*Corrigan v. Methodist Hosp.*,
   160 F.R.D. 55 (E.D. Pa. 1995)................................................................................................10

*Dayton Monetary Assocs. v. Donaldson Lufkin & Jenrette Sec. Corp.*,
   Nos. 91-2050, 91-4944, 91-5000, 91-5622, 91-6432, 91-2059,
   1999 WL 159889 (S.D.N.Y. Mar. 22, 1999) ................................................................................11

*Dura Pharms., Inc. v. Broudo*,
   544 U.S. 336 (2005)................................................................................................................7

*Eisenberg v. Gagnon*,
   766 F.2d 770 (3d Cir. 1985)................................................................................................9

*Entin v. Barg*,
   60 F.R.D. 108 (E.D. Pa. 1973)................................................................................................9

*Fisher v. Ciba Specialty Chems. Corp.*,
   238 F.R.D. 273 (S.D. Ala. 2006) ................................................................................................8

*Gebhardt v. ConAgra Foods, Inc.*,
   335 F.3d 824 (8th Cir. 2003) ................................................................................................7

*In re Herley Indus. Inc. Sec. Litig.*,
   No. 06-2596, 2009 WL 3169888 (E.D. Pa. Sept 30, 2009) ......................................................... 9

*Lewis v. Triborough Bridge & Tunnel Auth.*,
   No. 97-607, 2000 WL 423517 (S.D.N.Y. Apr. 19, 2000) .......................................................... 6

*Lis v. Robert Packer Hosp.*,
   579 2d 819 (3d Cir. 1978) ........................................................................................................ 10

*Marshall v. Overhead Door Corp.*,
   131 F.R.D. 94 (E.D. Pa. 1990) ................................................................................................... 3

*McCabe v. Ernst & Young, LLP*,
   No. 01-5747, 2006 WL 42371 (D.N.J. Jan. 6, 2006) ................................................................. 7

*Medpointe Healthcare, Inc. v. Hi-Tech Pharmacal Co*,
   Nos. 03-5550, 06-1686, 2007 WL188285 (D.N.J. Jan. 22, 2007) ............................................. 9

*In re Melridge, Inc. Sec. Litig.*,
   837 F. Supp. 1076 (D. Or. 1993) ............................................................................................... 4

*In re Merrill Lynch Sec. Litig.*,
   191 F.R.D. 391 (D.N.J. 1999) ............................................................................................ 5, 7, 8

*Miller v. Asensio & Co.*,
   364 F.3d 223 (4th Cir. 2004) ...................................................................................................... 8

*Miller v. N.J. Transit Auth. Rail Operations*,
   160 F.R.D. 37 (D.N.J. 1995) ................................................................................................ 3, 10

*Monaghan v. SZS 33 Assocs., L.P.*,
   827 F. Supp. 233 (S.D.N.Y. 1993) .......................................................................................... 3, 6

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   259 F.3d 154 (3d Cir. 2001) ...................................................................................................... 7

*In re Oxford Health Plans, Inc., Sec. Litig.*,
   244 F. Supp. 2d 247 (S.D.N.Y. 2003) .................................................................................... 4, 5

*In re Paoli R.R. Tyard PCB Litig.*,
   113 F.3d 444 (3d Cir. 1997) .................................................................................................... 10

*Princeton Biochemicals v. Beckman Instrumentals, Inc.*,
   180 F.R.D. 254 (D.N.J. 1997) .................................................................................................... 9

*Robbins v. Deloitte & Touche, LLP*,
   No. 90-896-CIV-J-10, 1995 WL 17205104 (M.D. Fla. June 28, 1995,
   *rev'd on other grounds by* 116 F.3d 1141 (11th Cir. 1997)........................................................4

*In re Scientific-Atl., Inc. Sec. Litig.*,
   571 F. Supp. 2d 1315 (N.D. Ga. 2007) ..........................................................................................9

*Smith v. Alyseska Pipeline Serv. Co.*,
   538 F. Supp. 977 (D. Del. 1982) ...................................................................................................10

*Sowell v. Butcher & Singer, Inc.*,
   926 F.2d 289 (3d Cir. 1991)......................................................................................................7, 8

