IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE HERLEY INDUSTRIES, INC. SECURITIES LITIGATION | : : : : | Case No. 06-CV-2596 (JRS) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

James T. Smith, Esquire
Evan H. Lechtman, Esquire
Nakul Krishnakumar, Esquire
BLANK ROME LLP
One Logan Square
Philadelphia, PA  19103
Tel:  (215) 569-5643
Fax:  (215) 832-5643
*Attorneys for Defendants*

102406.00619/21876624v.3

**TABLE OF CONTENTS**

Page

FACTUAL AND PROCEDURAL BACKGROUND ................................................................. 1

LEGAL ARGUMENT ..................................................................................................................2

I.  PLAINTIFF'S REQUEST FOR ADMISSIONS SERVED OVER TEN MONTHS
    AFTER THE EXPIRATION OF THE COURT-MANDATED DISCOVERY
    DEADLINE ARE UNTIMELY AND IMPROPER. ..........................................................2

CONCLUSION ..............................................................................................................................6

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Airco Industrial Gases, Inv. Div. of BOC Group, Inc. v. Teamsters Health & Welfare Pension Fund*, 850 F.2d 1028 (3d Cir. 1988) ...................................................................4

*Betts v. Agri-Tech Services, Inc.*,
    1990 U.S. Dist. LEXIS 608 (D. Kan. Jan. 22, 1990) ..................................................................5

*Bieganek v. Wilson*,
    110 F.R.D. 77 (N.D. Ill. 1986) ...................................................................................................4

*Burnham v. Super. Ct. of Cal.*,
    495 U.S. 604 (1990) ...................................................................................................................4

*Fed. Mar. Comm'n v. S.C. State Ports Auth.*,
    535 U.S. 743 (2002) ...................................................................................................................4

*Gluck v. Ansett Austl. Ltd.*,
    204 F.R.D. 217 (D.D.C. 2001) ...................................................................................................4

*Jarvis v. Wal-Mart Stores, Inc.*,
    161 F.R.D. 337 (N.D. Miss. May 5, 1995) ..........................................................................3, 4

*Kershner v. Beloit Corp.*,
    106 F.R.D. 498 (D. Me. 1985) ...................................................................................................4

*Neilander v. Board of County Comm'r of the County of Republic, Kansas*,
    2007 U.S. Dist. LEXIS 94539 (D.Kan. Dec. 21, 2007) .............................................................5

*Revlon Consumer Prods. Corp. v. Estee Lauder Cos.*,
    2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) ............................................................4

*Toone v. Federal Express Corp.*,
    1997 WL 446257 (D.D.C. July 30, 1997) ..................................................................................4

**FEDERAL RULES**

Rule 16(b) ............................................................................................................................... 3-4

Fed. R. Civ. P. 26 ...................................................................................................................... 1-3

Fed. R. Civ. P. 33 .........................................................................................................................3

Fed. R. Civ. P. 34 .........................................................................................................................3

102406.00619/21876624v.3

iii

Fed. R. Civ. P. 36 ................................................................................................................... 2-3

E.D.Pa. Local Rule 26.1 ............................................................................................................3

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendants Herley Industries, Inc. ("Herley"), Lee Blatt ("Blatt"), Myron Levy ("Levy"), Anello C. Garefino ("Garefino"), Thomas V. Gilboy ("Gilboy"), and John M. Kelley ("Kelley")(collectively "Defendants"), by and through their undersigned counsel, submit this Memorandum of Law In Support of their Motion For Protective Order permitting Defendants to not respond to the Plaintiff's Requests for Admissions served over ten months <u>after</u> the Court ordered deadline for fact discovery in this case had lapsed.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves allegations that Defendants Herley and Blatt engaged in a fraudulent scheme to defraud the United States government in connection with three contracts between 2000 and 2002. Plaintiff contends that, as a result of that alleged improper conduct, certain statements in Herley's SEC filings between October 2001 and June 2006 were false or misleading. Plaintiff alleges that these misleading statements caused the price of Herley's publicly traded stock be artificially inflated during that time period.

On February 27, 2009, the Court entered an Order imposing a fact discovery deadline of June 1, 2009. A copy of the Court's February 27, 2009, Order is attached as Exhibit "A". During the course of this case the parties engaged in extensive discovery, which included the production of hundreds of thousands of pages of documents and over twenty depositions of party and non-party witness.

