UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE HERLEY INDUSTRIES INC. SECURITIES LITIGATION | CIVIL ACTION<br><br>No. 06-2596 (JRS)<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Stanley P. Kops (SPK 6328)
LAW OFFICE OF STANLEY P. KOPS
102 Bala Avenue
Bala Cynwyd, PA  19004
Telephone:  (610) 949-9999
Facsimile:   (610) 949-9773

*Plaintiffs' Liaison Counsel*

Ira M. Press (*pro hac vice*)
Andrew M. McNeela (*pro hac vice*)
Sarah G. Lopez (*pro hac vice*)
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY  10022
Telephone:  (212) 371-6600
Facsimile:   (212) 751-2540

Christopher J. Keller (*pro hac vice*)
Jonathan Gardner (*pro hac vice*)
LABATON SUCHAROW LLP
140 Broadway
New York, New York  10005
Telephone:  (212) 907-0700
Facsimile:   (212) 818-0477

*Co-Lead Counsel for Lead Plaintiff
  and the Class*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

Preliminary Statement............................................................................................................... 1

Factual and Procedural Background ......................................................................................... 1

Argument ................................................................................................................................... 2

I.      Third Circuit Precedent............................................................................................... 3

II.     Defendants Would Not Be Prejudiced........................................................................ 4

III.    Plaintiff Would Be Prejudiced .................................................................................... 5

IV.     The Authority Cited By Defendants Is Inapposite And Irrelevant .................................... 5

Conclusion ................................................................................................................................. 6

## TABLE OF AUTHORITIES

### CASES

*Gluck v. Ansett Austl. Ltd.*,
  204 F.R.D. 217 (D.D.C. 2001)...............................................................................6

*Guinan v. A.I. duPont Hospital for Children*,
  No. 0-228, 2008 WL 938874 (E.D. Pa. Apr. 7, 2008)............................................3

*Jarvis v. Wal-Mart Stores, Inc.*,
  161 F.R.D. 337 (N.D. Miss. 1995)..........................................................................6

*Kershner v. Beloit Corp.*,
  106 F.R.D. 498 (D. Me. 1985) ............................................................................4, 6

*Langer v. Monarch Life Insurance Co.*,
  966 F.2d 786 (3d Cir. 1992)...............................................................................3, 5

*McCarthy v. Darman*,
  No. 07-cv-3968, 2008 WL 2468694 (E.D. Pa. June 17, 2008)...............................3

*Synthes (U.S.A.) v. Globus Medical, Inc.*,
  No. 04-1235, 2006 WL 3486544 (E.D. Pa. Nov. 29, 2006) ............................3, 4, 5

### FEDERAL RULES

Fed. R. Civ. P. 36...............................................................................................1, 2, 3

**Preliminary Statement**

Lead Plaintiff in the above-captioned securities fraud class action respectfully submits this memorandum of law in opposition to Defendants' Motion for Protective Order, filed May 12, 2010.  In their motion, Defendants seek to avoid responding to Lead Plaintiff's Requests for Admission (the "RFAs"), which were served on Defendants exactly 30 days prior, on April 12, 2010, by claiming that the RFAs constitute untimely discovery.  However, well-established, on-point precedent within the Third Circuit (which counsel for Defendants are undoubtedly aware of but failed to cite) holds to the contrary, and aligns precisely with Plaintiff's intent to streamline the issues to be decided at trial.  Accordingly, Defendants' motion must be denied, and Defendants should be compelled to respond to Plaintiff's RFAs promptly.

**Factual and Procedural Background**

Three months before trial, on April 12, 2010, Plaintiff served 272 Requests for Admission on Defendants.  Of these RFAs, approximately 250 ask Defendants to authenticate Herley business records that were produced by Defendants.  The remainder ask for simple "yes" or "no" answers to RFAs asking Defendants to confirm such mundane information as their fax and phone lines during the relevant time period, or the work order numbers that Herley assigned to the government contracts underlying this action.

At 10:54 a.m. on May 10, 2010, two days before Defendants were required to respond to Plaintiff's RFAs under Fed. R. Civ. P. 36, Defendants' counsel sent an e-mail to Plaintiff's counsel stating – for the very first time – that "Defendants believe that your recently served Request for Admissions constitute untimely discovery for which they are not required to respond."  *See* Ex. C to Defendants' Motion for Protective Order ("Def. Br.").

At 2:49 p.m. on May 12, 2010, Defendants filed their briefed Motion for Protective Order.

