UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE HERLEY INDUSTRIES INC. SECURITIES LITIGATION | CIVIL ACTION<br><br>No. 06-2596 (JRS)<br><br><u>CLASS ACTION</u> |

**JOINT REQUESTED POINTS FOR CHARGE**

# TABLE OF CONTENTS

**Page**

I.  PRELIMINARY INSTRUCTIONS ....................................................................................... 1

JURY INSTRUCTION NO. 1 ................................................................................................ 1

UNDISPUTED

Introduction; Role of Jury

JURY INSTRUCTION NO. 2 ................................................................................................ 2

DISPUTED

Description of Case

JURY INSTRUCTION NO. 3 ................................................................................................ 5

DISPUTED

Class Action

JURY INSTRUCTION NO. 4 ................................................................................................ 6

DISPUTED

Testimony of Lead Plaintiff

JURY INSTRUCTION NO. 5 ................................................................................................ 7

UNDISPUTED

Conduct of Jury

JURY INSTRUCTION NO. 6 ................................................................................................ 8

UNDISPUTED

Bench Conferences

JURY INSTRUCTION NO. 7 ................................................................................................ 9

UNDISPUTED

Note Taking by Jurors

JURY INSTRUCTION NO. 8 .............................................................................................. 11

UNDISPUTED

Evidence

# TABLE OF CONTENTS *(cont'd)*

**Page**

JURY INSTRUCTION NO. 9 ............................................................................................. 13

UNDISPUTED

Direct and Circumstantial Evidence

JURY INSTRUCTION NO. 10 ........................................................................................... 14

UNDISPUTED

Credibility of Witnesses

JURY INSTRUCTION NO. 11 ........................................................................................... 15

DISPUTED

Preponderance of the Evidence

JURY INSTRUCTION NO. 12 ........................................................................................... 16

UNDISPUTED

Description of Trial Proceedings

II.   TRIAL INSTRUCTIONS ................................................................................................. 17

JURY INSTRUCTION NO. 13 ........................................................................................... 17

DISPUTED

Impeachment of Witness's Character for Truthfulness

JURY INSTRUCTION NO. 14 ........................................................................................... 18

UNDISPUTED

Judicial Notice

JURY INSTRUCTION NO. 15 ........................................................................................... 19

UNDISPUTED

Stipulation of Fact

JURY INSTRUCTION NO. 16 ........................................................................................... 20

DISPUTED

Use of Deposition

**TABLE OF CONTENTS** *(cont'd)*

<u>Page</u>

JURY INSTRUCTION NO. 17 ........................................................................... 21

    <u>UNDISPUTED</u>

    Charts and Summaries in Evidence

JURY INSTRUCTION NO. 18 ........................................................................... 22

    <u>UNDISPUTED</u>

    Charts and Summaries Not Admitted in Evidence

JURY INSTRUCTION NO. 19 ........................................................................... 23

    <u>UNDISPUTED</u>

    Striking Evidence

JURY INSTRUCTION NO. 20 ........................................................................... 24

    <u>UNDISPUTED</u>

    Recess Admonition

III.   INSTRUCTIONS FOR JURY DELIBERATIONS ............................................. 25

JURY INSTRUCTION NO. 21 ........................................................................... 25

    <u>UNDISPUTED</u>

    Deliberations

JURY INSTRUCTION NO. 22 ........................................................................... 27

    <u>UNDISPUTED</u>

    Read-Backs of Trial Testimony Model

JURY INSTRUCTION NO. 23 ........................................................................... 28

    <u>DISPUTED</u>

    Opinion Testimony

JURY INSTRUCTION NO. 24 ........................................................................... 29

    <u>UNDISPUTED</u>

    Number of Witnesses

# TABLE OF CONTENTS *(cont'd)*

**Page**

JURY INSTRUCTION NO. 25 .......................................................................................... 30

    DISPUTED

    Missing Witness

JURY INSTRUCTION NO. 26 .......................................................................................... 31

    DISPUTED

    Fifth Amendment Privilege

JURY INSTRUCTION NO. 27 .......................................................................................... 33

    DISPUTED

    Electronic Mail (Email) Presumptively Received

    Inference of Receipt of Electronic Mail (Email)

JURY INSTRUCTION NO. 28 .......................................................................................... 34

    DISPUTED

    All Persons Equal Before the Law

JURY INSTRUCTION NO. 29 .......................................................................................... 35

    DISPUTED

    Multiple Defendants

JURY INSTRUCTION NO. 30 .......................................................................................... 36

    DISPUTED

    Effect of Instruction as to Damages

JURY INSTRUCTION NO. 31 .......................................................................................... 37

    DISPUTED

    Verdict – One of Multiple Defendants

IV.   SECTION 10(b) INSTRUCTIONS ................................................................... 38

JURY INSTRUCTION NO. 32 .......................................................................................... 38

    UNDISPUTED

    Elements Of Liability Under Section 10(b)

# TABLE OF CONTENTS *(cont'd)*

**Page**

JURY INSTRUCTION NO. 33 ........................................................................................ 39

    DISPUTED

Fraud Not Presumed

JURY INSTRUCTION NO. 34 ........................................................................................ 40

    DISPUTED

Element 1 Of Section 10(b) — Misstatement Or Omission

JURY INSTRUCTION NO. 35 ........................................................................................ 42

    DISPUTED

Duty to Disclose

JURY INSTRUCTION NO. 36 ........................................................................................ 44

    DISPUTED

No General Duty to Disclose Uncharged Illegal Conduct

Defendants' Duty to Disclose Uncharged Illegal Conduct

JURY INSTRUCTION NO. 37 ........................................................................................ 46

    UNDISPUTED

Statements Must Be Considered In Context

JURY INSTRUCTION NO. 38 ........................................................................................ 47

    DISPUTED

Accurate Reports of Past Successes Not Actionable

JURY INSTRUCTION NO. 39 ........................................................................................ 48

    DISPUTED

Safe Harbor/Forward-Looking Statements

Safe Harbor/Forward-Looking Statements (misstatement or omission)

JURY INSTRUCTION NO. 40 ........................................................................................ 51

    DISPUTED

False Statements – Person Making Statement

**TABLE OF CONTENTS** *(cont'd)*

**Page**

JURY INSTRUCTION NO. 41 .......................................................................................... 53

    <u>DISPUTED</u>

False Statements – One False Statement Sufficient For Finding of Liability

JURY INSTRUCTION NO. 42 .......................................................................................... 55

    <u>DISPUTED</u>

False Statement - Herley's Duty to Speak Truthfully

Duty to Disclose

JURY INSTRUCTION NO. 43 .......................................................................................... 57

    <u>DISPUTED</u>

False Statement - Herley's Relationship With The Government

JURY INSTRUCTION NO. 44 .......................................................................................... 58

    <u>DISPUTED</u>

False Statement - Federal Laws and Regulations Regarding Government Contracting

JURY INSTRUCTION NO. 45 .......................................................................................... 60

    <u>DISPUTED</u>

Element 2 Of Section 10(b) — Materiality

JURY INSTRUCTION NO. 46 .......................................................................................... 61

    <u>DISPUTED</u>

Puffery

JURY INSTRUCTION NO. 47 .......................................................................................... 62

    <u>DISPUTED</u>

Disclose of Information Already in the Public Domain

Truth on the Market: Defendants' Burden to Prove

JURY INSTRUCTION NO. 48 .......................................................................................... 64

    <u>DISPUTED</u>

Element 3 Of Section 10(b) — Scienter

# TABLE OF CONTENTS *(cont'd)*

**Page**

JURY INSTRUCTION NO. 49 ............................................................................................ 66

> DISPUTED

Scienter: No Fraud By Hindsight

JURY INSTRUCTION NO. 50 ............................................................................................ 67

> DISPUTED

Scienter: Access To Information

JURY INSTRUCTION NO. 51 ............................................................................................ 68

> DISPUTED

Scienter: Mismanagement Is Not Fraud

JURY INSTRUCTION NO. 52 ............................................................................................ 69

> DISPUTED

Scienter: Good Faith

JURY INSTRUCTION NO. 53 ............................................................................................ 70

> DISPUTED

Scienter: Review By Outside Counsel

JURY INSTRUCTION NO. 54 ............................................................................................ 71

> DISPUTED

Scienter: Review By Outside Auditors

JURY INSTRUCTION NO. 55 ............................................................................................ 72

> DISPUTED

Scienter: Forward Looking Statements

JURY INSTRUCTION NO. 56 ............................................................................................ 73

> DISPUTED

Scienter Of Corporations — Act of Agent is Act of Principal

JURY INSTRUCTION NO. 57 ............................................................................................ 74

> DISPUTED

Scienter – Scope Of Agent Authority Defined

**TABLE OF CONTENTS** *(cont'd)*

JURY INSTRUCTION NO. 58 .......................................................................................... 75

    <u>DISPUTED</u>

    Scienter – Herley's Scienter

JURY INSTRUCTION NO. 59 .......................................................................................... 78

    <u>DISPUTED</u>

    Scienter – Guilty Plea May Be Used As Evidence Against Herley and Blatt

    Scienter – Guilty Plea Does Not Establish Securities Fraud By Herley or Blatt, or Scienter To Commit Securities Fraud

JURY INSTRUCTION NO. 60 .......................................................................................... 80

    <u>DISPUTED</u>

    Scienter – Stock Sales

JURY INSTRUCTION NO. 61 .......................................................................................... 82

    <u>UNDISPUTED</u>

    Element 4 Of Section 10(b) –Use of Interstate Commerce "In Connection With" the Purchase or Sale of Herley Stock

JURY INSTRUCTION NO. 62 .......................................................................................... 83

    <u>DISPUTED</u>

    Element 5 Of Section 10(b) – Justifiable Reliance-Fraud on the Market

JURY INSTRUCTION NO. 63 .......................................................................................... 85

    <u>DISPUTED</u>

    Justifiable Reliance: Market Awareness

    Truth on the Market: Defendants' Burden to Prove

JURY INSTRUCTION NO. 64 .......................................................................................... 87

    <u>DISPUTED</u>

    Element 6 Of Section 10(b) — Loss Causation

JURY INSTRUCTION NO. 65 .......................................................................................... 89

    <u>DISPUTED</u>

    Element 7 of Section 10(b) — Per Share Damages

# TABLE OF CONTENTS *(cont'd)*

**Page**

JURY INSTRUCTION NO. 66 ........................................................................................... 91

> DISPUTED

Damages: Curative Information and Length of Inflation

JURY INSTRUCTION NO. 67 ........................................................................................... 92

> DISPUTED

Element 7 of Section 10(b) — Aggregate Damages

JURY INSTRUCTION NO. 68 ........................................................................................... 93

> UNDISPUTED

Section 10(b) — Apportionment of Responsibility

JURY INSTRUCTION NO. 69 ........................................................................................... 94

> DISPUTED

Respondeat Superior Liability of Herley with Respect to Violations of Section 10(b)

V.   SECTION 20(a) INSTRUCTIONS ...................................................................... 95

JURY INSTRUCTION NO. 70 ........................................................................................... 95

> DISPUTED

Elements of Liability Under Section 20(a)

JURY INSTRUCTION NO. 71 ........................................................................................... 97

> UNDISPUTED

Definition of Controlling Person

JURY INSTRUCTION NO. 72 ........................................................................................... 98

> DISPUTED

Definition of Culpable Participation

JURY INSTRUCTION NO. 73 ......................................................................................... 100

> DISPUTED

Good Faith

Good Faith (§20(a))

**TABLE OF CONTENTS** *(cont'd)*

**Page**

JURY INSTRUCTION NO. 74 ........................................................................................ 103

    <u>UNDISPUTED</u>

    Section 20(a) — Apportionment of Responsibility

JURY INSTRUCTION NO. 75 ........................................................................................ 104

    <u>UNDISPUTED</u>

    Deadlock

## I. PRELIMINARY INSTRUCTIONS

### JURY INSTRUCTION NO. 1

<u>UNDISPUTED</u>

**Introduction; Role of Jury**

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

**Authority:**     Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 1.1 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

## JURY INSTRUCTION NO. 2

## DISPUTED

### Description of Case

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the case.

This case has been brought as a class action. A class action is a procedural vehicle whereby the claims of many parties can be litigated in a single action. The parties claiming to be injured are collectively called the Class.

In this case, the Court has [or I have] previously appointed the Norfolk County Retirement Plan (referred to as "Norfolk" or "Plaintiff"*)* as the Class Representative. The Class Representative is responsible for representing the interests of the Class as a whole during this litigation. Thus, Norfolk is suing not only on behalf of itself, but also on behalf of every member of the Class.

In this case, the Class is suing for monetary damages claimed to be incurred due to the Defendants alleged wrongful conduct between October 1, 2001 and June 14, 2006. This time between October 1, 2001 and June 14, 2006 is called the Class Period.

The Defendants in this case are Herley Industries, Inc., which is headquartered in Lancaster, PA (referred to as "Herley" or the "Company"), and certain of its current or former officers. Those individuals are: Lee Blatt, Myron Levy, Anello Garefino, Thomas Gilboy, and John Kelley.

Herley's primary business is manufacturing microwave products and technologies for defense contractors, the United States government, and international customers. Herley also produces products for the scientific and medical communities. Herley is a public company, and its shares are traded on the New York Stock Exchange. From 2000-2006, the United States government was **[one of]** Herley's largest customer.

One type of contract with the government which is at issue in this case is called a sole-source production contract. That means that the contractor was the preferred provider of that particular product. Because there could be no competitive bidding process, to get this kind of contract, the contractor is required to submit a detailed bid to the government and, if the contract exceeds a certain dollar amount, allow the government to audit the contractor in order to verify the reasonableness of the bid price.

On June 6, 2006, Defendants Herley and Mr. Blatt (Herley's former CEO and Chairman of the Board of Directors) were indicted by the federal government for allegedly engaging in fraud in connection with three contracts with the United States government. **[The total value of those contracts was $3.9 million]**. The Indictment contained thirty-five Counts. Additionally, as a result of the Indictment, on June 13, 2006, the United States Navy suspended four of Herley's facilities from, among other things, receiving new contracts from the United States

military subject to certain exceptions.  At the time of the announcement of the Indictment and Suspension Herley's stock price declined.  It is this decline which the Plaintiff alleges caused damages to the Class.  The suspension of Herley's four divisions was lifted in October of 2006, at which time, the price of Herley's stock increased but was still below the price it traded prior to the Indictment.

On May 5, 2008, Herley entered into a plea agreement, pursuant to which Herley pleaded guilty to two felony counts of obstruction of a federal audit.  Pursuant to the plea agreement, the government dismissed the remaining thirty-three counts against the Company.  Mr. Blatt pleaded guilty to a misdemeanor tax violation that was not a count charged in the Indictment.  Pursuant to his plea agreement, all of the charges in the Indictment against Mr. Blatt were dismissed. Following Herley's and Blatt's plea the price of Herley's stock increased.

During the Class Period, Herley issued public statements to its investors regarding Herley's relationship with its customers, including its relationship with the United States government.  Herley also advised its investors in public statements that it believed that it had materially complied with government contracting regulations and laws during the relevant time period.

Norfolk, on behalf of the Class, is asserting that those public statements were materially false and misleading since they failed to disclose prior to the Indictment: (i) Herley's alleged criminal **[and otherwise wrongful conduct]** vis-à-vis the government **[including additional misconduct by Blatt not charged]** in the Indictment, and (ii) the fact that Blatt was the target of a government investigation.

The Plaintiff has asserted two claims:

*First,* Norfolk is bringing a claim under Section 10(b) of the Securities and Exchange Act of 1934, against Defendants Herley and Blatt. That means that Norfolk is claiming that Herley and Blatt intentionally or recklessly made these allegedly false and misleading statements, which were purportedly material, and which allegedly caused the price of Herley's stock to be artificially inflated.

*Second,* Norfolk is bringing a claim under Section 20(a) of the Securities and Exchange Act of 1934 for "control person" liability against Defendants Blatt, Levy, Garefino, Gilboy, and Kelley. That means that Norfolk is claiming that these defendants had the authority to control the actions of Herley during the Class Period and could have prevented its wrongful conduct.

Defendants assert that they did not intentionally or recklessly make any false or materially misleading statements or omissions during the Class Period.  Defendants maintain that the information that Norfolk contends was misrepresented or omitted, was disclosed during the Class Period.  Defendants further contend that Mr. Blatt was not involved in, nor did he have knowledge of any improper conduct alleged in the Indictment.  Defendants maintain that the conduct which led to Herley's guilty plea was the responsibility of a single employee who was acting in his own capacity and without the knowledge, consent or approval of any of the Defendants. **[Defendants assert that their lack of knowledge of this single employee's**

3

**criminal conduct completely absolves them of any liability under Plaintiff's 10(b) and 20(a) claims.]**

**Authority**:    Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 1.2 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

## JURY INSTRUCTION NO. 3

### DISPUTED

**Defendants object to this instruction and request that it be deleted in its entirety.**

#### Plaintiff's Proposed Charge

#### Class Action

**This case has been brought as a class action, and has been allowed by the Court to proceed as a certified class action. A class action is a procedural vehicle whereby the claims of many injured parties can be litigated in a single action. I have appointed the Norfolk County Retirement Plan as the Lead Plaintiff and Class Representative in this case. A Lead Plaintiff and Class Representative is the member of the class that the court determines is the most adequate class member to protect the interests of the class as a whole during this litigation. Thus, Norfolk is suing not only on behalf of itself, but also on behalf of everyone who purchased Herley securities during the class period. Any class member who did not wish to be part of this lawsuit was allowed to "opt out" so that they would not be a part of the class.**

**Authority:**     Order appointing Lead Plaintiff, dated January 15, 2010 (Docket No. 206).

## JURY INSTRUCTION NO. 4

### DISPUTED

**Defendants object to this instruction and request that it be deleted in its entirety.**

### Plaintiff's Proposed Charge

### Testimony of Lead Plaintiff

      **As I have previously instructed you, Norfolk County Retirement Plan ("Norfolk") is the Lead Plaintiff in this case and is representing the interests of the whole class of investors who purchased Herley stock during the class period.  Norfolk will not testify in this matter.  You should not draw any inference from the lack of testimony from a Norfolk representative.  As the Lead Plaintiff, Norfolk has no direct knowledge of the underlying facts at issue in the case and has no obligation to testify.**

**Authority:**    Federal Rule of Evidence 402; Federal Rule of Evidence 403.

## JURY INSTRUCTION NO. 5

### <u>UNDISPUTED</u>

### Conduct of Jury

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves.  If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly.  There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.  That is why you are asked to wear your juror tags.  It shows that you are someone who is not to be approached in any way.

Second, do not read or listen to anything related to this case that is not admitted into evidence.  By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.  In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case.  Do not do any research on the internet, for example.  You are to decide the case upon the evidence presented at trial.

Again, do not reach any conclusion on the claims or defenses until all of the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance.  You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.

**Authority**:     Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 1.3 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

## JURY INSTRUCTION NO. 6

### <u>UNDISPUTED</u>

### Bench Conferences

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference.  If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.  While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a break.

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Authority**:     Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 1.4 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

## JURY INSTRUCTION NO. 7

### UNDISPUTED

### Note Taking by Jurors

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law.  My Courtroom deputy will arrange for pens, pencils, and paper.  Remember that your notes are for your own personal use -- they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial.  But you should not assume that the transcripts will be available for your review during your deliberations.  Nor should you consider notes that you or fellow jurors may take as a kind of written transcript.  Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations.  Here are some other specific points to keep in mind about note taking:

1)      Note-taking is permitted, not required.  Each of you may take notes.  No one is required to take notes.

