UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE HERLEY INDUSTRIES INC. SECURITIES LITIGATION | CIVIL ACTION<br><br>No. 06-2596 (JRS)<br><br>CLASS ACTION |

**SECTION 10 (b) VERDICT FORM FOR DEFENDANTS
HERLEY INDUSTRIES, INC AND LEE BLATT**

**Section 10(b) Claims against Herley Industries, Inc.**

1.      Do you find by a preponderance of the evidence that Herley Industries, Inc. made a misstatement of fact, or omitted a fact in its public statements to investors during the class period?

Yes _____      No   _____

**If you answered "No," then stop.  Your deliberations have concluded.  If you answered "Yes," then proceed to the next question.**

2.      Do you find by a preponderance of the evidence that the particular misstatement or omission of a fact by Herley Industries, Inc. in its public statements was material?

Yes _____      No   _____

**If you answered "No," then stop.  Your deliberations have concluded.  If you answered "Yes," then proceed to the next question.**

3.      Do you find by a preponderance of the evidence that Herley Industries, Inc. acted with the legal intent to deceive, manipulate, or defraud investors, which is known as scienter?

Yes _____      No   _____

**If you answered "No," then stop.  Your deliberations have concluded.  If you answered "Yes," then proceed to the next question.**

4.      Do you find by a preponderance of the evidence that Plaintiff justifiably relied on the misrepresentation or omission of a material fact by Herley?

Yes    ＿＿    No    ＿＿

**If you answered "No," then stop.  Your deliberations have concluded.  If you answered "Yes," then proceed to the next question**.

5.      Do you find by a preponderance of the evidence that there exists a causal connection between Herley's material misrepresentation or omission and the Plaintiff's loss?

Yes        ＿＿No        ＿＿

**If you answered "No," then stop.  Your deliberations have concluded.  If you answered "Yes," then proceed to the next question.**

**Section 10(b) Claims Against Defendant Lee Blatt**

6.      Do you find by a preponderance of the evidence that Lee Blatt. made or caused to

be made a misstatement of fact, or did he omit or caused to be omitted a fact in Herley

Industries, Inc's  public statements to investors during the class period?

Yes \_\_\_\_        No   \_\_\_\_

**If you answered "No," then stop, as your deliberations on Plaintiffs claim
against Mr. Blatt under Section 10(b) have concluded.**

**If you answered "Yes," then proceed to the next question.**

7.      Do you find by a preponderance of the evidence that this misstatement or

omission caused by Lee Blatt was material?

Yes \_\_\_\_        No   \_\_\_\_

**If you answered "No," then stop, as your deliberations on Plaintiffs claim
against Mr. Blatt under Section 10(b) have concluded.**

**If you answered "Yes," then proceed to the next question.**

8.      Do you find by a preponderance of the evidence that Lee Blatt  acted with the

legal intent to deceive, manipulate, or defraud investors, which is known as scienter?

Yes \_\_\_\_        No  \_\_\_\_

**If you answered "No," then stop, as your deliberations on Plaintiffs claim against Mr. Blatt under Section 10(b) have concluded.**

**If you answered "Yes," then proceed to the next question.**

9.      Do you find by a preponderance of the evidence that Plaintiff justifiably relied on

Blatt's misrepresentation or omission of a material fact?

Yes \_\_\_\_        No  \_\_\_\_

**If you answered "No," then stop.  Your deliberations on Plaintiffs claim against Mr. Blatt under Section 10(b) have concluded.**

**If you answered "Yes," then proceed to the next question.**

10.     Do you find by a preponderance of the evidence that  there exists a causal

connection between Blatt's material misrepresentation or omission and the Plaintiff's loss?

Yes    \_\_\_\_  No     \_\_\_\_

**If you answered "No," then stop.  Your deliberations on Plaintiffs claim against Mr. Blatt under Section 10(b) have concluded**.

**If you answered "Yes," then proceed to the next question.**

11.     If you find that Plaintiff has proven each of the elements of a Section 10(b) claim by a preponderance of the evidence against Herley Industries, Inc. or Lee Blatt, please state the percentage of responsibility (out of a total of 100%) that each Defendant contributed to the violation measured as a percentage of all persons who caused or contributed to the plaintiff's loss.  You should not allocate any percentage of responsibility to a Defendant who did not violate Section 10(b).  The total of all percentages must be 100%.

| Person | Percentage of Responsibility |
|---|---|
| Lee Blatt | _____% |
| Herley Industries, Inc. | _____% |
| **Total** | _____% |

IF YOU FOUND THAT EITHER LEE BLATT OR HERLEY COMMITTED A 10(B) VIOLATION, PLEASE MOVE ON TO THE VERDICT FORMS FOR SECTION 20(A) OF THE SECURITIES AND EXCHANGE ACT OF 1934.  IF YOU FIND THAT NEITHER HERLEY NOR BLATT VIOLATED SECTION 10(B), THAN YOU MUST FIND AGAINST PLAINTIFFS AND FOR DEFENDANTS HERLEY, BLATT, LEVY, GAREFINO, GILBOY AND KELLEY UNDER SECTION 20(A).

_____
**Jury Foreperson**