1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE HERLEY INDUSTRIES INC. SECURITIES LITIGATION | CIVIL ACTION<br><br>No. 06-2596 (JRS)<br><br><u>CLASS ACTION</u> |

**SECTION 20(a) VERDICT FORM FOR DEFENDANTS LEE BLATT, MYRON LEVY, <u>ANELLO C. GAREFINO, THOMAS V. GILBOY AND JOHN M. KELLEY</u>**

1

**Section 20 (a) Claims Against Defendant Lee Blatt**

1. Do you find by a preponderance of the evidence that Lee Blatt had the authority to control Defendant Herley Industries, Inc. pursuant to Section 20(a) of the Securities and Exchange Act of 1934 during the class period?

> Yes ____   No ____
>
> **If you answered "Yes," then proceed to Question No. 2.**
>
> **If you answered "No," then proceed to Question No. 4 on the next page.**

2. Do you find by a preponderance of the evidence that Lee Blatt was a culpable participant in Herley's alleged securities fraud pursuant to Section 20(a) of the Securities and Exchange Act of 1934?

> Yes ____   No ____

3. If you answered "Yes" to questions 1 & 2, do you find by a preponderance of the evidence that Lee Blatt acted in good faith?

> Yes ____   No ____

PLEASE CONTINUE TO THE NEXT PAGE

**Section 20 (a) Claims Against Defendant Myron Levy**

4. Do you find by a preponderance of the evidence that Myron Levy had the authority to control Defendants Herley Industries, Inc. and Lee Blatt pursuant to Section 20(a) of the Securities and Exchange Act of 1934 during the class period?

>  Yes  ____   No  ____

> **If you answered "Yes," then proceed to Question No. 5.**

> **If you answered "No," then proceed to Question No. 7, on the next page.**

5. Do you find by a preponderance of the evidence that Myron Levy was a culpable participant in Herley or Blatt's alleged securities fraud pursuant to Section 20(a) of the Securities and Exchange Act of 1934?

> Yes ____   No ____

6. If you answered "Yes" to questions 4 & 5, do you find by a preponderance of the evidence that Myron Levy acted in good faith?

> Yes  ____   No  ____

PLEASE CONTINUE TO THE NEXT PAGE

**Section 20 (a) Claims Against Defendant Anello C. Garefino**

7. Do you find by a preponderance of the evidence that Anello C. Garefino had the authority to control Defendants Herley Industries, Inc. and Lee Blatt pursuant to Section 20(a) of the Securities and Exchange Act of 1934 during the class period?

Yes _____   No _____

**If you answered "Yes," then proceed to Question No. 8.**

**If you answered "No," then proceed to Question No. 10, on the next page.**

8. Do you find by a preponderance of the evidence that Anello C. Garefino was a culpable participant in Herley or Blatt's alleged securities fraud pursuant to Section 20(a) of the Securities and Exchange Act of 1934?

Yes _____   No _____

9. If you answered "Yes" to questions 7 & 8, do you find by a preponderance of the evidence that Anello C. Garefino acted in good faith?

Yes _____   No _____

PLEASE CONTINUE TO THE NEXT PAGE

**Section 20 (a) Claims Against Defendant Thomas V. Gilboy**

10.     Do you find by a preponderance of the evidence that Thomas V. Gilboy had the authority to control Defendants Herley Industries, Inc. and Lee Blatt pursuant to Section 20(a) of the Securities and Exchange Act of 1934 during the class period?

    Yes    ____    No    ____

**If you answered "Yes," then proceed to Question No. 11.**

**If you answered "No," then proceed to Question No. 13, on the next page.**

11.     Do you find by a preponderance of the evidence that Thomas V. Gilboy was a culpable participant in Herley or Blatt's alleged securities fraud pursuant to Section 20(a) of the Securities and Exchange Act of 1934?

    Yes    ____    No    ____

12.     If you answered "Yes" to questions 10 & 11, do you find by a preponderance of the evidence that Thomas V. Gilboy acted in good faith?

    Yes    ____    No    ____

PLEASE CONTINUE TO THE NEXT PAGE

### Section 20 (a) Claims Against Defendant John M. Kelley

13. Do you find by a preponderance of the evidence that John M. Kelley had the authority to control Defendants Herley Industries, Inc. and Lee Blatt pursuant to Section 20(a) of the Securities and Exchange Act of 1934 during the class period?

    Yes ____   No ____

    **If you answered "Yes," then proceed to Question No. 14.**

    **If you answered "No," then proceed to Question No. 16, on the next page.**

14. Do you find by a preponderance of the evidence that John M. Kelley was a culpable participant in Herley or Blatt's alleged securities fraud pursuant to Section 20(a) of the Securities and Exchange Act of 1934?

    Yes ____   No ____

15. If you answered "Yes" to questions 13 & 14 regarding, do you find by a preponderance of the evidence that John M. Kelley acted in good faith?

    Yes ____   No ____

PLEASE CONTINUE TO THE NEXT PAGE

6

**PERCENTAGE OF RESPONSIBILITY UNDER SECTION 20(a) OF THE SECURITIES AND EXCHANGE ACT OF 1934**

**YOU SHOULD RESPOND TO QUESTION NO. 16 ONLY FOR THOSE INDIVIDUAL DEFENDANTS FOR WHOM YOU HAVE ANSWERED "YES" TO *THE FIRST TWO* QUESTIONS UNDER SECTION 20(A), AND ANSWERED "NO"  TO THE QUESTION OF WHETHER THAT PARTICULAR DEFENDANT ACTED WITH GOOD FAITH**

16.   Using the chart below, state the percentage of responsibility of each person who violated Section 20(a) of the Securities and Exchange Act of 1934, measured as a percentage of all persons who caused or contributed to the loss of the plaintiff class.  You should not allocate any percentage of responsibility to anyone who did not violate Section 20(a).  The total of all percentages must be 100%.

|  | **Did this person violate Section 20(a)?** | **Percentage of Responsibility** |
|---|---|---|
| Lee Blatt | Yes _____   No _____<br>(Copy answer from question 2 above) | _____% |
| Myron Levy | Yes _____   No _____<br>(Copy answer from question 4 above.) | _____% |
| Anello C. Garefino | Yes _____   No _____<br>(Copy answer from question 6 above.) | _____% |
| Thomas V. Gilboy | Yes _____   No _____<br>(Copy answer from question 8 above.) | _____% |
| John M. Kelley | Yes _____   No _____<br>(Copy answer from question 10 above.) | _____% |
| **TOTAL** |  | **100%** |

FOR EACH DEFENDANT THAT YOU DID NOT ALLOCATE ANY PERCENTAGE OF RESPONSIBILITY FOR A VIOLATION OF SECTION 20(a), YOU MUST RETURN A VERDICT AGAINST PLAINTIFF AND FOR THAT PARTICULAR DEFENDANT OR DEFENDANTS.  IF YOU FIND THAT A VIOLATION OF SECTION 20(a) OCCURRED, PLEASE CONTINUE TO THE DAMAGES VERDICT FORM.