IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE HERLEY INDUSTRIES, INC. SECURITIES LITIGATION | : : : : | Case No. 06-CV-2596 (JRS) |

## [PROPOSED] PRELIMINARY APPROVAL ORDER PROVIDING FOR NOTICE AND HEARING IN CONNECTION WITH PROPOSED CLASS ACTION SETTLEMENT

WHEREAS, as of July 2, 2010, Lead Plaintiff and Class Representative Norfolk County Retirement System ("Norfolk" or "Class Representative"), on behalf of the Class entered into a Stipulation and Agreement of Settlement ("Stipulation") with the Defendants Herley Industries, Inc. ("Herley"), Lee Blatt, Myron Levy, Anello Garefino, Thomas Gilboy, and John Kelley (collectively the "Defendants," without Herley the "Individual Defendants"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims alleged in the Consolidated Complaint ("Consolidated Complaint") with prejudice (the "Settlement"); and the Court having read and considered the Stipulation and the accompanying exhibits; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

WHEREAS, on September 30, 2009, the Court certified the Action as a class action; and

WHEREAS, on January 15, 2010, Norfolk was named as Lead Plaintiff and Class Representative and the law firms of Labaton Sucharow LLP and Kirby McInerney LLP as Class Counsel, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 2nd day of July, 2010 that:

1. The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fair, reasonable and adequate, subject to further consideration at the settlement hearing described below.

2. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on **9/13**, 2010, at **9** : **00** **A**.m. for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b) to determine whether the Final Order and Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is reasonable and should be approved by the Court;

(d) to consider Class Counsel's application for an award of attorneys' fees and reimbursement of expenses;

(e) to consider Class Representative's application, if any, for its reasonable costs and expenses (including lost wages) relating to its representation of the Class; and

(f) to rule upon such other matters as the Court may deem appropriate.

3. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter the Judgment approving the Settlement and dismissing the Action with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Class.

4. The Court approves the form, substance and requirements of the Notice of Proposed Class Action Settlement (the "Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2 respectively.

5. The Court approves the appointment of The Garden City Group, Inc. as the Claims Administrator to supervise and administer the notice procedures as well as the processing

of claims. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before July 16, 2010 ("Notice Date"), to all Class Members who can be identified with reasonable effort. To the extent it has not already done so, Herley shall cause its transfer records and shareholder information to be made available to the Claims Administrator within ten (10) calendar days from the date of this order for the purpose of identifying and giving notice to the Class. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired Herley common stock during the period from October 1, 2001 through June 14, 2006, inclusive, (the "Class Period") as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Notice, to either send copies of the Notice and Proof of Claim to their beneficial owners by first class mail, or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners by first class mail. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable expenses incurred in sending the Notices and Proofs of Claim to beneficial owners. Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

6.    All fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund.

7.    The Court approves the form of the Summary Notice of Hearing on Proposed Class Action Settlement ("Summary Notice") substantially in the form annexed hereto as Exhibit 3 and directs that Class Counsel shall cause the Summary Notice to be published in

*Investor's Business Daily* and transmitted over *Business Wire* within ten (10) calendar days of the Notice Date. Class Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

8.      The form and content of the notice program described herein, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

9.      In order to be entitled to receive a distribution from the net monetary recovery pursuant to the Settlement (the "Net Settlement Fund"), in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)      A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked not later than one hundred twenty (120) calendar days after the Notice Date. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

(b)      The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed,

signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Class Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

(d)     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Class Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court.

(e)     Proofs of Claim that do not meet the submission requirements may be rejected.  Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the claimant in order to afford the claimant the opportunity to remedy curable deficiencies in the Proof of Claim submitted.  The Claims Administrator, under supervision of Class Counsel, shall notify, in a timely fashion and in writing, all claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefore, and shall indicate in such notice that the claimant whose claim is to be rejected in whole or in part has the right to a review by the Court if such claimant so desires and if such claimant complies with the requirements below.

(f)     If any claimant who is notified by the Claims Administrator that the Claims Administrator intends to propose that his, her or its claim be rejected in whole or in part

desires to contest such rejection, such claimant must, within the deadline established by the Claims Administrator, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

10.     Class Members were previously notified of their right to request exclusion from the Class by dissemination of the Notice of Pendency of Class Action ("Pendency Notice"), as ordered by the Court on April 5, 2010, and no additional exclusion period is required.

11.     Class Members who previously served a valid request for exclusion from the Class in accordance with the Court-approved Pendency Notice shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice. Any Class Members who did not properly exclude himself, herself or itself by timely serving a valid request for exclusion in accordance with the Pendency Notice shall be bound by all orders, determinations and judgments in this Litigation, including but not limited to, the terms of the Settlement.

12.     The Court will consider objections to the Settlement, the Plan of Allocation, the award of attorneys' fees or reimbursement of expenses only if such objections and any supporting papers are filed in writing with:

> Clerk of the Court
> United States District Court
>    for the Eastern District of Pennsylvania
> James A. Byrne United States Courthouse
> 601 Market Street
> Philadelphia, Pennsylvania 19106-1797

Copies of all such papers are delivered or sent by first class mail (with a corresponding postmark), on or before fourteen (14) calendar days prior to the date set herein for the Settlement Hearing, upon each of the following:

*On behalf of Class Representative and the Class:*

LABATON SUCHAROW LLP
Jonathan Gardner
140 Broadway
New York, New York 10005

*Counsel for Norfolk County Retirement System and
the Class*

KIRBY McINERNEY LLP
Ira M. Press
825 Third Avenue, 16th Floor
New York, New York 10022

*On behalf of the Defendants:*

BLANK ROME LLP
James T. Smith
One Logan Square
Philadelphia, Pennsylvania 19103

*Counsel for Defendants Herley Industries, Inc.; Lee
Blatt; Myron Levy; Anello Garefino; Thomas
Gilboy; and John Kelley*

Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the requests for attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or the requests for an award of attorneys' fees and other expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

13. Any Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the Settlement, to the Plan of Allocation, and/or the requests for an award of attorneys' fees and other expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the judgment to be entered and the releases to be given.

14. Pending final determination of whether the Settlement should be approved, Class Representative, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against the Released Defendant Parties.