*Sprinturf, Inc. v. Sw. Recreational Indus., Inc.*,
   No. 01-7158, 2004 WL 96751 (E.D. Pa. Jan. 15, 2004) ..............................................................3

*Verna v. U.S. Suzuki Motor Corp.*,
   No. 88-0736, 1988 U.S. Dist. LEXIS 13925 (E.D. Pa. Dec. 9, 1988)......................................10

*Vichare v. Ambac Inc.*,
   106 F.3d 457 (2d Cir. 1996)......................................................................................................10

*Witherbee v. Honeywell, Inc.*
   151 F.R.D. 27 (N.D.N.Y. 1993).................................................................................................10

*In re Worldcom, Inc. Sec. Litig.*,
   No. 02 Civ. 3288 DLC, 2005 WL 375314 (S.D.N.Y. Feb. 17, 2005) .......................................4

## STATUTES AND RULES

Fed. R. Civ. P. 42(b) .........................................................................................................................3

15 U.S.C. § 78j(b)........................................................................................................................2, 6

15 U.S.C. § 78t(a) ............................................................................................................................2

15 U.S.C. § 78u-4(b)(4) ...................................................................................................................6

I.      **Preliminary Statement**

Lead Plaintiff in the above-captioned securities fraud class action respectfully submits this memorandum of law in opposition to Defendants' motion to bifurcate the trial of liability and damages.  As set forth below, Defendants[1] have not and cannot meet their burden of establishing that bifurcation would be appropriate in this case.  Defendants offer nothing to justify bifurcation other than generalized and inaccurate assertions that: 1) bifurcation is necessary to avoid unfair prejudice if the jury is allowed to hear Plaintiffs' aggregate damages number, 2) the jury will be confused by issues of liability and damages, and 3) bifurcation – having two trails instead of just one - would somehow promote judicial efficiency and economy.

Defendants' motion fails to cite a single class action securities case where a court granted bifurcation of liability and proof of damages.  Defendants' motion also wholly ignores the fact that: 1) Plaintiff must prove damages as *part of* its case in chief for liability under Section 10(b) of the Exchange Act, 2) because of this, the jury *must* be allowed to hear expert testimony and consider expert evidence with regard to damages in order to determine liability, and 3) having two juries hear the same testimony from the same two witnesses in the same case on the same issues flies in the face of judicial economy.

Further, not only does Defendants' motion fail to make any showing that bifurcation would promote efficiency or avoid legally cognizable prejudice, the opposite is true. Granting bifurcation would serve only to require this Court and the jury to hear unnecessarily duplicative evidence and prejudice Plaintiff's ability to present all of the evidence supporting liability under the Exchange Act.

---

[1] Defendants are Herley Industries, Inc. ("Herley"), Lee Blatt, Myron Levy, Anello C. Garafino, Thomas V. Gilboy, and John M. Kelly (collectively "Defendants").

## II.     Factual Background

The Exchange Act claims in this case stem from allegations that Defendants made material misrepresentations in their public filings during the class period concerning Herley's relationship with the Government, its single largest customer, its compliance with Government contracting rules and regulations, its criminal misconduct in connection with certain government contracts, and the Government's criminal investigation into Herely's misconduct, including the ramifications of this investigation.

During the trial of this action, Plaintiff will be required to satisfy all of the elements of a claim under §10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") 15 U.S.C. §§ 78j(b) and 78t(a) to establish liability, by proving to a jury that Defendants: 1) made misrepresentation/omissions, 2) acted with scienter, 3) that the misrepresentation/omissions were material, 4) that Plaintiff relied on the misrepresentations/omissions, 5) that Plaintiff suffered a loss, and 6) that the loss was a result of Defendants' misrepresentations/omissions.

The fourth and fifth elements above encompass what is commonly referred to as "loss causation."   As to these elements, Plaintiff will be presenting the testimony of Scott Hakala ("Hakala"), Plaintiff's expert witness.  Hakala conducted an event study that demonstrated sharp declines suffered by Herley shares immediately following disclosures of Herley's criminal misconduct and troubled government relationship, which were statistically significant.  Halaka will testify that as a result of Defendants' conduct (which will be discussed in greater detail at the trial to satisfy other elements of the 10(b) claim), Plaintiff suffered a loss per share of more than $5.00 which results in aggregate damages of $80.6 million.