Nonetheless, on April 12, 2010 -- <u>over ten months after the expiration of the Court imposed discovery deadline</u> -- Plaintiff served Defendants with <u>two-hundred and seventy (270)</u> Requests for Admissions ("RFAs"). A copy of Plaintiff's untimely RFAs are attached as Exhibit "B". The RFAs request that Defendants admit or deny certain factual allegations raised in Plaintiff's complaint. (See Ex. B, Nos. 1 – 26). In addition, the RFAs seek Defendants to admit

2

or deny the authenticity of a myriad of documents. (See Ex. B, Nos. 27- 270).

Counsel for Defendants attempted to meet and confer with Plaintiff's counsel in good faith concerning the dilatory nature of Plaintiff's RFAs. (*See* May 10, 2010 email from E. Lechtman, attached as Exhibit "C"). Counsel for Defendants specifically noted that while the RFAs were untimely, to the extent they touched on issues concerning the authenticity of documents to potentially be offered at trial, Defendants were willing to work with Plaintiff to resolve any outstanding dispute after the exchange of exhibit lists. (*Id.*) Plaintiff's counsel did not respond to that email. As a result, Defendants now move for a protective order permitting them not to respond to Plaintiff's RFAs.[1]

## LEGAL ARGUMENT

### I. PLAINTIFF'S REQUEST FOR ADMISSIONS SERVED OVER TEN MONTHS AFTER THE EXPIRATION OF THE COURT-MANDATED DISCOVERY DEADLINE ARE UNTIMELY AND IMPROPER.

It is undisputed that the Court set a June 1, 2009, deadline for fact discovery in this case. It is further undisputed that Plaintiff's RFAs were served on April 12, 2010 -- more than ten months <u>after</u> the expiration of that deadline. Because requests for admissions are undeniably a form of discovery, as admitted by the Plaintiff,[2] the timing for their submission in this case is governed by the June 1, 2009, discovery deadline. This seemingly obvious proposition is supported by the text, structure, and purpose of the Federal Rules of Civil Procedure, as well as the local rules of this Court. Moreover, the vast majority of courts that have considered this issue have determined that requests for admissions: (1) constitute discovery; and (2) are therefore

---

[1] Because of the untimely nature of the RFAs, and in light of the fact that Defendants have filed the instant motion, Defendants will not serve a response to the Plaintiff's RFAs absent an order from the Court.

[2] Plaintiff admits that the RFAs are discovery. Indeed, the very first sentence of the RFAs states that they are served pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure. (Ex. B, p.1). Rule 26 is entitled: "General Provisions Governing Discovery; Duty of Disclosure." Fed. R. Civ. P. 26.

subject to court imposed discovery deadlines. Accordingly, any argument that Plaintiff's RFAs are not discovery, and thus not subject to the June 1, 2009 deadline should be rejected. Because Plaintiff's RFAs are untimely, the instant motion should be granted and Defendants should not be required to respond to Plaintiff's belated discovery.

The text, structure, and purpose of the Federal Rules of Civil Procedure mandates that requests for admission are discovery, and thus fall under the purview of court imposed discovery deadlines. Indeed Rule 26(a)(5) of the Federal Rules of Civil Procedure explicitly lists requests for admissions as a means of obtaining discovery. Fed. R. Civ. P. 26(a)(5).[3] Requests for admission are specifically governed by Rule 36. The drafters of the Federal Rules of Civil Procedure included Rule 36 (governing requests for admissions) in the chapter of the rules governing depositions and discovery. In addition, since the Federal Rules of Civil Procedure were designed to provide for fair and speedy resolutions of disputes, it is fair to conclude that the framers of the rules intended that requests for admission be subject to the rules applicable to other discovery tools, including Rule 16(b)(3), pursuant to which discovery deadlines are fixed in scheduling orders. *See Coram Health Care Corp.*, 2001 WL 1467681, at *3 (N.D. Ill. Nov. 15, 2001)(holding that requests for admissions are discovery based on text of federal rules of civil procedure); *Jarvis v. Wal-Mart Stores, Inc.*, 161 F.R.D. 337, 339 (N.D. Miss. May 5, 1995)(treating requests for admissions as discovery under Federal Rules of Civil Procedure). Finally, the local rules of this Court clearly contemplate that requests for admissions are discovery. *See* E.D.Pa. Local Rule 26.1.[4]

---

[3] That Rule specifically states: "Parties may obtain **discovery** by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property under Rule 34 or 45(a)(1)(C), for inspection and other purposes; physical and mental examinations; and **requests for admission**. Fed. R. Civ. P. 26(a)(5) (emphasis added).

[4] That rule, entitled "**Discovery**" states: "Interrogatories, requests for production and inspection and **requests for admission** under Fed. R. Civ. P. 33, 34, and 36 … shall not be filed with the Court. E.D.Pa. Local Rule 26.1(a) (emphasis added).