At 4:10 p.m. on May 12, 2010, Plaintiff sent a letter to Defendants that contained citations to on-point Third Circuit precedent, including a case involving Defendants' counsel, and suggested to meet and confer over its RFAs.  *See* May 12, 2010, Letter to James Smith, attached hereto as Exhibit A.

On May 14, 2010, during a meet and confer over the parties' proposed neutral statement of facts and jury questions for voir dire, Plaintiff again raised the issue of meeting and conferring over Plaintiff's RFAs in order to eliminate the need for motion practice on this issue. Defendants insisted on waiting another month, until the exchange of exhibit lists on June 11, 2010, to begin a discussion of authentication of documents to be used at trial.  Plaintiff expressed that this was unreasonable and unacceptable and insisted upon addressing authentication of documents sooner.

On May 17, 2010, Plaintiff contacted Defendants to determine whether they would reconsider their position.  Defendants advised that they would not, and then Plaintiff advised that it would be filing this Opposition.

## <u>Argument</u>

Defendants base their claim that Plaintiff's RFAs are untimely discovery on flimsy semantics and unbinding, unpersuasive, and selective decisions from courts outside the Third Circuit.  However, Defendants' numerous citations to instances where rules and courts have included requests for admissions under the rubric of "discovery," and their reliance on inapposite and irrelevant sister circuit and Supreme Court decisions, are unavailing against the well-established, on-point Third Circuit precedent, holding that: (i) RFAs, under Rule 36, are intended to narrow the issues for trial, or even altogether obviate the need for trial; and (ii) as such must be responded to even after discovery has been completed and trial is imminent.

I. **Third Circuit Precedent**

Defendants utterly fail to cite any of the on-point Third Circuit precedent at all, including a case decided by the District Court for the Eastern District of Pennsylvania, in which Defendants' counsel: (i) represented a party opposing a protective order regarding RFAs; and (ii) prevailed on virtually the same grounds that Plaintiff now posits in opposition to this motion.

In *Synthes (U.S.A.) v. Globus Medical, Inc.*, No. 04-1235, 2006 WL 3486544 (E.D. Pa. Nov. 29, 2006) (Stengel, J.) (**Blank Rome LLP** for plaintiffs), the court stated unequivocally that if a party is served with a request for admission of a fact, "***even after discovery has been completed and trial is imminent***," and "***even if that admission will gut its case***," it must admit that fact. *Id.* at *1 (emphasis added) (citing and quoting *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3d Cir. 1992)). There the court denied the protective order and ordered that the defendants answer the plaintiffs' RFAs within 10 days. *Id.*

This is based on the theory that Rule 36 is not so much a discovery device, "but rather a procedure for obtaining admissions for the record of facts already known." *McCarthy v. Darman*, No. 07-cv-3968, 2008 WL 2468694, at *1 (E.D. Pa. June 17, 2008) (citing *Ghazerian v. United States*, No. 89-8900, 1991 WL 30746, at *1 (E.D. Pa. Mar. 5, 1991)). Requests for Admission are intended to "narrow the issues for trial, or even altogether obviate the need for trial." *Langer*, 966 F.2d at 803; *see also Guinan v. A.I. duPont Hosp. for Children*, No. 08-228, 2008 WL 938874, at *1 (E.D. Pa. Apr. 7, 2008) ("The purpose of Requests for Admission is to expedite the trial by establishing certain material facts as true, thus reducing the number of issues for trial.").

Here, Defendants' responses to Plaintiff's RFAs would significantly reduce the number of issues for trial, since they would authenticate approximately 250 documents that would otherwise need to be authenticated through witnesses at trial. Moreover, having served the RFAs

well in advance of trial, Plaintiff is entitled to know now if Defendants will challenge

authenticity of documents so that Plaintiff can arrange to subpoena an appropriate authentication

witness who – due to the nature of the case – would be a current or former Herley employee and

not under Plaintiff's control.

## II.   <u>Defendants Would Not Be Prejudiced</u>

Plaintiff served Defendants with its RFAs on April 12, 2010, three months before trial.

The documents for which Plaintiff seeks authentication are all familiar to Defendants since they

have come from their possession, and the balance of the requests are simple and straightforward

recitations of fact, which can be readily admitted or denied.  As the court in *Synthes* held, the

"slight burden or expense of responding to [the plaintiffs'] requests," which, too, were simple

and straightforward, "is far outweighed by the benefit of facilitating proof with respect to the

issues in the case, and of narrowing its triable issues."  2006 WL 3486544, at *1.

Similarly, in a case cited by Defendants, which they purport stands for the proposition

that "any general deadline for completion of discovery facially applies to requests for

admissions," Defendants missed or ignored the holding.  *Kershner v. Beloit Corp.*, 106 F.R.D.