2)      Be brief.  Do not try to summarize all of the testimony.  Notes are for the purpose of refreshing memory.  They are particularly helpful when dealing with measurements, times, distances, identities, and relationships.  Overuse of note-taking may be distracting.  You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand.  Note-taking must not distract you from that task.  If you wish to make a note, you need not sacrifice the opportunity to make important observations.  You may make your note after having made an observation.

3)      Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors.  In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes.  As I mentioned earlier, your notes are not official transcripts.  They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial.  They are valuable, if at all, only as a way to refresh your memory.  Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case.  You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.

4)      Do not take your notes away from court.  I repeat, at the end of each day, please leave your notes in the jury room.  If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations.

**Authority:**    Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 1.9 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

## JURY INSTRUCTION NO. 8

### <u>UNDISPUTED</u>

### Evidence

The evidence from which you are to find the facts consists of the following:

1.      The testimony of the witnesses;

2.      Documents and other things received as exhibits;

3.      Any facts that are stipulated—that is, formally agreed to by the parties; and

4.      Any facts that are judicially noticed—that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1.      Statements, arguments, and questions of the lawyers for the parties in this case;

2.      Objections by lawyers.

3.      Any testimony I tell you to disregard; and

4.      Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence

that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

**Authority:**      Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 1.5 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

## JURY INSTRUCTION NO. 9

### UNDISPUTED

### Direct and Circumstantial Evidence

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or done. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

**Authority:**   Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 1.6 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

## JURY INSTRUCTION NO. 10

### UNDISPUTED

### Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

     (1)    the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

     (2)    the quality of the witness's understanding and memory;

     (3)    the witness's manner while testifying;

     (4)    whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

     (5)    whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

     (6)    how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

     (7)    any other factors that bear on believability.

**Authority:**    Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 1.7 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

**JURY INSTRUCTION NO. 11**

**DISPUTED**

**Preponderance of the Evidence**

This is a civil case. The Plaintiff is the party that brought this lawsuit.  The Defendant is the party against which the lawsuit was filed. Plaintiff has the burden of proving his case by what is called the preponderance of the evidence. That means Plaintiff has to prove to you, in light of all the evidence, that what it claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Plaintiff and the evidence favorable to Defendant on opposite sides of the scales, Plaintiff would have to make the scales tip **[ever so slightly] [somewhat]** on its side. If Plaintiff fails to meet this burden, the verdict must be for Defendant. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence. In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, Defendant has the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the law that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that Defendant has succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

**Authority:**     Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 1.10 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

## JURY INSTRUCTION NO. 12

### UNDISPUTED

### Description of Trial Proceedings

The trial will proceed in the following manner:

First, an attorney for Plaintiff will make an opening statement to you. Next, an attorney for Defendants may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.

After the attorneys have made their opening statements, then each party is given an opportunity to present its evidence.  Plaintiff goes first because Plaintiff has the burden of proof. Plaintiff will present witnesses whom counsel for Defendants may cross-examine, and Plaintiff may also present documentary evidence.

Following Plaintiff's case, Defendants may present evidence.  Counsel for Plaintiff may cross-examine witnesses for the defense.  After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.

After all the evidence has been presented, the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. Once the closing arguments are completed, I will then instruct you on the law.  After that you will retire to the jury room to deliberate on your verdict in this case.

This trial is expected to last for two to three weeks.  [At this point the court may wish to inform the jury of the scheduling and length of the trial, and other logistical information.]

**Authority:**    Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 1.12 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

## II.   TRIAL INSTRUCTIONS

## JURY INSTRUCTION NO. 13

## <u>DISPUTED</u>

**Defendants object to this instruction and request that it be deleted in its entirety.**

### Plaintiff's Proposed Charge

### Impeachment of Witness's Character for Truthfulness

The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness.

**Authority:**   Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 2.1 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

### Defendants' Proposed Charge

### Impeachment of Witness's Character for Truthfulness

**Subject to and without waiver of its objection, if the Court concludes that an instruction is proper, Defendants propose the following instruction:**

You [are about to hear][have heard] evidence that [name of witness], a witness, [e.g., has been convicted of a felony, committed forgery on a prior occasion, etc.].  You may use that evidence only to help decide whether to believe the testimony of the witness and to determine how much weight to give it.  That evidence does not mean that the witness engaged in any conduct alleged in this case, and you must not use that evidence as any proof that the witness engaged in that conduct.

**Authority**:   Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 2.1 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

# JURY INSTRUCTION NO. 14

## UNDISPUTED

## Judicial Notice

The rules of evidence permit the judge to accept facts that cannot reasonably be disputed. This is called judicial notice. I have decided to accept as proved the fact that [state the fact that the court has judicially noticed], even though no evidence has been introduced to prove this fact. You must accept this fact as true for purposes of this case.

**Authority**:    Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 2.2 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

## JURY INSTRUCTION NO. 15

### <u>UNDISPUTED</u>

### Stipulation of Fact

The [parties] have agreed that [set forth stipulated fact or facts] [is/are] true. The parties have stipulated that certain facts are true, and those stipulations have been read to you during this trial. You must therefore treat [this fact] [these facts] as having been proved for the purposes of this case.

**Authority**:     Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 2.4 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

## JURY INSTRUCTION NO. 16

### <u>DISPUTED</u>

### Use of Deposition

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], which was taken on [date], is about to be [has been] presented to you [by a video]. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify. **The deposition testimony is being presented because [name of witness] is not available to testify at trial.**

**Authority**:     Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 2.5 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

**JURY INSTRUCTION NO. 17**

**<u>UNDISPUTED</u>**

**Charts and Summaries in Evidence**

[Name of party] has presented exhibits in the form of charts, graphs and/or summaries. I decided to admit these charts, graphs and/or summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts, graphs and summaries as you would any other evidence.

**Authority:**     Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 2.7 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

## JURY INSTRUCTION NO. 18

### UNDISPUTED

### Charts and Summaries Not Admitted in Evidence

Certain charts, graphs and summaries that have not been received in evidence have been shown to you in order to help explain or illustrate the contents of books, records, documents, testimony, or other evidence in the case. [Describe the charts, graphs and summaries that have not been admitted.] These charts and summaries are not themselves proof of any facts. They are not binding on you in any way.  If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the evidence.

**Authority:**     Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 2.8 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

**JURY INSTRUCTION NO. 19**

**UNDISPUTED**

**Striking Evidence**

I have ordered that [describe the evidence] be struck from the record and I am instructing you that you must disregard that information [testimony].  That means that when you are deciding the case, you must not consider that information [testimony] in any way.

Authority:     Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 2.9 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

## JURY INSTRUCTION NO. 20

### <u>UNDISPUTED</u>

### Recess Admonition

We are about to take a recess.  During this recess and any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, do not tell your fellow jurors but tell me about it immediately. Do not read, watch or listen to any news reports of the trial, or conduct any research or investigation, including on the internet. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to [identify court personnel] to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on occasion.

**Authority:**    Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 2.14 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

## III.   INSTRUCTIONS FOR JURY DELIBERATIONS

### JURY INSTRUCTION NO. 21

### <u>UNDISPUTED</u>

### Deliberations

When you retire to the jury room to deliberate, you may take with you these instructions, your notes, and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

**Authority:**     Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 3.1 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

**JURY INSTRUCTION NO. 22**

**<u>UNDISPUTED</u>**

**Read-Backs of Trial Testimony Model**

At your request, I have decided to have [a transcript of] [describe the testimony] read [provided] to you in order to assist you in your deliberations. I remind you that you must focus on all of the testimony and evidence presented at the trial. You may not give undue weight to the testimony that is read back to you [provided to you].

**Authority:**    Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 3.3 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

**At this point, before jurors deliberate, repeat Jury Instructions 8-11**

## JURY INSTRUCTION NO. 23

### <u>DISPUTED</u>

### Opinion Testimony

You have heard [will hear] testimony containing opinions from [name of witness]. In weighing this opinion testimony, you may consider [his/her] qualifications, the reasons for [his/her] opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. The opinion of [name of witness] should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of [name of witness], you may consider any bias that [name of witness] may have, including any bias that may arise from evidence that [name of witness] has been or will be paid for reviewing the case and testifying **or from evidence that [name of witness] testifies regularly and makes a large portion of [his/her] income from testifying in court.**

Authority:     Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 2.11 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

**JURY INSTRUCTION NO. 24**

**UNDISPUTED**

**Number of Witnesses**

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Authority:**     Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 3.2 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).

## JURY INSTRUCTION NO. 25

### DISPUTED

**Defendants object to this instruction and request that it be deleted in its entirety.**

### Plaintiff's Proposed Charge

### Missing Witness

If it is within the exclusive power of either plaintiffs or defendants to produce a witness who could give relevant testimony on an issue in this case, failure to call that witness may give rise to an inference that this testimony would have been unfavorable to that party. No such inference should be drawn by you, however, with regard to a witness who is equally unavailable to both parties or where the testimony of that witness would be merely repetitive or cumulative.

Authority:     Devitt and Blackmar, Federal Jury Practice and Instructions, §17.19 (3d ed. 1977); *Grajales-Romero v. Am. Airlines, Inc.*,194 F.3d 288 (1st Cir. 1999); *In re Navon*, 364 B.R. 850 (D. Conn. 2007); *United States v. Caccia*, 122 F.3d 136 (2d Cir. 1997).

### Defendants' Proposed Charge

### Missing Witness

**Subject to and without waiver of its objection, if the Court concludes that an instruction is proper, Defendants propose the following instruction:**

If it is peculiarly within the power of either plaintiffs or defendants to produce a witness who could give material testimony on an issue in this case, then you may but are not required to infer that the witness's testimony would have been unfavorable to that party. No such inference should be drawn by you, however, with regard to a witness who is equally available to both parties or where the witness has no special information relevant to the case, so that his or her testimony would be merely repetitive or cumulative.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.

Authority:     *U.S. v. Pedroni*, 45 Fed.Appx. 103, 107 (3d Cir. 2002); *ID Security Systems Canada, Inc. v. Checkpoint Systems, Inc.*, 249 F. Supp. 2d 622, 678 (E.D. Pa. 2003); *United States v. Hines*, 470 F.2d 225, 230 (3d Cir. 1972); McCormick, **EVIDENCE** § 249 at 534 (1954)); O'Malley, Grenig & Lee, 3 **FED. JURY PRAC. & INSTR. CIVIL** § 105.11 (5th ed.).

## JURY INSTRUCTION NO. 26

### DISPUTED

**Defendants object to this instruction and request that it be deleted in its entirety.**

### Plaintiff's Proposed Charge

### Fifth Amendment Privilege

You have heard testimony that Mitchell Tuckman invoked the Fifth Amendment privilege against self incrimination, and refused to answer any of Plaintiff's questions relating to matters during the period in which he was an employee of Herley.

You may find an adverse inference against both Mr. Tuckman and against Herley. This means that you could infer that Mr. Tuckman would have answered Plaintiff's questions adversely to himself and Herley. Therefore, you could use Mr. Tuckman's silence in response to Plaintiff's questions as evidence against Herley.

In addition, it is of no consequence that Mr. Tuckman no longer works for Herley because an adverse inference from an ex-employee's assertion of the Fifth Amendment privilege against self-incrimination is permitted against his corporate employer—here Herley. In other words, the fact that Mr. Tuckman no longer works for Herley does not matter so long as he refused to answer questions relating to actions he took while he was still employed by Herley and that were taken in the scope of his employment.

**Authority**:  *RAD Servs., Inc. v. Aetna Cas. & Sur. Co.*, 808 F.2d 271 (3d Cir. 1986); *AEL Indus., Inc. v. Alvarez*, No. 88-0391, 1989 WL 97394 (E.D. Pa. Aug. 17, 1989); *Brink's Inc. v. City of New York*, 717 F.2d 700 (2d Cir. 1983); *S.E.C. v. Herman*, No. 00-5575, 2004 WL 964104 (S.D.N.Y. May 5, 2004); *See, e.g., Pagel, Inc. v. S.E.C.*, 803 F.2d 942 (8th Cir. 1986); *Cole v. American Capital Partners Ltd., Inc.*, No. 06-80525, 2008 WL 2986444 (S.D. Fla. Aug. 4, 2008); *S. Union Co. v. Sw. Gas Corp.*, 180 F. Supp. 2d 1021 (D. Ariz. 2002); *Chariot Plastics, Inc. v. United States*, 28 F. Supp. 2d 874 (S.D.N.Y. 1998); *Klein v. Weidner*, Civ. No. 08-3798, 2010 WL 571800 (E.D. Pa. Feb 17, 2010) (J. Sanchez); *Carpenters Pension and Annuity Plan of Phila. and Vicinity v. Grosso*, Civ. No. 07-5013, 2009 WL 2431340 (E.D. Pa. Aug. 6, 2009).

### Defendants' Proposed Charge

### Fifth Amendment Privilege

**Subject to and without waiver of its objection, if the Court concludes that an instruction is proper, Defendants propose the following instruction:**

You have heard testimony that Mitchell Tuckman, a former employee of Herley, refused to answer questions on the grounds that his responses might tend to incriminate him. A witness has a constitutional right to follow the instructions of his attorney and decline to answer

31

questions on the ground that the testimony would tend to incriminate him.  Further, in invoking his Fifth Amendment privilege against self-incrimination, a witness may not selectively answer some questions regarding a given subject but not others – if a witness wishes to invoke his Fifth Amendment privilege against self-incrimination, he is required to invoke it as to all questions on a given subject matter or else run the risk of waiving the privilege.

In light of all the circumstances, you may but are not required to infer that Mr. Tuckman's reliance on his Fifth Amendment rights not to answer questions about probative evidence of his actions taken within the scope of his employment means that his testimony would have been adverse to him and/or his former employer, Herley.

Mr. Tuckman's silence in response to the questions posed to him is not, by itself, sufficient to support an adverse decision against Herley.

**Authority:**     *RAD Serv.'s, Inc. v. Aetna Cas. & Sur. Co*., 808 F.2d 271, 275-76 (3d Cir. 1986); *AEL Indus., Inc. v. Alvarez*, 1989 WL 97394, at *4-5 (E.D.Pa. Aug. 17, 1989); *Baxter v. Palmigiano*, 425 U.S. 308, 317 (1989) (witness's silence alone is not sufficient); *Brink's Inc. v. City of New York*, 717 F.2d 700 (2d Cir. 1983); *Pagel, Inc. v. Securities and Exchange Commission*, 803 F.Supp. 942, 947 (8th Cir. 1986); *Southern Union Co. v. Southwest Gas Corp*., 180 F.Supp.2d 1021, 1053 (D.Ariz. 2002); *Chariot Plastics, Inc. v. U.S*., 28 F.Supp.2d 874 (S.D.N.Y. 1998); *Klein v. Weidner*, Civ. No. 08-3798, 2010 WL 571800 (E.D.Pa. Feb 17, 2010) (J. Sanchez) (drawing adverse inference against individual); *Carpenters Pension and Annuity Plan of Philadelphia and Vicinity v. Grosso*, Civ. No. 07-5013, 2009 WL 2431340, at *4 (E.D.Pa., Aug. 6, 2009) (same); *Doyle v. Ohio*, 426 U.S. 610, 629 n. 8 (1976) (witness cannot selectively waive Fifth Amendment privilege); *Securities and Exchange Commission v. Graystone Nash, Inc*., Civ. A. No.  1993 WL 580763, at *2 (D.N.J. July 23, 1993) (witness cannot use Fifth Amendment privilege as both a sword and a shield).

## JURY INSTRUCTION NO. 27

## <u>DISPUTED</u>

**Defendants object to this instruction and request that it be deleted in its entirety.**

### Plaintiff's Proposed Charge

### Electronic Mail (Email) Presumptively Received

To the extent the evidence presented to you involves email communications, you must presume that such email communications were actually received by the intended recipients. A party may overcome this presumption if they prove by a preponderance of the evidence that such email communications were not, in fact, received by the intended recipients.

**Authority**:     *Am. Boat Co. v. Unknown Sunken Barge*, 418 F.3d 910, 914 (8th Cir. 2005); *Dempster v. Dempster*, 404 F. Supp. 2d 445, 449 (E.D.N.Y. 2005); *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 476 (7th Cir. 2009).

### Defendants' Proposed Charge

### Inference of Receipt of Electronic Mail (Email)

**Subject to and without waiver of its objection, if the Court concludes that an instruction is proper, Defendants propose the following instruction:**

To the extent the evidence presented to you involves email communications, you may infer that in the absence of a notice of non-delivery an email was delivered to the address or addresses as long as there is evidence to support that the email was actually sent.

**Authority:**     *Lincoln General Ins. Co. v. Access Claims Adm'rs, Inc.*, 596 F. Supp.2d 1351, 1364-65 (E.D. Cal. 2009); *Ebersol v. Unemployment Appeals Comm'n*, 845 So.2d 945, 947 (Fla. App. 2003); *Kennell v. Gates*, 215 F.3d 825, 829 (8th Cir. 2000) ("a jury generally is permitted to infer that information sent via reliable means … was received [including] … facsimiles, electronic mail, and in-house computer message systems – provided they are accepted as generally reliable and that the particular message is property dispatched"); *Archer Daniels Midland Co. v. Soucie*, 2009 WL 3103838, at *8 (D. Neb. Sept. 23, 2009) (must be proof that communication was actually sent).

## JURY INSTRUCTION NO. 28

### DISPUTED

**Plaintiff objects to this instruction and requests that it be deleted in its entirety.**

### Defendants' Proposed Charge

### All Persons Equal Before the Law

A corporation is entitled to the same fair trial in your hands as a private individual. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar situations in life. All persons, corporations, and other organizations stand equal before the law, and are to be dealt with as equals in a court of justice.

**Authority:**    Edward J. Devitt, Charles B. Blackmar & Michael A. Wolff, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 71.04 (4th Ed. 1987).

### Plaintiff's Proposed Charge

### All Persons Equal Before the Law

**Subject to and without waiver of its objection, if the Court concludes that an instruction is proper, Plaintiff proposes the following instruction:**

All parties to the dispute are entitled to the same fair trial in your hands. This case should be considered and decided by you as an action between parties of equal standing, of equal worth, and holding the same or similar situations in life.

**Authority:**    Edward J. Devitt, Charles B. Blackmar & Michael A. Wolff, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 71.04 (4th Ed. 1987).

## JURY INSTRUCTION NO. 29

### DISPUTED

**Plaintiff objects to this instruction and requests that it be deleted in its entirety.**

### Defendants' Proposed Charge

### Multiple Defendants

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. Neither defendant is to be prejudiced should you find against the other. [Unless otherwise stated,] all instructions I give you govern the case as to each defendant.

**Authority:**     O'Malley, Grenig & Lee, 3 FED. JURY PRAC. & INSTR. § 103.14 (5th ed.).

## JURY INSTRUCTION NO. 30

### DISPUTED

**Plaintiff objects to this instruction and requests that it be deleted in its entirety.**

### Defendants' Proposed Charge

### Effect of Instruction as to Damages

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

**Authority:**     O'Malley, Grenig & Lee, 3 FED. JURY PRAC. & INSTR. § 106.02 (5th ed.).

## JURY INSTRUCTION NO. 31

### DISPUTED

**Plaintiff objects to this instruction and requests that it be deleted in its entirety.**

**Defendants' Proposed Charge**

**Verdict – One of Multiple Defendants**

At any time during your deliberations, you may return into court your verdict as to any party concerning whom you have unanimously agreed.