15. As provided in the Stipulation, Class Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Settlement Fund, including paying taxes, without further order of the Court; provided however, that such amounts shall not exceed $100,000 unless and until the Court has entered an Order and Final Judgment following the Settlement Hearing.

16. All papers in support of the Settlement, Plan of Allocation, Class Counsel's request for an award of attorneys' fees and expenses and Class Representative's request, if any, for its reasonable costs and expenses (including lost wages) relating to its representation of the Class shall be filed with the Court and served by overnight mail or hand delivery seven (7) calendar days prior to the date set herein for the Settlement Hearing.

17. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees and expenses, including the expenses of Class Representative, if any, should be approved.

18. No person who is not a Class Member, Class Representative or Class Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

19. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

20. If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Class Representative, Class Counsel or Defendants elect to terminate the Settlement as provided in paragraphs 30 through 31 of the Stipulation, then, in any such event, the

Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and each Party shall be restored to his, her or its respective litigation position as it existed prior to reaching the agreement in principle to settle the Action on June 23, 2010.

21.     All reasonable expenses incurred in identifying and notifying members of the Class as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the settlement, or it otherwise fails to become effective, neither Class Representative nor any of its counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to the Stipulation to the extent that those expenses do not exceed $100,000.

22.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: July 2nd, 2010

Honorable Juan R. Sanchez
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE HERLEY INDUSTRIES, INC.<br>SECURITIES LITIGATION | :<br>:<br>:<br>: | Case No. 06-CV-2596 (JRS)<br>Exhibit A-1 |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**TO:** ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED SECURITIES OF HERLEY INDUSTRIES, INC. DURING THE PERIOD FROM OCTOBER 1, 2001 THROUGH JUNE 14, 2006, INCLUSIVE, (THE "CLASS PERIOD") AND WHO ALLEGEDLY SUSTAINED A LOSS AS A RESULT OF THE ACQUISITION (THE "CLASS").

## YOU MAY BE ENTITLED TO A PAYMENT FROM THIS PROPOSED SETTLEMENT.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- If approved by the Court,[1] the proposed Settlement will create a $10,000,000 Settlement Fund for the benefit of eligible investors who purchased or otherwise acquired common stock of Herley Industries, Inc. ("Herley" or the "Company") during the Class Period.

- The Settlement would resolve claims in a class action lawsuit alleging that Herley and certain of its officers and directors misled investors by making certain misrepresentations and omissions in Herley's public statements, which had the effect of inflating Herley's stock price (the "Action"). The Class is represented in the Action by the court-appointed Lead Plaintiff and Class Representative, Norfolk County Retirement System ("Class Representative").

- The Court will review the Settlement at the Settlement Hearing to be held on ~~Sept 13~~, 2010 at 9:00 ~~a~~m.

- **Your legal rights are affected whether you act or do not act. Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY __ _____, 2010** | The *only* way to get a payment. |
| **OBJECT BY _____, 2010** | Write to the Court about why you do not like the Settlement. This will not exclude you from the Class. |
| **GO TO A HEARING ON _____, 2010** | Ask to speak in Court about the Settlement at the Settlement Hearing. |
| **DO NOTHING** | Get no payment. Give up rights. |

---

[1] All capitalized terms not otherwise defined in this document shall have the meaning provided in the Stipulation and Agreement of Settlement, dated July 2, 2010 (the "Stipulation").

# SUMMARY OF THIS NOTICE

## Statement of Plaintiff Recovery

This proposed Settlement will create a Settlement Fund of $10,000,000 in cash, plus interest as it accrues. Based on the information currently available to Class Representative and the analysis performed by its damages expert, it is estimated that if members of the Class submit claims for 100% of the shares eligible for distribution under the Plan of Allocation (described below), the estimated average distribution per share will be approximately $.74.[2] Historically, actual claims rates are substantially less than 100%, which result in higher distributions per share. This estimate is before deduction of any court-awarded expenses, such as attorneys' fees and litigation expenses, Class Representative's costs and expenses and the cost of sending this Notice and administering the distribution of the Settlement. The amount an eligible Class Member will actually recover will depend on numerous factors, including the numbers of Class Members who submit a valid Proof of Claim. These factors are fully explained in the Plan of Allocation beginning on page [_____]. Please refer to the Plan of Allocation for more information on your potential "Recognized Loss" (defined below).

## Statement of Potential Outcome if the Claims Continued to Be Litigated

The Parties disagree about whether each or any of the Defendants is liable for the claims asserted against them and whether each or any of the Defendants caused any damages. The issues on which the Parties disagree include, for example: (1) whether the Defendants made any false or material misstatements or omissions; (2) whether those alleged misrepresentations and omissions were material; (3) whether the Defendants acted with the required state of mind; (4) the amount by which the prices of Herley common stock were artificially inflated (if at all)

---

[2] An allegedly damaged share might have been traded more than once during the Class Period, and this average recovery would be the total for all purchasers of that share.

during the Class Period as a result of the alleged securities fraud; (5) whether any purchasers of Herley common stock suffered damages as a result of the alleged misstatements and omissions in the Company's public statements; and (6) the amount of such damages, assuming they exist.

The Defendants deny that they are liable to the Class and deny that the Class has suffered any damages attributable to the Defendants' actions. While Class Representative believes that it and the Class have meritorious claims, it recognizes that there are significant obstacles to be overcome before there could be any recovery.

## Statement of Attorneys' Fees and Costs Sought

Class Representative and the Class are represented by the law firms of Labaton Sucharow LLP ("Labaton") and Kirby McInerney LLP ("Kirby") (collectively "Class Counsel"). Class Counsel has not received any payment for its services in litigating the Action, nor has it been reimbursed for its litigation expenses. Class Counsel intends to make a motion at the Settlement Hearing asking the Court to award it attorneys' fees of no more than ___% of the Settlement Fund (including any accrued interest), and reimbursement from the Settlement Fund of expenses incurred during the litigation, in an amount not to exceed $_____, plus interest. Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Class Representative may also ask the Court to reimburse it for costs and expenses it incurred in representing the Class in an amount of no more than $20,000. If the Court approves the fee and expense applications in full, the average amount of fees and expenses per damaged share of common stock will be approximately $0.___. This amount will vary depending on the number of eligible claims submitted.