## III. Argument

### A. Rule 42(b) Bifurcation Is Not Warranted In this Case

The court may bifurcate one or more separate issues "[f]or convenience, to avoid prejudice, or to expedite and economize." *See* Fed. R. Civ. P. 42(b). However, bifurcation is "not to be routinely ordered." *See* 1966 Amendment to Fed. R. Civ. P. 42(b). "The party seeking bifurcation has the burden of showing that bifurcation is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties." *Miller v. N.J. Transit Auth. Rail Operations*, 160 F.R.D. 37, 40 (D.N.J. 1995) (citing *Lowe v. Philadelphia Newspapers, Inc.*, 594 F.Supp. 123, 125 (E.D. Pa. 1984). The party seeking bifurcation, Defendants here, must also demonstrate that they will suffer undue prejudice if separate trials are not granted, *Marshall v. Overhead Door Corp.*, 131 F.R.D. 94, 97 (E.D. Pa. 1990), as "bifurcation is . . . reserved for truly extraordinary situations of undue prejudice." *In re Blech Sec. Litig.*, No. 94-7696, 2003 WL 1610775, at *12 (S.D.N.Y. Mar. 26, 2003). Thus, although the Court has great discretion in deciding whether or not to bifurcate a case, bifurcation "remains the exception rather than the rule." *Sprinturf, Inc. v. Sw. Recreational Indus., Inc.*, No. 01-7158, 2004 WL 96751, at *1 (E.D. Pa. Jan. 15, 2004).

#### 1. Defendants Have Failed to Meet Their Burden of Establishing Any Undue Prejudice Resulting From a Single Trial

In order to overcome the "fundamental presumption which favors the trial of all issues to a single jury" *Blech*, 2003 WL 1610775, at *5, Defendants must demonstrate that they will suffer ***undue*** prejudice if separate trials are not granted. *See Marshall v. Overhead Door Corp.*, 131 F.R.D. 94, 97 (E.D.Pa. 1990); *Monaghan v. SZS 33 Assocs., L.P.*, 827 F. Supp. 233, 246 (S.D.N.Y. 1993) (bifurcation reserved for "truly extraordinary situations of ***undue*** prejudice"; that defendant may be prejudiced to some extent is not enough) (emphasis in original).

3

Defendants claim that they will be prejudiced because "the magnitude of the damages sought in this case is so extraordinary that . . . [a] juror will be moved to award Plaintiffs some amount of money, regardless of fault." Def. Mot. at 5. Defendants also filed a separate motion in limine to preclude plaintiffs from relying on this aggregate damage number. *See* Docket Entry No.237.[2] As explained in greater detail in Plaintiff's Opposition to Defendants' Motion to Preclude Plaintiff from Introducing Evidence or Argument Regarding Aggregate Damages, an aggregate damage calculation for class wide damages has been routinely upheld by courts as a proper method of calculating damages. *See In re Worldcom, Inc. Sec. Litig.*, No. 02 Civ. 3288 DLC, 2005 WL 375314, at *7-8 (S.D.N.Y. Feb. 17, 2005) ("[a]ggregate damages awards are a 'standard practice' in securities cases") (internal citations omitted); *In re Oxford Health Plans, Inc.*, *Sec. Litig.*, 244 F. Supp. 2d 247, 251 (S.D.N.Y. 2003) ("[b]efore and after the… PSLRA, absent class members in securities fraud cases have been awarded a common fund of damages computed by the trier of fact, based usually on expert testimony"); *Blech*, 2003 WL 1610775, at *26 ("[i]t is common practice to award an aggregate verdict for the class as a whole"); *In re Melridge, Inc. Sec. Litig.*, 837 F. Supp. 1076, 1079-80 (D. Or. 1993) (upholding jury verdict awarding aggregate damages); *In re ASK Sec. Litig.*, No. C-85-20207(A)-WAI, 1992 WL 278386, at *1 (N.D. Cal. Aug. 18, 1992) (denying defendant's motion to preclude aggregate damages); *Robbins v. Deloitte & Touche, LLP*, No. 90-896-CIV-J-10, 1995 WL 17205104, at *1 (M.D. Fla. June 28, 1995), *rev'd on other grounds by* 116 F.3d 1141 (11th Cir. 1997) (finding an aggregate damages amount in an order directing final judgment).