3

The Supreme Court has noted that requests for admissions are to be considered discovery. *See Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 758 (2002)(noting that requests for admission are a discovery device under the Federal Rules of Civil Procedure); *Burnham v. Super. Ct. of Cal.*, 495 U.S. 604, 639, n.13 (1990)(concurring opinion)(defendant "can use relatively inexpensive methods of discovery, such as … requests for admission[.]"). While the Third Circuit has never directly addressed the issue,[5] the overwhelming majority of federal courts have determined that requests for admissions constitute discovery, and therefore fall squarely under court-mandated discovery deadlines imposed pursuant to Rule 16(b). *See Gluck v. Ansett Austl. Ltd.*, 204 F.R.D. 217 (D.D.C. 2001)(holding that request for admissions subject to discovery cutoff dates); *Revlon Consumer Prods. Corp. v. Estee Lauder Cos.*, 2001 U.S. Dist. LEXIS 6616 (S.D.N.Y. May 16, 2001) (holding that "there should be not doubt that requests for admission … are a discovery device" and are therefore subject to discovery cutoff dates); *Toone v. Federal Express Corp.*, 1997 WL 446257, at *8 (D.D.C. July 30, 1997) (denying motion to compel responses to request for admissions because request was served on the date for completion of discovery); *Jarvis,* 161 F.R.D. at 339 (treating "requests for admission as a discovery device for purposes of establishing a deadline for service upon the other party"); *Kershner v. Beloit Corp.,* 106 F.R.D. 498, 499 (D. Me. 1985) (holding that "any general deadline for completion of discovery facially applies to requests for admissions"). To hold that requests for admissions were not discovery would leave them "afloat in the pretrial process, a situation which seems to be at odds with the purpose of the [scheduling] order." *Bieganek v. Wilson*, 110 F.R.D. 77, 78 (N.D. Ill. 1986).

---

[5] In *dicta*, the Third Circuit has treated request for admissions as discovery. *See Airco Industrial Gases, Inv. Div. of BOC Group, Inc. v. Teamsters Health & Welfare Pension Fund*, 850 F.2d 1028, 1035 (3d Cir. 1988).

Plaintiff's disregard for the court-imposed discovery deadline in this case is particularly egregious where the deadline lapsed more than <u>ten months</u> before the Plaintiff's RFAs were served. *See Betts v. Agri-Tech Services, Inc.*, 1990 U.S. Dist. LEXIS 608, at *4 (D. Kan. Jan. 22, 1990)(holding that protective order warranted where request for admissions served four months after discovery deadline); *Neilander v. Board of County Comm'r of the County of Republic, Kansas*, 2007 U.S. Dist. LEXIS 94539, at *2 (D.Kan. Dec. 21, 2007)(holding that protective order warranted where request for admissions served six months after discovery deadline). The parties had ample time to take discovery, and in fact, requested that the Court extend the fact discovery deadline on multiple occasions. During that time period, hundreds of thousands of pages of documents were produced and more than twenty fact depositions occurred. There is simply no reason why Plaintiff's RFAs could not have been served earlier in this litigation.[6]

Lastly, to the extent that the RFAs involve the authenticity of documents that may potentially be offered as exhibits at trial, counsel for the Defendants have already agreed to work with Plaintiff's counsel following the service of exhibit lists in order to resolve those issues. (See Ex. C).

---

[6] It is also worth noting that that the parties worked cooperatively in drafting a pre-trial schedule for this matter, as per the Court's instruction, following the establishment of a date for the pre-trial conference and trial. Plaintiff's counsel actually circulated an initial draft of the proposed scheduling order for the Defendants' review and comment. The pre-trial order agreed to by the parties, and signed by the Court, makes no reference to the filing of requests for admissions. (A copy of the March 19, 2010 pre-trial order is attached as Exhibit "D"). At no point during the communications between counsel regarding that Order did Plaintiff's counsel ever raise the issue of filing requests for admissions.

## **CONCLUSION**

For the reasons set forth above, the instant motion should be granted. Pursuant to Rule 26(c), a protective order should be issued permitting Defendants to not answer Plaintiff's request for admissions served April 12, 2010.

Date: May 12, 2010                                                   Respectfully Submitted,

/s/ James T. Smith
James T. Smith, Esquire
Evan H. Lechtman, Esquire
Nakul Krishnakumar, Esquire
Blank Rome LLP
One Logan Square
Philadelphia, PA  19103
Tel:  (215) 569-5643
Fax:  (215) 832-5643
*Attorneys for Defendants*