498, 499 (D. Me. 1985).  There, the court ultimately came to the "indisputable conclusion" that

responses to the Requests for Admissions were "highly likely to save the parties time and

expense and to benefit the Court by avoidance of unduly prolonging the trial for no significant

purpose."  *Id.*  The court there also found that the party seeking to avoid the RFAs had "made no

showing of actual prejudice should they be required to respond to these requests."  *Id.*

Here, Defendants have no reason other than delay tactics not to respond to Plaintiff's

RFAs, nor have they made a showing of actual prejudice should they be required to respond.

### III.   Plaintiff Would Be Prejudiced

Plaintiff, however, would be prejudiced should Defendants not be required to respond to its RFAs now.  As stated above, without Defendants' authentication of the approximately 250 documents produced by Defendants, Plaintiff would  be required to subpoena appropriate authentication witnesses, who would be current or former Herley employees and not under Plaintiff's control.

Moreover, even if the parties were to meet and confer for the purposes of authenticating documents, doing so after the exchange of exhibit lists on June 11, 2010, would also be prejudicial to Plaintiff, since Defendants could simply refuse to authenticate certain documents that are unfavorable to their position.  Plaintiff would then need to scramble with less than one month before trial, either through motion practice to get the Court to compel Defendants to authenticate their documents, or through subpoena to secure appropriate authentication witnesses for trial.

The benefit of Requests for Admissions is that, if a party is served with a request for an admission of fact, "it must admit that fact, even if that admission will gut its case."  *Langer*, 966 F.2d at 803; *Synthes*, 2006 WL 3486544, at *1.  There is no such compulsion during meet and confers.  Therefore, even if Plaintiff were to meet and confer over it RFAs, it would be significantly prejudiced if it had to wait until after the exchange of exhibit lists.

### IV.   The Authority Cited By Defendants Is Inapposite And Irrelevant

Instead of citing on point Third Circuit precedent, the authority cited by Defendants is inapposite and irrelevant.  For example, Defendants cite two Supreme Court cases, one where a Justice suggested that a party could have gotten information through various discovery techniques, including requests for admission, and another where the Court noted that a party could discover evidence through RFAs and sanctions were available for a failure to respond.  *See*

Def. Br. at 4 (citing *Burnahm v. Super. Ct. of Cal.*, 495 U.S. 604, 639 n.13 (1990), and *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 75 (2002)).  These cases have no bearing on whether RFAs should be subject to a discovery deadline.

Defendants further cite unbinding decisions that favor their position; but even those decisions recognize decisions holding otherwise.  *See, e.g., Gluck v. Ansett Austl. Ltd.*, 204 F.R.D. 217, 219 (D.D.C. 2001) ("Some courts have held that requests for admission are not subject to discovery cutoff dates because, theoretically, a requesting party is not seeking to discover anything."); *Jarvis v. Wal-Mart Stores, Inc.*, 161 F.R.D. 337, 339 (N.D. Miss. 1995) (noting courts, "as well as a noted treatise on federal practice [Wright and Miller], make a distinction in some respects between requests for admission and the various forms of discovery.").  And one decision Defendants cite turns out to favor Plaintiff's position.  *See Kershner*, 106 F.R.D. at 500 (holding that subjecting the party's RFAs to the discovery deadline "would produce only a result counterproductive to the interests of the parties and the interests of judicial economy").

## Conclusion

For the foregoing reasons, the Court should deny Defendants' Motion for a Protective Order and compel Defendants to promptly respond to Plaintiff's Requests for Admission.


Dated: May 19, 2010                              Respectfully submitted,


                                                 By: /s/ Jonathan Gardner
                                                 Jonathan Gardner (*pro hac vice*)
                                                 Christopher Keller (*pro hac vice*)
                                                 LABATON SUCHAROW LLP
                                                 140 Broadway
                                                 New York, New York 10005
                                                 Telephone: (212) 907-0700
                                                 Facsimile: (212) 818-0477

Ira M. Press (*pro hac vice*)
Andrew M. McNeela (*pro hac vice*)
Sarah G. Lopez (*pro hac vice*)
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 371-6600
Facsimile: (212) 751-2540

*Co-Lead Counsel for Lead Plaintiff*
  *and the Class*

Stanley P. Kops (SPK 6328)
LAW OFFICE OF STANLEY P. KOPS
102 Bala Avenue
Bala Cynwyd, Pennsylvania 19004
Telephone: (610) 949-9999
Facsimile: (610) 949-9773

*Plaintiffs' Liaison Counsel*