**Authority:**     O'Malley, Grenig & Lee, 3 FED. JURY PRAC. & INSTR. § 106.03 (5th ed.).

## IV.   SECTION 10(b) INSTRUCTIONS

## JURY INSTRUCTION NO. 32

### UNDISPUTED

### Elements Of Liability Under Section 10(b)

I will now instruct you concerning Plaintiff's claim under Section 10(b) of the Securities Exchange Act of 1934. For this claim, the only Defendants are Herley and Lee Blatt.  You should make a determination as to each Defendant.

In order to prevail on any of its claims under Section 10(b), the Plaintiff must prove each of the following elements by a preponderance of the evidence against Herley and/or Mr. Blatt:

1.      That the defendant made a misstatement or omission during the relevant time period from October 1, 2001 to June 14, 2006, as those terms are defined in these instructions;

2.      That the misstatement or omitted information was material, as that term is defined in these instructions;

3.      The Defendant acted with the legal intent to deceive, manipulate or defraud investors, which is known as scienter;

4.      The Defendant used or caused the use of an instrumentality of interstate commerce, such as mail or telephone, the facility of a national securities exchange, in connection with the purchase and sale of Herley securities, regardless of whether the instrumentality or facility itself was used to make an untrue statement or a material omission.  The Defendants do not dispute the existence of this element of the claim.  You are therefore instructed that Plaintiff has satisfied its burden with respect to this element;

5.      The Plaintiff justifiably relied on the misrepresentation or omission;

6.      There is a causal connection between the Defendants' material misrepresentations or omission and the Plaintiff's loss; and

7.      The Plaintiff suffered damages as a result.

If the Plaintiff fails to prove any of these elements against either Herley or Mr. Blatt on any of its claims under Section 10(b), then you find in favor of that defendant on that claim.

I will discuss each of these elements in more detail

**Authority**:     *McCabe v. Ernst & Young, LLP.*, 494 F.3d 418, 424 (3d Cir. 2007); *Dura Pharms. Inc. v. Broudo*, 544 U.S. 336, 342 (2005); *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 275 (3d Cir. 2006).

## JURY INSTRUCTION NO. 33

### DISPUTED

**Plaintiff objects to this instruction and requests that it be deleted in its entirety.**

### Defendants' Proposed Charge

### Fraud Not Presumed

As you consider the elements of a securities fraud claim, remember that fraud is never presumed.  It must always be proven by a preponderance of the evidence.  You should assume that people are fair and honest in their dealings until the contrary appears from evidence.  If a transaction which is called into question is equally capable of two interpretations, one honest and other fraudulent, you should find that it is honest.

**Authority:**    O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, Section 123.10 (5th ed. 2000); *Brink's Inc. v. American District Tele. Co.*, 413 F.2d 359, 362 (7th Cir. 1969).

## JURY INSTRUCTION NO. 34

## <u>DISPUTED</u>

### Plaintiff's Proposed Charge

### Element 1 Of Section 10(b) — Misstatement Or Omission

To satisfy the first element of its Section 10(b) claim, Plaintiff bears the burden of proving by a preponderance of the evidence that one or both Defendants (Herley and Mr. Blatt) made a misstatement or omission of fact.

A misstatement is a statement made to the public that was false or misleading when it was made.  An omission is a failure to disclose a fact that needed to be disclosed to keep the statements that were actually made from being misleading.  Once a Defendant makes a public statement about an issue it must present all relevant information on that topic to make the statement not misleading.  Thus, a statement that is literally true can still be misleading if it does not reveal all of the relevant information on that topic.

**Authority**:       *Aviva Partners LLC v. Exide Techs.*, Civ. A. No. 05-3098 (MLC), 2007 WL 789083, at *11 (D.N.J. Mar. 13, 2007) ("Defendants can be liable for both affirmative misstatements and misleading omissions. Omissions, however, can give rise to liability only where the defendant had an affirmative duty to disclose the information in question, such as 'when there is insider trading, a statute requiring disclosure, or an inaccurate, incomplete or misleading prior disclosure.'") (internal citations omitted); *Oran v. Stafford*, 226 F.3d 275, 285-86 (3d Cir. 2000); *In re Aetna Inc. Sec. Litig.*, 34 F. Supp. 2d 935, 948 (E.D. Pa. 1999) ("There is a duty to disclose information when disclosure is necessary to make defendants' other statements, whether mandatory or volunteered, not misleading."); *Va. Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1098 n.7 (1991); ABA, Section of Litig., *Model Jury Instructions: Securities Litigation*, Instruction 4.02[2] (1996) (modified).

### Defendants' Proposed Charge

### Element 1 Of Section 10(b) — Misstatement Or Omission

To satisfy the first element of its Section 10(b) claim, Plaintiff bears the burden of proving by a preponderance of the evidence that one or both Defendants (Herley and Mr. Blatt) made a misstatement or omission of fact.

A misstatement is a statement made to the public that was false or misleading when it was made.

An omission is a failure to disclose a fact that needed to be disclosed to keep the statements that were actually made from being misleading.  Section 10(b) prohibits only misleading and untrue statements, not statements that are incomplete, and thus to be actionable,

an omission must render a public statement misleading.  While a company that chooses to make a statement must disclose the whole truth, it need not disclose everything it knows.  The company is only required to make additional disclosures to keep the already disclosed information from being materially misleading.

A statement is not false or misleading merely because subsequent events prove it to have been erroneous.  In determining whether a statement or omission was materially misleading, the truth and accuracy must be evaluated on the basis of the circumstances that existed at the time the statement was made.  Thus, in this case, you must consider the challenged statements within the context of the information known to the defendants as of the date the statements were made, not on the basis of information that became available after that date.

**Authority**:     *Aviva Partners LLC v. Exide Tech.*, Civ. A. No. 05-3098 (MLC), 2007 WL 789083, at *11 (D.N.J. March 13, 2007) ("Defendants can be liable for both affirmative misstatements and misleading omissions. Omissions, however, can give rise to liability only where the defendant had an affirmative duty to disclose the information in question, such as 'when there is insider trading, a statute requiring disclosure, or an inaccurate, incomplete or misleading prior disclosure.'") (internal citations omitted); *Oran v. Stafford*, 226 F.3d 275, 285-86 (3d Cir. 2000); *In re Aetna Inc. Sec. Litig.*, 34 F.Supp.2d 935, 948 (E.D. Pa. 1999) ("There is a duty to disclose information when disclosure is necessary to make defendants' other statements, whether mandatory or volunteered, not misleading."); *Virginia Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1098 n.7 (1991); *Brody v. Transitional Hospitals Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002); *Longman v. Food Lion, Inc.*, 197 F.3d 675, 683-84 (4th Cir. 1999); *In re Seachange Int'l, Inc. Sec. Litig.*,  2004 WL 240317, at *8 (D. Mass. Feb. 6, 2004); ABA, Section of Litig., *Model Jury Instructions: Securities Litigation*, Instruction 4.02[2] (1996) (modified).

## JURY INSTRUCTION NO. 35

## DISPUTED

**Plaintiff objects to this instruction and requests that it be deleted in its entirety.**

### Defendants' Proposed Charge

### Duty to Disclose

To establish a claim based on an omission of material information, a plaintiff must first establish that the defendant had an affirmative duty to disclose that information. A duty to disclose does not arise from the mere possession of material information. A corporation is not required to disclose a fact merely because a reasonable investor would very much like to know that fact. Simply omitting a material fact from a public statement is not a violation of Section 10(b) or Rule 10b-5 unless there is a duty to disclose that fact. In general, defendants have no duty to make statements and companies have no general duty to disclose non-public or internal information. A duty to disclose arises only where the defendant has made a statement of material fact that is inaccurate or misleading in light of the undisclosed information.

**Authority**:     17 C.F.R. §240.10b-5; *Basic v. Levinson*, 485 U.S. 224, 231032 (1988); *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1432 (3d Cir. 1997);  *Oran v. Stafford,* 226 F.3d 275, 285 (3d Cir. 2000); *Herman & MacLean v. Huddleston*, 459 U.S. 375 (1983); *Cooperman v. Individual, Inc.*, 171 F.3d 43, 51 (1st Cir. 1999); *Brody v. Transitional Hospitals Corp.,* 280 F.3d 997, 1006 (9th Cir. 2002); *Longman v. Food Lion, Inc.*, 197 F.3d 675, 683-84 (4th Cir. 1999); *In re Seachange Int'l, Inc. Sec. Litig.*,  2004 WL 240317, at *8 (D. Mass. Feb. 6, 2004).

### Plaintiff's Alternative Charge

### Duty to Disclose

**Subject to and without waiver of its objection, if the Court concludes that an instruction is proper, Plaintiff proposes the following instruction:**

Defendants are liable for omissions of material information when there is an affirmative duty to disclose the information in question. A duty to disclose arises when there is statute that requires disclosure. The securities laws require that a corporation disclose any trends or uncertainties that the corporation reasonably expects will have a material favorable or unfavorable impact on sales, revenues or income. Furthermore, a duty to disclose arises when disclosure is necessary to make a prior statement complete, accurate, or not misleading. For example, there is a duty to disclose information when a corporation has made a partial or ambiguous statement and the corporation possesses material knowledge not available to the investor. In general, when a corporation does make a disclosure, whether it is required or voluntary, it has a duty to make it complete and accurate.

**Authority:**     17 C.F.R. §229.303(a)(3)(ii); *Kline v. First W. Gov't Sec., Inc.*, 24 F.3d 480, 491 (3d Cir.1994); *In re Aetna Inc. Sec. Litig.* 34 F.supp.2d 935, 948 (E.D. Pa. 1999) ("There is a duty to disclose information when disclosure is necessary to make defendants' other statements, whether mandatory or volunteered, not misleading."); *In re Gen. Motors Class E Stock Buyout Sec. Litig.*, 694 F. Supp. 1119, 1129 (D. Del. 1988); *Berkowitz v. Conrail, Inc.*, No. 97-1214, 1997 WL 611606, at *14 (E.D. Pa. Sept. 25, 1997) (citations omitted); *Oran v. Stafford*, 226 F.3d 275, 285-86 (3d Cir. 2000).

## JURY INSTRUCTION NO. 36

## <u>DISPUTED</u>

**Plaintiff objects to this instruction and requests that it be deleted in its entirety.**

### Defendants' Proposed Charge

### No General Duty to Disclose Uncharged Illegal Conduct

A company is never under a duty to disclose uncharged illegal conduct, even if material. Nor is a company obligated to speculate as to the potential consequences that it may experience in connection with uncharged illegal conduct. Such a disclosure is only necessary to prevent another statement from misleading the public. Just because an investor might want to know of the existence of uncharged illegal conduct, does not mean that a company is under any obligation to make such a disclosure.

A duty to disclose uncharged illegal conduct in order to prevent another statement from becoming misleading requires a direct connection between the illegal conduct and the statements already made. This connection must be more than the fact that a criminal conviction could have an adverse impact on the corporation's operations in general, or its bottom line.

**Authority:**   *Oran v. Stafford,* 226 F.3d 275, 285 (3d Cir. 2000); *In re Par Pharmaceutical, Inc. Sec. Litig.*, 733 F.Supp. 668, 678 (S.D.N.Y. 1990); *Roeder v. Alpha Indus.*, 814 F.2d 22, 27–28 (1st Cir. 1987); *Menkes v. Stolt-Nielson S.A.*, 2005 WL 3050970, *7 (D.Conn. Nov. 10, 2005); *In re Salomon Inc. Sec. Litig.*, 1994 WL 265917, at *9 (S.D.N.Y. June 16, 1994); *In re Citigroup Inc. Sec. Litig.*, 330 F. Supp. 2d 367 (S.D.N.Y. 2004); *In re Sofamor Danek Group, Inc.*, 123 F.3d 395 (6th Cir. 1997).

### Plaintiff's Proposed Charge

### Defendants' Duty to Disclose Uncharged Illegal Conduct

**Subject to and without waiver of its objection, if the Court concludes that an instruction is proper, Plaintiff proposes the following instruction:**

A corporation has a duty to disclose uncharged illegal conduct when it is necessary to make other statements not misleading. If the illegal conduct is substantially likely to be significant to a reasonable investor it is a fact that must be disclosed even though the legal consequence of the violation may be a contingency. Furthermore, when a company makes a statement on a particular topic, it has a duty to speak completely and truthfully on that topic and to disclose all information to make that statement not misleading. For example, if a corporation makes a statement about the source of its revenue or success it has a duty to disclose any

unlawful acts that might be contributing to that revenue or success.  Similarly, if a corporation makes a statement about its business practice and results, it has a duty to disclose improper or illegal conduct at the heart of those practices.

**Authority:**   *In re Craftmatic Sec. Litig.*, 890 F.2d 628, 640 n.16 (3d Cir. 1989) ("a violation of [] laws that is substantially likely to be significant to a reasonable investor is a fact that must be disclosed, even though the legal consequences of the violation may be a contingency"); *Lapin v. Goldman Sachs Grp., Inc.*, 506 F.Supp.2d 221, 240 (S.D.N.Y. 2006); *Menkes v. Stolt-Nielson S.A.*, 2005 WL 3050970, *8 (D.Conn. Nov. 10, 2005); *In re Van der Moolen Holding NV Sec. Litig.*, 405 F.supp. 2d 388, 400-401 (S.D.N.Y. 2005); *Steiner v. MedQuist, Inc*., No. 04-5487, 2006 WL 2827740, at *15-16 (D.N.J. Sept. 29, 2006); *In re Apollo Grp. Sec. Litig.*, 395 F. Supp. 2d 906, 919 (D. Ariz. 2005); *In re Providian Fin. Corp. Sec. Litig.*, 152 F. Supp. 2d 814, 825 (E.D. Pa. 2001); *In re Novastar Fin. Sec. Litig*., No. 04-0330, 2005 WL 1279033, at *4 (W.D. Mo. May 12, 2005) (information relating to the government investigations must be disclosed if company stressed importance of complying with state regulations); *RMED Int'l, Inc. v. Sloan Supermarkets, Inc.*, 207 F. Supp. 2d 292, 296-97 (S.D.N.Y. 2002) (company had duty to disclose existence of FTC investigation).

**JURY INSTRUCTION NO. 37**

**UNDISPUTED**

**Statements Must Be Considered In Context**

In considering whether a statement was false or misleading, you should keep in mind the context in which the statement was made.  You must not view the statement in isolation.  Instead, you must take into account not only the words the Plaintiff challenges, but also other relevant statements contained in the document or made at the same time, as well as the circumstances under which the statement was made.

**Authority**:     *In re Donald J. Trump Casino Sec. Litig.*, 7 F.3d 357, 369 (3d Cir. 1993) ("a court must appraise a misrepresentation or omission in the complete context in which the author conveys it."); *Kiyashka v. Iasiaworks, Inc.*, 2002 U.S. Dist. LEXIS 9554, at *21 (N.D. Cal. May 15, 2002) ("The Court uses a 'statement-by-statement' approach, viewing each statement in the context in which it was made."); *In re Cirrus Logic Sec. Litig.*, 946 F. Supp. 1446, 1471 (N.D. Cal. 1996) ("statements and alleged omissions must be analyzed in context").

## JURY INSTRUCTION NO. 38

### DISPUTED

**Plaintiff objects to this instruction and requests that it be deleted in its entirety.**

### Defendants' Proposed Charge

### Accurate Reports of Past Successes Not Actionable

In considering whether a statement was false or misleading, you should keep in mind that accurate reports of a company's past successes or past performance are not actionable. This is true, even if present circumstances are less favorable than those reports.

**Authority**:    *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 538 (3d. Cir. 1999)(factual recitations of past earnings, so long as they are accurate, do not create liability under Section 10(b)."); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997)(same); *In re Duane Reade Inc. Sec. Litig.*, 2003 U.S. Dist. LEXIS 21319, at *23 (S.D.N.Y. Nov. 24, 2003) ("Defendants may not be held liable under the securities laws for accurate reports of past successes, even if present circumstances are less rosy."); *Nadoff v. Duane Reade, Inc.,* 107 Fed. Appx. 250 (2d Cir. 2004) ("Accurate statements about past performance are self-evidently not actionable under the securities laws . . .").

## JURY INSTRUCTION NO. 39

**Plaintiff objects to this instruction and requests that it be deleted in its entirety.**

### <u>DISPUTED</u>

### Defendants' Proposed Charge

### Safe Harbor/Forward-Looking Statements

The Private Securities Litigation Reform Act contains a safe harbor provision which protects certain forward-looking statements from Section 10(b) and Rule 10b-5 liability. This safe harbor was designed to protect, among other things, projections of revenues, income and earnings, management's plans and objectives for future operations, statements about future economic performance, and future business plans from creating liability. Opinions about events that may or may not occur in the future generally do not constitute misrepresentations or omissions because they are not statements of fact. Opinions or projections of future performance not worded as guarantees are generally not actionable under the federal securities law. A statement about the state of a company whose truth or falsity is discernible only after it is made necessarily refers only to future performance. Accordingly, even a statement of present fact may become a forward-looking statement if a plaintiff's sole allegation of falsity is based on the existence of some future risk of failure. A corporation has no duty to update a forward-looking statement once it is issued.

The "safe harbor" provision applies to both written and oral statements by the defendants.

- <u>Written Statements</u>:

With respect to any written statements that constitute forward-looking statements, the defendants are not liable for those statements if the documents in which the statements appeared identified the statements as forward-looking and contained meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement. The meaningful cautionary statements do not have to be in the same document as the forward-looking statement, and instead can be incorporated by reference to other documents. This rule applies even if the cautionary statements do not identify the factors that ultimately caused results to differ.

- <u>Oral Statements</u>

The "safe harbor" provision also can apply to oral forward-looking statements. In the case of an oral forward-looking statement, the requirements are satisfied if

(1)     the defendant stated that he would be making a forward-looking statement and that actual results might differ materially from those projected in the forward-looking statement;

(2)     that a defendant orally directed the audience to readily available written documents that contained additional information about factors relating to the forward-looking statement; and

(3)     that the readily available documents contained meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those on the forward-looking statement.

Any document filed with the Securities and Exchange Commission or that is generally disseminated to the public is deemed to be readily available.

Regardless of whether written or oral, even if the forward-looking statement is not accompanied by cautionary language, liability does not attach to the statement if the plaintiff fails to prove that the forward- looking statement was made with actual knowledge that the statement was false or misleading.  On this point, you should keep in mind on this point that plaintiff cannot establish an individual defendant's actual knowledge of the alleged falsity of his statement based on his position alone.

**Authority**:     15 U.S.C. § 78u-5(c)(1); 15 U.S.C. § 78u-5(c)(2); 15 U.S.C. § 78u-5(i)(1); 17 C.F.R. § 240.3(b)-(6)(c); *Aviva Partners L.L.C. v. Exide Technologies*,  Civ. A. NO. 05-3098, 2007 WL 789073 at \*13 (Mar. 13, 2007); *In re Merck & Co., Inc., Sec. Litig.*, 432 F.3d 261, 272 and n.11 (3d Cir. 2005); *EP MedSystems, Inc. v. EchoCath, Inc.*, 235 F.3d 865, 875 (3d Cir. 2000); *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 539 (3d Cir. 1999); *In re Discovery Labs Sec. Litig.*, 2006 U.S. Dist. LEXIS 79823, at 49 (E.D.Pa. Nov. 1, 2006);  *Harris v. Ivax Corp.*, 182 F.3d 799, 805 (11th Cir. 1999).