## Further Information

Further information regarding the Settlement and this Notice may be obtained by contacting the Claims Administrator: *In re Herley Industries, Inc. Securities Litigation*, Claims

Administrator, c/o Garden City Group, [address], 800-[__], www.[__].com; or Class Counsel: Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, 800-[__], www.labaton.com.

**Please Do Not Call the Court or Herley With Questions About the Settlement.**

<u>**Reasons for the Settlement**</u>

For Class Representative, the principal reason for the Settlement is the immediate benefit of a substantial cash recovery for the Class. This benefit must be compared to the risk that no recovery or a smaller recovery might be achieved after a contested jury trial and likely appeals, possibly years into the future. For the Defendants, who deny all allegations of wrongdoing, the principal reason for the Settlement is to eliminate the burden, expense, uncertainty and risk of further litigation.

**[END OF COVER PAGE]**

## BASIC INFORMATION

> **1.    Why did I get this notice package?**

You or someone in your family may have purchased or otherwise acquired publicly traded Herley securities during the period from October 1, 2001 through June 14, 2006, inclusive, and may be a Class Member in this Action. This package explains the lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them and how to get them.

The Court directed that this Notice be sent to Class Members because they have a right to know about a proposed settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement. If approved, the Settlement will end all of the Class's claims against the Defendants. The Court will review the Settlement at a Settlement Hearing on *Sept 13*, 2010 at *9:00 A*.m. If the Court approves the Settlement, and after any objections and appeals (if there are any) are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

The Court in charge of the case is the United States District Court for the Eastern District of Pennsylvania, and the case is known as *In re Herley Industries, Inc. Securities Litigation*, No. 06-cv-2596 (JRS). This case was assigned to United States District Judge Juan R. Sanchez. The person bringing the case is called the Class Representative, and the company and the persons being sued are called Defendants.

> **2.    What is this lawsuit about and what has happened so far?**

Herley is a leading supplier of microwave technology for the defense and commercial markets worldwide. Herley's primary business is manufacturing microwave products and technologies for defense contractors, the United States government, and international customers.

Herley also produces products for the scientific and medical communities. Herley is a public company, and its shares are traded on the NASDAQ. Herley's principal place of business is located in Lancaster, Pennsylvania.

On January 15, 2010, the Court appointed Norfolk County Retirement System as Lead Plaintiff and Class Representative. The Court also approved the selection of the law firms of Labaton and Kirby as Class Counsel.

On June 6, 2006, Defendants Herley and Lee Blatt ("Blatt"), Herley's former Chief Executive Officer, were indicted by the federal government for allegedly engaging in fraud in connection with three contracts with the United States government (the "Indictment"). The Indictment contained thirty-five Counts. As a result of the Indictment, on June 9, 2006, the United States Navy suspended four of Herley's facilities from, among other things, receiving new contracts from the United States military subject to certain exceptions. At the time of the announcement of the Indictment and suspension Herley's stock price declined. It is this decline which the Class Representative alleges caused damages to the Class. The suspension of Herley's four divisions was lifted in October of 2006.

On May 5, 2008, Herley entered into a plea agreement, pursuant to which Herley pleaded guilty to two felony counts of obstruction of a federal audit. Pursuant to the plea agreement, the government withdrew the remaining thirty-three counts against the Company. Blatt pleaded guilty to a misdemeanor tax violation that was not a count charged in the Indictment. Pursuant to his plea agreement, all of the charges in the Indictment against Blatt were withdrawn.

During the Class Period, Herley issued public statements to its investors which, among other things, discussed Herley's relationship with its customers, including its relationship with the United States government. Herley also advised its investors in public statements that it

6

believed that it had materially complied with government contracting regulations and laws during the relevant time period.

The Class asserted that those public statements were materially false and misleading since they failed to disclose: (i) Herley's alleged wrongful conduct vis-à-vis the government, and (ii) that Herley was the under investigation by the government and that Blatt was the target of that government investigation.

Defendants deny all allegations of wrongdoing. The Settlement should not be seen as an admission or concession on the part of any Defendant about any of the claims, their fault or liability for damages.

## 3. Why is this a class action?

In a class action, one or more people called class representatives (in this case Norfolk) sue on behalf of people or entities, known as "class members," who have similar claims. A class action allows one court to resolve in a single case many similar claims that, if brought separately by individuals, might be economically so small that they would never be brought. One court resolves the issues for all class members, except for those who exclude themselves, or "opt out," from the class (discussed below).

## 4. Why is there a settlement?

The Court did not finally decide in favor of Class Representative or the Defendants. The Settlement will end the Action and all the claims against the Defendants therein, and avoid the uncertainties and costs of further litigation and any future jury trial. Affected investors will get compensation immediately, rather than after the time it would take to conduct additional litigation, have a trial and exhaust all appeals. The Settlement was reached after Class Representative conducted a thorough investigation, briefed challenging motions to dismiss the

claims, conducted discovery including the review of more than two-hundred thousand pages of documents produced during the course of the Action, consulted with an expert in the field of damages, prepared for a trial and engaged in arm's-length negotiations about a settlement. On June 23, 2010, the Parties participated in a Court-ordered Settlement Conference before Honorable Juan R. Sanchez, at which time an agreement in principle to settle the Action was reached. Class Representative and Class Counsel believe the Settlement is in the best interest of Class Members.

## WHO IS IN THE SETTLEMENT

5.    How do I know if I am part of the Settlement?

On September 30, 2009, the Court certified this Action as a class action and ordered that everyone who fits the following description is a Class Member, unless they took steps to exclude themselves:

> all persons who purchased or otherwise acquired the publicly traded securities of Herley Industries, Inc. during the period from October 1, 2001 through June 14, 2006, inclusive, and who allegedly sustained a loss as a result of this acquisition. Excluded from the Class are Defendants, the employees of the Defendants and members of the Individual Defendants' immediate families.

Also excluded from the Class is any person or entity who previously excluded himself, herself or itself by timely serving a valid and proper request for exclusion in accordance with the Notice of Pendency of Class Action ("Pendency Notice"), which was previously mailed to potential Class Members.