To support their argument, Defendants cite to three personal injury cases and an employment law case. Not surprisingly, Defendants do not and can not cite to any class action

---

[2] Interestingly, although Defendants claim here that Plaintiff's aggregate damage number would prejudice them at trial, they make no such claim in their Motion to Preclude Plaintiff from Introducing Evidence or Argument Regarding Aggregate Damages

4

securities cases where the court bifurcated the trial because the aggregate damage number might prejudice a jury. In fact, the actual aggregate damages number played no role at all in *Oxford*, a class action securities litigation case, where the court denied defendants motion to bifurcate and allowed the use of aggregate damages. *See* 244 F. Supp. 2d at 249-50, 252. This case ultimately *settled* for $300 million—so the damages in *Oxford* must have been far greater than Plaintiff's aggregate damage number of $80 million. *ASK* also had a similar result. There, the court denied defendant's motion to bifurcate and permitted aggregate damages to be presented to a jury. 1992 WL 278386, at *1. The court made no mention of any possible prejudice from aggregate damages that could affect defendants. *See also Blech*, 2003 WL 1610775, at *26-27. (class action securities case where court denied motion to bifurcate where defendants failed to show undue prejudice and allowed use of aggregate damages).

Defendants other argument -- that a court may bifurcate issues "so as to avoid the risk that evidence pertaining to one issue will improperly influence the jury's decision on another issue" -- is also faulty. As discussed in greater detail below, the factual determination of whether and how Plaintiff has been damaged is not a separate "issue" from liability. These issues are intertwined. In order for a jury to find liability, a jury must also find that a Plaintiff has been damaged thereby. *See, e.g., In re Merrill Lynch Sec. Litig.*, 191 F.R.D. 391, 397 (D.N.J. 1999) (proof of damage is an essential element of the cause of action itself). Defendants can not claim that they will be prejudiced because Plaintiff must be able to present evidence regarding damages to the jury in order to establish this element of liability under §10(b). Defendants' argument is akin to requesting that the jury not be allowed to hear about Herley's misrepresentations or that the Defendants acted with scienter.

5

Notwithstanding the above, even if Defendants could somehow show they would be prejudiced by Plaintiff's aggregate damages number being presented to a jury (and they have not), nothing Defendants advance rises to level of *undue* prejudice.  *See Monaghan*, 827 F. Supp. at 246 (bifurcation reserved for "truly extraordinary situations of *undue* prejudice"; that defendant may be prejudiced to some extent is not enough); *see also Blech*, 2003 WL 1610775, at *15 (class action securities case where court denied motion to bifurcate where defendants failed to show undue prejudice).

### 2. Plaintiffs Are the Ones Who Will Suffer Extreme Prejudice If the Trial Is Bifurcated

In deciding whether to bifurcate issues into two separate trials, courts routinely consider whether the party opposing bifurcation will be prejudiced if it is granted. *Lewis v. Triborough Bridge & Tunnel Auth.*, No. 97-607, 2000 WL 423517, at *2 (S.D.N.Y. Apr. 19, 2000).  Here, Plaintiff and the Class will be severely prejudiced because bifurcating the trial into a liability trial and damages trial will prevent Plaintiff from establishing the elements of its claim. To establish *liability* on the part of defendants for violations of §10(b), plaintiffs are required to establish a misstatement or an omission of material fact, made with scienter, on which the class reasonably relied and which proximately caused *damages*. Securities Exchange Act of 1934, § 10(b), 15 U.S.C. § 78j(b).  Thus, damages are an element of Plaintiff's claim that must be established for liability to impose.