### Plaintiff's Proposed Charge

### Safe Harbor/Forward-Looking Statements (misstatement or omission)

**Subject to and without waiver of its objection, if the Court concludes that an instruction is proper, Plaintiff proposes the following instruction:**

The PSLRA contains a safe harbor provision which protects certain forward-looking statements from Section 10(b) and Rule 10b-5 liability.  This is an affirmative defense on which Defendants bear the burden of proof by a preponderance of the evidence.  Opinions about events that may or may not occur in the future generally do not constitute misrepresentations or omissions because they are not statements of fact.  Opinions or projections of future performance are generally not actionable under the federal securities law. A statement about the state of a company whose truth or falsity is discernible only after it is made necessarily refers only to future performance.  However, a statement is not truly forward looking if the subject matter of the statement relates to present or past facts.  Furthermore, if the Defendants knew, at the time

49

the statement was made, of existing facts that were likely to impact the forward-looking statement, or if that statement was actually false when made, that statement is not protected by the safe harbor provision.

The "safe harbor" provision applies to both written and oral statements by the Defendants.  With respect to any written or oral statements that constitute forward-looking statements, the Defendants have the burden to show by a preponderance of the evidence that the statements are entitled to protection by the safe harbor provision.  In order to find that the Defendants have established this defense with respect to any statement you must find that:

(1)  The statement was identified as forward-looking and

(2)  The statement contained meaningful cautionary language identifying important factors that could cause actual results to differ materially from those in the forward-looking statement. For oral statements, the Defendants must have directed the audience to a readily available written document that contained additional information and meaningful cautionary statements about factors relating to the forward-looking statement.

The meaningful cautionary statements do not have to be in the same document as the forward-looking statement, and instead can be incorporated by reference to other documents, but the cautionary statements must relate directly to that  misrepresentation or omission claimed by the plaintiff.

**Authority:**      15 U.S.C. § 78u-5(c)(1); 15 U.S.C. § 78u-5(c)(2); 15 U.S.C. § 78u-5(i)(1); 17 C.F.R. § 240.3(b)-(6)(c); *See, e.g., Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1132 (9th Cir. 2004) (safe harbor application determined as a matter of law, usually at motion to dismiss); *Helwig v. Vencor, Inc.*, 251 F.3d 540, 554 (6th Cir. 2001) ("Congress apparently intended the applicability of the safe harbor to be addressed even on a motion to dismiss."), *abrogated on other grounds by Tellabs, Inc. v. Maker Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *W Wash. Laborers-Employers Pension Trust v. Panera Bread Co.*, No. 08-00120, 2009 WL 3756619, at *3 (E.D. Mo. Nov. 6, 2009) (safe harbor determination does not need discovery and is capable of determination as a matter of law); *In re Thoratec Corp. Sec. Litig.*, No. 04-03168, 2006 WL 1305226, at *6 (N.D. Cal. May 11,2006).  *Aviva Partners L.L.C. v. Exide Technologies*, Civ. A. NO. 05-3098, 2007 WL 789073 at *1 (Mar. 13, 2007); *In re Merck & Co., Inc., Sec. Litig.*, 432 F.3d 261, 272 and n.11 (3d Cir. 2005); *EP MedSystems, Inc. v. EchoCath, Inc.*, 235 F.3d 865, 875 (3d Cir. 2000); *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 539 (3d Cir. 1999); *Kline v. First W. Gov't Sec., Inc.*, 24 F.3d 480, 489 (3d Cir.1994); *In re Donald J. Trump Casino Sec. Litig.*, 7 F.3d 357, 371 (3d Cir.1993) *In re Discovery Labs Sec. Litig.*, 2006 U.S. Dist. LEXIS 79823, at 49 (E.D.Pa. Nov. 1, 2006); *Harris v. Ivax Corp.*, 182 F.3d 799, 805 (11th Cir. 1999).

## JURY INSTRUCTION NO. 40

### DISPUTED

### Plaintiff's Proposed Charge

### False Statements – Person Making Statement

In determining whether Mr. Blatt is responsible for a false or misleading statement, you should consider not only whether he actually made or signed the statement, but also whether he participated in a substantial manner or was intricately involved in the preparation or approval of the statement. Accordingly, one who is substantially or intricately involved in drafting, editing or approving a false statement is responsible to the same degree for the false statement as the person who actually speaks the words or signs the document containing the false statement.

With respect to Herley, as I will charge you later, Herley acts through all of its officers, agents, directors and employees that are acting within the scope of their employment. Thus, the conduct of any such person in the making, signing, preparing, or approving of a statement while acting within the scope of their employment with Herley can be attributed to Herley. For example, so long as a director or officer of Herley participated in the drafting or dissemination of a statement, Herley is considered to have made the statement.

**Authority:**   *In re Reliance Sec. Litig.*, 135 F. Supp. 2d 480, 504 (D. Del. 2001)(holding that "by signing the documents [the company] filed with the SEC, defendants made the statements under section 10(b)"); *In re DVI, Inc., Sec. Litig.*, No. Civ.A. 03-5336, 2005 WL 1307959, at *8 (E.D. Pa. May 31, 2005); *WM High Yield Fund v. O'Hanlon*, No. Civ.A. 04-3423, 2005 WL 1017811, at *7 (E.D. Pa. Apr. 29, 2005); *Simpson v. AOL Time Warner, Inc.*, 452 F.3d 1040, 1049 (9th Cir. 2006)(holding there is "no justification to limit liability under §10(b) to only those who draft or edit statements released to the pubic. To the contrary, §10(b) prohibits any person or entity from using or employing any deceptive device, directly or indirectly, in connection with the purchase or sale of securities"); *Howard v. Everex Sys., Inc.,* 228 F.3d 1057, 1061 n.5 (9th Cir. 2000)(holding that "substantial participation or intricate involvement in the preparation of fraudulent statements is grounds for primary liability even though that participation might not lead to the actor's actual making of the statements").

### Defendants' Proposed Charge

### False Statements – Person Making Statement

A defendant may only be liable for a material misstatement or omission that he or it made.

In determining whether Mr. Blatt is responsible for a false or misleading statement, you should consider not only whether he actually made or signed the statement, but also whether he participated in a substantial manner or was intricately involved in the preparation or approval of

the statement.  Accordingly, one who is substantially or intricately involved in drafting, editing or approving a false statement is responsible to the same degree for the false statement as the person who actually speaks the words or signs the document containing the false statement.  A defendant cannot, however, be found to have made a material misstatement or omission based upon their inaction or substantial nonparticipation in the preparation and issuance of a misleading statement.

Herley generally acts through its officers, agents, directors and employees that are acting within the scope of their employment.  Thus, the conduct of any such person in the making, signing, preparing, or approving of a statement while acting within the scope of their employment with Herley can be attributed to Herley for purposed of determining whether Herley made a false or misleading statement.

**Authority:**     *In re Reliance Sec. Litig.*, 135 F.Supp.2d 480, 503 (D. Del. 2001)(holding that "by signing the documents [the company] filed with the SEC, defendants made the statements under section 10(b)"); *In re DVI, Inc., Sec. Litig.*, No. Civ.A. 03-5336, 2005 WL 1307959, at *8 (E.D. Pa. May 31, 2005); *WM High Yield Fund v. O'Hanlon*, No. Civ.A. 04-3423, 2005 WL 1017811, at *7 (E.D. Pa. Apr 29, 2005); *Simpson v. AOL Time Warner, Inc.*, 452 F.3d 1040, 1049 (9th Cir. 2006)(holding there is "no justification to limit liability under §10(b) to only those who draft or edit statements released to the pubic. To the contrary, §10(b) prohibits any person or entity from using or employing any deceptive device, directly or indirectly, in connection with the purchase or sale of securities"); *Howard v. Everex Sys., Inc.,* 228 F.3d 1057, 1061(9th Cir. 2000)(holding that "substantial preparation or intricate involvement in the preparation of fraudulent statements is grounds for primary liability even though that participation might not lead to the actor's actual making of the statements"); *In re Tyson Foods, Inc. Sec. Litig.,* 2004 U.S. Dist. LEXIS 11122, *23 (D.Del. June 17, 2004).

## JURY INSTRUCTION NO. 41

### DISPUTED

### Plaintiff's Proposed Charge

### False Statements – One False Statement Sufficient For Finding of Liability

Plaintiff asserts separate and independent categories of false and misleading misrepresentations and omissions.  Plaintiff asserts that the Herely and Blatt made false or misleading statements regarding the following:

- Herley had "strong" and "mutually beneficial relationships with various agencies of the U.S. government";

- one of Herley's key competitive strengths was its "long-standing relationships with the U.S. government";

- Herley "operate[d] [its] business in material compliance with applicable laws and regulations"; and

- Herley was "not aware of any events which are reasonably likely to result in any cancellation of its government contracts".

Plaintiff also asserts that Herley and Blatt failed to disclose the following material information to the public:

- Herley's material non-compliance with Federal Acquisition Regulations ("FAR");

- that Herley was being investigated by the Department of Defense and the United States Attorney;

- that the United States Attorney investigation had been elevated to the Federal Grand Jury;

- that Herley's Chairman, Lee Blatt, was a target of that investigation; and

- if the Federal Grand Jury indicted either Lee Blatt or Herley, a likely outcome was that the United States Government would suspend Herley from receiving any new government contracts.

The false and misleading misrepresentations and omissions were contained in Herley's Class Period financial statements, press releases and other public statements.  You do not need to find that the Plaintiff has proved all of the above alleged categories of misrepresentations and omissions or all of the actual misstatements or omissions within those categories in order to find Herley and Blatt liable under §10(b).  To find liability under §10(b), it is sufficient for you to find that Plaintiff has proved any one of the above alleged misrepresentations or omissions as to either Herley or Blatt.

**Authority** :   17 C.F.R. § 240.10b-5(b) (making it unlawful to "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading"); *EP Medsystems, Inc. v. EchoCath, Inc.*, 235 F.3d 865, 871 (3d Cir. 2000); *Weiner v. Quaker Oats Co.*, 129 F.3d 310, 315 (3d Cir.1997).

## Defendants' Proposed Charge

### False Statements – One False Statement Sufficient For Finding of Liability

Plaintiff points to several statements contained in Herley's Class Period financial statements, press releases and other public statements, which it alleges were false or misleading. You do not need to find that the Plaintiff has proved that all of these statement contained material misrepresentations or omissions in order to find Herley and Mr. Blatt liable under Section 10(b). To find liability under Section 10(b), it is sufficient for you to find that Plaintiff has proved by a preponderance of the evidence one of the alleged misrepresentations or omissions as to each Herley or Blatt.

**Authority :**   17 C.F.R. § 240.10b-5(b) (making it unlawful to "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading"); *EP Medsystems, Inc. v. EchoCath, Inc.*, 235 F.3d 865, 871 (3d Cir. 2000); *Weiner v. Quaker Oats Co.*, 129 F.3d 310, 315 (3d Cir. 1997).

# JURY INSTRUCTION NO. 42

## DISPUTED

**Defendants object to this instruction and request that it be deleted in favor of Defendants' proposed instruction concerning the Duty to Disclose (*See* JURY INSTRUCTION NO. 36).**

### Plaintiff's Proposed Charge

### False Statement - Herley's Duty to Speak Truthfully

Regardless of whether Herley had a duty to disclose certain information, once Herley chooses to speak it has a duty to speak truthfully and reveal the whole truth.

For example, once Herley chooses to speak about its relationship with the government, it has a duty to disclose all relevant information on this topic.

**Authority**:     *Va. Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1098 n.7 (1991); *In re Campbell Soup Co. Sec. Litig.*, 145 F. Supp. 2d 574, 583 (D.N.J. 2001); *see also Rudolph v. Arthur Andersen & Co.*, 800 F.2d 1040, 103 (11th Cir. 1986).

### Defendants' Alternative Charge (from page 43)

### Duty to Disclose

To establish a claim based on an omission of material information, a plaintiff must first establish that the defendant had an affirmative duty to disclose that information. A duty to disclose does not arise from the mere possession of material information. A corporation is not required to disclose a fact merely because a reasonable investor would very much like to know that fact. Simply omitting a material fact from a public statement is not a violation of Section 10(b) or Rule 10b-5 unless there is a duty to disclose that fact. In general, defendants have no duty to make statements and companies have no general duty to disclose non-public or internal information. A duty to disclose arises only where the defendant has made a statement of material fact that is inaccurate or misleading in light of the undisclosed information.

**Authority**:     17 C.F.R. §240.10b-5; *Basic v. Levinson*, 485 U.S. 224, 231032 (1988); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1432 (3d Cir. 1997); *Oran v. Stafford*, 226 F.3d 275, 285 (3d Cir. 2000); *Herman & MacLean v. Huddleston*, 459 U.S. 375 (1983); *Cooperman v. Individual, Inc.*, 171 F.3d 43, 51 (1st Cir. 1999); *Brody v. Transitional Hospitals Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002); *Longman v. Food Lion, Inc.*, 197 F.3d 675, 683-84 (4th Cir. 1999); *In re Seachange Int'l, Inc. Sec. Litig.*,  2004 WL 240317, at *8 (D. Mass. Feb. 6, 2004).

**Plaintiff's previously objected to Defendants' Duty to Disclose charge (see p. 43-44) and proposed the following:**

**Plaintiff's Alternative Charge**

**Duty to Disclose**

**Subject to and without waiver of its objection, if the Court concludes that an instruction is proper, Plaintiff proposes the following instruction:**

Defendants are liable for omissions of material information when there is an affirmative duty to disclose the information in question.  A duty to disclose arises when there is statute that requires disclosure.  The securities laws require that a corporation disclose any trends or uncertainties that the corporation reasonably expects will have a material favorable or unfavorable impact on sales, revenues or income.  Furthermore, a duty to disclose arises when disclosure is necessary to make a prior statement complete, accurate, or not misleading.  For example, there is a duty to disclose information when a corporation has made a partial or ambiguous statement and the corporation possesses material knowledge not available to the investor.  In general, when a corporation does make a disclosure, whether it is required or voluntary, it has a duty to make it complete and accurate.

**Authority:**      17 C.F.R. §229.303(a)(3)(ii); *Kline v. First W. Gov't Sec., Inc.*, 24 F.3d 480, 491 (3d Cir.1994); *In re Aetna Inc. Sec. Litig.* 34 F.supp.2d 935, 948 (E.D. Pa. 1999) ("There is a duty to disclose information when disclosure is necessary to make defendants' other statements, whether mandatory or volunteered, not misleading."); *In re Gen. Motors Class E Stock Buyout Sec. Litig.*, 694 F. Supp. 1119, 1129 (D. Del. 1988); *Berkowitz v. Conrail, Inc.*, No. 97-1214, 1997 WL 611606, at *14 (E.D. Pa. Sept. 25, 1997) (citations omitted); *Oran v. Stafford*, 226 F.3d 275, 285-86 (3d Cir. 2000).

## JURY INSTRUCTION NO. 43

### DISPUTED

**Defendants object to this instruction and request that it be deleted in its entirety.**

### Plaintiff's Proposed Charge

### False Statement - Herley's Relationship With The Government

Plaintiff alleges that the Herley and Blatt publicly touted Herley's relationship with the Government, describing it as "strong", claiming that the Government was Herley's largest and best customer, and maintaining that its relationship with the Government was a competitive strength.

Plaintiff also alleges that while Defendants were making these statements, they knew that Herley was being investigated by the Department of Defense and the United States Attorney's Office and that the United States Attorney's investigation had been elevated to the Federal Grand Jury.  Plaintiff alleges that Defendants also knew that Herley CEO, Lee Blatt, was a target of that investigation.  Furthermore, Plaintiff alleges that Herley failed to disclose that if the Federal Grand Jury indicted either Lee Blatt or Herley, a likely outcome was that the United States Government would suspend Herley from receiving any new government contracts.  Additionally, Plaintiff alleges that Herley failed to disclose that while Defendants were making the public statements at issue, several Herley officers knew that Herley was willfully withholding data from the Government with the intent to deceive the Government – the conduct to which it plead guilty – as well as engaging in other misconduct.

If you find that this information was material and that Herley had an obligation to disclose it, then you must find that Herley's statements regarding its relationship with the Government were false and misleading.

**Authority:**    *Aviva Partners LLC v. Exide Techs.*, Civ. A. No. 05-3098 (MLC), 2007 WL 789083, at *11 (D.N.J. Mar. 13, 2007) ("Defendants can be liable for both affirmative misstatements and misleading omissions. Omissions, however, can give rise to liability only where the defendant had an affirmative duty to disclose the information in question, such as 'when there is insider trading, a statute requiring disclosure, or an inaccurate, incomplete or misleading prior disclosure.'") (internal citations omitted); *Oran v. Stafford*, 226 F.3d 275, 285-86 (3d Cir.2000); *In re Aetna Inc. Sec. Litig.*, 34 F. Supp. 2d 935, 948 (E.D. Pa. 1999) ("There is a duty to disclose information when disclosure is necessary to make defendants' other statements, whether mandatory or volunteered, not misleading.").

57

## JURY INSTRUCTION NO. 44

### DISPUTED

**Defendants object to this instruction and request that it be deleted in its entirety.**

### Plaintiff's Proposed Charge

### False Statement - Federal Laws and Regulations Regarding Government Contracting

In this action, Plaintiff claims that Herley and Blatt misrepresented, among other things, Herley's compliance with Government contracting rules and laws.  One of the laws regarding government contracting is the crime to which Herley pleaded guilty – obstruction of a federal audit in violation of 18 U.S.C. §1516.   That law punishes "Whoever, with intent to deceive or defraud the United States, endeavors to influence, obstruct, or impede a Federal auditor in the performance of official duties relating to a person, entity, or program receiving in excess of $100,000, or indirectly, from the United States in any 1 year period under a contract."

Additionally, the rules applicable to companies, such as defense contractors, who wish to enter into contracts with the Government are set forth in the Federal Acquisition Regulations.  One of the primary purposes of the Federal Acquisition Regulations is to ensure that the Government is in possession of information necessary to assess the reasonableness of a contractor's proposal, also referred to as a bid.

A proposal or bid is a contractor's response to a contract solicitation.  A contract solicitation is a request by the Government for the production of a certain item and asks interested contractors to issue proposals.  A contractor's proposal will include, among other things, the price the contractor  states it will charge the Government for the product.

Under the Federal Acquisition Regulations, depending on the nature of the bidding process and the dollar value of a contractor's proposal, a contractor may be required to submit "cost or pricing data" in support of its proposal.   In 2000 through 2002, a contractor was required to submit "cost or pricing data" to the Government  if: (1) the Government's contract solicitation was not open to competitive bidding – meaning the Government asked only one contractor to submit a proposal – and (2) the dollar value of the contractor's proposal was in excess of $550,000.

"Cost or pricing data" includes "all facts" that "prudent buyers and sellers would reasonably expect to affect price negotiations significantly." "Cost or pricing data are factual" and "verifiable." They "are not judgmental" but they "do include the data forming the basis for" a judgment. "Cost or pricing data are more than historical accounting data; they are all the facts that can be reasonably expected to contribute to the soundness of estimates of future costs and to the validity of determinations of costs already incurred."

However, a contractor's obligation to provide information in support of its proposal includes more than just "cost or pricing data."  Under the Federal Acquisition Regulations,

in addition to "cost or pricing data" a contractor "must submit" with its proposal "any information reasonably required to explain" the contractor's "estimating process, including": (1) "the judgmental factors applied and the mathematical or other methods used in the estimate, including those used in projecting from known data," and (2) "the nature and amount of any contingencies included in the proposed price."  Furthermore, if a contractor submits information to the Government in support of its proposal, it is required that the information submitted be complete and accurate.