*See* the Plan of Allocation beginning on page [__] for more information about the securities that are part of the Settlement. Receipt of this Notice does not mean that you are a Class Member. Please check your records or contact your broker to see if you purchased or acquired Herley common stock during the Class Period.

| 6. | Are there exceptions to being included in the Class? |
|---|---|

There are some people who cannot be in the Class. The excluded persons are: (a) the Defendants in the Action; (b) the employees of the Defendants; (c) the members of the immediate families of the Individual Defendants in the Action (as defined in the Stipulation); and (d) any Person who timely and validly sought exclusion from the Class pursuant to the Pendency Notice. All Class Members who did not seek exclusion from the Class in accordance with the Pendency Notice are bound by the terms of the Settlement.

If one of your mutual funds purchased or acquired shares of Herley common stock during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you (or your broker on your behalf) purchased or acquired Herley securities during the Class Period.

| 7. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help from the Claims Administrator: *In re Herley Industries, Inc. Securities Litigation*, Claims Administrator, c/o Garden City Group, [address], 800-[__], www.[__].com. Or you can fill out and return the Proof of Claim and Release form ("Proof of Claim") described on page [____], in Question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS—WHAT YOU MAY RECEIVE

| 8. | What does the Settlement provide? |
|---|---|

In the Settlement, Herley has agreed to fund a $10,000,000 (before interest) account to be divided, after deduction of Court-awarded attorneys' fees and expenses, the Class Representative's Court-approved costs and expenses, settlement administration costs and any

applicable taxes ("Net Settlement Fund"), among all Class Members who timely submit valid Proofs of Claim.

| 9. | How much will my payment be? |
| --- | --- |

The Plan of Allocation discussed on page [____] explains how claimants' "Recognized Losses" will be calculated. Your share of the Net Settlement Fund will depend on several things, including: (a) the amount of Recognized Losses of other Class Members; (b) how many shares of Herley stock you bought; (c) how much you paid for the shares; (d) when you bought them; and (e) whether or when you sold them (and, if so, for how much you sold them).

It is unlikely that you will get a payment for your entire Recognized Loss, given the number of potential Class Members. After all Class Members have sent in their Proofs of Claim, the payment you get will be a portion of the Net Settlement Fund. Your share will be your Recognized Loss divided by the total of all Class Members' Recognized Losses and then multiplied by the total amount in the Net Settlement Fund. *See* the Plan of Allocation beginning on page [____] for more information.

Once all the Proofs of Claim are processed and claims are calculated, Class Counsel, without further notice to the Class, will apply to the Court for an order distributing the Net Settlement Fund to the members of the Class. Class Counsel will also ask the Court to approve payment of the Claims Administrator's fees and expenses incurred in connection with administering the Settlement that have not already been reimbursed.

## HOW YOU GET A PAYMENT—SUBMITTING A PROOF OF CLAIM

| 10. | How can I get a payment? |
| --- | --- |

To qualify for a payment, you must timely send in a validly completed Proof of Claim with supporting documents (DO NOT SEND ORIGINALS of your supporting documents). A

Proof of Claim is being circulated with this Notice. You may also get a Proof of Claim on the Internet at the websites for the Claims Administrator: www.[___].com, or Class Counsel: www.labaton.com. Please read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and mail it to the Claims Administrator by first-class mail, **postmarked on or before** _____, 2010. *The Claims Administrator needs all of the information requested in the Proof of Claim in order to determine what you may be entitled to.*

---

**11.  When would I get my payment?**

The Court will hold a hearing on *Sept 13*, 2010 at *9:00 A.*m., to decide whether to approve the Settlement. All Proofs of Claim need to be submitted or postmarked **on or before** _____, 2010. If the Court approves the Settlement, there may still be appeals which would delay payment, perhaps for more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

---

**12.  What have I given up by staying in the Class and getting a payment?**

Unless you previously excluded yourself from the Class in accordance with the Pendency Notice, you remain in the Class, which means that once the Settlement becomes effective (the "Effective Date"), you will forever give up and release all "Settled Claims" (as defined below) against the "Released Defendant Parties."[3] You will not in the future be able to bring a case asserting any Settled Claim against the Released Defendant Parties.

"Settled Claims" means all claims and causes of action of every nature and description, whether known or unknown, arising from the beginning of time to present, whether under

---

[3] "Released Defendant Parties" means any and all of the Defendants and/or their current or former attorneys, auditors, officers, directors, employees, partners, subsidiaries, affiliates, related companies, parents, insurers, heirs, executors, representatives, predecessors, successors, assigns, trustees or other individual or entity in which any Defendant has a controlling interest.

federal, state, common or foreign law, that the Class Representative or any member of the Class claimed or could have claimed against any Defendant in this Action arising out of or related in any way to any of the facts, matters, transactions, allegations, or claims in the Consolidated Complaint. However, any release of the Settled Claims pursuant to this Stipulation shall not release, bar, waive, or otherwise affect claims to enforce the Settlement.

The "Effective Date" will occur after the Judgment by the Court approving the Settlement becomes final and is not subject to appeal. If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

> 13. If I did not exclude myself pursuant the Pendency Notice, can I sue the Defendants and the other Released Defendant Parties for the same thing later?

No. Unless you excluded yourself in accordance with the Pendency Notice, you have given up any rights to sue the Defendants and the other Released Defendant Parties for all Settled Claims.

> 14. If I excluded myself in accordance with the Pendency Notice, can I get money from the proposed Settlement?

No. If you excluded yourself pursuant to the Pendency Notice, do not send in a Proof of Claim to ask for any money.

## THE LAWYERS REPRESENTING YOU

> 15. Do I have a lawyer in this case?

The law firms of Labaton and Kirby, both located in New York, New York, were appointed to represent all Class Members. These lawyers are called Class Counsel. You will not be separately charged for these lawyers. The Court will determine the amount of Class Counsel's fees and expenses, which will be paid from the Settlement Fund if they are approved. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 16. | How will the lawyers be paid? |
|-----|-------------------------------|

Class Counsel has not received any payment for its services in pursuing the claims against the Defendants on behalf of the Class, nor has it been reimbursed for any litigation expenses. At the Settlement Hearing described below, or at such other time as the Court may order, Class Counsel will ask the Court to award it, from the Settlement Fund, attorneys' fees of no more than ____% of the Settlement Fund (including accrued interest), and to reimburse it for its litigation expenses, such as the cost of experts, that it has incurred in pursuing the Action. The request for reimbursement of expenses will not exceed $_____, plus interest on the expenses at the same rate as may be earned by the Settlement Fund. Pursuant to the PSLRA, the Class Representative may also ask the Court to reimburse it for costs and expenses it incurred in representing the Class in an amount of no more than $20,000. If the applications for attorneys' fees and expenses are approved in full, the average amount of such fees and expenses per damaged share would be approximately $____.