The PSLRA further codified this principle by expressly stating that "plaintiff shall have the burden of proving that the act or omission of the defendant alleged to violate this chapter caused the loss for which plaintiff seeks to recover damages." 15 U.S.C. § 78u-4(b)(4).  This is commonly referred to as "loss causation," *i.e.*, that Defendants' fraud inflated the value of Herley's shares during the Class Period, and that the disclosure of negative information relating

to the fraud or its consequences removed that inflation, ***causing Plaintiff's damages***. *See generally Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005). Therefore, to prevail on a § 10(b) claim, a plaintiff must show that "defendant's misrepresentation … proximately caused the plaintiff's economic loss." *Id* at 346. Essentially, loss causation requires proof that, but for the defendant's wrongful conduct, the plaintiff would not have incurred injury. *See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 177 (3d Cir. 2001).

To prove loss causation as an element of a §10(b) case, a plaintiff is required to offer expert testimony demonstrating both the fact and the amount of damages caused by defendant's alleged wrongdoing. *McCabe v. Ernst & Young, LLP*, No. 01-5747, 2006 WL 42371, at *112 (D.N.J. Jan. 6, 2006); *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 298-301 (3d Cir.1991) (affirming directed verdict due to plaintiff's failure to submit expert testimony concerning amount or cause of damages); *Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824, 831-32 (8th Cir. 2003) (loss causation issues are best resolved with the help of expert testimony based on a ***full*** record.). Here, Plaintiffs intend on offering the expert testimony of Hakala to establish that Plaintiff and the Class suffered damages of just over $5.00 per share, and aggregate damages of $80.6 millionas a result of Defendants' fraud and the disclosure of negative information relating to the fraud.

Defendants contend that "the evidence to be presented regarding damages is separate and distinct from the anticipated proofs regarding liability," Def. Mot. at 2. Defendants are wrong. In seeking to have the issues of damages and liability separated into two trials, Defendants confuse a fundamental concept of a §10(b) claim. Proof of damage is an essential element of the cause of action itself. *In re Merrill Lynch Sec. Litig.*, 191 F.R.D. 391 (D.N.J. 1999); *see also Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 297 (stating that an element of a 10b-5 claim "is

7

the necessity for proof of damages flowing from the defendants' conduct"). "The fact of damage must be proven in the liability phase." *Merrill Lynch*, 191 F.R.D. at 397. Therefore, liability and damages can not be divorced into two separate phases because in a §10(b) case, ***damages are part of liability***. Bifurcating the trial into two separate phases will preclude Plaintiff from establishing liability at all, causing extreme prejudice.

Defendants' confusion obviously stems from their miscomprehension of the nuanced difference between "proof of damage, which is an essential element of the cause of action itself," and "the mere calculation of damages," *id.* at 396. *See Sowell*, 926 F.2d at 297. The two (and only) class action securities cases cited by Defendants to support their position demonstrate how Defendants confuse these two issues. First, defendants cite *Miller v. Asensio & Co.*, 364 F.3d 223, 230 (4th Cir. 2004) for the proposition that "Courts frequently bifurcate the liability and damages phases of 10b-5 trials." Def. Mot. at 4. In *Asensio*, which involved individual (and not class wide) claims of fraud, both plaintiffs and defendant's experts testified at a single trial regarding loss causation and the decline in stock price. At the close of evidence, "the district court properly instructed the jury both as to liability and damages." 364 F.3d at 227. The court acknowledged the distinction between the related concepts of the "fact" of proximately caused damage and the "amount" of proximately cause damages' and that it is ***this*** question that may be appropriate for bifurcation. *Id.* at 364 F.3d 223, 230. However, where issues are so intertwined, as here, bifurcation is inappropriate. *See Fisher v. Ciba Specialty Chems. Corp.*, 238 F.R.D. 273, 316 (S.D. Ala. 2006) (class action case denying bifurcation because "bifurcation would artificially split hopelessly intertwined factual issues that are not severable.").

In other words, in class action cases, courts consider that individual damages may vary and courts propose viable alternatives to address any individual damages issues that may arise.