Finally, by submitting a bid to the Government, the contractor grants the Government "the right to examine records that formed the basis for the pricing proposal. That examination can take place at any time before award" of a contract. "It may include those books, records, documents, and other types of factual information (regardless of form or whether the information is specifically referenced or included in the proposal as the basis for pricing) that will permit an adequate evaluation of the proposed price.

If you find that Herley was not in compliance with the FARs during the Class Period, you must find that Herley's and Blatt's statements about Herley's compliance with Government contracting rules and regulations were false and misleading.

**Authority:** 48 C.F.R. § 2.101 (2001 & 2002) (definition of "cost or pricing data"); 48 C.F.R. §§ 15.403-1(b), 15.403-4(a)(1) (2001 & 2002) (when a contractor is required to submit "cost or pricing data"); 48 C.F.R. §15.408, Table 15-2 at Note 2 & General Instruction A(9) (2001 & 2002) (requirement that contractor who submits proposal is subject to audit); 48 C.F.R. § 15.408, Table 15-2, General Instruction C (2001 & 2002) (requirement that contractor disclose judgments and contingencies in addition to cost or pricing data); 48 C.F.R. § 15.408, Table 15-2 at General Instructions A(9) & C, FAR § 15.404-1(a) (2001 & 2002) (regarding the Government's analysis of contractor's proposals and the general principle that FARs designed to give Government adequate information to assess reasonableness of contractors proposal).

## JURY INSTRUCTION NO. 45

## <u>DISPUTED</u>

### Element 2 Of Section 10(b) — Materiality

To satisfy the second element of the section 10(b) claim, Plaintiff must also prove by a preponderance of the evidence that the misrepresentation or omission of Herley and/or Mr. Blatt was material.  **Not every statement that may be false or misleading is actionable under the federal securities laws.  The alleged misrepresentation or omission must also be material.**  Only those statements which are sufficiently important to be considered material may be a basis of liability.

The test for materiality is an objective one, meaning that you must evaluate the significance of an omitted or misrepresented fact from the perspective of a reasonable investor.  **You are not to consider whether a particular plaintiff claims the information was important.**

A factual representation concerning a security is material if there is a substantial likelihood a reasonable investor would consider the fact important in deciding whether or not to buy or sell that security.

An omission concerning a company's stock is material if **there is a substantial likelihood that**, under all the circumstances, a reasonable investor would have regarded what was not disclosed to her as having significantly altered the total mix of information she took into account in deciding whether to buy or sell that stock.

Whether a fact stated or omitted is material depends on the facts circumstances as they existed at the time of the statement or omission.

**Authority**:     *In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig*, 543 F.3d 150, 170 (3d Cir. 2008); *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976); *EP Medsystems, Inc. v EchoCath,Inc.*, 235 F.3d 865, 872 (3d Cir. 2000); *Weiner v. Quaker Oats Co.*, 129 F.3d 310, 317 (3d Cir. 1997); *Ieradi v. Mylan Labs.*, 230 F.3d 594 599 (3d Cir. 2000).

## JURY INSTRUCTION NO. 46

### DISPUTED

**Plaintiff objects to this instruction and requests that it be deleted in its entirety.**

#### Defendants' Proposed Charge

#### Puffery

One category of statements which cannot material are those that involve "corporate puffery."  If a statement is one that a reasonable investor would recognize as corporate puffery, then it is not material and cannot be the basis of liability.  Corporate puffery is defined as a loosely optimistic statement that is vague, lacking in specificity, or so clearly constituting the opinion of the speaker, that no reasonable investor could find it important to the total mix of information.

**Authority**:   *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 538 (3d Cir. 1999); *In re Burlington Coat Factor Sec. Litig.*, 114 F.3d 1410, 1428 (3d Cir. 1997); *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 201 (3d Cir. 1990); *Makor Issues & Rights, Ltd v. Tellabs, Inc.*, 473 F.3d 588, 598 (7th Cir. 2006); *In re Versant Object Tech Corp. Sec. Litig.*, 2000 U.S. Dist LEXIS 22333, at *20 (N.D.Cal. May 18, 2000).

## JURY INSTRUCTION NO. 47

### DISPUTED

**Plaintiff objects to this instruction and requests that it be deleted in its entirety.**

### Defendants' Proposed Charge

### Disclose of Information Already in the Public Domain

Even if you find that a defendant has failed to disclose information, that information is not material if it had been available to the market (by other sources or by Herley) at the time of the alleged failure to disclose that information.

**Authority**:     *Basic v. Levinson*, 485 U.S. 224, 248 (1988);  *In re Apple Computer Sec. Litig.*, 886 F.2d 1109, 1114 (9th Cir. 1989); American Bar Assoc., Model Jury Instructions – Securities Litigation, Model Instruction 2.03(1)(d): Disclosure of Information Already in the Public Domain (ABA 1996).

### Plaintiff's Proposed Charge

### Truth on the Market: Defendants' Burden to Prove

**Subject to and without waiver of its objection, if the Court concludes that an instruction is proper, Plaintiff proposes the following instruction:**

Truth on the market is an affirmative defense that the Defendants' bear the burden of proving by a preponderance of the evidence.  The truth on the market defense is available only when a defendant's misrepresentation or omission is rendered irrelevant because the truth regarding the misrepresentation or omission was otherwise made known to the general public.

In order to establish this defense, Defendants' must prove that the information at issue was made known to the market with the same degree of intensity and credibility as the alleged misrepresentation or omission.

In other words, the alleged disclosure of the truth must be reasonably understood by the public to effectively offset the misleading impression created by the misrepresentation or omission.  In making this determination, you should consider the manner in which the disclosure of the truth was made and context in which it appears.  In order to determine if the disclosure adequately revealed the truth to the market, you should also consider any future misrepresentation or omission by Defendants concerning the same subject matter.

**Authority:**     *The Winer Family Trust v. Queen*,  03 civ. 4318, 2004 WL 2203709, at  *4 (E.D. Pa. Sept. 27, 2004); In re Resource America Sec. Litig.*, Civ. A. No. 98-5446, 2000 WL 1053861, at *3 (E.D.Pa. July 26, 2000); *In re Unisys Corp. Sec. Litig.*, Civ. A. No. 00-1849, 2000 WL 1367951, at *4 (E.D.Pa. Sept.21, 2000); *Wallace v. Systems & Computer Tech. Corp.*, Civ. A. No. 95-6303, 1997 WL 602808, at *10 (E.D.Pa. Sept.23, 1997); *In re Bell Atlantic Corp. Sec. Litig.*, No. 91-0514, et. al., 1997 WL 205709, at *26 (E.D. Pa. April 17, 1997); *See In re Amgen Sec.*

*Litig.*, 544 F. Supp. 2d 1009, 1025 (C.D. Cal. 2008) ("Defendants appear to be asserting the 'truth-on-the-market' affirmative defense"); *Mallozi v. Zoll Med. Group*, 94 Civ. 11479, 1996 WL 392146, at *8 (D. Mass Mar. 5, 1996) ("The case law suggests that 'truth on the market' is an affirmative defense, as to which the defendants bear the burden."); *Provenz v. Miller*, 95 F.3d 1376, 1385 (9th Cir. 1996); *Freeland v. Iridium World Comm'ns, Ltd.*, 545 F.Supp.2d 59, 88 (truth on the market is "a legal affirmative defense which [Defendant] has the burden of proving at trial; Plaintiffs and their expert have no duty to disprove the truth on the market defense").

## JURY INSTRUCTION NO. 48

## DISPUTED

### Plaintiff's Proposed Charge

### Element 3 Of Section 10(b) — Scienter

To satisfy the third element of its Section 10(b) claim, Plaintiff bears the burden of proving by a preponderance of the evidence that Herley and/or Blatt acted with what is called scienter.

A defendant acts with scienter when the defendant acts either knowingly or with recklessness.

A defendant acts knowingly when the defendant makes an untrue statement with the knowledge that the statement was false, or when the defendant knew of a fact and also knew that the failure to reveal the fact created a substantial likelihood of misleading investors.

A defendant acts with recklessness when the defendant engages in highly unreasonable conduct that is an extreme departure from the standards of ordinary care, presenting a danger of misleading investors which is either known to the defendant or is so obvious that the defendant must have been aware of it.

**Authority**:  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2510 (2007); *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 191, 193 & n.12, 197-99, 215 (1976); *In re Alpharma Inc. Sec. Litig.*, 372 F.3d 137, 148 (3d Cir. 2004); *In re Reliance Sec. Litig.*, 135 F. Supp. 2d 480, 502 (D. Del. 2001); *Newton v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 135 F.3d 266, 272-73 (3d Cir. 1998); *Shogen v. Global Aggressive Growth Fund, Ltd.*, No. 04-5695, 2007 WL 1237829 (D.N.J. Mar. 26, 2007); *City of Phila. v. Fleming Cos.*, 264 F.3d 1245, 1261 (10th Cir. 2001); ABA, Section of Litig., *Model Jury Instructions: Securities Litigation*, Instructions 4.02[4], 4.02[4][a] (1996) (modified).

### Defendants' Proposed Charge

### Element 3 Of Section 10(b) — Scienter

To satisfy the third element of its Section 10(b) claim, Plaintiff bears the burden of proving by a preponderance of the evidence that Herley and/or Blatt acted with what is called scienter.  Scienter is the mental state embracing intent to deceive, manipulate, or defraud.  For you to find that a defendant acted with scienter, the evidence must support a cogent, powerful, and compelling inference of scienter.

A defendant acts with scienter when the defendant acts either knowingly or with recklessness.  For a plaintiff to establish scienter, they must show by a preponderance of the

evidence that a defendant had knowledge or recklessly disregarded the potential materiality of the allegedly misstated or omitted information.

A defendant acts knowingly when the defendant makes an untrue statement with the knowledge that the statement was false, or when the defendant knew of a fact and also knew that the failure to reveal the fact created a substantial likelihood of misleading investors.

A defendant acts with recklessness when the defendant engages in highly unreasonable conduct that is an extreme departure from the standards of ordinary care, and which presents a danger of misleading investors that is either known to the defendant or is so obvious that the defendant must have been aware of it.  Reckless conduct is not just carelessness, nor is it mere simple, or even inexcusable negligence.  To prove that a defendant acted recklessly, it is not enough for the plaintiff to show that the defendants acted accidentally, mistakenly, or negligently, or even that the defendant's conduct was grossly or inexcusably negligent.   Scienter requires misrepresentation so recklessly made that the culpability attaching to such reckless conduct closely approaches that which attaches to conscious deception

**Authority**:      15 U.S.C. § 78u-4(f)(10)(A)(i)(I)-(II); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2510 (2007); *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 191, 193 & n.12, 197-99, 215 (1976); *In re Alpharma Inc. Sec. Litig.*, 372 F.3d 137, 148 (3d Cir. 2004); *In re Reliance Sec. Litig.*, 135 F.Supp.2d 480, 502 (D. Del. 2001); *Newton v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 135 F.3d 266, 272-73 (3d Cir. 1998);  *McLean v. Alexander*, 599 F.2d 1190, 1197 (3d Cir. 1979); *In re Digital Island Sec. Litig.*, 357 F.3d 322, 333 (3d Cir. 2004); *Shogen v. Global Aggressive Growth Fund, Ltd.*, No. 04-5695, 2007 WL 1237829 (D.N.J. 2007); *City of Philadelphia v. Fleming Companies, Inc.* 264 F.3d 1245, 1261 (10th Cir. 2001); *Wilson v. Bernstock*, 195 F.Supp.2d 619, 638 (D.N.J. 2002); *Schlifke v. Seafirst Corp.*, 866 F.2d 935, 946 (7th Cir. 1989).

### JURY INSTRUCTION NO. 49

### <u>DISPUTED</u>

**Plaintiff objects to this instruction and requests that it be deleted in its entirety.**

### Defendants' Proposed Charge

### Scienter: No Fraud By Hindsight

In evaluating whether Herley or Blatt acted with the intent to defraud, I instruct you that you should not judge Herley and Blatt's action or statements from hindsight, but rather, from the perspective of the time that Herley and Blatt took the action or made the statement.

**Authority**:  *Wiener Family Trust v. Queen*, 503 F.3d 319 (3d Cir. 2007); *In re Ikon Office Solutions, Inc., Sec. Litig.*, 277 F.3d 658 (3d Cir. 2002); *Denny v. Barber*, 576 F.2d 465, 470 (2d Cir. 1978) ; *Suprema Specialties, Inc. Sec. Litig.*, 334 F. Supp. 2d 637, 647 (D.N.J. 2004).

## JURY INSTRUCTION NO. 50

### DISPUTED

**Plaintiff objects to this instruction and requests that it be deleted in its entirety.**

#### Defendants' Proposed Charge

#### Scienter: Access To Information

Evidence that a defendant was an executive of a company, had access to negative information, was involved in the day-to-day management of the company, or signed an SEC filing is not sufficient to establish scienter.  In order to establish scienter, a plaintiff must demonstrate by a preponderance of the evidence that the defendant actually knew of material information at the time of the statement or omission, or that the information was so obvious to the defendant that he must have been aware of it.

**Authority:**     *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1422 (3d Cir. 1997); *Kennilworth Partners L.P. v. Cendent Corp.*, 59 F.Supp.2d 417, 428 (D.N.J. 1999); *Glover v. DeLuca*, 2006 U.S. Dist. LEXIS 76093, *29 (W.D.Pa. Sept. 29, 2006 ); *In re Allergan, Inc. Sec. Litig.*, 1993 WL 623321, *36 (C.D. Cal. Nov. 29, 1993); *Coates v. Heartland Wireless Comms., Inc.*, 26 F. Supp. 2d 910, 916 (N.D.Tex. 1998)

## JURY INSTRUCTION NO. 51

### DISPUTED

**Plaintiff objects to this instruction and requests that it be deleted in its entirety.**

### Defendants' Proposed Charge

### Scienter: Mismanagement Is Not Fraud

The federal securities laws do not provide a cause of action for corporate mismanagement. That is, the mere fact that Herley or Blatt, in your view, could have taken additional or different actions does not state a claim of securities fraud. Poor or even gross mismanagement is not securities fraud. Similarly, plaintiff cannot prevail on its federal securities claim simply by proving negligence or even breach of fiduciary duty in the absence of deception. Instead, plaintiff must prove that the defendants acted with the intent to deceive, manipulate, or defraud.

Thus, you should not find Herley or Blatt liable for securities fraud even if you find that they made mistakes, acted irresponsibly or unwisely, or were careless in how they managed the company. You should only find them liable if you find that they have acted with the intent to deceive as I have defined it in these instructions.

**Authority:**     *Sante Fe Indus., Inc. v. Green,* 430 U.S. 462, 476-480 (1977); *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 (1976); *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 538 (3d. Cir. 1999); *Serbian v. Amoskeag Bank Shares, Inc.,* 24 F.3d 357 361 (1st Cir. 1994).

## JURY INSTRUCTION NO. 52

### DISPUTED

**Plaintiff objects to this instruction and requests that it be deleted in its entirety.**

### Defendants' Proposed Charge

### Scienter: Good Faith

**The plaintiff bears the burden of proving by a preponderance of the evidence that the defendants did not act in good faith.  A defendant, has no burden to establish a defense of good faith under Section 10(b).**

**A person who acts, or causes another person to act, on belief or opinion honestly held is not liable under Section 10(b) merely because the opinion or belief turns out to be inaccurate, incorrect, wrong, or unreasonable.  An honest mistake in judgment or an honest error in management or even negligence or carelessness does not rise to the level of scienter.  An honest belief or good faith belief on the part of a defendant is inconsistent with fraudulent intent and inconsistent with a finding that he acted with scienter.**

**Authority**:     *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 (1976)("there is no indication that Congress intended anyone to be made liable for [illicit] practices unless he acted other than in good faith."); *In re Kulicke & Soffa Indus., Inc. Sec. Litig.*, 747 F.Supp. 1136, 1142 (E.D.Pa. 1990), *aff'd*, 944 F.2d 897 (3d Cir. 1991).

## JURY INSTRUCTION NO. 53

## <u>DISPUTED</u>

**Plaintiff objects to this instruction and requests that it be deleted in its entirety.  Plaintiff's objection is the subject of an *in limine* motion pending before the Court.**

### Defendants' Proposed Charge

### Scienter: Review By Outside Counsel

The fact that a defendant sought and received guidance from an outside attorney is inconsistent with the intent to defraud.  The fact that a defendant sought and received guidance from an outside attorney with respect to a decision to make certain disclosures under the federal securities laws or regarding the contents of any disclosure challenged by the plaintiff as misleading, is a fact that goes to the defendant's good faith, and which negates scienter.  If you find that Herley or Blatt conferred with Herley's outside attorneys regarding the decision to disclose the information that plaintiff contends Herley and Blatt failed to disclose, or sought guidance concerning the contents of certain statements challenged by the plaintiff in this case as misleading, and that Herley and Blatt took that attorney's judgment into consideration, then you must find for Herley or Blatt on that claim.

**Authority**:    *SEC v. Snyder*, 292 Fed. Appx. 391, 406 (5th Cir. 2008);  *Newtown v. Uniwest Fin. Corp.*, 802 F.Supp. 361, 367-68 (D. Nev. 1990), *aff'd* 967 F.2d 340 (9th Cir. 1992); *Mathews v. Centex Telemgmt.*, Inc. 1994 WL 269734, *7 (N.D.Cal. June 8, 1994); *In re John Alden Fin. Corp. Sec. Litig.*, 249 F.Supp.2d 1273, 1279 (S.D.Fla. 2003); *In re Digi Int'l, Sec. Litig.*, 2001 WL 753869, *2 (8th Cir. July 5, 2001); *In re Miller Indus., Inc. Sec. Litig.*, 120 F.Supp. 2d 1371, 1382 (N.D.Ga. 2000)

## JURY INSTRUCTION NO. 54

### DISPUTED

**Plaintiff objects to this instruction and requests that it be deleted in its entirety.**

#### Defendants' Proposed Charge

#### Scienter: Review By Outside Auditors

**The fact that a defendant sought and received guidance from its outside auditors is inconsistent with the intent to defraud.  The fact that a defendant sought and received guidance from its outside auditors with respect to a decision to make certain disclosures under the federal securities laws or regarding the contents of any disclosure challenged by the plaintiff as misleading, is a fact that goes to the defendant's good faith, and which negates scienter.  If you find that Herley or Blatt conferred with Herley's outside auditors regarding the decision to disclose the information that plaintiff contends Herley and Blatt failed to disclose, or sought guidance concerning the contents of certain statements challenged by the plaintiff in this case as misleading, and that Herley and Blatt took the auditors judgment into consideration, then you must find for Herley or Blatt on that claim.**

**Authority**:    *SEC v. Snyder*, 292 Fed. Appx. 391, 406 (5th Cir. 2008);  *Newtown v. Uniwest Fin. Corp.*, 802 F.Supp. 361, 367-68 (D. Nev. 1990), *aff'd* 967 F.2d 340 (9th Cir. 1992); *Mathews v. Centex Telemgmt.*, Inc. 1994 WL 269734, *7 (N.D.Cal. June 8, 1994); *In re John Alden Fin. Corp. Sec. Litig.*, 249 F.Supp.2d 1273, 1279 (S.D.Fla. 2003); *In re Digi Int'l, Sec. Litig.*, 2001 WL 753869, *2 (8th Cir. July 5, 2001); *In re Miller Indus., Inc. Sec. Litig.*, 120 F.Supp. 2d 1371, 1382 (N.D.Ga. 2000)

## JURY INSTRUCTION NO. 55

### DISPUTED

**Plaintiff objects to this instruction and requests that it be deleted in its entirety.**

#### Defendants' Proposed Charge

#### Scienter: Forward Looking Statements

As I previously discussed, the requirements for proving intent are different for forward-looking statements, as compared to statements of historical or present fact. To establish intent for any forward-looking statement, the plaintiff must prove by a preponderance of the evidence that the defendants made the statement with actual knowledge that it was false of misleading. It is insufficient for plaintiff to show that the defendant's opinion or prediction about the future was made recklessly.