The fee requested by Class Counsel would compensate it for its efforts in achieving the Settlement for the benefit of the Class and for the risk in undertaking the Action on a contingency basis. A request of ____% may be determined by the Court to be reasonable given: (a) the result achieved; (b) the novelty and difficulty of the claims; (c) the risk that Class Representative would not prevail; (d) the quality of counsel's representation; and (e) the fees awarded in similar cases. The Court will determine the amount of the award.

## OBJECTING TO THE SETTLEMENT

| 17. | How do I tell the Court that I do not like the proposed Settlement? |
|-----|--------------------------------------------------------------------|

If you are a Class Member you can object to any part of the Settlement, the proposed Plan of Allocation, and the application by Class Counsel for attorneys' fees and expenses. You must

write to the Court setting out your objection, giving reasons why you think the Court should not approve any part or all of the Settlement.

To object, you must send a signed letter stating that you object to the proposed settlement in the case known as: *In re Herley Industries, Inc. Securities Litigation*, No. 06-cv-2596 (JRS). You must include your name, address, telephone number and your signature; identify the date(s), price(s) and number of shares of all purchases, acquisitions and sales of Herley stock you made during the Class Period; and state the reasons why you object to the Settlement. This information is needed to demonstrate your membership in the Class.

Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will not be able to make any objection to the Settlement in the future.

Your objection must be filed with the Court and delivered or mailed First-Class (with a corresponding postmark) **on or before _____, 2010** to all the following:

**COURT:**

CLERK OF THE COURT
United States District Court for the
   Eastern District of Pennsylvania
James A. Byrne United States Courthouse,
601 Market Street,
Philadelphia, Pennsylvania 19106-1797

**CLASS COUNSEL:**

LABATON SUCHAROW LLP
Jonathan Gardner
140 Broadway
New York, NY 10005

KIRBY McINERNEY LLP
Ira M. Press
825 Third Avenue, 16th Floor
New York, NY 10022

*Counsel for Lead Plaintiff and Class
Representative Norfolk County
Retirement System*

**DEFENDANTS' COUNSEL:**

BLANK ROME LLP
James T. Smith
One Logan Square
Philadelphia, PA 19103

*Counsel for Defendants Herley Industries, Inc.; Lee Blatt; Myron Levy; Anello Garefino; Thomas Gilboy; and John Kelley*

## THE COURT'S SETTLEMENT HEARING

18. When and where will the Court decide whether to approve the proposed Settlement?

The Court will hold a Settlement Hearing at __9 a__.m. on __Sept 13__, 2010, in Courtroom 8B, of the James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106-1797. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The Court also will consider the proposed Plan of Allocation for the net proceeds of the Settlement and the applications for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections filed in accordance with the instructions set out above in the answer to Question 17. We do not know how long it will take the Court to make these decisions.

You should also be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members. If you want to come to the hearing, you should check with Class Counsel before coming to be sure that the date and/or time has not changed.

19. Do I have to come to the hearing?

No. Class Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you validly submit an objection, you do not have to come to Court to talk about it.

15

> 20. May I speak at the hearing and submit additional evidence?

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* Question 18 above) a statement that it is your intention to appear in *In re Herley Industries, Inc. Securities Litigation*, No. 06-cv-2596 (JRS). Persons who intend to object and want to present evidence at the Settlement Hearing must also include in their written objection the identity of any witness they may call to testify and exhibits they intend to introduce at the Settlement Hearing. You cannot speak at the hearing if you excluded yourself from the Class pursuant to the Pendency Notice, or if you have not provided written notice of your intention to speak at the Settlement Hearing according to the procedures described above and in the answer to Question 18.

## IF YOU DO NOTHING

> 21. What happens if I do nothing at all?

If you do nothing and have not sought exclusion pursuant to the Pendency Notice, you will get no money from this Settlement and you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and the other Released Defendant Parties about the Settled Claims in this case. To share in the Net Settlement Fund you must submit a Proof of Claim (*see* Question 10). To start, continue or be a part of any *other* lawsuit against the Defendants and the other Released Defendant Parties about the Settled Claims in this case you must have excluded yourself from the Class in accordance with the terms of the Pendency Notice.

## GETTING MORE INFORMATION

| 22. | Are there more details about the proposed Settlement and the lawsuit? |
|---|---|

This Notice summarizes the proposed Settlement. More details are in the Stipulation. You may review the Stipulation filed with the Court and all documents filed in the Action during business hours at the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106-1797.

You also can call the Claims Administrator toll free at 800-[___]; call Class Counsel at 800-[____]; write to *In re Herley Industries, Inc. Securities Litigation*, c/o [___], [__]; or visit the websites www.[__].com or www.labaton.com, where you can find answers to common questions about the Settlement, download copies of the Proof of Claim form, and locate other information to help you determine whether you are a Class Member and whether you are eligible for a payment. **Please Do Not Call the Court or Herley With Questions About the Settlement.**

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The $10,000,000 Settlement Amount and any interest it earns is called the Settlement Fund. The Settlement Fund, minus all taxes, costs, fees and expenses (the "Net Settlement Fund"), will be distributed according to the Plan of Allocation described herein to members of the Class who timely submit valid Proofs of Claim that show a Recognized Loss, as defined herein, and who have a net loss on all Class Period transactions in Herley common stock ("Authorized Claimants"). Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund, but will otherwise be bound by the terms of the Settlement. The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another Plan of Allocation, without further notice to the Class.

The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Loss," as described herein. The Plan of Allocation is not intended to estimate the amount a Class Member might have been able to recover after a trial, nor is it intended to estimate the amount that will be paid to Authorized Claimants. The Plan of Allocation is the basis upon which the Net Settlement Fund will be proportionately divided among all the Authorized Claimants. The Court will be asked to approve the Claims Administrator's determinations before the Net Settlement Fund is distributed to Authorized Claimants. No distributions to Authorized Claimants who would receive less than $10.00 will be made, given the administrative expenses of processing and mailing such checks.