8

*See Eisenberg v. Gagnon*, 766 F.2d 770 (3d Cir. 1985) (holding that plaintiffs' securities fraud case met the commonality requirement and explaining that the class phase could resolve the central issue of liability for the alleged misrepresentations and omissions, and that ***individual*** damage determinations could be made at a separate phase of the trial). *see also In re Scientific-Atl., Inc. Sec. Litig.*, 571 F. Supp.2d 1315, 1342-43 (N.D.Ga. 2007) (court has several methods for dealing with ***individual*** issues relating to damages). A court may, for example, (1) appoint a magistrate judge or special master to preside over individual damages proceedings, (*See Burkhart-Deal v. Citifinancial, Inc.*, No. 07-1747, 2010 WL 457127 (W.D. Pa. Feb. 4, 2010)), or (2) employ a claims administration process to calculate total damages for the individual members (*See, e.g. ASK*, 1992 WL 278386, at *1 (denying defendants motion to bifurcate, permitting aggregate damages and providing a claims mechanism for individual damages), or (3) bifurcate the trial to discuss individual issues of damages related to reliance.[3] (*See, e.g., Entin v. Barg*, 60 F.R.D. 108, 112-13 (E.D. Pa. 1973) ("[i]f reliance is a prerequisite to recovery, it may properly be the subject of a separate trial.")).

The other class action case, *Arthur Young & Co. v. United States Dist. Ct.*, 549 F.2d 686 (9th Cir. 1977), cited by Defendants to support bifurcation suffers from the same infirmities and miscomprehension of the distinction between proof of damage, which is essential to liability, and mere calculation of individual damages—which is an individualized issue of fact.[4]

---

[3] Individual issues of reliance are not applicable here because Plaintiffs are entitled to a presumption of reliance. Reliance is presumptively established in circumstances featuring either (1) material omission; and/or (2) efficient markets. Both these elements are present here. The facts of materiality and omissions have already been introduced in numerous briefs before the Court and the Court has already found that the evidence submitted establishes the fact of market efficiency. *See In re Herley Indus. Inc. Sec. Litig.*, No. 06-2596, 2009 WL 3169888, at *14, n.16 (E.D. Pa. Sept 30, 2009).

[4] Bifurcation of issues concerning liability and damages may be more appropriate in antitrust, patent or negligence cases, where a jury is capable of determining the liability issue ***apart from*** the question of damages. Not surprisingly, the majority of cases cited by Defendants to support their position that this case should be bifurcated are patent cases (*See Medpointe Healthcare, Inc. v. Hi-Tech Pharmacal Co*, Nos. 03-5550, 06-1686, 2007 WL188285, at *1 (D.N.J. Jan. 22, 2007), *Princeton Biochemicals v. Beckman Instruments, Inc.*, 180 F.R.D. 254,

9

### 3. A Single Trial Will Promote Judicial Economy

For reasons of efficient judicial administration courts favor having only one trial whenever possible. *Carter v. City of Phila.*, No. 97-4499, 2000 WL 1368010 (E.D. Pa. Sept. 12, 2000). The party seeking bifurcation has the burden of proving that separation is necessary "in light of the general principle that a single trial tends to lessen delay, expense and inconvenience to all parties." *Id*. at *1 (citing *McCrae v. Pittsburgh Corning Corp.*, 97 F.R.D. 490, 492 (E.D. Pa. 1983)); *accord Corrigan v. Methodist Hosp.*, 160 F.R.D. 55, 56-57 (E.D. Pa. 1995). A court should resort to the "unusual remedy of bifurcation only when it believes that separation will result in a just and expeditious final disposition of the litigation." *Carter*, 2000 WL 1368010, at *1.

As Defendants concede, courts consider the overlap between testimony involved in the proposed separate phases of the case when deciding whether to bifurcate a trial. Def. Mot. At 4. An overlap of testimony or duplicative testimony weighs against Defendants' argument that bifurcating the trail would promote judicial economy. As discussed above, Plaintiff needs to establish damages as an element of its § 10(b) claim. In order to establish damages, Plaintiff will elicit the testimony of Scott Hakala, its damages expert. This testimony will include Hakala's analysis of loss causation through an event study that ultimately determines a loss per share number and aggregate damages. It simply would not make any economic sense to have Hakala present the same evidence to two separate juries twice. Plaintiffs and Defendants will be compelled to recall both expert witnesses, as well as reintroduce the documentary evidence upon which their opinions are based. *Cf. Vichare v. Ambac Inc.*, 106 F.3d 457, 466 (2d Cir. 1996)