**Authority**:   15 U.S.C. § 78u-5(c)(1); 15 U.S.C. § 78u-5(c)(2); 15 U.S.C. § 78u-5(i)(1); 17 C.F.R. § 240.3(b)-(6)(c); *Aviva Partners L.L.C. v. Exide Technologies*, Civ. A. NO. 05-3098, 2007 WL 789073 at *13 (Mar. 13, 2007); *In re Merck & Co., Inc., Sec. Litig.*, 432 F.3d 261, 272 and n.11 (3d Cir. 2005); *EP MedSystems, Inc. v. EchoCath, Inc.*, 235 F.3d 865, 875 (3d Cir. 2000); *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 539 (3d Cir. 1999); *In re Discovery Labs Sec. Litig.*, 2006 U.S. Dist. LEXIS 79823, at 49 (E.D.Pa. Nov. 1, 2006); *Harris v. Ivax Corp.*, 182 F.3d 799, 805 (11th Cir. 1999).

## JURY INSTRUCTION NO. 56

### DISPUTED

**Defendants object to this instruction and request that it be deleted in its entirety.**

### Plaintiff's Proposed Charge

### Scienter Of Corporations — Act of Agent is Act of Principal

Under the law, a corporation is considered to be a person. However, a corporation can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts or omissions of its employees, agents, directors, and officers performed within the scope of their authority. In other words, any act or omission of an agent within the scope of his or her authority is the act or omission of the principal (in this case, Herley). Thus, any action take within the scope of authority by Blatt, as well as other Herley employees including the other Individual Defendants as well as Mitchell Tuckman, counts as the act of Herley.

**Authority**:     *United States v. Bestfoods*, 524 U.S. 51 (1998);  *LaSala v. Bordier et Cie*, 519 F.3d 121 (3d Cir. 2008); *Eisenberg v. Gagnon*, 766 F.2d 770 (3d Cir. 1985); *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1576-78 (9th Cir. 1990); Ninth Circuit Model Jury Instructions (2007 ed.), Instructions 4.2, 4.5 and 4.6.

## JURY INSTRUCTION NO. 57

### DISPUTED

**Defendants object to this instruction and request that it be deleted in its entirety.**

**Plaintiff's Proposed Charge**

**Scienter – Scope Of Agent Authority Defined**

      **An agent, which can include an employee, officer or director, is acting within the scope of his or her authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal (in this case, by Herley).**

**Authority**:    *Eisenberg v. Gagnon*, 766 F.2d 770 (3d Cir. 1985); *United States v. Am. Radiator & Standard Sanitary Corp.*, 433 F.2d 174 (3d Cir. 1970); *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1576-78 (9th Cir. 1990); Ninth Circuit Model Jury Instructions (2007 ed.), Instructions 4.2, 4.5 and 4.6.

## JURY INSTRUCTION NO. 58

### DISPUTED

### Plaintiff's Proposed Charge

### Scienter – Herley's Scienter

Because a corporation can only act through its employees, agents, directors or officers, a corporation's scienter is derived from the scienter of its employees.  When determining the scienter of Herley, you must look at the conduct of all of Herley's employees, agents, directors and officers and are not limited to the scienter of Lee Blatt or the other Individual Defendants. You may combine the statements and acts of any number of Herley's employees, agents, directors and officers to establish Herley's scienter.

In other words, it is sufficient to establish Herley's scienter if one Herley employee knew or recklessly disregarded that a statement made by another Herley employee was materially false and misleading.  The person with the fraudulent intent and the person actually making the statement need not be the same for Herley to have acted with scienter.

**Authority:**   *In re Marsh & Mclennan Cos. Sec. Litig.*, 501 F. Supp. 2d 452, 481 (S.D.N.Y. 2006) ("[a] corporate defendant's scienter is derived from its employees" and "courts have readily attributed the scienter of management-level employees to corporate defendants.") (citing *Suez Equity Investors, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 101 (2d Cir. 2001); *In re BISYS Sec. Litig.*, 397 F. Supp. 2d 430, 442-43 (S.D.N.Y. 2005) (inferring a corporation's scienter from the intentional misbehavior of its regional vice president and vice president of corporate finance); *In re JP Morgan Chase Sec. Litig.*, 363 F. Supp. 2d 595, 627 (S.D.N.Y. 2005) (attributing the knowledge of a vice chairman, vice president, and managing director to the corporate defendant); *Makor Issue & Rights, Ltd. v. Tellabs Inc.*, 513 F.3d 702, 710 (7th Cir. 2008) ("it is possible to draw a strong inference of corporate scienter without being able to name the individuals who concocted and disseminated the fraud."); *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 196 (2d Cir. 2008); *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 189-90 (4th Cir. 2009) (it is sufficient that "at least one corporate agent acted with the required state of mind…even if the complaint does not name the corporate agent as an individual defendant or otherwise identify the agent); *Pugh v. Tribune Co.*, 521 F.3d 686, 697 (7th Cir. 2008); *In re Dell Inc., Sec. Litig.*, 591 F. Supp. 2d 877, 899 (W.D. Tex. 2008); *In re Worldcom, Inc. Sec. Litig.*, 352 F. Supp. 2d 472, 497 (S.D.N.Y. 2005) ("Proof of a corporation's collective knowledge and intent is sufficient."); *McGuire v. Dendrean*, No. 07-800, 2008 WL 5130042, at *8 (W.D. Wash. Dec. 5, 2008) (finding that plaintiffs pled scienter by demonstrating a corporate officer's knowledge that another officer's statement was false); *In re Faro Techs. Sec. Litig.*, 534 F. Supp. 2d 1248, 1262 (M.D. Fla. 2007) (scienter may be alleged as to "either the employee making the alleged false statement . . . or as to any other high level employee, consistent with generally accepted agency

principles."); *In re Sonus Networks, Inc. Sec. Litig.*, No. 04-10294, 2006 WL
1308I65, at *22 (D. Mass. May 10, 2006) (scienter of corporate controller
imputed to corporation despite that other executives responsible for
misstatements).

### Defendants' Proposed Charge

### Scienter – Herley's Scienter

A corporation can only act through its employees, agents, directors or officers. While a
corporation's scienter is derived from the scienter of its employees, scienter may only be
imputed to a corporation through such an individual who actually made an actionable statement
to the market on behalf of the company.

In order to establish scienter as to Herley, Plaintiff must prove by a preponderance of the
evidence that : (1) one of Herley's employees had the requisite mental state to commit fraud (i.e.,
that the individual knew or recklessly disregarded the falsity of the statement at issue); and (2)
that individual actually made the challenged statement at issue to the market. Plaintiff cannot
establish scienter as to Herley by demonstrating that one corporate officer or employee made a
false statement, while another corporate officer or employee knew that statement was false. In
order to establish scienter as to Herley, the person with the fraudulent intent must be the same
person who actually made the statement at issue.

In evaluating the scienter of Herley, you should not consider whether defendants Levy,
Garefino, Gilboy or Kelley had the requisite level of scienter such that it could be imputed to
Herley. At a prior point in this litigation, I determined that the Plaintiff was not able to plead a
claim of scienter as to these defendants, and thus I dismissed plaintiff's claims under Section
10(b) against them. This means that the Plaintiff was unable to articulate any factual allegations
which met the threshold level for establishing scienter as to those Defendants. Because of
Plaintiff's previous inability to plead scienter as to Defendants Levy, Garefino, Gilboy, and
Kelley, the mental state of those Defendants should not be considered by You for purposes of
determining if Herley had the requisite scienter.

**Authority:**  *Southland Securities Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 366 (5th
Cir. 2004)(holding n order to impute scienter to a corporation the individual upon
whose scienter is being imputed to the corporation must have actually made the
statement at issue); *In re Apple Computer, Inc. Sec. Litig.*, 242 F.Supp.2d 1012,
1023 (N.D.Cal. 2002)("[I]t is not enough to establish fraud on the part of a
corporation that one corporate officer makes a false statement that another knows
to be false."; *Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424, 1435 (9th Cir,
1996); *Zavolta v. Lord, Abbett & Co. LLC*, 2010 U.S. Dist. LEXIS 16491 (D.N.J.
February 23, 2010)(calling into question application of collective scienter doctrine
in Third Circuit);  In re Bio-Technology Gen. Corp. Sec. Litig., 2006 U.S. Dist.
LEXIS 81268 (D.N.J. Oct. 26, 2006)(noting that the weight of authority is against
the collective scienter doctrine suggested by the Second Circuit, and "has been

growing more so"); *In re Dynex Capital, Inc. Sec. Litig.,* 2006 WL 1517580 at *2 (S.D.N.Y. Jun 02, 2006) (recognizing split of authority between Second Circuit and other courts regarding whether "collective scienter" is a viable theory and granting right to appeal that issue due to conflicting authority within the Second Circuit).

## JURY INSTRUCTION NO. 59

### DISPUTED

**Defendants object to this instruction and request that it be deleted in its entirety.  This instruction is the subject of an *in limine* motion pending before the Court.**

#### Plaintiff's Proposed Charge

##### Scienter – Guilty Plea May Be Used As Evidence Against Herley and Blatt

You have heard evidence that Herley has pleaded guilty to two felony counts of obstructing a federal audit, in violation of 18 U.S.C. § 1516.  The elements of those felonies include willful action with the intent to defraud the United States Government.  The facts and circumstances giving rise to that guilty plea are the same as the facts and circumstances giving rise to portions of this action.

You have also heard evidence that former Herley CEO, Lee Blatt, pleaded guilty to a single count of failure to keep a tax record in violation of 26 U.S.C. § 7203 in connection with his failure to keep adequate records regarding a payment in connection with the design of a Voltage Controlled Oscillator (VCO).  The VCO contract at issue in this action is the same VCO contract that was at issue in Blatt's guilty plea.

Both Herley's and Blatt's guilty pleas can be used as conclusive evidence that they committed the acts to which they pled guilty and as admissions to the elements of the crimes and the facts underlying those charges.

**Authority:**    *Herley Indus., Inc. v. Fed. Ins. Cos.,* No. 08-5377, 2009 WL 2596072, at *10 (E.D. Pa. Aug. 21, 2009) ("'a guilty plea constitutes an admission to all facts alleged in the indictment'") (quoting *M.B. ex rel. T.B. v. City of Philadelphia*, 128 Fed. App'x. 217, 225-26 (3d Cir. 2005)); *see also Cole v. Mistick*, No. 05-1476, 2009 WL 1160962, at *9 (W.D. Pa. Apr. 28, 2009) (party to civil action collaterally estopped from denying facts underlying guilty plea); *Hudson v. Goob*, No. 07-1115, 2009 WL 789924, at *6 (W.D. Pa. Mar. 24, 2009) (same); *McCarthy v. United States*, 394 U.S. 459, 466 (1969) ("a guilty plea is an admission of all the elements of a formal criminal charge"); *United States v. Mathews*, 833 F.2d 161, 163 (9th Cir. 1987) (a guilty plea "is an admission of all the elements of a formal criminal charge, and conclusively admits all factual allegations of the indictment") (internal marks and citations omitted); *United States v. Smith*, 407 F.2d 33, 34-35 (2d Cir. 1969) (guilty plea admits "all elements of the offense charged in the indictment" and "all facts well pleaded").

#### Defendants' Proposed Charge

##### Scienter – Guilty Plea Does Not Establish Securities Fraud By Herley or Blatt, or Scienter To Commit Securities Fraud

**Subject to and without waiver of its objection, if the Court concludes that an instruction is proper, Defendants propose the following instruction:**

You have heard evidence that Herley has pleaded guilty to two felony counts of obstructing a federal audit, in violation of 18 U.S.C. § 1516.  The elements of those felonies include willful action with the intent to defraud the United States Government.  The facts and circumstances giving rise to that guilty plea are the same as the facts and circumstances giving rise to portions of this action.

You have also heard evidence that Blatt pleaded guilty to a single count of failure to keep a tax record in violation of 26 U.S.C. § 7203 in connection with his failure to keep adequate records regarding a payment in connection with the design of a Voltage Controlled Oscillator (VCO).

Both Herley's and Blatt's guilty pleas can be used as conclusive evidence that they committed the acts to which they pled guilty and as admissions to the elements of the crimes and the facts underlying those charges.  The fact that Herley and Blatt pled guilty to those charges does not conclusively establish that either of them committed securities fraud.  Rather, plaintiff must independently establish each of the elements of Section 10(b) by a preponderance of the evidence.  In addition, those guilty pleas do not conclusively establish that either Herley or Blatt has the requisite mental state (scienter) to commit securities fraud.

**Authority:**   *Herley Indus., Inc. v. Fed. Ins. Cos., Inc.,* No. 08-5377, 2009 WL 2596072, at *10 (E.D. Pa. Aug. 21, 2009) ("'a guilty plea constitutes an admission to all facts alleged in the indictment'") (quoting *M.B. ex rel. T.B. v. City of Philadelphia*, 128 Fed. App'x. 217, 225-26 (3d Cir. 2005)); *see also Cole v. Mistick*, No. 05-1476, 2009 WL 1160962, at *9 (W.D. Pa. Apr. 28, 2009) (party to civil action collaterally estopped from denying facts underlying guilty plea); *Hudson v. Goob*, No. 07-1115, 2009 WL 789924, at *6 (W.D. Pa. Mar. 24, 2009) (same); *McCarthy v. United States*, 394 U.S. 459, 466 (1969) ("a guilty plea is an admission of all the elements of a formal criminal charge"); *United States v. Matthews*, 833 F.2d 131, 163 (9th Cir. 1987) (a guilty plea "is an admission of all the elements of a formal criminal charge, and conclusively admits all factual allegations of the indictment") (internal marks and citations omitted); *United States v. Smith*, 407 F.2d 33, 34-35 (2d Cir. 1969) (guilty plea admits "all elements of the offense charged in the indictment" and "all facts well pleaded"); *In re Monster Worldwide, Inc.*, 549 F.Supp.2d 578, 583 (S.D.N.Y. 2008)(individual defendant's guilty plea for backdating not conclusive of scienter in securities fraud class action because guilty plea did not contain admission regarding involvement with scienter in the specific statements as issue); *Kushner v. Beverly Enterprises, Inc.*, 317 F.3d 820, 829 (8th Cir. 2003) guilty plea of defendant's subsidiary was limited to wrongful conduct by small group of employees and did not indicate company-wide scheme about which defendants should have known, and this, guilty plea cannot be used to demonstrate knowledge by hindsight as to defendants for purposes of establishing scienter);

79

## JURY INSTRUCTION NO. 60

### DISPUTED

### Plaintiff's Proposed Charge

### Scienter – Stock Sales

Stock sales by insiders that are suspicious may be considered by the jury as circumstantial evidence of scienter.  Stock trades can be suspicious, for example, when "dramatically out of line with prior trading practices at times calculated to maximize the personal benefit from undisclosed inside information".  To evaluate suspiciousness of stock sales, the jury may consider factors such as: (1) the amount and percentage of shares sold; (2) timing of the sales; and (3) consistency with prior trading history.

No one factor is controlling.  You should determine if a defendant acted with scienter based on a fair assessment of the totality of the circumstances, including the evidence concerning the defendant's stock sales.

**Authority:**   *Mill Bridge V, Inc. v. Benton*, No. 08-2806, 2009 WL 4639641 (E.D. Pa. Dec. 3, 2009) (citing *In re ATI Techs. Inc. Sec. Litig.*, 216 F. Supp. 2d 418, 440 (E.D. Pa. 2002)) (collecting cases); *also In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 277 (3d Cir. 2006); *Barrie v. Intervoice-Brite, Inc.*, 397 F.3d 249, 264 (5th Cir. 2005); *In re Amaranth Natural Gas Commodities Litig.*, 587 F. Supp. 2d 513, 529 (S.D.N.Y. Oct. 6, 2008); *In re IPO Sec. Litig.*, 544 F. Supp. 2d 277, 286 (S.D.N.Y. 2008); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1232 (9th Cir. 2004).

### Defendants' Proposed Charge

### Scienter – Stock Sales

In considering whether Blatt had the requisite intent to commit securities fraud, the fact that he sold Herley stock during the Class Period is not, in and of itself, sufficient to support an inference that he acted with scienter.  When directors and officers own stock or receive compensation in stock, they should be expected to trade those securities in the normal course of events.

Only unusual trading at suspicious times or in suspicious amounts by corporate insiders may be probative of scienter.  At a minimum, the trading must be in a context where the defendant had the incentive to withhold material, non-public information, and it must be unusual, well beyond the normal patterns of trading by those defendants.  To determine whether stock sales support a strong inference of scienter, you may consider the totality of the circumstances, including volume, timing, and prior trading history.  In analyzing the volume of sales, it is not the raw number of shares sold that is important, but rather, the percentage of the defendant's

holdings sold versus those retained, including exercisable stock options.  Exercisable option should be included as part of the defendant's total holdings.

Even if you do find that stock sales constitute some evidence of scienter, you cannot base a finding a scienter solely on stock sales.  You should determine if a defendant acted with scienter based on a fair assessment of the totality of the circumstances, including the evidence concerning the defendant's stock sales.

**Authority:**     *Oran v. Stafford,* 226 F.3d 275, 289-90 (3d Cir. 2000)*; In re Burlington Coat Factors Sec. Litig.*, 114 F.3d 1410, 1423 (3d Cir. 1997)*; In re Party City Sec. Litig.*, 147 F.Supp.2d 282, 313 (D.N.J. 2001)*; Carney v. Cambridge Tech. Partners, Inc.,* 135 F.Supp.2d 235, 256 (D.Mass. 2001); *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970. 986-97 (9th Cir. 1999); *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1093-94 (9th Cir. 2002).

## JURY INSTRUCTION NO. 61

### UNDISPUTED

### Element 4 Of Section 10(b) –Use of Interstate Commerce "In Connection With" the Purchase or Sale of Herley Stock

The fourth element of Plaintiff's section 10(b) claim is the Defendants' use of an instrumentality of interstate commerce, such as mail or telephone, the facility of a national securities exchange, in connection with the purchase and sale of Herley securities, regardless of whether the instrumentality or facility itself was used to make an untrue statement or a material omission.

The "in connection with" aspect of this fraudulent scheme element is satisfied if you find that there was some relation between the allegedly fraudulent conduct and the sale or purchase of securities. Plaintiff does not need to show that it was defrauded into purchasing or selling Herley stock or that the Defendants had any contact with the purchasers or sellers of Herley stock. It is enough that the fraud alleged coincides with a securities transaction – whether by the plaintiff or by someone else. In other words, Plaintiff may establish the "in connection with" element simply by showing that the misrepresentations or omissions in question were disseminated to the public in a medium upon which a reasonable investor would rely, and that these statements were material when disseminated.