Defendants and their respective counsel will have no responsibility for or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. Class Representative and Class Counsel likewise will have no liability for their reasonable efforts to execute, administer and distribute the Settlement.

The following Plan of Allocation reflects the allegations that the price of Herley common stock during the Class Period was inflated artificially by reason of allegedly false and misleading statements made by the Defendants related to the conduct regarding three government contracts and the existence of a government investigation concerning that conduct. The Defendants deny any allegations of liability.

Class Representative contends that the artificial inflation allegedly began on October 1, 2001. Class Representative further alleges that the artificial inflation was eliminated after disclosures in June 2006 when, among other things, Herley disclosed that it and Blatt had been

indicted and that certain Herley divisions had been suspended by the Navy from receiving new contracts, subject to certain exceptions. The Plan of Allocation described below was created with the assistance of a damages expert who analyzed the movement of Herley's common stock after the alleged disclosures. It takes into account the portion of the stock drops attributable to the alleged fraud.

## PLAN OF ALLOCATION

Each Authorized Claimant will receive a share of the cash in the Net Settlement Fund based on his, her or its Recognized Loss. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss, as defined herein. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total of all Recognized Losses, then each Authorized Claimant will be paid the percentage of the Net Settlement Fund that each Authorized Claimant's recognized claim bears to the total of the claims of all Authorized Claimants ("*pro rata* share").

For purposes of determining whether a claimant had an out-of-pocket gain from his, her, or its overall transactions in Herley common stock during the Class Period or suffered a net loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of the Sales Proceeds[5] and the Holding Value.[6] This difference will be deemed a

---

[4] The "Total Purchase Amount" is the total amount the claimant paid for all Herley common stock purchased during the Class Period.
[5] The Claims Administrator shall match any sales of Herley common stock during the Class Period and sales during the PSLRA 90-day look-back period first against the claimant's opening position in Herley common stock (the proceeds of those sales will not be considered for purposes of calculating gains or losses). The total amount received for sales of the remaining Herley common stock during the Class Period and sales during the PSLRA 90-day look-back period that may be matched against Class Period purchases is the "Sales Proceeds."
[6] The Claims Administrator shall ascribe a holding price for shares purchased during the Class Period and still held at the end of the PSLRA 90-day look-back period, with such holding price being $11.74 per share (the "Holding Value").

claimant's out-of-pocket gain or loss on his, her, or its overall transactions in common stock during the Class Period.

To calculate the Recognized Loss on Herley common stock purchased and sold during the Class Period, such sales must be matched against purchases during the Class Period. To do so, the earliest sale will be matched first against those shares in the claimant's opening position on the first day of the Class Period, and then matched chronologically thereafter against each purchase made during the Class Period ("FIFO Matching"). This means that sales of Herley common stock will be first matched with any pre-Class Period holdings and then matched with purchases during the Class Period in chronological order. Sales of pre-Class Period purchases shall have no Recognized Loss.

A purchase or sale of Herley common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All transaction amounts for purchase and sales of Herley common stock shall exclude commissions, taxes and fees. Any person or entity that sold Herley common stock "short" will have no Recognized Loss with respect to such purchase during the Class Period to cover said short sale. In the event that there is an opening short position in Herley common stock, the earliest Class Period purchases shall be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered. Option contracts are not securities eligible to participate in the Settlement. Accordingly, shares of Herley common stock purchased during the Class Period through the exercise of a call option or the assignment of a put option shall be treated as a purchase on the date of exercise or assignment for the stated exercise price set forth in the call or put option, and any Recognized Loss arising from such transaction shall be computed as provided for purchases of common stock.

Payment in this manner will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero.

**Publicly Traded Herley Common Stock**

For shares purchased on or between October 1, 2001 through June 14, 2006, the following claims shall be allowed:

a.  For each share sold on or prior to June 5, 2006, the Recognized Loss shall be zero dollars.

b.  For each share sold on or after June 6, 2006 and on or before June 14, 2006, the Recognized Loss shall be of the lesser of: (1) dollar inflation at the time of purchase applicable to that date as set forth in Table 1 minus the dollar inflation at the time of sale; and (2) the difference between the purchase price (excluding all fees and commissions) and the selling price (excluding all fees and commissions).

c.  For each share sold on or after June 14, 2006 and on or before September 11, 2006, the Recognized Loss shall be the lesser of: (1) dollar inflation at the time of purchase applicable to that date as set forth in Table 1; and (2) the difference between the purchase price (excluding all fees and commissions) and the average closing price for the date of sale as set forth in Table 2 below.

d.  For each share sold on or after September 11, 2006 or still held, the allowed claim shall be of the lesser of: (1) dollar inflation at the time of purchase applicable to that date as set forth in Table 1; and (2) the difference between the purchase price (excluding all fees and commissions) and the average closing price of $11.74 per share as set forth in Table 2 below.

**Table 1: Inflation per Share Table**

| Period | Begin Date | End Date | Inflation per Share |
|---|---|---|---|
| 1 | 1-October-2001 | 5-June-2006 | $ 5.78 |
| 2 | 6-June-2006 | 6-June-2006 | $ 4.93 |
| 3 | 7-June-2006 | 12-June-2006 | $ 3.47 |
| 4 | 13-June-2006 | 13-June-2006 | $ 0.10 |
| 5 | 14-June-2006 | Current | $ 0.00 |

**Table 2: PSLRA Loss Limitation Table**

| Date | Average Closing Price After Corrective Disclosures |
|---|---|
| 6/14/2006 | $ 9.21 |
| 6/15/2006 | $ 10.13 |
| 6/16/2006 | $ 10.31 |
| 6/19/2006 | $ 10.40 |
| 6/20/2006 | $ 10.31 |
| 6/21/2006 | $ 10.24 |