---

255 (D.N.J. 1997), *Smith v. Alyseska Pipeline Serv. Co.*,5 38 F. Supp. 977 (D. Del. 1982), *B. Braun Med. Inc., v Abbot Labs.*, No. 93-3883, 1994 U.S. Dist. LEXIS 12104, a *2 (E.D. Pa. Aug. 29, 1994)) antitrust cases (*See Barr Lab., Inc. v. Abbott Labs*, 978 F.2d 98, 102 (3d Cir. 1992), or negligence/personal injury cases (*See Lis v. Robert Packer Hosp.*, 579 2d 819, 820 (3d Cir. 1978), *Miller*, 160 F.R.D. 37, 39 (D.N.J. 1995), *Witherbee v. Honeywell, Inc*. 151 F.R.D. 27, 28 (N.D.N.Y. 1993), *Verna v. U.S. Suzuki Motor Corp.*, No. 88-0736, 1988 U.S. Dist. LEXIS 13925, at *1 (E.D. Pa. Dec. 9, 1988), *In re Paoli R.R. Tyard PCB Litig.*, 113 F.3d 444, 449 (3d Cir. 1997).

("Bifurcation may therefore be appropriate where the evidence offered on two different issues will be *wholly* distinct . . .") (emphasis added).

*Blech*, 2003 WL 1610775 (S.D.N.Y. 2003) is a securities class action case directly on point. In this case, defendants moved to have the court bifurcate the damages and liability aspects of the trial. In denying defendants motion, the court found that the "issues of liability and damages are intertwined." 2003 WL 1610775, at *15. It would make no sense and be a waste of judicial resources to have plaintiff recall its expert witnesses, as well as reintroduce the documentary evidence upon which their opinions are based. *Id*. "[D]uplicative testimony and redundant assessment of factual issues would be inefficient, reducing rather than increasing judicial economy." *Id*.

Other than conclusory assertions, Defendants fail to prove how a bifurcated trial of this action will be a more efficient and appropriate process than a single trial of the issues. *See Dayton Monetary Assocs. v. Donaldson Lufkin & Jenrette Sec. Corp.*, Nos. 91-2050, 91-4944, 91-5000, 91-5622, 91-6432, 91-2059. 1999 WL 159889, at *2 (S.D.N.Y. Mar. 22, 1999) (Rule 42(b) motion denied as movants failed to show how bifurcation of trials could be streamlined and since separate trials "lead to greater delay and expense" because of, in part, two sets of jury charges and the possibility of having to select two different juries).

Defendants' argument regarding confusion of the jury is unavailing. Regardless of how complex issues may or may not be, the jury must consider the expert testimony at the liability stage because liability and damages are inexorably intertwined. Moreover, the factual basis for many of Hakala's findings relate directly to the misrepresentations and disclosures made by Defendants—other elements of a §10(b) claim. The jury must consider all these issues in tandem in order to be able to render a verdict. Because they must consider damages as an element of the

11

§10(b) claim, it makes the most sense for the jury to hear all the evidence concerning damages at once, during a single unitary trial.

## IV.     Conclusion

For the forgoing reasons Defendants motion to bifurcate the trial of liability and damages should be denied.

Dated: April 22, 2010                              Respectfully submitted,

By:  _____/s/ Jonathan Gardner_____
Jonathan Gardner (*pro hac vice*)
Christopher Keller (*pro hac vice*)
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

Ira M. Press (*pro hac vice*)
Andrew M. McNeela (*pro hac vice*)
Sarah G. Lopez (*pro hac vice*)
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540

*Co-Lead Counsel for Lead Plaintiff
  and the Class*

Stanley P. Kops (SPK 6328)
LAW OFFICE OF STANLEY P. KOPS
102 Bala Avenue
Bala Cynwyd, Pennsylvania 19004
Telephone: (610) 949-9999
Facsimile: (610) 949-9773

*Plaintiffs' Liaison Counsel*