The Defendants do not contest this element of section 10(b). You are therefore instructed that Plaintiff has satisfied its burden with respect to this element.

**Authority**:   *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 85 (2006); *United States v. O'Hagan*, 521 U.S. 642, 651 (1997); *Semerenko v. Cendant Corp.*, 223 F.3d 165, 181 (3d Cir.2000) (the "in connection with" prong is satisfied where the misrepresentations are material and disseminated to the public in a medium upon which a reasonable investor would rely).

## JURY INSTRUCTION NO. 62

## DISPUTED

### Plaintiff's Proposed Charge

### Element 5 Of Section 10(b) – Justifiable Reliance-Fraud on the Market

The fifth element of Plaintiff's section 10(b) claim is justifiable reliance on Herley and/or Blatt's misleading statements or omissions.  Plaintiff does not have to prove that the Class members each justifiably relied on defendants' alleged misrepresentations or omissions in deciding to engage in their purchases or sales of Herley stock if Plaintiff proves by a preponderance of the evidence that there was an active and open market in Herley's securities.  An "active open market" means that there were a large number of traders, a high level of trading activity, and frequent trades, such that buyers and sellers could rapidly obtain and assimilate current information about the price of the security.

The law recognizes that members of the public are entitled to rely on the fact that the price of a publicly traded stock fully and accurately reflects its true value.  An investor who buys or sells stock at the price set by the market relies on the integrity of that price; that is, he or she relies on that price to reflect not only true information about the stock, but compete information too.  Plaintiff is not required to prove that the Class members literally relied upon or even knew of any specific false or misleading statements, misrepresentations, or omissions Defendants are alleged to have made.  Instead, because the Class members bought Herley stock in reliance upon the integrity of market price, if Plaintiff proves that Herley and/or Blatt made false and misleading statements, misrepresentations, or omissions that were material, it is presumed under the law that the Class members justifiably relied upon the market price to reflect the true and complete information about Herley's stock.

**Authority**:   *See* Model Instructions, 18.5; ABA Model Jury Instructions Securities Litigation, § 4.02[5][d]; *Basic Inc. v. Levinson*, 485 U.S. 224, 241, 245-49 (1988); *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 153-54 (1972); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1419 n.8 (3d Cir.1997); *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 373 (3d Cir.2002); *Semerenko v. Cendant Corp.*, 223 F.3d 165, 178 (3d Cir. 2000); *Simpson v. AOL Time Warner, Inc.*, 452 F.3d 1040, 1051 (9th Cir. 2006); AMJUR SECURITIES Section 1268 (Truth on the market defense explained).

### Defendants' Proposed Charge

### Element 5 Of Section 10(b) –Justifiable Reliance-Fraud on the Market

The fifth element of Plaintiff's section 10(b) claim is the requirement of proof by a preponderance of the evidence that the plaintiff class "relied" upon the alleged misstatement or omission and that they were justified in so doing.  If you find that the plaintiff class did not justifiably rely upon any misrepresentations or omission made by the defendants, then you must return a verdict for the defendants.

Plaintiff does not have to prove that each plaintiff class member directly relied on the alleged misrepresentation in deciding to purchase or sell securities where there is an active and open market for the security at issue.  An "active and open market" means that there were a large number of traders, a high level or trading activity, and frequent trades such that buyers and sellers could rapidly obtain and assimilate current information about the price of the security.

To avoid the requirement to show individual reliance, the plaintiff must prove by a preponderance of the evidence that an open, developed, and efficient market for Herley common stock existed and that the investors reasonably relied "on the integrity of the market."  If plaintiff proves this, then there is a presumption that all class members relied on defendants' statements and plaintiff does not have to prove that individual purchasers of the securities relied on the documents or statements upon which the plaintiff bases this suit.  If the plaintiff fails to make this showing, then it has not established reliance and you must find for the defendants.

Even if the plaintiff established a presumption of reliance, it is rebuttable by Defendants Herley and Mr. Blatt.  They may rebut the presumption of reliance by proving by a preponderance of the evidence that: (1) the plaintiff did not rely on the integrity of the market; (2) that the alleged misrepresentation or omission did not affect the market price of the security.

If you find that the plaintiff class did not rely on the integrity of the market – in other words, if you find that the plaintiff class would have engaged in the transactions in Herley stock anyway, and that the misrepresentation or omission had no effect upon their decision – then you must find that the plaintiff has not established reliance, and find in favor of Defendants Herley and Mr. Blatt.


**Authority**:      O'Malley, Grenig, & Lee, *Federal Jury Practice and Instructions*, Section 162.234 (5th ed. 2001); *Basic Inc. v. Levinson*, 485 U.S. 224, 241, 245-49 (1988); *Sharp v. Coopers & Lybrand*, 649 F.2d 175, 186 (3d Cir. 1981); *Longman v. Food Lion, Inc.*, 197 F.3d 675, 682 (4th Cir. 1999).

## JURY INSTRUCTION NO. 63

## <u>DISPUTED</u>

**Plaintiff objects to this instruction and requests that it be deleted in its entirety because it is duplicative of JURY INSTRCUTION NO. 48.**

### Defendants' Proposed Charge

### Justifiable Reliance: Market Awareness

Even if you find that the defendants committed fraud with respect to any of the alleged misstatements or omissions about which the plaintiff complains, you must consider whether to total mix of information available to the market indicted that the market was aware of the truth about the matter, despite what defendants may have said or not said.

If you find that market was aware of the truth, then as of that time, you should find that no further fraud has occurred with respect to that item. This means that in a case in which plaintiff relies on the integrity of the market, if investors are aware of a fact, from whatever source, then the defendants cannot be liable for misrepresenting or omitting disclosure of that fact.

**Authority**:    *Raab v. General Physics Corp.*, 4 F.3d 286, 289 (4th Cir. 1993); *Jensen v. Kimble*, 1 F.3d 1073, 1079, n.11 (10th Cir. 1993); *In re Apple Computer Sec. Litig.*, 886 F.2d 1109, 1115 (9th Cir. 1989).

### Plaintiff's Proposed Charge

### Truth on the Market: Defendants' Burden to Prove

Truth on the market is an affirmative defense that the Defendants' bear the burden of proving by a preponderance of the evidence. The truth on the market defense is available only when a defendant's misrepresentation or omission is rendered irrelevant because the truth regarding the misrepresentation or omission was otherwise made known to the general public.

In order to establish this defense, Defendants' must prove that the information at issue was made known to the market with the same degree of intensity and credibility as the alleged misrepresentation or omission.

In other words, the alleged disclosure of the truth must be reasonably understood by the public to effectively offset the misleading impression created by the misrepresentation or omission. In making this determination, you should consider the manner in which the disclosure of the truth was made and context in which it appears. In order to determine if the disclosure adequately revealed the truth to the market, you should also consider any future misrepresentation or omission by Defendants concerning the same subject matter.

**Authority:**    *The Winer Family Trust v. Queen*, 03 civ. 4318, 2004 WL 2203709, at *4 (E.D. Pa. Sept. 27, 2004); *In re Resource America Sec. Litig.*, Civ. A. No. 98-5446, 2000 WL 1053861, at *3 (E.D.Pa. July 26, 2000); *In re Unisys Corp. Sec. Litig.*,

Civ. A. No. 00-1849, 2000 WL 1367951, at *4 (E.D.Pa. Sept.21, 2000); *Wallace v. Systems & Computer Tech. Corp*., Civ. A. No. 95-6303, 1997 WL 602808, at *10 (E.D.Pa. Sept.23, 1997); *In re Bell Atlantic Corp. Sec. Litig*., No. 91-0514, et. al., 1997 WL 205709, at *26 (E.D. Pa. April 17, 1997); *See In re Amgen Sec. Litig*., 544 F. Supp. 2d 1009, 1025 (C.D. Cal. 2008) ("Defendants appear to be asserting the 'truth-on-the-market' affirmative defense"); *Mallozi v. Zoll  Med. Group*, 94 Civ. 11479, 1996 WL 392146, at *8 (D. Mass Mar. 5, 1996) ("The case law suggests that 'truth on the market' is an affirmative defense, as to which the defendants bear the burden."); *Provenz v. Miller*, 95 F.3d 1376, 1385 (9th Cir. 1996); *Freeland v. Iridium World Comm'ns, Ltd.*, 545 F.Supp.2d 59, 88 (truth on the market is "a legal affirmative defense which [Defendant] has the burden of proving at trial; Plaintiffs and their expert have no duty to disprove the truth on the market defense").

## JURY INSTRUCTION NO. 64

## DISPUTED

### Plaintiff's Proposed Charge

### Element 6 Of Section 10(b) — Loss Causation

The sixth element of Plaintiff's section 10(b) claim is what is called loss causation.  For this element Plaintiff must prove by a preponderance of the evidence that Herley's and/or Blatt's material misrepresentations or omissions were the cause of the economic injuries suffered by the Class members. This is called "loss causation."   Loss causation requires proof that the Class members' damages were "proximately" caused by Defendants' material misrepresentations or omissions.  Loss causation has to do with the relationship between the Class members' investment loss and the information misstated or concealed by Herley and/or Blatt.  If that relationship is sufficiently direct, loss causation is established.  Damages are "proximately" caused by misrepresentations or omissions when it appears that the misrepresentations or omissions played a substantial part in bringing about the damage alleged.  Here, Plaintiff must show that the misrepresentations and omissions in dispute were a significant contributing cause of damages the Class members incurred. It is not necessary for Plaintiff to show that the alleged misrepresentations or omissions were the sole or exclusive cause of the damages the Class members incurred.

Plaintiff bears the burden of proving by a preponderance of the evidence that the decline in the price of Herley stock during the Class Period resulted at least in part from the disclosure or leakage of the truth about Herley business, relationships with the Government and compliance with Government contracting rules and regulations.  Plaintiff is permitted to rely on expert testimony to prove loss causation.

**Authority:**      *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342 (2005); *McCabe v. Ernst & Young, LLP.*, 494 F.3d 418, 424 (3d Cir. 2007); *In re Loewen Group Inc. Sec. Litig.*, 395 F. Supp. 2d 211, 217 (E.D. Pa. 2005); *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 222 (3d Cir. 2006); *McCabe v. Ernst & Young, LLP*, No. 01-5747, 2006 WL 42371, at *112 (D.N.J. Jan. 6, 2006);  *Sowell v. Butcher & Singer, Inc.*, 926 F.2d 289, 298-301 (3d Cir.1991) (affirming directed verdict due to plaintiff's failure to submit expert testimony concerning amount or cause of damages); *Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824, 831-32 (8th Cir. 2003) (loss causation issues are best resolved with the help of expert testimony based on a full record.).

### Defendants' Proposed Charge

### Element 6 of Section 10(b) — Loss Causation

To satisfy the sixth element of its Section 10(b) claim, plaintiff bears the burden of proving by a preponderance of the evidence that the misstatements or omissions caused plaintiff to suffer an economic loss.  To establish causation, the plaintiff must prove that the alleged misrepresentations or omission caused the injury or loss the plaintiff suffered.  Plaintiff must

show that, but for the misrepresentation or omission, such damages would not have occurred. This element is known as "loss causation."

If the investment decision is induced by misstatments or omissions that are material and that were relied on by the plaintiff, but are not the proximate reason for his or her pecuniary loss, recovery is not permitted.  If the value of a security does not actually decline as a result of an alleged misrepresentation, it cannot be said that there is in fact an economic loss attributable to that misrepresentation.  It is not enough for the plaintiff to recover by merely showing that a defendant's actions caused it to engage in a particular securities transaction, or that the plaintiff would have acted differently had it known the truth.  Proof that plaintiff purchased securities at an artificially inflated price, without more, fails to satisfy the loss causation requirement.

If you find that the loss alleged by the plaintiff was caused by some market condition or fact independent of the defendants' alleged fraudulent conduct, the plaintiff is not entitled to recovery and you must return a verdict for the defendants.

**Authority:**   *Semerenko v. Cendant Corp.*, 223 F.3d 165, 185 (3d Cir. 2000*); In re Ikon Office Solutions, Inc. Sec. Litig.*, 131 F.Supp.2d 680, 687-89 (E.D.Pa. 2001); *In re Polaroid Corp. Sec. Litig.*, 134 F.Supp.2d 176, 188 (D.Mass. 2001); *Robbins v. Koger Properties, Inc.*, 116 F.3d 1441, 1449 (11th Cir. 1997); *Handelsmann v. Gifford Sec. Inc.*, 726 F.Supp. 673, 680 (N.D. Ill. 1989*); In re John Alden Fin. Corp. Sec. Litig.*, 249 F.Supp.2d 1273, 1280-83 (S.D. Fla. 2003).

## JURY INSTRUCTION NO. 65

## <u>DISPUTED</u>

### Plaintiff's Proposed Charge

### Element 7 of Section 10(b) — Per Share Damages

If you find for Plaintiff on its Section 10(b) claims, then you must decide the amount of money damages to award to the Class. The law permits you to make a reasonable estimate of the damages suffered by the Class members based upon all of the relevant data that has been placed before you, either in the form of documents or testimony. You are being asked to determine the per share inflation prior to each relevant disclosure date during the class period and the total aggregate damages for the entire class. You may award only actual damages, in that amount which will reasonably and fairly compensate the Class members for the economic out-of-pocket losses they sustained.

You have heard expert testimony as to the per share inflation embedded in Herley's stock price prior to each relevant disclosure date. You have heard testimony on what Herley's stock prices were during the Class Period, and you have heard expert testimony on the amount Herley's stock price was inflated due to the Defendants' alleged false and misleading statements, misrepresentations, or omissions. In order to calculate per share damages, you are asked to calculate the amount by which Herley's stock was inflated at different times during the Class Period as a result of Defendants' wrongful conduct. You will be given a detailed jury verdict form to fill out with spaces for the time periods at issue.

**Authority:**  *Pearl v. Geriatric & Med. Ctrs., Inc.*, No. Civ. A. 92-5113, Civ. A. 93-2129, 1996 WL 63837, at *1-2 (E.D. Pa. Feb. 9, 1996); *Seidman v. Am. Mobile Sys., Inc.*, 157 F.R.D. 354, 365 n.19 (E.D. Pa. 1994); *Sharp v. Coopers & Lybrand*, 83 F.R.D. 343, 348 n.9 (E.D. Pa. 1979); *In re Omnicom Sec. Litig.*, No. 02 Civ. 4483 (WHP), Hr'g Tr. at 28-32 (S.D.N.Y. Aug. 24, 2007); *In re Clarent Sec. Litig.*, No. C 01-3361 CRB, Hr'g Tr. at 725-26 (N.D. Cal. Jan. 31, 2005); *In re Broadcom Corp. Sec. Litig.*, No. SACV 01-275 DT (MLGx), 2005 U.S. Dist. LEXIS 41976 (C.D. Cal. Sept. 12, 2005).

### Defendants' Proposed Charge

### Element 7 of Section 10(b) — Per Share Damages

If you find that plaintiff has proven all of the elements of its claims under Section 10(b) a preponderance of the evidence, you may then consider whether the plaintiff class sustained damages as a result of these violations. Please remember, however, that the mere fact that I am instructing you on how to calculate damages should not be taken as an indication in any way that I believe that the plaintiff is entitled to damages or that you should in fact make such an award.

Damages are economic losses that were caused by a proven misstatement or omission and that were suffered when the market learned the truth. The plaintiff class does not have damages unless you find that a material misstatement or omission caused inflation in the price of

Herley's stock, and that later disclosure reduced the amount of inflation attributable to the material misstatement or omission.  Inflation means that the plaintiff paid more for their Herley stock than they would have paid if there had not been a material misstatement or omission.  If you find that there was inflation in Herley's stock price, you must determine the dollar amount by which Herley's stock price was inflated throughout the Class Period.  If you find that there was inflation in Herley's stock price, you must also determine the date and dollar amount of each loss that was caused when the market learned the truth.  For each loss, you must identify the dates of the earlier misstatement or omissions that caused the loss.  If one loss was caused by misstatements or omissions that occurred on more than one date, you must divide the total dollar loss into the portions that are associated with each date that you identified.

You may only award the plaintiff the actual amount of damages the class suffered as a result of the violation.  You may not award any amount beyond the plaintiff class members' actual damages just to punish any of the defendants.  In addition, you may not award damages by guessing or by relying on generalizations.  Instead you must assess the actual damages that the class suffered as a result of the fraud.

As with all elements of its claims, the plaintiff bears the burden of proving the amount of damages the class actually suffered, if any, by a preponderance of the evidence.  If you find that the plaintiff has failed to prove to you that the class members have sustained damages from what the plaintiff claims was fraud, then you may not award damages even if you find that plaintiff have proven each and every element of its claim.

**Authority:**     15 U.S.C. § 78bb(a); 15 U.S.C. §78u-4(e)(1)-(2); *Bell v. Fore Sys., Inc.*, 2002 WL 32097540, *1-4 (E.D.Pa. Aug. 2, 2002); *Biben v. Card*, 789 F.Supp. 1001, 1002-03 (W.D.Pa. 1992); *In re Oracle Sec. Litig.*, 829 F.Supp. 1176, 1181 (N.D.Cal. 1993); *Straub v. Vaisman & Co.,* 540 F.2d 591, 599 (3d Cir. 1976).

## JURY INSTRUCTION NO. 66

### DISPUTED

**Plaintiff objects to this instruction and requests that it be deleted in its entirety.**

#### Defendants' Proposed Charge

#### Damages: Curative Information and Length of Inflation

   **If you find by a preponderance of the evidence that an alleged misrepresentation or omission artificially inflated the price of Herley stock, you will also have to determine the length of time during which that inflation existed.  To make this determination, you must decide the date on which information curing the alleged misrepresentation or omission was publicly announced or otherwise effectively disseminated to the market.  Dissemination of the alleged withheld or misrepresented information through a public announcement (such as through the filing with the Securities and Exchange Commission) will cure the previous misrepresentation or omission and terminate the period during which purchasers can seek to hold defendants liable under the securities law for the misrepresentation or omission.  At that point, subsequent purchasers are charged with knowledge of the true state of affairs and the stock's market price is presumed to reflect its true value.**

**Authority:**  *Bell v. Fore Sys., Inc.*, 2002 WL 32097540, *5 (E.D.Pa. Aug. 2, 2002); *Sherin v. Gould*, 115 F.R.D. 171, 174 (E.D.Pa. 1987); *In re Data Access Sys. Sec. Litig.*, 103 F.R.D. 130, 143-44 (D.N.J. 1984); *Rand v. M/A-Com, Inc.*, 824 F.Supp. 200, 205-06 (D.Mass. 1992); *In re Kirschner Med. Corp. Sec. Litig.*, 139 F.R.D. 74, 82 (D. Md. 1991), *McFarland v. Memorex Corp.*, 96 F.R.D. 357, 364 (N.D. Cal. 1982).

## JURY INSTRUCTION NO. 67

### DISPUTED

**Defendants object to this instruction and request that it be deleted in its entirety. Defendants' objection is the subject of an *in limine* motion pending before the Court.**

### Plaintiff's Proposed Charge

### Element 7 of Section 10(b) — Aggregate Damages

In addition to per share inflation, you are being asked to determine the Plaintiff Class' aggregate damages. You have heard expert testimony as to the aggregate damages suffered by the Class. The aggregate damages are determined based on the per share inflation you have determined multiplied by the estimated number of damaged shares.

Plaintiff has the burden of proving by a preponderance of the evidence the aggregate amount that the Class members lost.