| Date | | Price |
|---|---|---|
| 6/22/2006 | $ | 10.21 |
| 6/23/2006 | $ | 10.22 |
| 6/26/2006 | $ | 10.26 |
| 6/27/2006 | $ | 10.29 |
| 6/28/2006 | $ | 10.33 |
| 6/29/2006 | $ | 10.39 |
| 6/30/2006 | $ | 10.45 |
| 7/3/2006 | $ | 10.54 |
| 7/5/2006 | $ | 10.62 |
| 7/6/2006 | $ | 10.71 |
| 7/7/2006 | $ | 10.78 |
| 7/10/2006 | $ | 10.86 |
| 7/11/2006 | $ | 10.92 |
| 7/12/2006 | $ | 10.96 |
| 7/13/2006 | $ | 10.99 |
| 7/14/2006 | $ | 11.02 |
| 7/17/2006 | $ | 11.03 |
| 7/18/2006 | $ | 11.03 |
| 7/19/2006 | $ | 11.04 |
| 7/20/2006 | $ | 11.05 |
| 7/21/2006 | $ | 11.06 |
| 7/24/2006 | $ | 11.06 |
| 7/25/2006 | $ | 11.06 |
| 7/26/2006 | $ | 11.06 |
| 7/27/2006 | $ | 11.05 |
| 7/28/2006 | $ | 11.04 |
| 7/31/2006 | $ | 11.03 |
| 8/1/2006 | $ | 11.02 |
| 8/2/2006 | $ | 11.07 |
| 8/3/2006 | $ | 11.10 |
| 8/4/2006 | $ | 11.14 |
| 8/7/2006 | $ | 11.18 |
| 8/8/2006 | $ | 11.21 |
| 8/9/2006 | $ | 11.23 |
| 8/10/2006 | $ | 11.25 |
| 8/11/2006 | $ | 11.27 |
| 8/14/2006 | $ | 11.27 |
| 8/15/2006 | $ | 11.28 |
| 8/16/2006 | $ | 11.30 |
| 8/17/2006 | $ | 11.32 |
| 8/18/2006 | $ | 11.33 |
| 8/21/2006 | $ | 11.35 |
| 8/22/2006 | $ | 11.38 |
| 8/23/2006 | $ | 11.41 |
| 8/24/2006 | $ | 11.44 |
| 8/25/2006 | $ | 11.47 |
| 8/28/2006 | $ | 11.51 |
| 8/29/2006 | $ | 11.54 |
| 8/30/2006 | $ | 11.57 |
| 8/31/2006 | $ | 11.60 |
| 9/1/2006 | $ | 11.63 |
| 9/5/2006 | $ | 11.66 |
| 9/6/2006 | $ | 11.68 |
| 9/7/2006 | $ | 11.71 |
| 9/8/2006 | $ | 11.72 |

| | | |
|---|---|---|
| 9/11/2006 | $ | 11.74 |
| After 9/11/2006 | $ | 11.74 |

## SPECIAL NOTICE TO SECURITIES BROKERS
## AND OTHER NOMINEES

If you purchased or acquired Herley common stock (NASDAQ ticker: HRLY; ISIN [___]) during the period from October 1, 2001 through June 14, 2006, inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you either: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired Herley common stock during such time period (preferably in an MS Excel data table, setting forth (i) title/registration, (ii) street address, (iii) city/state/zip; or electronically in MS Word or WordPerfect files; or on computer-generated mailing labels) or; (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) calendar days send by First-Class Mail the Notice and Proof of Claim form directly to the beneficial owners of those Herley shares.

If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid after request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

IN RE HERLEY INDUSTRIES INC. SECURITIES LITIGATION

CLAIMS ADMINISTRATOR
ATTENTION:  [__]
[____]
[____]

Phone:  [__]; Fax:  [__]
[__]@[__].com
[__].com

Dated: _____, 2010

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**Herley Securities Litigation**
**c/o The Garden City Group, Inc.**
**PO Box 9415**
**Dublin, OH 43017-4515**
**1-800-___-____**



Claim Number:

Control Number:

# PROOF OF CLAIM AND RELEASE

<u>TABLE OF CONTENTS</u>                                                      <u>PAGE #</u>

PART I - CLAIMANT INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

PART II - SCHEDULE OF TRANSACTIONS IN HERLEY COMMON STOCK . . . . . . . . . . . . . . . . . . . . . . .3

PART III - RELEASE OF CLAIMS AND SIGNATURE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4-6

QUESTIONS? PLEASE CALL 1-800-___-____ OR VISIT WWW.GARDENCITYGROUP.COM



## PART I - CLAIMANT INFORMATION

**Claimant Name(s)** (as you would like the name(s) to appear on the check, if eligible for payment):

**Account Number** (not required):

**Last 4 digits of Claimant Social Security Number/Taxpayer ID Number:**

**Name of the Person you would like the Claims Administrator to Contact Regarding This Claim** (if different from the Claimant Name(s) listed above):

**Claimant or Representative Contact Information:**
The Claims Administrator will use this information for all communications relevant to this Claim (including the check, if eligible for payment). If this information changes, you <u>MUST</u> notify the Claims Administrator in writing at the address above.

**Street Address:**

**City:**

**State and Zip Code:**

**Country (Other than U.S.):**

**Daytime Telephone Number:** ( ) -   **Evening Telephone Number:** ( ) -

**Email Address:**

*(Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)*

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the website at www.gardencitygroup.com or you may e-mail the Claims Administrator at eClaim@gardencitygroup.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at eClaim@gardencitygroup.com to inquire about your file and confirm it was received and acceptable.

NOTE: Separate Proofs of Claim should be submitted for each separate legal entity (*e.g.*, a claim from Joint Owners should not include separate transactions of just one of the Joint Owners, an Individual should not combine his or her IRA transactions with transactions made solely in the Individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity no matter how many separate accounts that entity has (*e.g.*, a Corporation with multiple brokerage accounts should include all transactions in Herley common stock) during the Class Period on one Proof of Claim, no matter how many accounts the transactions were made in.



## PART II - SCHEDULE OF TRANSACTIONS IN HERLEY COMMON STOCK

**A.     BEGINNING HOLDINGS:**  Number of shares of Herley common stock held at the beginning of trading on **October 1, 2001**: (Must be documented. If none, write "0" or zero):

**B.     PURCHASES/ACQUISITIONS:** Purchases or other acquisitions, including by way of exchange, conversion or otherwise on or after **October 1, 2001** through and including **June 14, 2006** of Herley common stock:   (Must be documented):

| Trade Date(s) (List Chronologically) Month/Day/Year | Number of Shares Purchased/Acquired | Purchase Price Per Share | Total Purchase Price (excluding commissions, transfer taxes or other fees) |
|---|---|---|---|
| /     / | | $        . | $        . |
| /     / | | $        . | $        . |
| /     / | | $        . | $        . |
| /     / | | $        . | $        . |

**C.     TOTAL PURCHASES/ACQUISITIONS:**  State the total number of shares of Herley common stock purchased during the period **June 15, 2006** to **September 11, 2006**.