**Authority**:    *See In re Worldcom, Inc. Sec. Litig.*, No. 02 Civ. 3288 DLC, 2005 WL 375314, at *7-8 (S.D.N.Y. Feb. 17, 2005) ("[a]ggregate damages awards are a 'standard practice' in securities cases") (internal citations omitted); *In re Oxford Health Plans, Inc.*, *Sec. Litig.*, 244 F. Supp. 2d 247, 251 (S.D.N.Y. 2003) ("[b]efore and after … the PSLRA, absent class members in securities fraud cases have been awarded a common fund of damages computed by the trier of fact, based usually on expert testimony"); *In re Blech Sec. Litig.*, No. 94 Civ. 7696(RWS), 2003 WL 1610775, at *26 (S.D.N.Y. Mar. 26, 2003) ("[i]t is common practice to award an aggregate verdict for the class as a whole"); *In re Melridge, Inc. Sec. Litig.*, 837 F. Supp. 1076, 1079-80 (D. Or. 1993) (upholding jury verdict awarding aggregate damages); *In re ASK Sec. Litig.*, No. C-85-2027(A)-WAI, 1992 WL 278386, at *1 (N.D. Cal. Aug. 18, 1992) (denying defendant's motion to preclude aggregate damages); *Robbins v. Deloitte & Touche, LLP*, No. 90-896-CIV-J-10, 1998 WL 17205104, at *1 (M.D. Fla. Jun. 28, 1995) (finding an aggregate damages amount in an order directing final judgment).

## JURY INSTRUCTION NO. 68

### UNDISPUTED

### Section 10(b) — Apportionment of Responsibility

If you find for Plaintiff on its Section 10(b) claim against Defendants, you will answer a question about apportionment of responsibility for Herley and Mr. Blatt that you will find on the verdict form.

You will determine the percentage of responsibility of Defendants for the loss incurred by the Class members.  In determining the percentage of responsibility, the law requires you to consider the nature of the conduct of each person you find contributed to the Class members' losses and the nature and extent of the causal relationship between the conduct of that person and the damages incurred by the Class members.

**Authority**:     Any person against whom a final judgment is entered in a private securities action is "liable solely for the portion of the judgment that corresponds to the percentage of responsibility of that covered person."  15 U.S.C.S. § 78u-4(f)(2)(B).  "In any private action, ***the court shall instruct the jury*** to answer special interrogatories … with respect to each covered person and each of the other person claimed by any party to have caused or contributed to the loss incurred by the plaintiff."  *Id*. at 4(f)(3)(A) (emphasis added).  In determining the percentage of responsibility under this paragraph, the trier of fact shall consider -- (i) the nature of the conduct of each covered person found to have caused or contributed to the loss incurred by the plaintiff or plaintiffs; and (ii) the nature and extent of the causal relationship between the conduct of each such person and the damages incurred by the plaintiff or plaintiffs."  *Id*. at 4(f)(3)(C).

## JURY INSTRUCTION NO. 69

## <u>DISPUTED</u>

**Defendants object to this instruction and request that it be deleted in its entirety.**

### Plaintiff's Proposed Charge

### Respondeat Superior Liability of Herley with Respect to Violations of Section 10(b)

In deciding whether Herley has violated section 10(b) you should consider the conduct of all people who acted on behalf of Herley during the relevant time – this includes Herley's officers, directors, agents and employees and includes, but is not limited to Blatt as well as others mentioned during trial such as Mitchell Tuckman. If you find Blatt or anyone else at Herley liable for violating Section 10(b), you may also find Herley liable for violating such sections if you find by a preponderance of the evidence that such person's conduct was performed within the scope of his or her authority, that is if such person was engaged in the performance of duties which were expressly or impliedly assigned to him by the corporation.

Damages under the theory of respondeat superior are determined in the same way as under Section 10(b).

**Authority**:     *Institutional Investors Group v. Avaya, Inc.*, 564 F.3d 242, 252 (3d Cir. 2009); *Makor Issues & Rights, Ltd. v. Tellabs Inc.*, 513 F.3d 702, 708 (7th Cir.2008) (citing *Am. Soc'y of Mech. Eng'rs, Inc. v. Hydrolevel Corp.*, 456 U.S. 556, 568, (1982) ("[a] corporation is liable for statements by employees who have apparent authority to make them."); *In re Atl. Fin. Mgmt., Inc.*, 784 F.2d 29, 31-32 (1st Cir.1986)).*United States v. Bestfoods*, 524 U.S. 51 (1998); *LaSala v. Bordier et Cie*, 519 F.3d 121 (3d Cir. 2008); *Eisenberg v. Gagnon*, 766 F.2d 770 (3d Cir. 1985); *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1576-78 (9th Cir. 1990).

## V.    SECTION 20(a) INSTRUCTIONS

## JURY INSTRUCTION NO. 70

## <u>DISPUTED</u>

### Elements of Liability Under Section 20(a)

In addition to considering whether Herley and Lee Blatt are primarily liable for violating section 10(b), you must also consider if any of the Individual Defendants are liable for having caused Herley to commit the primary violation.  If you find that Herley violated section 10(b), then you must consider whether the Individual Defendants – Lee Blatt, Myron Levy, Anello C. Garefino, Thomas V. Gilboy, and/or John M. Kelley– were controlling persons with respect to Herley.

I will now instruct you concerning the plaintiff's final claim -- that defendants Blatt, Levy, Garefino, Gilboy, and Kelley violated Section 20(a) of the Securities and Exchange Act of 1934.  This claim is not brought against Herley.

To prevail on this claim, the plaintiff bears the burden of proving by a preponderance of the evidence, the following three elements:

1.    That Herley violated Section 10(b), as previously defined;

2.    That defendants Blatt, Levy, Garefino, Gilboy, and Kelley were controlling persons (a term I will define shortly) of Herley; and

3.    That defendants Blatt, Levy, Garefino, Gilboy, and Kelley were culpable participant's in Herley's alleged securities fraud pursuant to Section 10(b).

You should evaluate the Section 20(a) claim against defendants Blatt, Levy, Garefino, Gilboy, and Kelley individually.

**Authority**:    *See* Model Instructions, 18.8; *In re Zenith Labs. Sec. Litig.*, No. 86-3241, 1993 WL 260683, at *11 (D.N.J. Feb. 11 1993); *In re Bristol-Myers Squibb Sec. Litig.*, No. Civ. A. 00-1990(SRC), 2005 WL 2007004, at *63 (D.N.J. Aug. 17, 2005); *Derensis v. Coopers & Lybrand Chartered Accountants*, 930 F. Supp. 1003, 1013 (D.N.J. 1996) (finding culpable participation where individual defendant had approved the misleading public disclosures and had access to adverse non-public information); *Lautenberg Foundation v. Madoff*, NO. CIV. A. 09-816 (SRC), 2009 WL 2928913, at *15 (D.N.J., September 9, 2009) ("reckless failure to detect the fraud through enforcement of a reasonably adequate system of internal controls establishes [defendant's] participation in the fraud for purposes of the Section 20(a) claim"); *Henricksen v. Henricksen*, 640 F.2d 880, 890 (7th Cir.1981) (finding investment firm liable under Section 20(a) based on broker mismanagement of customer's discretionary account for failure to enforce system

of internal supervision and control with reasonable diligence); *In re Equimed, Inc. Sec. Litig.*, 2000 U.S. Dist. LEXIS 6209, *27 (E.D.Pa. May 9, 2000); *In re Cendant Corp. Sec. Litig.*, 81 F.Supp.2d 550, 558 (D.N.J. 2000).

## JURY INSTRUCTION NO. 71

### UNDISPUTED

### Definition of Controlling Person

Plaintiff claims that Defendants Blatt, Levy, Garefino, Gilboy, and Kelley were each controlling persons with respect to Herley.  In order to satisfy this element, Plaintiff must demonstrate by a preponderance of the evidence that that those defendants possessed, directly or indirectly, the actual power to direct or cause the direction of the management and policies of Herley.  It is not necessary to prove that those defendants actually participated in the exercise of actual power over Herley.

**Authority**:    *Rochez Brothers, Inc. v. Rhoades*, 527 F.2d 880 (3d Cir. 1975).

## JURY INSTRUCTION NO. 72

## DISPUTED

### Defendants' Proposed Charge

### Definition of Culpable Participation

In order to demonstrate that Defendants Blatt, Levy, Garefino, Gilboy, and Kelley were culpable participants in Herley's alleged securities fraud, Plaintiff must prove that each of those defendants, individually, directly or indirectly induced the underlying violation. This can only be established where the plaintiff proves deliberate and intentional action or inaction by the defendant to further the fraud.  To the extent plaintiff attempts to demonstrate culpable participation through inaction, the plaintiff must prove by a preponderance of the evidence that the inaction was deliberate and done intentionally to further the fraud.  Proof of culpable participation requires an even greater showing than is necessary to establish scienter under Section 10(b).  Culpable participation requires more than merely signing Herley's SEC filings by any of the defendants.

**Authority**:     *Rochez Brothers, Inc. v. Rhoades*, 527 F.2d 880 (3d Cir. 1975); *Sharp v. Coopers & Lybrand*, 649 F.2d 175 (3d Cir. 1981) *SEC v. Pasternak*, 561 F.Supp.2d 459, 502 (D.N.J. 2008); *In re Nat'l Smelting of New Jersey, Inc. Bondholders Litig.*, 722 F.Supp. 152, 165-66 (D.N.J. 1989); *In re Worldcom, Inc. Sec. Litig.*, 2005 U.S. Dist. LEXIS 4193, *48 (S.D.N.Y. March 21, 2005); *Lautenberg Found. v. Madoff*, 2009 U.S. Dist. LEXIS 82084, *41 (D.N.J. Sept. 9, 2009).

### Plaintiff's Proposed Charge

### Definition of Culpable Participation

Plaintiff does not need to prove scienter of the controlling persons to prove liability.  In other words, Plaintiff may prove liability by showing that the Individual Defendants (in their capacity as controlling persons of Herley), in some meaningful sense, culpably participated in the fraud or that the Individual Defendants (in their capacity as controlling persons of Herley) recklessly failed to detect the fraud.  You should consider the section 20(a) claim against each Individual Defendant separately.

As an example, if Plaintiff proves by a preponderance of the evidence that Herley violated Section 10(b); and individual defendant "X" possessed, directly or indirectly, the power to direct or cause the direction of the management and policies of Herley and individual defendant "X" either, through his or her culpable participation in the fraud or his or her recklessness failed to detect the fraud, then individual defendant "X" must be held liable under Section 20(a).  Damages under Section 20(a) are determined in the same way as under Section 10(b).

**Authority:**     *See* Model Instructions, 18.8; *In re Zenith Labs.*, No. 86-3241, 1993 WL 260683, at *11 (D.N.J. Feb. 11 1993); *In re Bristol-Myers Squibb Sec. Litig.*, No. Civ.A. 00-1990(SRC), 2005 WL 2007004, at *63 (D.N.J. Aug. 17, 2005); *Derensis v. Coopers & Lybrand Chartered Accountants*, 930 F. Supp. 1003, 1013 (D.N.J. 1996) (finding culpable participation where individual defendant had approved the misleading public disclosures and had access to adverse non-public information); *Lautenberg Foundation v. Madoff*, NO. CIV. A. 09-816 (SRC), 2009 WL 2928913, at *15 (D.N.J., September 9, 2009) ("reckless failure to detect the fraud through enforcement of a reasonably adequate system of internal controls establishes [defendant's] participation in the fraud for purposes of the Section 20(a) claim"); *Henricksen v. Henricksen*, 640 F.2d 880, 890 (7th Cir.1981) (finding investment firm liable under Section 20(a) based on broker mismanagement of customer's discretionary account for failure to enforce system of internal supervision and control with reasonable diligence)

## JURY INSTRUCTION NO. 73

## <u>DISPUTED</u>

### Defendants' Proposed Charge

### Good Faith

If you find that any individual defendant is a controlling person under Section 20(a), you nonetheless must consider whether that individual is not liable because he acted in good faith and did not directly or indirectly induce the fraud.  If you find that an individual defendant did not have knowledge of any facts which constituted the fraud for which they are charged as a controlling person, nor any reasonable grounds to believe such facts existed, then that defendant acted in good faith.  A person who acts, or causes another person to act, on a belief or opinion honestly held is not liable under Section 20(a)) merely because the opinion or belief turns out to be inaccurate, incorrect or wrong.  In other words, a "controlling person" is not one who is simply negligent – to be liable a person charged as a controlling person must act recklessly.

The individual defendants assert the defense of good faith under Section 20(a).  To establish this defense, the individual defendants must prove both of the following elements by a preponderance of the evidence:

1.      That the individual defendant did not directly or indirectly induce the violation; and

2.      That the individual defendant acted in good faith.

The individual defendants can prove good faith by establishing that they maintained and enforced a reasonable and proper system of supervision and internal control.

If you find for an individual defendant on this affirmative defense, then you should not find that defendant liable and you should return a verdict for each such defendant on the Section 20(a) claims.

**Authority**:      15 U.S.C. § 78t(a);  *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 209 n. 28 (1976); *Donohoe v. Consolidated Operating & Production*, 30 F.3d 907, 912 (7th Cir. 1994); *In re Synergen, Inc. Sec. Litig*., 863 F. Supp. 1409, 1422 (D. Colo, 1994); *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1421 (9th Cir. 1994); Devitt, Blackmar & Wolf, *Federal Jury Practice and Instructions*, § 101.17 (4th ed. 1987) (modified).

### Plaintiff's Proposed Charge

### Good Faith (§20(a))

If you find that any individual defendant is a controlling person under §20(a), you nonetheless must consider whether that individual acted in good faith and did not directly or indirectly induce the acts constituting the fraud.  Good faith is only a defense with respect to a

violation of Section 20(a) – the control person claim - and is not to be considered as a defense to the Section 10(b) claims.   The burden is on Defendants to prove this affirmative defense by the preponderance of the evidence by establishing each of the following elements:

(1) that the individual defendant did not directly or indirectly induce the violation; and

(2) that the individual defendant acted in good faith.

The individual defendants can prove good faith by establishing that they maintained and enforced a reasonable and proper system of supervision and internal control.

To the extent that the individual defendants attempt to assert that they enforced a reasonable and proper system of supervision and internal control by relying on the advice of counsel or advice of their auditor[1], the individual defendants have the additional burden of proving that:

(1) they made complete disclosure to their attorney and/or auditor,

(2) they sought advice as to the appropriateness of the challenged conduct,

(3) they received advice that the conduct was appropriate, and

(4) they relied on that advice on good faith.

If the individual defendants fail to satisfy any of these elements, then you must reject their affirmative defense of good faith reliance on the advice of counsel or their auditor.

If you find that an individual defendant did not have knowledge of any facts which constituted the fraud for which they are charged as a controlling person, nor any reasonable grounds to believe such facts existed, then that defendant acted in good faith. However, if that individual defendant recklessly failed to detect the fraud then that individual defendant was not acting in good faith.

If you find that the individual defendant both (1) did not directly or indirectly induce the acts constituting the violation; and (2) acted in good faith, your verdict on the Section 20(a) should be for the defendant.  If you find that the individual defendant failed to prove either of these elements, your verdict should be for the plaintiff.

**Authority:**      15 U.S.C. § 78t(a); *Ernst & Ernst v. Hocfelder*, 425 U.S. 185, 209 n. 28 (1976);
            *Donohoe v. Consolidated Operating & Production*, 30 F.3d 907, 912 (7th Cir.

---

[1] Plaintiff has filed a motion *in limine* to preclude Defendants from arguing or presenting evidence in support of a reliance on the advise of counsel defense based upon Defendants assertion of attorney-client privilege during discovery.  If the Court grants this motion *in limine* it will render this portion of the instruction moot.  (*See* Docket Entry 189).  Additionally, at the Pre-Trial Conference, Plaintiff intends to withdraw any claims based upon alleged false and misleading statements or omissions contained in the consolidated financial statements in Herley's Forms 10-Ks and 10-Qs upon which Herley's auditor's opined, thus rendering moot any defense and any need for that part of the jury charge based upon the reliance on the advice of their auditor.

1994); *In re Synergen, Inc. Sec. Litig.*, 863 F. Supp. 1409, 1422 (D. Colo, 1994); *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1421 (9th Cir. 1994); Devitt, Blackmar & Wolf, Federal Jury Practice and Instructions, § 101.17 (4th ed. 1987) (modified); *Berkeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 222 n. 24 (3rd Cir. 2006); *Markowski v. SEC*, 34 F.3d 99, 104-05 (2d Cir.1994); *In re Able Lab. Sec. Litig.*, 2008 WL 1967509 *25 (D.N.J. 2008); *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 2000 WL 1476663 (Del.Ch. 2000).

## JURY INSTRUCTION NO. 74

### UNDISPUTED

### Section 20(a) — Apportionment of Responsibility

If you find for Plaintiff on its section 20(a) claim against any of the Individual Defendants, you will answer questions that you will find on the verdict form about the apportionment of responsibility among the Individual Defendants.

You will determine the percentage of responsibility of each Defendant who violated section 20(a) for the loss incurred by the Class members.  In determining the percentage of responsibility of each Defendant, the law requires you to consider the nature of the conduct of each person you find contributed to the Class members' losses and the nature and extent of the causal relationship between the conduct of that person and the damages incurred by the Class members.

**Authority**:     Any person against whom a final judgment is entered in a private securities action is "liable solely for the portion of the judgment that corresponds to the percentage of responsibility of that covered person."  15 U.S.C.S. § 78u-4(f)(2)(B).  "In any private action, ***the court shall instruct the jury*** to answer special interrogatories … with respect to each covered person and each of the other person claimed by any of the parties to have caused or contributed to the loss incurred by the plaintiff."  *Id*. at 4(f)(3)(A) (emphasis added).  "In determining the percentage of responsibility under this paragraph, the trier of fact shall consider-- (i) the nature of the conduct of each covered person found to have caused or contributed to the loss incurred by the plaintiff or plaintiffs; and (ii) the nature and extent of the causal relationship between the conduct of each such person and the damages incurred by the plaintiff or plaintiffs."  *Id*. at 4(f)(3)(C).

## JURY INSTRUCTION NO. 75

### <u>UNDISPUTED</u>

### Deadlock

It is your duty as jurors to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with your individual judgments. Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you must be open to their opinions. You should not be influenced to vote a certain way, however, by the single fact that a majority of the jurors, or any of them, will vote in a certain way. In other words, you should not surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict, or solely because of the opinions of the other jurors.

In the course of your deliberations you should not hesitate to reexamine your own views, and to change your opinion if you are convinced that those views are wrong. To reach a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard for the opinions of others and with a willingness to reexamine your own views.

Remember that you are not partisans; you are judges — judges of the facts. Your only interest is to seek the truth from the evidence. You are the judges of the credibility of the witnesses and the weight of the evidence.

If you should fail to agree on a verdict, the case is left open and must be resolved at a later time. There is no reason to think that another trial would be conducted in a better way or that a different jury would decide it any better. Any future jury must be selected in the same manner and from the same source as you.

We try cases to dispose of them and to reach a common conclusion if it is consistent with the conscience of each member of the jury. I suggest that, in deliberating, you each recognize that you are not infallible, that you listen to the opinions of the other jurors and that you do so carefully with a view to reaching a common conclusion, if you can. You may take all the time that you feel is necessary.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.

**Authority:**     Model Jury Instructions for the District Courts of the Third Circuit, General Instructions for Civil Cases 3.4 (Committee on Model Civil Jury Instructions Within the Third Circuit, 2010 Edition).