**D.     SALES:**  Sales or other deliveries, including by way of exchange or otherwise on or after **October 1, 2001** through and including **September 11, 2006** of Herley common stock, inclusive. (Must be documented):

| Trade Date(s) (List Chronologically) Month/Day/Year | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding commissions, transfer taxes or other fees) |
|---|---|---|---|
| /     / | | $        . | $        . |
| /     / | | $        . | $        . |
| /     / | | $        . | $        . |
| /     / | | $        . | $        . |

**E.     UNSOLD HOLDINGS:** Number of shares of Herley common stock held at the close of trading on **September 11, 2006**.   (Must be documented. If none, write "0" or zero):

### IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS
### PLEASE PHOTOCOPY THIS PAGE AND CHECK THIS BOX ❏
### IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES MAY <u>NOT</u> BE REVIEWED



## PART III - RELEASE OF CLAIMS AND SIGNATURE

**SUBMISSION TO THE JURISDICTION OF THE COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I (we) will be bound by and subject to the terms of any Final Order and Judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions or sales or holdings of Herley common stock during the Class Period and know of no other Person having done so on my (our) behalf.

**RELEASE**

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Settled Claims each and all of the Released Defendant Parties as those terms and terms related thereto are defined in the accompanying Notice.

2. This release shall be of no force or effect unless and until the Court approves the Stipulation and the Effective Date (as defined in the Stipulation) has occurred.

3. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4. I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales and other transactions in Herley common stock which occurred during the Class Period and the number of shares of Herley common stock held by me (us) at the beginning of trading on October 1, 2001, and at the close of trading on September 11, 2006.

5. I (We) hereby warrant and represent that I am (we are) not excluded from the Class as defined herein and in the Notice, and that none of the shares reflected in the schedules of transactions were acquired by me (us) while a Herley employee from October 1, 2001 through June 14, 2006.

**CERTIFICATION**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this ____ day of _____, in _____, _____.
(Month / Year)  (City)  (State / Country)

_____
(Sign your name here)

_____
(Signature of Joint Claimant, if any)

_____
(Type or print your name here)

_____
(Print Name of Joint Claimant)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

# REMINDER CHECKLIST

1. Please sign the Certification Section of the Proof of Claim and Release form.

2. If this Claim is being made on behalf of Joint Claimants, then both must sign.

3. Please remember to attach supporting documents.

4. **DO NOT SEND** ORIGINALS OF ANY SUPPORTING DOCUMENTS.

5. Keep a copy of your Proof of Claim and Release form and all documentation submitted for your records.

6. The Claims Adminstrator will acknowledge receipt of your Proof of Claim and Release by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgment postcard. If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at **1-800-___-____**.

7. If you move, please send us your new address to:

**Herley Securities Litigation**
**c/o The Garden City Group, Inc.**
**PO Box 9415**
**Dublin, OH 43017-4515**

8. **Do not use highlighter on the Proof of Claim form or supporting documentation.**


**THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN**
**_____, 2010 AND MUST BE MAILED TO:**

**Herley Securities Litigation**
**c/o The Garden City Group, Inc.**
**PO Box 9415**
**Dublin, OH 43017-4515**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | |
| IN RE HERLEY INDUSTRIES, INC. | : | Case No. 06-CV-2596 (JRS) |
| SECURITIES LITIGATION | : | EXHIBIT A-3 |
| | : | |

## <u>SUMMARY NOTICE OF HEARING ON PROPOSED CLASS ACTION SETTLEMENT</u>

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED SECURITIES OF HERLEY INDUSTRIES, INC. DURING THE PERIOD OCTOBER 1, 2001 THROUGH JUNE 14, 2006, INCLUSIVE (THE "CLASS PERIOD"), AND WHO ALLEGEDLY SUSTAINED A LOSS AS A RESULT OF THIS ACQUISITION (THE "CLASS").**

### YOU MAY BE ENTITLED TO A PAYMENT FROM THIS PROPOSED SETTLEMENT

**YOU ARE HEREBY NOTIFIED** that pursuant to an Order of the United States District Court for the Eastern District of Pennsylvania, a hearing will be held on _____, at __:__ __.m., before the Honorable Juan R. Sanchez, at the United States District Court for the Eastern District of Pennsylvania, James A. Bryne United States Courthouse, 601 Market Street, Philadelphia, PA 19106, for the purpose of determining: (1) whether the proposed Settlement of the Action for the sum of $10,000,000 in cash should be approved by the Court as fair, reasonable and adequate; and (2) the reasonableness of the application of Class Counsel for payment of attorneys' fees and expenses incurred in connection with this Action, together with interest and the expenses of the Class Representative in representing the Class.

**IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.** Excluded from the Class are Defendants, employees of Defendants, and the Individual Defendants' immediate families. If you have not yet received the full printed Notice of Proposed Class Action Settlement ("Notice") and a Proof of Claim and Release form ("Proof of Claim"), you may obtain copies of these documents by contacting the Claims Administrator:

*In re Herley Industries, Inc. Securities Litigation*
Claims Administrator
c/o [ _____ ]
[ _____ ]
[ _____ ]
800-[ _____ ]
www.[ _____ ].com

2

Inquiries, other than requests for information about the status of a claim, may also be made to Class Counsel:

Labaton Sucharow LLP
140 Broadway
New York, New York 10005
[_____]
www.labaton.com

To participate in the proposed settlement and to be eligible to receive a recovery, you must submit a Proof of Claim postmarked no later than _____, 2010. If you are a Class Member and have not excluded yourself from the Class pursuant to the previously issued Notice of Pendency of Class Action, you will be bound by the Final Order and Judgment of the Court. Any objections to the Settlement must be filed with the Court and served on counsel for the parties on or before _____.

If you are a Class Member and do not timely submit a valid Proof of Claim, you will not share in the Settlement, but you nevertheless will be bound by the Final Order and Judgment of the Court.

DATED: _____        BY ORDER OF THE COURT
                                    UNITED STATES DISTRICT COURT
                                    EASTERN DISTRICT OF PENNSYLVANIA